BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: KIA HYUNDAI VEHICLE THEFT ) MDL Docket No. _____
LITIGATION                       )
_____ )

**MCNERNEY PLAINTIFFS' MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS IN THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1407**

Plaintiffs Katelyn McNerney, Sherry Mason, Carmi Nelson, Cameron Cunningham, and Allison Brown ("*McNerney* Plaintiffs")[1] respectfully move the Judicial Panel on Multidistrict Litigation for an Order, pursuant to 28 U.S.C. § 1407, that (i) transfers the putative class actions listed in the Schedule of Actions attached as Exhibit A hereto (the "Related Actions"), and any other tag-along actions asserting similar or related claims against Kia America, Inc. ("Kia") and/or Hyundai Motor America ("Hyundai") involving allegations that Kia and Hyundai vehicles failed to include immobilizer technology to prevent theft that may subsequently be filed in or removed to the federal courts; and (ii) consolidating the Related Actions with the *McNerney* Action for pretrial discovery and class certification purposes before Judge Cormac Carney in the Central District of California. In support of their Motion for Transfer and Consolidation, *McNerney* Plaintiffs state as follows:

1. The class actions for which transfer and consolidation are proposed arise out of the same conduct and assert similar claims. Each action is brought by purchasers and/or lessees of defective automobiles (the "Covered Vehicles").

---

[1] *McNerney* Plaintiffs are the named plaintiffs in *McNerney v. Kia America, Inc.*, C.D. Cal No. 8:22-cv-01548 (the "*McNerney* Action").

1

2. *McNerney* Plaintiffs propose that the cases listed in the Schedule of Actions attached as Exhibit A be transferred to the Central District of California and consolidated with the *McNerney* action, which is currently pending before Judge Cormac Carney.

3. The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice because all actions involve common factual and legal issues, including, but not limited to:

   a. whether each Covered Vehicle was sold with the defect;

   b. whether Kia and Hyundai knew about the defect, and if so, how long they have known about the defect;

   c. whether Kia and Hyundai failed to disclose and/or concealed the defect;

   d. whether the defect in the Covered Vehicles is a safety and/or security defect that created a foreseeable risk of harm to putative class members;

   e. whether Kia and Hyundai breached implied warranties made to putative class members;

   f. whether the defect reduces the value of the Covered Vehicles;

   g. whether Kia and Hyundai's conduct violates state consumer protections statutes; and

   h. whether putative class members have suffered damages as a result of Kia's and Hyundai's conduct, and if so, the measure of such damage.

4. Consolidation of these actions before a single judge will preserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

5. Because Kia and Hyundai's headquarters are both located in the Central District of California, relevant documents and witnesses are located there and the Central District of

California is more conveniently located for the parties, for the production of documents and witnesses. The Central District of California also has the resources and judicial expertise to properly conduct this case.

6. As discussed in more detail in the accompanying Memorandum of Law and Fact, multiple factors considered by the Panel in choosing a transferee forum weigh strongly in favor of the Central District of California.

7. *McNerney* Plaintiffs' Motion is based on the accompanying Memorandum of Law and Fact, the filed pleadings and papers, and other material that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, *McNerney* Plaintiffs respectfully request that the Panel order the cases listed in the Schedule of Actions attached as Exhibit A, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Central District of California and consolidated and coordinated with the *McNerney* class action for all pretrial proceedings.

Dated:  August 31, 2022			Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman
Sean R. Matt
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 91101

Telephone: (213) 330-7150
Facsimile: (213) 330-7152
christopherp@hbsslaw.com

Jeffrey S. Goldenberg
Todd Naylor
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45249
Tel: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Joseph M. Lyon, Esq.
THE LYON FIRM, LLC
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com

*Attorneys for McNerney Plaintiffs*