# Exhibit  7

MJLC2

# U.S. District Court
## DISTRICT OF KANSAS (Kansas City)
## CIVIL DOCKET FOR CASE #: 2:22-cv-02288-HLT-RES

Simmons et al v. Kia America, Inc. et al
Assigned to: District Judge Holly L. Teeter
Referred to: Magistrate Judge Rachel E. Schwartz
Demand: $5,000,000
Cause: 28:1332 Diversity-Auto Negligence

Date Filed: 07/22/2022
Jury Demand: Plaintiff
Nature of Suit: 385 Prop. Damage Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Charles W. Simmons**
*On behalf of himself and all others similarly
situated*

represented by **Jonathan M. Soper**
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64050
816-836-5050
Fax: 816-836-8966
Email: jms@hfmlegal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin D. Stanley**
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64050
816-836-5050
Fax: 816-836-8966
Email: kds@hfmlegal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul D. Anderson**
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, MO 64050
816-836-5050
Fax: 816-836-8966
Email: pda@hfmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dale Denney**
*On behalf of himself and all others similarly
situated*

represented by **Jonathan M. Soper**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin D. Stanley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul D. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Cole**                              represented by    **Jonathan M. Soper**
*On behalf of himself and all others similarly*              (See above for address)
*situated*                                                    *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Kevin D. Stanley**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Paul D. Anderson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia America, Inc.**

**Defendant**

**Hyundai Motor America**

**Defendant**

**Hyundai Kia America Technical Center, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/25/2022 | 1 | COMPLAINT with trial location of Kansas City ( Filing fee $402, Internet Payment Receipt Number AKSDC-5830161.), filed by Charles W. Simmons, Dale Denney, Charles Cole. (Anderson, Paul) (Entered: 07/25/2022) |
| 07/25/2022 | 2 | CIVIL COVER SHEET by Plaintiffs Charles W. Simmons, Dale Denney, Charles Cole. (Anderson, Paul) (Entered: 07/25/2022) |

  
| 07/25/2022 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Holly L. Teeter and Magistrate Judge Rachel E. Schwartz for all proceedings. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (jsh) (Entered: 07/25/2022) |
|---|---|---|
| 08/17/2022 | 3 | MOTION for attorney Kevin D. Stanley to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC-5847342.) by Plaintiffs Charles Cole, Dale Denney, Charles W. Simmons (referred to Magistrate Judge Rachel E. Schwartz) (Attachments: # 1 Affidavit Affidavit in Support of Motion for Leave to Appear Pro Hac Vice, # 2 ECF Registration Form ECF Registration Form)(Anderson, Paul) (Entered: 08/17/2022) |
| 08/18/2022 | 4 | Amended AFFIDAVIT of Kevin D. Stanley re 3 MOTION for attorney Kevin D. Stanley to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC-5847342) by Plaintiffs Charles Cole, Dale Denney, Charles W. Simmons. (gw) (Entered: 08/18/2022) |
| 08/18/2022 | 5 | MOTION for attorney Jonathan M. Soper to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC-5848073.) by Plaintiffs Charles Cole, Dale Denney, Charles W. Simmons (referred to Magistrate Judge Rachel E. Schwartz) (Attachments: # 1 ECF Registration Form PHV Registration Form, # 2 Affidavit ISO Motion for PHV)(Anderson, Paul) (Entered: 08/18/2022) |
| 08/19/2022 | 6 | ORDER granting 3 Motion to Appear Pro Hac Vice of Kevin D. Stanley for Charles Cole, Dale Denney and Charles W. Simmons pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge Rachel E. Schwartz on 8/19/2022. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (sz) (Entered: 08/19/2022) |
| 08/19/2022 | 7 | ORDER granting 5 Motion to Appear Pro Hac Vice of Jonathan M. Soper for Charles Cole, Dale Denney and for Charles W. Simmons pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge Rachel E. Schwartz on 8/19/2022. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (sz) (Entered: 08/19/2022) |
| 08/26/2022 | | SUMMONS ISSUED as to Hyundai Kia America Technical Center, Inc., Hyundai Motor America, Kia America, Inc. (issued to Attorney for service) (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry) (jsh) (Entered: 08/26/2022) |

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## AT KANSAS CITY

| | | |
|---|---|---|
| Charles W. Simmons, | ) | |
| Dale Denney, and Charles Cole on | ) | |
| behalf of themselves | ) | |
| and all others similarly situated, | ) | |
| | ) | Demand for Jury Trial |
| | ) | Case No. |
| | ) | |
| *Plaintiffs,* | ) | COMPLAINT – CLASS ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| Kia America, Inc., | ) | |
| 111 Peters Canyon Rd. | ) | |
| Irvine, CA 92606 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Hyundai Motor America | ) | |
| 10550 Talbert Ave. | ) | |
| Fountain Valley, CA 92708 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Hyundai Kia America | ) | |
| Technical Center, Inc. | ) | |
| 6800 Geddes Rd. | ) | |
| Superior Township, MI 48198 | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## CLASS ACTION COMPLAINT &
## DEMAND FOR JURY TRIAL

Comes now Plaintiffs Charles W. Simmons, Dale Denney, and Charles Cole,

individually and on behalf of all other persons similarly situated, for their complaint

for damages against Defendants Kia America, Inc, Hyundai Motor America, and Hyundai Kia America Technical Center, Inc. (collectively, "Defendants").

## NATURE OF ACTION

1.     This is a class action claim arising from a defect in Defendants' vehicles which make them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

2.     Defendants did not disclose this defect, which is a material fact, and a fact that a reasonable person would rely on when purchasing a vehicle.

3.     During the relevant class period, Defendants sold these Defective Vehicles (as defined below) at multiple locations throughout the state of Kansas and the United States.

4.     During the relevant class period, Defendants sold the Defective Vehicles to Plaintiffs and other reasonable consumers without disclosing the fact that these vehicles had a defect which made them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

## PARTIES

5.     Plaintiff Charles Simmons is a resident and citizen of the state of Kansas.

6.     Plaintiff Dale Denney is a resident and citizen of the state of Kansas.

7.     Plaintiff Charles Cole is a resident and citizen of the state of West Virginia.

8.     Plaintiffs brings this action on their own behalf and as a representative of a class of persons who purchased a Defective Vehicle that was manufactured, produced, distributed, and/or sold by Defendants. This matter arises out of negligent acts, errors and omissions committed by the Defendants against Plaintiffs causing Plaintiffs and the putative class to suffer economic injury.

9.     Plaintiffs brings this action on their own behalf and as representatives of a class of similarly situated persons to recover damages for violations of the Kansas Consumer Protection Act ("KCPA") Kan. Ann. Stat. §§50-623 *et seq*., the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.,* among other claims, for economic and injunctive relief against Defendants which manufactured, tested, distributed, promoted and sold the Defective Vehicles.

10.     Plaintiffs are "persons" and have purchased a Defective Vehicle in a "sale" within the last three years, as those terms are defined in Kan. Ann. Stat. §50-623 *et seq.,* and the last four years under the Magnuson Moss Warranty Act.  At the time the vehicle was purchased, Plaintiffs were unaware that the vehicle was defective and that it was not fit for the ordinary purposes for which the product is used in that it is easy to steal, unsafe, and worth less than it should be if it did not have the defect.

11.     Specifically, Plaintiff Simmons purchased a 2019 Kia Rio on or about June 27, 2019, at Lawrence Kia for personal, family, or household purposes.

12.     Plaintiff Denney purchased a 2020 Kia Soul on or about September 9, 2019, at Lawrence Kia for personal, family, or household purposes.

13.     Plaintiff Cole purchased a 2017 Hyundai Sonata on or about July 2, 2019 at Lawrence Kia for personal, family, or household purposes.

14.     Plaintiffs, on behalf of themselves and the putative class, seek a refund for monies paid as a result of their purchase of the Defective Vehicles, and further seeks injunctive relief, enjoining Defendants from selling the Defective Vehicles, and requiring Defendants to fix the defect.

15.     On information and belief, Defendant, Kia America, Inc., is a California corporation that maintains its principal place of business at 111 Peters Canyon Road, Irvine, California, 92606. Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

16.     On information and belief, Defendant, Hyundai Motor America, is a California corporation that maintains its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708. Defendant Hyundai Motor America is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

17.     On information and belief, Defendant, Hyundai Kia America Technical Center, Inc., is a Michigan corporation that maintains its principal place of business at 6800 Geddes Road, Superior Township, Michigan 48198. Defendant Hyundai America Technical Center, Inc. is engaged in the business of testing, developing,

manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

## **JURISDICTION AND VENUE**

18.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff brings this action on behalf of a class which numbers in the thousands, (2) Plaintiffs (Kansas and West Virginia) and Defendants (California and Michigan) are citizens of different states, and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Plaintiffs are bringing a putative nationwide class that includes all people that purchased a Defective Vehicle. On information and belief, Defendants have sold thousands of Defective Vehicles throughout Kansas and the United States, totaling millions upon millions of dollars in sales.

19.     This Court has personal jurisdiction over Defendants pursuant to Kan. Ann. Stat. §60-308. in that Defendants transact business within the state of Kansas and committed one or more tortious acts within the state of Kansas.

20.     Defendants transacted business and/or committed tortious acts within the state of Kansas. Defendants design, manufacture, distribute, and/or sell dangerous and/or defective vehicles in Kansas. Defendants placed the Defective Vehicles and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed tortious acts in Kansas from which Plaintiffs' claims arise.

21.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events that gave rise to the claims in this case occurred in this District in that the purchase of the Defective Vehicle by Plaintiffs took place in Douglas County, Kansas.

22.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendants have caused harm to Class Members residing in this district, and/or because the Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

23.     The Defective Vehicles made the subject of this suit, which are manufactured, designed, produced, distributed, and sold by Defendants, are easy to steal, unsafe, and worth less than they would be if they did not have the defect.

24.     Defendants manufacture, design, produce, distribute and sell the "Defective Vehicles," which are hereby defined as: "all Kia models from 2011-2021, and all Hyundai models from 2015-2021." All these vehicles share the same defects, and therefore an owner of any one of them may bring a class action on behalf of the entire class.

25.     Defendants concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiffs, in Defendants' advertising, labeling or otherwise that these vehicles are defective and are not fit for the ordinary purposes

for which the vehicles are used in that they are easy to steal, unsafe, and worth less than they should be, if they were not defective.

26.    The vehicles are defective in that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that make it more difficult to start a vehicle without a key. Additionally, on information and belief, some of the Defective Vehicles' windows are not connected to the security system which thus allows a thief to break the window without the alarm being triggered.

27.    This means that all a thief needs to do is strip the ignition column, exposing a piece that pops off and they can then can stick a USB drive, a knife, or something like that to start the vehicle without a key or code. Considering how many people charge their cell phones in their cars, the necessary instrument needed to steal a Defective Vehicle is usually readily available to any thief.

28.    Defendants knew their vehicles were defective in this manner but failed and refused to disclose these defects to customers, despite having the capability and means to do so.

29.    Defendants had the capability and means to add an engine immobilizer or similar device, yet they failed to do so.

## CLASS ACTION ALLEGATIONS

30.    Plaintiffs bring this class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of themselves and the following class of similarly situated persons: all persons who purchased a Defective Vehicle:

    a. A "Nationwide Class" based on claims of unjust enrichment, negligence, violations of the Magnuson Moss Warranty Act, and/or breach of express and/or implied warranty consisting of all customers who purchased any of the Defective Vehicles in the United States within the applicable statute of limitations; or

    b. A "Kansas Sub-Class" based on claims brought under the Kansas Consumer Protection Act and for unjust enrichment, and/or breach of implied and/or express warranty consisting of all persons who purchased any of the Defective Products in the state of Kansas for personal, family, business, or household purposes within the applicable statute of limitations period.

31. Excluded from each Class or Sub-Class is Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families. Also excluded from the Class or Sub-Class are those claiming they have suffered a personal injury as result of the Defective Vehicles, as well as residents of Wisconsin.

32. The proposed Nationwide Class or Kansas Sub-Class meet all requirements for class certification. The Class or Sub-Classes satisfy the numerosity standards. The Class or Sub-Classes are believed to number in the thousands of persons. As a result, joinder of all Class or Sub-Class Members in a single action is

impracticable. Class or Sub-Class Members may be informed of the pendency of this Class Action by, among other methods, direct, published and/or broadcast notice.

33.     There are questions of fact and law common to the Nationwide Class or Kansas Sub-Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class or Sub-Class arising from Defendants' actions include, without limitation, the following:

a.     Whether Defendants manufactured and designed the Defective Vehicles without engine immobilizers;

b.     Whether the failure of the vehicles to have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers

c.     Whether the absence of an engine immobilizer is a material fact in the purchasing of a vehicle;

d.     Whether, in marketing and selling the Defective Vehicles, Defendants failed to disclose the lack of an engine immobilizers;

e.     Whether Defendants failed to disclose and/or concealed the material fact that the Defective Vehicles, among other things, did not have engine immobilizers;

f.     Whether Defendants failed to warn adequately of the dangers of vehicles that do not contain engine immobilizers;

g.     Whether Defendants knew or should have known that the Defective Vehicles did not have engine immobilizers;

h.    Whether Defendants knew or should have known that the failure of the vehicles to have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers;

i.    Whether Defendants continued to manufacture, market, distribute, and sell the Defective Vehicles notwithstanding its knowledge of the defects' dangerous nature and risks of harm;

j.    Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Vehicles from the consuming public;

k.    Whether Defendants' conduct violated Kansas's Merchandising Practices Act; and/or

l.    Whether Defendants' conduct violated the Magnuson Moss Warranty Act.

34.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

35.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members or Sub-Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or

substantially impair or impede the ability of Nationwide Class Members or Kansas Sub-Class Members to protect their interests.

36.     The claims of Plaintiffs are typical of the claims of members of the Nationwide Class and the Kansas Sub-Class. Upon information and belief, the Defective Vehicles all share the same defects. Upon information and belief, the labels, manuals, advertising, and disclosures concerning the Defective Vehicles all fail to reasonably disclose the presence of these defects. Therefore, the information withheld by Defendants to Plaintiffs and all Nationwide Class or Kansas Sub-Class members was identical.

37.     Plaintiffs are an adequate representative of the Nationwide Class and Kansas Sub-Class because they are a member of both Classes and their interests do not conflict with the interests of the members of the Nationwide Class or Kansas Sub-Class they seek to represent. The interests of the members of the Nationwide Class or Kansas Sub-Class will be fairly and adequately protected by the Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

38.     Plaintiffs seek a refund of some or all monies paid as a result of the purchase of the Defective Vehicle that occurred following Defendants' wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of the Defective Vehicle.

39.     Plaintiffs specifically exclude from this class action any damages, losses, or other relief of any kind arising from the personal injuries suffered by those class

members personally injured by the Defective Vehicle based on the defects. This class action seeks only the economic and injunctive relief requested herein to which class members are entitled under the Kansas Consumer Protection Act and other claims pled.

40.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Nationwide Class or Kansas Sub-Class who suffered harm to bring a separate action given the damages at issue compared to the costs of litigating each individual claim. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Nationwide Class Members or Kansas Sub-Class Members.

41.     Class action treatment of the claims in this action is the superior method of resolution with respect to concerns of efficiency, fairness and equity over other available methods of adjudication.

42.     Class action treatment is appropriate in this case because Defendants acted, or refused to act, in a manner that was generally applicable to – and often identical to – each member of the Nationwide Class or Sub-Class. Defendants withheld the same information from all members of the Nationwide Class or Kansas Sub-Class and sold vehicles with the same defects.

43.     Notice can be provided to Class Members or Sub-Class Members by using techniques and forms of notice similar to those customarily used in other defective-product cases and complex class actions.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT

44.     Plaintiff Denney[1] re-alleges and incorporates herein all other allegations in this Complaint.

45.     The acts and practices engaged in by Defendants, and described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the Kansas Consumer Protection Act, Kan. Ann. Stat §§50-623 *et seq.*

46.     Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of material facts—specifically, the failure to warn or disclose that the vehicles were defective, including that they lacked an engine immobilizer—in connection with the sale, distribution or advertisement of the Defective Vehicle in violation of Kan. Ann. Stat. § 50-623 *et seq.*

47.     Plaintiff purchased the Defective Vehicle, a product that was falsely represented, as stated above, in violation of the Kansas Consumer Protection Act, and as a result, Plaintiff suffered economic damages in that the vehicle he purchased was worth less than the vehicles he thought he had purchased had Defendants not omitted material facts. Plaintiff, and other reasonable consumers, had no reasonable

---

[1] Plaintiff Simmons and Cole are not asserting a claim under the Kansas Consumer Protection Act.

information to suggest that the Defective Vehicle lacked an engine immobilizer or was otherwise easy to steal and unsafe.

48.     Plaintiff and the Kansas Sub-Class members acted as reasonable consumers would in light of all circumstances.

49.     Defendants' actions and omissions would cause a reasonable person to enter in the sale and transaction that resulted in damages to Plaintiff and the Kansas Sub-Class.

50.     As a result of Defendants' actions and omissions, Plaintiff and the Kansas Sub-Class suffered economic damages that can be calculated with a reasonable degree of certainty, including a refund of money paid as a result of their purchases.

51.     Plaintiff and the Kansas Sub-Class also seek injunctive relief, requiring Defendants to fix the Defective Vehicles.

52.     At the time of Defendants' design, manufacture, processing, distribution, sale and/or use of the Defective Vehicles, Defendants knew of the dangerous condition of the vehicles, in that they lacked an engine immobilizer making them easy to steal, and supplied them with deliberate and/or intentional disregard for making any warning, instruction, or other precaution to prevent injuries and/or theft and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants specifically placed profits ahead of the health and safety of others by intentionally omitting and concealing material facts about the Defective Vehicles lack of engine immobilizer and ease at which they can

be stolen. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and the Kansas Sub-Class.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT II – VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT

53.     Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

54.     Plaintiffs bring this Count against Defendants on behalf of members of the Nationwide Consumer Class.

55.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332(a)-(d).

56.     The Defective Vehicles are "consumer products" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(1).

57.     Plaintiffs and Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

58.     Defendants are "suppliers" and "warrantors" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

59.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied or written warranty.

15

60.     Defendants provided Plaintiffs and the other Class members with an implied warranty of merchantability in connection with the purchase or lease of their vehicles that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S. C. § 2301(7).

61.     As a part of the implied warranty of merchantability, Defendants warranted that the Defective Vehicles were fit for the ordinary purpose of passenger motor vehicles, were not far easier to steal than other vehicles, and were not unsafe due to the ease at which they can be stolen.

62.     Defendants breached this implied warranty and are therefore liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 2310(d)(1) because, without limitation, the Defective Vehicles share common design defects, including that they lack engine immobilizers.

63.     Defendants provided Plaintiffs and the other Class members with an express written warranty in connection with the purchase or lease of their vehicles, as described further below, that is a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

64.     Defendants made written affirmations of fact that the Defective Vehicles would be free of defects that would prevent ordinary use.

65.     Upon information and belief, Defendants affixed labeling and other written affirmations making specific, performance-related representations related to the nature of the Defective Vehicles, including expressly warranting that the

Defective Vehicles were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

66.     Defendants breached their express warranties for the Defective Vehicles by, among other things, selling or leasing to Class members Defective Vehicles that are not free of material defects; they contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

67.     Any efforts to limit the express and implied warranties in a manner that would exclude coverage of the Defective Vehicles is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Defective Vehicles is null and void. Any limitations on the express and implied warranties are procedurally unconscionable. Defendants purposefully misrepresented the Defective Vehicles to consumers.

68.     Additionally, there was unequal bargaining power between Defendants, on the one hand, and Plaintiffs and the other Class members, on the other.

69.     Any limitations on the express and implied warranties are substantively unconscionable.

70.     Defendants knew that no engine immobilizers were installed on the Defective Vehicles and that they were failing to disclose this material fact, thereby misrepresenting the safety, ease of theft, and value of the Defective Vehicles.

71.     Defendants failed to disclose the defects to Plaintiffs and the other Class members even though Defendants were aware of the defects.

72.     Nonetheless, privity is not required here because Plaintiffs and each of the other Class members are intended third-party beneficiaries of contracts between Defendants and their dealers and agents.

73.     Specifically, Plaintiffs and each of the other Class members are intended third-party beneficiaries of the implied and written warranties.

74.     The dealers and agents were not intended to be the ultimate consumers of the Defective Vehicles and have no rights under the warranty agreements provided for the Defective Vehicles: the warranty agreements were designed for and intended to benefit consumers.

75.     Finally, privity is also not required because the Defective Vehicles are unsafe and hazardous instrumentalities due to, among other matters, the lack of engine immobilizers.

76.      Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action and is not required to give Defendants notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

77.     Furthermore, affording Defendants an opportunity to cure their breach of warranties would be unnecessary and futile.

78.     At the time of sale or lease of each Defective Vehicle, the Defendants knew, should have known, or were reckless in not knowing of their misrepresentations and omissions concerning the Defective Vehicles' inability to

perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design.

79.     Under the circumstances, the remedies available under any informal settlement procedure would be inadequate, and any requirement that Plaintiffs resort to an informal dispute resolution procedure and afford Defendants a reasonable opportunity to cure their breach of warranties is excused and thereby deemed satisfied.

80.     The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25.

81.     The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

82.     Plaintiffs, individually and on behalf of the other Class members, seek all damages permitted by law, including diminution in value of their vehicles, in an amount to be proven at trial.

83.     In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the other Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiffs and the other Class members in connection with the commencement and prosecution of this action.

84.     Additionally, Plaintiffs and each of the other Class members are entitled to equitable relief under 15 U.S.C. § 2310(d)(1), including Defendants being required to fix these vehicles.

## COUNT III - UNJUST ENRICHMENT

85.     Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

86.     Plaintiffs and the Nationwide Class and/or Kansas Sub-Class members purchased vehicles from the Defendants that they would not have purchased had they known that the vehicles, among other defects, contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers.

87.     The Defendants were therefore unjustly enriched at the expense of and to the detriment of the Plaintiffs and the Class.

88.     Plaintiffs and the Nationwide Class and/or Kansas Sub-Class are therefore entitled to restitution from the Defendants, and seek an order requiring the Defendants to disgorge all profits, benefits and other compensation the Defendants obtained from the sale of these products.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT IV – BREACH OF IMPLIED WARRANTY

89.     Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

90.     Defendants are merchants with respect to the sale of the Defective Vehicles purchased by Plaintiffs.

91.     Defendants, by selling the Defective Vehicles, impliedly warranted that the vehicles were merchantable with respect to goods of that kind.

92.     Defendants sold the Defective Vehicles to Plaintiffs through its dealership in Douglas County, Kansas.

93.     The Defective Vehicles sold by Defendants to Plaintiffs did not conform with the implied promises made with respect to the labels and material that accompanied the product. Specifically, by failing to reasonably disclose the vehicles did not have engine immobilizers, Defendants implied that the Defective Vehicles were not far easier to steal than other vehicles, were thereby safe, and were worth as much as vehicles that possessed engine immobilizers.

94.     As a result of having no engine immobilizer, among other defects, the Defective Vehicles were not merchantable and Defendants breached their implied warranty of merchantability with respect to the Defective Vehicles.

95.     Had Plaintiffs known that the Defective Vehicles lacked an engine immobilizer, among other defects, making them far easier to steal, and were thereby unsafe and worth less than their sales price, they would not have purchased them or would have paid significantly less for the vehicles. As a result of Defendants' breach

of implied warranty, Plaintiffs, and the Nationwide Class and/or Kansas Sub-Class members have suffered economic injuries.

96.     Defendants are being provided notice by receipt of demand made by Plaintiffs on behalf of themselves and the putative class through the filing of this Complaint. In addition, Defendants have actual notice of the defect.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT V – BREACH OF EXPRESS WARRANTY

97.     Plaintiffs re-allege and incorporate herein all other allegations in this Complaint.

98.     Defendants are and at all relevant times were merchants with respect to motor vehicles under U.C.C. § 2-313.

99.     Upon information and belief, in the course of selling its vehicles, Defendants expressly warranted in writing that the Defective Vehicles were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

100.    Defendants breached their express warranties for the Defective Vehicles by, among other things, selling or leasing to Class members Defective Vehicles that are not free of material defects; they contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

101.   Due to the Defendants' breach of warranties as set forth herein, Plaintiffs and the Class assert as an additional and/or alternative remedy, as set forth in U.C.C. §§ 2-608 and 2-711, for a revocation of acceptance of the goods, and for a return to Plaintiffs and to the Class of the purchase price of all vehicles currently owned and for such other incidental and consequential damages as allowed under U.C.C. §§ 2-608 and 2-711.

102.    Defendants were provided notice of these issues by complaints filed against them, including the instant complaint, and, upon information and belief, by numerous individual letters and communications sent by customers before or within a reasonable amount of time after the allegations of vehicle defects became public.

103.   As a direct and proximate result of Defendants' breach of express warranties, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, requests relief and judgment against Defendants as follows:

a.    That the Court enter an order certifying the Class, appointing Plaintiffs as representative of the Nationwide Class, appointing Plaintiffs' counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Nationwide Class;

b.    Alternatively, that the Court enter an order certifying the Kansas Sub-Class, appointing Plaintiffs as representative of the Kansas Sub-Class,

appointing Plaintiffs' counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Kansas Sub-Class;

c.   For a judgment against Defendants for the causes of action alleged against it;

d.   For damages in an amount to be proven at trial;

e.   For appropriate injunctive relief, enjoining the Defendants from selling the Defective Vehicles and ordering them to fix or replace the vehicles;

f.   For attorney's fees;

g.   For Plaintiffs' costs incurred; and

h.   For such other relief in law or equity as the Court deems just and proper.

## <u>DESIGNATION AND DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all issues so triable in Kansas City, Kansas, U.S. District Court.

Dated July 25, 2022

Respectfully submitted,

*/s/ Paul D. Anderson*
Paul D. Anderson   KS Federal Bar #78899
Kenneth B. McClain       (Pro Hac Vice)
Jonathan M. Soper        (Pro Hac Vice)
Kevin D. Stanley         (Pro Hac Vice)
HUMPHREY, FARRINGTON & MCCLAIN, P.C.
221 West Lexington Ave., Ste. 400
Independence, MO 64051
(816) 836-5050

(816) 836-8966 –fax
pda@hfmlegal.com
kbm@hfmlegal.com
jms@hfmlegal.com
kds@hfmlegal.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of July, 2022, a true and correct copy of the foregoing has been electronically filed and served via the Court's CM/ECF system, which will automatically send email notification of such filing to all parties.

*/s/ PAUL D. ANDERSON*
**ATTORNEY FOR PLAINTIFF**