# Exhibit 10

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

MAPJ

# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:22-cv-00548-BCW

Bissell v. Hyundai Motor America Corporation et al  
Assigned to: District Judge Brian C. Wimes  
Cause: 28:1332 Diversity-Motor Vehicle Product Liability

Date Filed: 08/23/2022  
Jury Demand: Plaintiff  
Nature of Suit: 355 Motor Vehicle Prod. Liability  
Jurisdiction: Diversity

**Plaintiff**

**Cobi Bissell**  
*individually and on behalf of all others similarly situated*

represented by **Matthew Lee Dameron**  
Williams Dirks Dameron LLC  
1100 Main Street  
Suite 2600  
Kansas City, MO 64105  
(816) 945-7110  
Fax: (816) 945-7118  
Email: matt@williamsdirks.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hyundai Motor America Corporation**

**Defendant**

**Kia Motors America, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2022 | 1 | COMPLAINT against Hyundai Motor America Corporation, Kia Motors America, Inc. filed by Matthew Lee Dameron on behalf of Cobi Bissell. Filing fee $402, receipt number AMOWDC-8072833. Service due by 11/21/2022 unless otherwise directed by the court. (Attachments: # 1 Civil Cover Sheet)(Dameron, Matthew) (Entered: 08/23/2022) |
| 08/23/2022 | 2 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR DEADLINES AND REQUIREMENTS.** <br><br> **Notice of MAP assignment to United States Magistrate Judge Lajuana M. Counts.** (Attachments: # 1 MAP General Order)(Ellis, Lindsey) (Entered: 08/23/2022) |
| 08/23/2022 | | SUMMONS ISSUED as to Hyundai Motor America Corporation, Kia Motors America, Inc.. (Ellis, Lindsey) (Entered: 08/23/2022) |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| COBI BISSELL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. _____ ) |
| HYUNDAI MOTOR AMERICA CORPORATION | ) **JURY TRIAL DEMANDED** ) ) |
| and | ) ) |
| KIA MOTORS AMERICA, INC. | ) ) |
| Defendants. | ) |

## **COMPLAINT**

This is a proposed class action on behalf of persons who purchased Hyundai and Kia vehicles in Missouri from August 23, 2017 through the present.[1] In support of his Complaint, Plaintiff respectfully submits the following allegations:

1. Defendants design, manufacture, and market the Class Vehicles, selling millions of the Class Vehicles throughout the United States during the applicable time period.

2. The Class Vehicles, though, suffer from a design defect in that they do not contain an ignition immobilizer; this defect leaves Class Vehicles "particularly vulnerable to theft."[2]

3. Defendants conceal and omit this material information from consumers who purchase Class Vehicles.

---

[1] Specifically, the subject vehicles include all Kia model vehicles from 2015-2021, and all Hyundai model vehicles from 2012-2021. Herein, these are referred to collectively as "Class Vehicles."

[2] Clayton, Missouri Weekly Police Report (July 25, 2022), available at https://www.claytonmo.gov/Home/Components/News/News/4701/.

1

4. Accordingly, Plaintiff brings this action under the Missouri Merchandising Practices Act (MMPA) on behalf of himself and other consumers who have been harmed by Defendants' conduct.

## PARTIES

5. Cobi Bissell is a student residing in Florida. He purchased his 2018 Hyundai Elantra from McCarthy Blue Springs Hyundai. The dealership is situated at 3000 NW South Outer Road in Blue Springs, Missouri.

6. The Class Vehicle was new when Bissell purchased it, and he paid approximately $19,000 for it.

7. Bissell purchased his Class Vehicle for personal use and still owns it.

8. Bissell would not have purchased his Class Vehicle, or would have paid substantially less for it, had the defective nature of the Class Vehicle as outlined herein been disclosed to him and/or publicly confirmed by Defendants prior to the time of purchase.

9. Hyundai Motor America Corporation maintains its principal place of business at 10550 Talbert Avenue; Fountain Valley, California 92708. Hyundai may be served in Missouri through its registered agent: CSC-Lawyers Incorporating Service Company; 221 Bolivar Street; Jefferson City, Missouri 65101.

10. Kia Motors America, Inc. maintains its principal place of business at 111 Peters Canyon Road; Irvine, California 92606-1790. Kia may be served in Missouri through its registered agent: The Corporation Company; 120 South Central Avenue, Suite 400; Clayton, Missouri 63105.[3]

---

[3] Kia Motors America, Inc. remains an active corporation in Missouri, although press reports reflect that it has changed its corporate name to Kia America. *See* Kia America debuts in US (May 18, 2021), available at https://www.automotiveworld.com/news-releases/kia-america-debuts-in-us-new-name-replaces-kia-motors-america-as-part-of-kia-corporation-global-brand-strategy/.

2

11. Hyundai owns a significant stake in Kia, and the two often manufacture vehicles using the same platform.

12. Defendants design, manufacture, and market Class Vehicles. Both Hyundai and Kia manufacture Class Vehicles that do not contain an ignition immobilizer.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, and at least one member of the proposed class is a citizen of a state different than a Defendant.

14. Venue is proper in this District and Division under 28 U.S.C. § 1391, as well as W.D. Mo. Local Rule 3.2.

## FACTUAL ALLEGATIONS

15. Defendants design, manufacture, and market the Class Vehicles.

16. The Class Vehicles do not contain ignition immobilizer technology.

17. An immobilizer is "a standard anti-theft feature" that is present in "[m]ost vehicles made in the last 20 years."[4]

18. Immobilizers have been a common feature in vehicles since the 1990s; indeed, by that time, they had "proliferated" and were "ubiquitous."[5]

---

[4] Available at https://www.makeuseof.com/what-is-an-immobilizer-does-my-car-have-one/.

[5] Will an immobilizer save your car from being stolen? (February 10, 2020), available at https://www.kaspersky.com/blog/36c3-immobilizers/32419/?campaign=tcid_admitad_460532b56a8d41de1eca896a19ff950b_240682_x4&ADDITIONAL_reseller=tcid_admitad_460532b56a8d41de1eca896a19ff950b_240682_x4&tagtag_uid=460532b56a8d41de1eca896a19ff950b.

19. Other countries adopted immobilizers and made them mandatory features on vehicles; the EU mandated them in the late 1990s, and other countries followed suit. In those countries, "immobilizers contributed to a significant decrease in auto theft."[6]

20. In a series of studies, electronic immobilizers on vehicles "has been found to reduce theft of vehicle rates significantly." Morgan et al., "Reducing criminal opportunity: vehicle security and vehicle crime," Research Report 87 (January 2016). Indeed, it is "the device with the most evidence of effectiveness." *Id.*

21. Immobilizer technology functions as an extra security check when an occupant starts a vehicle. It has been described as follows:

> Transponder chips are found in key fobs and smart keys. When you start the engine or have the key fob inside the automobile, these chips communicate a passcode to the car's immobilizer technology. If the pin code in the key fob meets the one in the immobilizer system, the vehicle will start. Otherwise, your automobile will not start.[7]

22. Thus, the absence of immobilizer technology in Class Vehicles inherently makes them particularly susceptible to theft—a phenomenon that is playing out in communities across the United States.

23. The absence of an immobilizer allows thieves to steal Class Vehicles "using nothing more than a USB cord."[8]

---

[6] *Id.*

[7] *See* FN4, *supra*.

[8] "Ignition design makes Hyundais and Kias easy to steal with USB cords" (July 26, 2022), available at https://www.ksdk.com/article/news/investigations/ignition-design-hyundais-kias-easy-steal-usb-cord/63-0c1c1d13-0d72-43aa-841c-06e2db0113fa.

4

24. Thus, "[p]olice across the country say Kia models newer than 2015 and Hyundai vehicles newer than 2012 are at risk."[9]

25. According to law enforcement, the defect is that the Class Vehicles do not have "immobilizing technology, which requires the engine to read a computer chip inside a key to start."[10]

26. Because of the defect, law enforcement in St. Louis notes that "thefts of [Class Vehicles] are up by nearly 400% compared to [2021]."[11]

27. After the "explosion" of thefts, Defendants "have vowed to make the technology standard on all new models," but that remedy does nothing for the thousands of members of the proposed Class outlined herein who continue to own defective Class Vehicles.[12]

28. Like St. Louis, the Chicago area has faced a similar uptick in thefts of Class Vehicles. In the past year, the theft rate for Class Vehicles has increased 767% due to the absence of the immobilizing technology.[13]

29. Similarly, Wisconsin is facing a rash of thefts of Class Vehicles. In the first eleven months of 2021, at least 2,559 Hyundai vehicles and 2,600 Kia vehicles had been stolen.[14] This constituted an increase of Class Vehicle thefts of approximately 2,500 percent in the Milwaukee area alone. *Id.*

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] "Dramatic rise in Kia and Hyundai thefts spurs warning from Cook County sheriff" (August 16, 2022), available at https://www.chicagotribune.com/news/breaking/ct-kia-hyundai-car-thefts-cook-county-sheriff-warning-20220816-fyxwjn5n2zhx7khuxoft4pglfe-story.html.

[14] Available at https://www.motorbiscuit.com/wisconsin-hyundai-kia-thefts-epidemic-says-class-action-lawsuit/.

30. Defendants were aware of the absence of the immobilizing technology, and have vowed to include the technology on model years 2022 and later.[15] Nonetheless, Defendants' ameliorative actions for 2022 and later models leaves owners of Class Vehicles with no remedy.

31. Defendants concealed and/or omitted the absence of immobilizer technology in the ignitions of Class Vehicles. Defendant did not disclose the absence of the immobilizer, and they did not disclose that Class Vehicles are more susceptible to theft because of the absence of the immobilizer technology.

32. Plaintiff was not aware of these omissions when he purchased his Class Vehicle.

33. Had Plaintiff known of these omissions, he would not have purchased his Class Vehicle, or he would have paid substantially less for it.

34. Defendants' failure to equip Class Vehicles with immobilizer technology constitutes a design defect that is immediately present in every Class Vehicle.

35. Class Vehicles all lack the immobilizing technology. In this respect, there is no discernible or material difference among Class Vehicles for purposes of this litigation or class certification.

**TOLLING**

36. Any applicable statute of limitations that might otherwise bar any claim has been tolled by Defendants' knowing and active concealment of the facts alleged above. Plaintiff and Class members were ignorant of vital information essential to the pursuit of their claims. Plaintiff and Class members could not reasonably have discovered that their Class Vehicles were defective because Defendants did not provide relevant information about the defect (i.e., the absence of

---

[15] Available at https://www.kmbc.com/article/lawsuit-flaw-kia-hyundias-stolen-usb-cord/40747875 (quoting statements from Hyundai and Kia).

immobilizer technology) to vehicle owners / lessors, and continues to refuse to provide such notice to consumers.

## CLASS ALLEGATIONS

37. Plaintiff, on behalf of himself and the proposed Class, re-alleges the foregoing paragraphs as if fully set forth herein.

38. Plaintiff seeks to represent the following proposed Class:

**All persons who purchased a Class Vehicle in the state of Missouri from August 23, 2017, through the present.**

39. Excluded from the proposed Class is Defendants, including any affiliate, parent, or subsidiary of either Defendant; any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; and members of the judge's staff.

40. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

41. **Numerosity**. Defendants sold millions of Class Vehicles throughout the United States during the applicable time period, including a substantial number in Missouri. Members of the proposed Class likely number in the hundreds or thousands and are thus too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail, supplemented by published notice (if deemed necessary or appropriate by the Court).

42. **Predominance**. Common questions of law and fact exist as to all members of the proposed Class and predominate over questions affecting only individual class members. These common questions include whether:

a. the Class Vehicles contain a defective ignition immobilizer;

7

b. Defendants knew or should have known about the defect and, if so, when Defendants discovered it;

c. Defendants disclosed the existence of the ignition defect to consumers;

d. Defendants omitted material information concerning the ignition defect;

e. Defendants concealed the existence of the ignition defect;

f. Defendants' conduct harmed Plaintiff and the proposed Class;

g. Plaintiff and the proposed Class are entitled to damages; and

h. Plaintiff and the proposed Class satisfy the requirements of Federal Rule of Civil Procedure 23.

43. **Typicality**. Plaintiff's claims are typical of the claims of the proposed Class because he purchased a Class Vehicle containing the ignition defect in Missouri within the class period; this similarity gives rise to substantially the same claims as the proposed Class.

44. **Adequacy**. Plaintiff is an adequate representative of the proposed Class because his interests do not conflict with the interests of the members of the Class that he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff will prosecute this action vigorously by monitoring and directing the actions of class counsel. The interests of members of the class will be fairly and adequately protected by Plaintiff and his counsel.

45. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of

managing many actions arising from the Class Vehicles' alleged ignition defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

46. In the alternative, the proposed Class may be certified because:

a. the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final and injunctive relief with respect to the members of the proposed Class as a whole.

## LEGAL CLAIM

**Violation of the Missouri Merchandising Practices Act**
**Mo. Rev. Stat. §§ 407.010 *et seq.* ("the MMPA")**
**(Plaintiff Individually and on behalf of the proposed Class)**

47. Plaintiff, on behalf of himself and the proposed Class, re-alleges the foregoing paragraphs as if fully set forth herein.

48. The Missouri Merchandising Practices Act ("the MMPA") provides that "[t]he act, use or employment by any person of any deception . . . [or] unfair practice, or the concealment . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.1.

49. The enabling regulations for the MMPA define an "unfair practice" as conduct that (1) offends public policy; (2) is unethical, oppressive, and unscrupulous; (3) causes a risk of substantial injury to consumers; (4) was not in good faith; (5) is unconscionable; or (6) is unlawful. *See* Mo. Code Regs. Ann. tit. 15, § 60-8.

50. The regulations elaborate that a concealment in violation of the MMPA "is any method, act, use or practice which operates to hide or keep material facts from consumers." *Id.* at § 60-9.110(2). Similarly, an actionable "omission" is "any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her." *Id.* at (3).

51. Under the MMPA, the term "merchandise" is broadly defined to include "any objects . . . or services." Mo. Rev. Stat. § 407.020.4. Class Vehicles are "merchandise" within the scope of the MMPA.

52. The MMPA authorizes private causes of action, and class actions. Mo. Rev. Stat. §§ 407.025.1; 407.025.2. Plaintiff and members of the proposed Class are individuals entitled to bring suit and recover under the MMPA.

53. When Defendants designed, manufactured, and marketed the Class Vehicles it was involved in the conduct of trade and commerce under the MMPA.

54. At the time that Defendants designed, manufactured, and marketed the Class Vehicles they knew or should have known that the Class Vehicles did not contain immobilizer technology.

55. Nonetheless, Defendants omitted and concealed its knowledge of the alleged defect from consumers, including Plaintiff and members of the proposed Class.

56. Defendants' omissions and concealments of the absence of the immobilizer technology constitute unfair and/or deceptive practices in violation of the MMPA.

57. Had Defendants disclosed the true quality and defective nature of the Class Vehicles, Plaintiff and Class members would not have purchased the Class Vehicles or would have paid substantially less for them.

58. To this day, Defendants continues to violate the MMPA by concealing the defective nature of the Class Vehicles' ignition immobilizers, by failing to notify customers of the alleged defect, by failing to issue a recall related to the Class Vehicles, and by failing to offer cost-free repair or replacement of the defective Class Vehicles.

59. As a direct and proximate result of Defendants' unfair acts or practices alleged herein, Plaintiff and the Class members were damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter a judgment awarding the following relief:

a. An order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

b. An order awarding Plaintiff and the Class members their actual damages, and/or any other form of monetary relief provided by and pursuant law;

c. An order requiring Defendants to adequately disclose and repair the alleged ignition defect in Class Vehicles;

11

d. An order awarding Plaintiff and the Class pre-judgment and post-judgment interest as allowed under the law; and

e. An order awarding Plaintiff and the Class reasonable attorneys' fees and costs of suit, including expert witness fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

DATED: August 23, 2022                    Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

*/s/ Matthew L. Dameron*
Matthew L. Dameron          MO Bar No. 52093
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
T:   (816) 945-7110
F:   (816) 945-7118
E:   matt@williamsdirks.com

***Counsel for Plaintiff and the Proposed Class***