# EXHIBIT 14

CV

# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:22-cv-02149-PJS-JFD

Zanmiller v. Kia America, Inc. et al
Assigned to: Chief Judge Patrick J. Schiltz
Referred to: Magistrate Judge John F. Docherty
Demand: $5,000,000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 09/01/2022
Jury Demand: Plaintiff
Nature of Suit: 385 Prop. Damage Prod. Liability
Jurisdiction: Diversity

### Plaintiff

**Steve Zanmiller**
*on behalf of himself and all others
similarly situated*

represented by **George Chronic**
Maschka, Riedy, Ries & Frentz
Minnesota
151 Saint Andrews Court
Ste Building 1010
Mankato, MN 56001
507-625-6600
Fax: 507-625-4002
Email: jchronic@mrr-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Kia America, Inc.**

### Defendant

**Hyundai America Technical Center,
Incorporated**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2022 | 1 | COMPLAINT against All Defendants (filing fee $ 402, receipt number AMNDC-9736523) filed by Steve Zanmiller. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Chronic, George) (Entered: 09/01/2022) |
| 09/01/2022 | 2 | (Text-Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Patrick J. Schiltz per 3rd/4th Master list, referred to Magistrate Judge John F. Docherty. Please use case number 22-cv-2149 PJS/JFD. |

| | | |
|---|---|---|
| | | **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** <br><br> (MMG) (Entered: 09/01/2022) |
| 09/01/2022 | 3 | Summons Issued as to Hyundai America Technical Center, Incorporated, Kia America, Inc.. (MMG) (Entered: 09/01/2022) |
| 09/02/2022 | 4 | (Text-Only): Notice re: Non-Admitted Attorney <br><br> We have received documents listing **Kenneth B. McClain, Jonathan M. Soper, Kevin D. Stanley, Chelsea M. Pierce** as counsel of record. If he or she wishes to be listed as an attorney of record in this case, he or she must be admitted to the bar of the U.S. District Court of Minnesota in accordance with Local Rule 83.5 (a), (b) and (c) or temporarily admitted pro hac vice in accordance with Local Rule 83.5 (d) or (e). <br><br> For more admissions information and forms, please see the Attorney Forms Section of the courts website at www.mnd.uscourts.gov/forms/all-forms. (MMG) (Entered: 09/02/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/19/2022 14:46:27 | | |
| **PACER Login:** | jb0014 | **Client Code:** | 71273-10008 |
| **Description:** | Docket Report | **Search Criteria:** | 0:22-cv-02149-PJS-JFD |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Zanmiller ) | |
| on behalf of himself ) | |
| and all others similarly situated ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Demand for Jury Trial |
| ) | |
| Kia America, Inc., ) | Case No. |
| 111 Peters Canyon Rd. ) | |
| Irvine, CA 92606 ) | COMPLAINT – CLASS ACTION |
| Registered Agent ) | |
| CT Corporation System ) | |
| 28 Liberty Street ) | |
| New York, NY 10005 ) | |
| ) | |
| And ) | |
| ) | |
| Hyundai America ) | |
| Technical Center, Incorporated ) | |
| Registered Agent ) | |
| Mark S. Torigian ) | |
| 6800 Geddes Rd. ) | |
| Superior Township, MI 48198 ) | |
| ) | |
| *Defendants.* ) | |

## CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Comes now Plaintiff, individually and on behalf of all other persons similarly situated, for his complaint for damages against Defendants Kia America, Inc, and Hyundai America Technical Center, Inc. (collectively, "Defendants").

## NATURE OF ACTION

1.       This is a class action claim arising from a defect in Defendants' vehicles which make them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

2.     Defendants did not disclose this defect, which is a material fact, and a fact that a reasonable person would rely on when purchasing a vehicle.

3.     During the relevant class period, Defendants sold these Defective Vehicles (as defined below) at multiple locations throughout the state of Minnesota and the United States.

4.     During the relevant class period, Defendants manufactured, designed, and put into the stream of commerce the Defective Vehicles.

5.     Defendants did so without disclosing the fact that these vehicles had a defect which made them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

6.     Even now, Defendants admit there is a theft problem with these vehicles but refuse to fix them, compensate consumers, or otherwise take actions to solve the problems their Defective Vehicles are causing.

## **PARTIES**

7.     Plaintiff Steve Zanmiller is a resident and citizen of the state of Minnesota.

8.     Plaintiff brings this action on his own behalf and as a representative of a class of persons who purchased and/or own a Defective Vehicle that was manufactured, produced, distributed, and/or sold by Defendants.

9.     This matter arises out of negligent acts, errors, and omissions committed by the Defendants against Plaintiff causing Plaintiff and the putative class to suffer damages.

10.     Plaintiff brings this action on his own behalf and as representative of a class of similarly situated persons to recover damages for violations of the Minnesota Deceptive Trade Practices Act (MUDTPA), Minn. St. §325D.43 *et seq.,* among other claims, for economic and injunctive relief against Defendants which manufactured, designed, tested, distributed, promoted and sold the Defective Vehicles.

11.     At the time the vehicle was manufactured and sold, it did not have an engine immobilizer which was a characteristic that the vehicle was represented to have.

12.     At the time the vehicle was purchased, Plaintiff were unaware that the vehicle lacked an engine immobilizer.

13.     Plaintiff purchased a 2020 Kia Sportage for personal, family or household purposes.

14.     Plaintiff's vehicle was stolen in July 2022.

15.     When Plaintiff's vehicle was recovered, it was determined to be a total loss.

16.     Plaintiff, on behalf of himself and the putative class, seeks a refund for monies paid as a result of their purchase of the Defective Vehicles, compensation for other losses incurred as a result of the defect, and further seeks injunctive relief, enjoining Defendants from selling the Defective Vehicles, and requiring Defendants to fix the defect.

17.     Defendant, Kia America, Inc., is a resident and citizen of California as it is a California corporation that maintains its principal place of business at 111 Peters Canyon Road, Irvine, California, 92606. Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

18.     Defendant, Hyundai America Technical Center, Inc., is a resident and citizen of Michigan in that it is a Michigan corporation that maintains its principal place of business at 6800 Geddes Road, Superior Township, Michigan 48198. Defendant Hyundai America Technical Center, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

**JURISDICTION AND VENUE**

19.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff brings this action on behalf of a class which numbers in the thousands, (2) Plaintiff (Minnesota) and Defendants (California and Michigan) are citizens of different states, and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Plaintiff brings a putative class that includes all people that purchased a Defective Vehicle within the State of Minnesota. On information and belief, Defendants have sold thousands of Defective Vehicles throughout Minnesota, totaling millions upon millions of dollars in sales.

20.     This Court has personal jurisdiction over Defendants in that Defendants transact business within the state of Minnesota and committed one or more tortious acts within the state of Minnesota.

21.     Defendants transacted business and/or committed tortious acts within the state of Minnesota. Defendants design, manufacture, distribute, and/or sell dangerous and/or defective vehicles in Minnesota. Defendants placed the Defective Vehicles and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed tortious acts in Minnesota from which Plaintiff's claims arise.

22.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Defendants are subject to personal jurisdiction in this district.

**FACTUAL ALLEGATIONS**

23.     The Defective Vehicles made the subject of this suit, which are manufactured, designed, produced, distributed, and sold by Defendants, are easy to steal, unsafe, and worth less than they would be if they did not have the defect.

24.     Defendants manufacture, design, produce, distribute and sell the "Defective Vehicles," which are hereby defined as: "all Kia models from 2011-2021 that lack an engine immobilizer" All these vehicles share the same defects, and therefore an owner of any one of them may bring a class action on behalf of the entire class.

25.     Defendants concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiff, in Defendants' advertising, labeling or otherwise that these vehicles are defective and are not fit for the ordinary purposes for which the vehicles are used in that they are easy to steal, unsafe, and worth less than they should be, if they were not defective.

26.     One of the reasons why these vehicles are stolen so easily is that the vehicles do not comply with Federal Motor Vehicle Safety Standard ("FMVSS") 114. FMVSS 114, S.5.1.1 requires:

> Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents:
>
>> (a) The normal activation of the vehicle's engine or motor; and
>>
>> (b) Either steering, or forward self-mobility, of the vehicle, or both.

27.     The Defective Vehicles do not comply with this FMVSS in that whenever the key is removed from the starting system, neither steering nor forward self-mobility is prevented. If it were, the vehicles would not be stolen at alarming rates.

28.     A stolen vehicle cannot provide reliable transportation.

29.     A stolen vehicle is not a safe vehicle.

30.     A vehicle that can be too easily stolen is not a vehicle that can be depended on to provide reliable transportation.

31.     A vehicle that can be too easily stolen is not a safe vehicle.

32.    The vehicles are defective in that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key.

33.    This means that all a thief needs to do is strip the ignition column, exposing a piece that pops off, and then stick a USB drive, a knife, or some other similar tool to start the vehicle without a key or code.

34.    Once they do so, they can freely operate the vehicle, including the vehicle's steering and forward self-mobility.

35.    Considering how many people charge their cell phones in their cars, the necessary instrument needed to steal a Defective Vehicle is usually readily available to any thief.

36.    Additionally, on information and belief, some of the Defective Vehicles' windows are not adequately connected to the security system which thus allows a thief to break or pry the window without the alarm being triggered.

37.    Defendants knew their vehicles were defective in this manner but failed and refused to disclose these defects to customers, despite having the capability and means to do so.

38.    Defendants had the capability and means to add an engine immobilizer or similar device, yet they failed to do so.

39.    Defendants also knew just how dangerous it was to not have an engine immobilizer.

40.    Beginning in 2009, Kia sought to add an immobilizer to its Amanti line. It told the federal government that this device was similar to other devices which reduce theft by 58 to 80 percent. *See,* Federal Register, Vol. 75, No. 6, page 1448, January 11, 2010.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of himself and the following class of similarly situated persons:

a.    "Minnesota Class" based on claims brought under the MUDTPA, and for unjust enrichment, negligence consisting of all persons who purchased any of the Defective Vehicles in the state of Minnesota for personal, family, business, or household purposes within the applicable statute of limitations period; or

b.    A "Minnesota Class" based on claims of unjust enrichment, negligence, and design defect consisting of all consumers who own any of the Defective Vehicles in Minnesota.

42.    Excluded from each Class is Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families. Also excluded from the Class are those claiming they have suffered a personal injury as result of the Defective Vehicles.

43.    The proposed Minnesota Class meets all requirements for class certification. The Class satisfies the numerosity standards. The Class is believed to number in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this Class Action by, among other methods, direct, published and/or broadcast notice.

44.    There are questions of fact and law common to the Minnesota Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

a.  Whether Defendants manufactured and designed the Defective Vehicles without engine immobilizers;

b.  Whether Defendants represented that the Defective Vehicles included an engine immobilizer;

c.  Whether Defendants representations regarding the Defective Vehicles created a likelihood of confusion or misunderstanding with regard to whether the vehicles included an engine immobilizer;

d.  Whether the failure of the vehicles to, among other design failures, have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers

e.  Whether the absence of an engine immobilizer, among other design failures, is a material fact in the purchasing of a vehicle;

f.  Whether, in marketing and selling the Defective Vehicles, Defendants failed to disclose the lack of an engine immobilizers and other design failures;

g.  Whether Defendants failed to disclose and/or concealed the material fact that the Defective Vehicles, among other things, did not have engine immobilizers;

h.  Whether Defendants failed to warn adequately of the dangers of vehicles that do not contain engine immobilizers, among other things;

i.  Whether Defendants knew or should have known that the Defective Vehicles did not have engine immobilizers, among other things;

j.      Whether Defendants knew or should have known that the failure of the vehicles to have engine immobilizers, among other things, makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers;

k.      Whether Defendants continued to manufacture, market, distribute, and sell the Defective Vehicles notwithstanding its knowledge of the defects' dangerous nature and risks of harm;

l.      Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Vehicles from the consuming public;

m.      Whether the Defective Vehicles proved reliable transportation;

n.      Whether the Defective Vehicles are safe;

o.      Whether the Defective Vehicles contain a design defect; and/or

p.      Whether Defendants' conduct violated the MUDTPA.

45.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

46.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of the Minnesota Class Members to protect their interests.

47.     The claims of Plaintiff are typical of the claims of members of the Minnesota Class. Upon information and belief, the Defective Vehicles all share the same defects. Upon information and belief, the labels, manuals, advertising, and disclosures concerning the Defective Vehicles all fail to reasonably disclose the presence of these defects. Therefore, the information withheld by Defendants to Plaintiff and all Minnesota Class members was identical.

48.     Plaintiff is an adequate representative of the Minnesota Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Minnesota Class he seeks to represent. The interests of the members of the Minnesota Class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

49.     Plaintiff seeks a refund of some or all monies paid as a result of the purchase of the Defective Vehicle that occurred following Defendants' wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of the Defective Vehicle.

50.     Plaintiff also seeks compensation for damages incurred beyond the reduced value or loss of their vehicles, including but not limited to the purchase price of a "Club" or other similar device to prevent theft, the increase in insurance premiums they are or may face due to the design defect, and the stigma associated with the Defective Vehicles.

51.     Plaintiff specifically excludes from this class action any damages, losses, or other relief of any kind arising from the personal injuries suffered by those class members personally injured by the Defective Vehicle.

52.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of

the Minnesota Class who suffered harm to bring a separate action given the damages at issue compared to the costs of litigating each individual claim. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Minnesota Class Members.

53. Class action treatment of the claims in this action is the superior method of resolution with respect to concerns of efficiency, fairness and equity over other available methods of adjudication.

54. Class action treatment is appropriate in this case because Defendants acted, or refused to act, in a manner that was generally applicable to – and often identical to – each member of the Minnesota Class. Defendants provided vehicles with the same defect to, and withheld the same information from, all members of the Minnesota Class and sold vehicles with the same defects.

55. Notice can be provided to Class Members by using techniques and forms of notice similar to those customarily used in other defective-product cases and complex class actions.

## **CLAIMS FOR RELIEF**

### **COUNT I – VIOLATION OF THE MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT (MUDTPA §325D.43 )**

56. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

57. The MUDTPA, provides, in part, that a person engages in a deceptive trade practice when, in the course of business, the person represents that goods have characteristics or benefits that they do not have. Minn. St. § 325D.44 subd. 1(5).

58.     The MUDTPA, provides, in part, that a person engages in a deceptive trade practice when, in the course of business, the person engages in conduct that creates a likelihood of confusion or misunderstanding. Minn. St. § 325D.44 subd. 1(13).

59.     The acts and practices engaged in by Defendants, and described herein, constitute deceptive business practices in violation of the MUDTPA.

60.     Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of material facts— specifically, the failure to warn or disclose that the vehicles were defective, including that they lacked an engine immobilizer, as well as the representation that the Defective Vehicles meet all federal safety standards—in connection with the sale, distribution or advertisement of the Defective Vehicle in violation of the MUDTPA.

61.     Defendants engaged in unlawful practices including conduct that created the likelihood of confusion or misunderstanding as to whether the Defective Vehicles were equipped with an engine immobilizer.

62.     Under Minn. St. § 325D.44 subd. 2, in order to prevail under the MUDTPA, "a complainant need not prove . . . actual confusion or misunderstanding."

63.     Plaintiff purchased the Defective Vehicle, a product that was falsely represented, as stated above, in violation of the MUDTPA, and as a result, Plaintiff suffered economic damages in that the vehicle he purchased was worth less than the vehicle he thought he had purchased had Defendants not omitted and/or misrepresented material facts. Plaintiff, and other reasonable consumers, had no reasonable information to suggest that the Defective Vehicles lacked an engine immobilizer, failed to meet FMVSS 114, or was otherwise easy to steal and unsafe.

64.     Plaintiff and the Minnesota Class members acted as reasonable consumers would in light of all circumstances.

65.     Defendants' actions and omissions would cause a reasonable person to be confused or have a misunderstanding as to whether the Defective Vehicles were equipped with engine immobilizers, complied with FMVSS 114 and were easy to steal.

66.     As a result of Defendants' actions and omissions, Plaintiff and the Minnesota Class suffered economic damages that can be calculated with a reasonable degree of certainty, including a refund of money paid as a result of their purchases.

67.     These damages are not limited to only the difference in value between a Defective Vehicle and a similar vehicle that is not defective and loss of value of the vehicle due to damage and theft. Other damages include, but are not limited to, the purchase price of a "Club" or other similar device to prevent theft, the increase in insurance premiums they are or may face due to the design defect, and the stigma associated with the Defective Vehicles.

68.     Plaintiff and the Minnesota Class also seek injunctive relief, requiring Defendants to fix the Defective Vehicles.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT II - VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT (MPCFA) – MINN. ST. § 325F.68 *ET SEQ.*

69.     Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

70.     Plaintiff, Class Plaintiffs and Defendants are all "person[s]" for purposes of the MPCFA.  Minn. St. § 325F.68 subd. 3

71.     The MPCFA provides in pertinent part:

The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70.

Minn. St. §325F.69

72.     Defendants sold the Defective Vehicles in Minnesota and throughout the United States.

73.     The Defective Vehicles meet the definition of "merchandise" under the MPCFA. Minn. St. §325.68

74.     Defendants' sale of the Defective Vehicles meet the definition of "sale" under the MPCFA.  Minn. St. §325F.68.

75.     Defendants engaged in misrepresentation, deception, or deceptive practices in the sale of the Defective Vehicles in that Defendants failed to warn or disclose that the vehicles were defective, including that they lacked an engine immobilizer, as well as by representing that the Defective Vehicles meet all federal safety standards including FMVSS 114.

76.     Pursuant to Minn. St. §325F.70, Plaintiff is entitled to seek an order enjoining future conduct by defendants, damages for the difference in value between a Defective Vehicle and a similar vehicle that is not defective and loss of value of the vehicle due to damage and theft. Other damages include, but are not limited to, the purchase price of a "Club" or other similar device to prevent theft, the increase in insurance premiums they are or may face due to the design defect, and the stigma associated with the Defective Vehicles.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT III - UNJUST ENRICHMENT

77.     Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

78.     Plaintiff and the Minnesota Class members purchased vehicles that they would not have purchased had they known that the vehicles, among other defects, contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers.

79.     The purchase of the Defective Vehicles conferred a benefit upon Defendants. Defendants manufactured, distributed and sold the Defective Vehicles at a higher profit due to the lack of the engine immobilizer and other anti-theft devices.

80.     Defendants appreciated and knowingly accepted the benefit of the sale of the Defective Vehicles to Plaintiff and the Minnesota Class members.

81.     Allowing Defendants to receive the benefit of selling the Defective Vehicles without an engine immobilizer and other safety features that prevent the easy theft of the Defective Vehicles would be inequitable. Defendants received greater profit from sale of the Defective Vehicles as compared to vehicles properly equipped with engine immobilizer devices and other anti-theft safety features.

82.     The Defendants were therefore unjustly enriched at the expense of and to the detriment of the Plaintiff and the Minnesota Class.

83.     Plaintiff and the Minnesota Class are therefore entitled to restitution from the Defendants, and seek an order requiring the Defendants to disgorge all profits, benefits and other

compensation the Defendants obtained from the sale of these products without engine immobilizers and anti-theft safety features.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendants as follows:

a.  That the Court enter an order certifying the Minnesota Class, appointing Plaintiff as representative of the Minnesota Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Minnesota Class;

b.  For a judgment against Defendants for the causes of action alleged against it;

c.  For damages in an amount to be proven at trial;

d.  For appropriate injunctive relief, enjoining the Defendants from selling the Defective Vehicles and ordering them to fix or replace the vehicles;

e.  For attorney's fees;

f.  For Plaintiff's costs incurred; and

g.  For such other relief in law or equity as the Court deems just and proper.

## DESIGNATION AND DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

_____/s/ *George Chronic*_____

George "Jed" Chronic          #0388688
MASCHKA, RIEDY RIES & FRENTZ
151 St. Andrews Court, Building 1010
Mankato, MN  56001
Telephone:  (507) 625-6600
Facsimile:  (507) 625-4002
jed_chronic@mrr-law.com

and

Kenneth B. McClain    (*Pro Hac Vice to be filed*)
Jonathan M. Soper     (*Pro Hac Vice to be filed*)
Kevin D. Stanley      (*Pro Hac Vice to be filed*)
Chelsea M. Pierce     (*Pro Hac Vice to be filed*)
Humphrey, Farrington & McClain, P.C.
221 West Lexington Ave., Ste. 400
Independence, MO 64051
(816) 836-5050
(816) 836-8966 –fax
kbm@hfmlegal.com
jms@hfmlegal.com
kds@hfmlegal.com
cmp@hfmlegla.com

ATTORNEYS FOR PLAINTIFFS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Steve Zanmiller

**DEFENDANTS**

Kia America, Inc. and Hyundai America Technical Center, Inc.

**(b)** County of Residence of First Listed Plaintiff  Dakota, MN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Orange, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
George "Jed" Chronic
Maschka, Riedy, Ries & Frentz
151 Saint Andrews Court, Building 1010

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Minnesota Deceptive Trade Practices Act (MUDTPA), Minn. St. §325D.43 et seq.,Minnesota Prevention of Consumer Fraud Act (MPCFA) Minn. S

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,000,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| September 1, 2022 | /s/ George "Jed" Chronic |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**     **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**     **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.