BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE DEFECT LITIGATION | ) ) MDL Docket No. 3052 (Pending) ) ) ***NORTHERN DISTRICT OF OHIO PLAINTIFFS'* RESPONSE TO *MCNERNEY PLAINTIFFS'* MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS IN THE CENTRAL DISTRICT OF CALIFORNIA** |

Plaintiffs Jo Taylor Slovak, Daniel Newman, and Erin Davies ("the Northern District of Ohio Plaintiffs") respectfully respond to the McNerney Plaintiff's Motion for Transfer and Consolidation. The Northern District of Ohio case is uniquely positioned to advance the relevant claims against Kia and Hyundai, as follows.

1. The Northern District of Ohio case, captioned as *Jo Taylor Slovak, et al. v. Kia America, Inc., et al.*, N.D. of Ohio Case No. 3:22-cv-01432, was commenced on August 11, 2022, prior to the McNerney case in the Central District of California.

2. From its inception, the Northern District of Ohio case proposed a class of Ohio residents who own or lease models of Kia or Hyundai that lack an immobilizer device, rendering such vehicle prone to theft. Advantageous claims are available to those class members under Ohio law. The McNerney plaintiffs acknowledge that a single-state class can "seek to apply a unique standard to one State's consumers." *See* McNerney Plaintiffs Motion at 4 (discussing the Wisconsin-only class of purchasers and lessees alleged in *Marvin, v. Kia America, Inc.*, E.D. Wis. No. 2:21-cv-1146). The Northern District of Ohio plaintiffs are best able to identify and advance the Ohio claims and have done so in their Complaint and Amended Complaint.

1

3. The Northern District of Ohio case is uniquely positioned to secure complete relief against all necessary party-defendants.

4. The Northern District of Ohio case is better positioned to obtain discovery from all parties possessing critical evidence.

5. The Northern District of Ohio plaintiffs have already benefitted the interests of class members, both in Ohio and nationwide.

6. The Northern District of Ohio is readily accessible to the party-defendants.

7. The class actions for which transfer and consolidation are proposed arise out of the same conduct and assert similar claims. Each action is brought by purchasers and/or lessees of defective automobiles (the "Defective Vehicles"). The defective class is defined by reports of thefts from each platform cycle of Hyundai or Kia as defined below:

   a. 3rd Generation Kia Sportage model years 2011-2016

   b. 4th Generation Kia Sportage model years 2017-2022

   c. 1st Generation Kia Soul model years 2010-2013

   d. 2nd Generation Kia Soul model years 2014-2019

   e. 3rd Generation Kia Soul model years 2019-present

   f. 2nd Generation Kia Forte model years 2014-2018

   g. 3rd Generation Kia Forte model years 2019-present

   h. 3rd Generation Kia Optima model years 2011-2015

   i. 4th Generation Kia Optima model years 2016-2020

   j. 3rd Generation Kia Rio model years 2012-2017

   k. 4th Generation Kia Rio model years 2018-present

   l. 3rd Generation Kia Sedona model years 2015-2021

    m. 2nd Generation Kia Sorento model years 2011-2015

    n. 3rd Generation Kia Sorento model years 2016-2020

    o. 4th Generation Kia Sorento model years 2021-present

    p. 1st Generation Kia Telluride model years 2020-present

    q. 5th Generation Hyundai Elantra model years 2011-2016

    r. 6th Generation Hyundai Elantra model years 2016-2020

    s. 7th Generation Hyundai Elantra model years 2021-preesnt

    t. 5th Generation Hyundai Sonata model years 2011-2016

    u. 6th Generation Hyundai Sonata model years 2017-2020

    v. 4th Generation Hyundai Accent model years 2012-2017

    w. 5th Generation Hyundai Accent model years 2018-2022

    x. 3rd Generation Hyundai Santa Fe model years 2013-2018

    y. 4th Generation Santa Fe model years 2019-present

    z. 2nd Generation Hyundai Tucson model years 2010-2015

    aa. 3rd Generation Hyundai Tucson model years 2016-2021

    bb. 4th Generation Hyundai Tucson model years 2022-present

8. *Northern District of Ohio Plaintiffs* propose that the cases listed in the Schedule of Actions attached as Exhibit A be transferred to the Northern District of Ohio and consolidated with the *Northern District of Ohio* action, which is currently pending before Judge James G. Carr.

9. The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice because all actions involve common factual and legal issues, including, but not limited to:

a. Whether Defendants manufactured and designed the Defective Vehicles without engine immobilizers;

b. Whether the failure of the vehicles to have engine immobilizers installed makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers;

c. Whether the absence of an engine immobilizer is a material fact in the purchasing of a vehicle;

d. Whether, in marketing and selling the Defective Vehicles, Defendants failed to disclose the lack of engine immobilizers;

e. Whether Defendants failed to disclose and/or concealed the material fact that the Defective Vehicles, among other things, did not have engine immobilizers;

f. Whether Defendants failed to warn adequately of the dangers of vehicles that do not contain engine immobilizers;

g. Whether Defendants knew or should have known that the Defective Vehicles did not have engine immobilizers;

h. Whether Defendants knew or should have known that the failure of the vehicles to have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers;

i. Whether Defendants continued to manufacture, market, distribute, and sell the Defective Vehicles notwithstanding its knowledge of the defects' dangerous nature and risks of harm;

j. Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Vehicles from the consuming public;

k. Whether Defendants' conduct violated the state consumer law; and

l. Whether Defendants' conduct violated the Magnuson Moss Warranty Act.

10. Consolidation of these actions before a single judge will preserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery, and permit the cases to proceed to trial more efficiently.

11. The central defendants in the *Northern District of Ohio* complaint are the manufacturers of the Defective Vehicles who are headquartered in the Republic of Korea: Kia Corporation, and Hyundai Motor Co., and there is no benefit to these defendants to consolidate the case in California.

12. The closest airport to the James M. Ashley and Thomas W. L. Ashley U.S. Courthouse is Detroit Metro Airport (DTW), which is a forty-five minute drive from the federal courthouse located in Toledo, OH. DTW offers direct flights from the Republic of Korea to Detroit.

13. Toledo would be a more convenient forum for the named defendants because it has minimal traffic, and the Los Angeles International Airport (LAX) is three times busier than DTW.

14. Defendant HATCI is located one hour from federal courthouse located in Toledo.

15. The *Northern District of Ohio* Plaintiffs have created a private Facebook group which has gone viral, and which has members from across the nation.

16. Counsel for the *Northern District of Ohio* has personally completed detailed intakes for two three-thousand four-hundred and ninety-two (3,492) plaintiffs nationwide since August 10, 2022.

17. Multiple factors considered by the Panel in choosing a transferee forum weigh strongly in favor of the Northern District of Ohio.

18. Plaintiffs' Motion is based on the accompanying Memorandum of Law and Fact, the filed pleadings and papers, and other material that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, *Northern District of Ohio Plaintiffs* respectfully request that the Panel order the cases listed in the Schedule of Actions attached as Exhibit A, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Northern District of Ohio and consolidated and coordinated with the *Northern District of Ohio* class action for all pretrial proceedings.

Dated: September 22, 2022

Respectfully Submitted,

/s/ Melissa Payne
Melissa Payne (Ohio Bar No. 0098027)
Payne Law LLC
26600 Detroit Road, Suite 250
Westlake, Ohio 44145
(757) 768-9029 (Phone)
(216) 294-4839 (Fax)
Melissa@VincentEsq.com

Laurence Harrington (*Pro Hoc Vice Pending*)
The Harrington Firm PLLC
*Of Counsel* Payne Law LLC
www.theharringtonfirm.com
(484) 469-0468