BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT LITIGATION | ) ) ) MDL No. 3052 |
| *On behalf of Plaintiff in the following Action:* | ) ) ) |
| *Bissell v. Hyundai Motor Corp., et al.*, No. 22-CV-548 (W.D. Mo.) | ) ) ) ) |

**THE *BISSELL* PLAINTIFF'S RESPONSE IN SUPPORT OF
MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS**

Plaintiff Cobi Bissell is the named plaintiff in a matter that is designated as a related Action under the Panel's Rule 6.2(d); the Action is captioned *Bissell v. Hyundai Motor Corp., et al.*, No. 22-CV-548 (W.D. Mo.). Plaintiff supports transfer and consolidation under 28 U.S.C. § 1407. Plaintiff supports coordination in the U.S. District Court for the Central District of California or, in the alternative, the Western District of Missouri.

**I. BISSELL SUPPORTS CENTRALIZATION**

Section 1407 provides, "[w]hen civil actions involving one or more common questions of fact are pending in different districts," the Panel may transfer such actions "to any district for coordinated or consolidated pretrial proceedings" if the transfer would be in the best interest of "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. According to the *Manual for Complex Litigation*, "[t]he objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION § 20.131 (4th ed. 2004) (hereinafter "Manual"). In this case, all of the *Manual*'s considerations militate in favor of granting the pending Motion.

1

Specifically, transfer is appropriate because the related actions involve common questions of fact that will rely on common evidence related to the design and manufacturing of the subject vehicles, and the Actions involved similar types of legal claims filed under various state laws. Moreover, given the number of related Actions and their geographic distribution, transfer would reduce the risk of inconsistent pretrial rulings on common questions of fact and important procedural matters—another basis for transfer and consolidation under section 1407. *See In re Nat'l Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litig.*, 399 F. Supp. 1405, 1407 (J.P.M.L. 1975) (noting that the need to prevent inconsistent class determinations is "another compelling reason" to order transfer).

Because the pending Actions involve numerous common questions of law and fact, the Panel should grant the Motion.[1]

## II. BISSELL SUPPORTS CENTRALIZATION IN THE CENTRAL DISTRICT OF CALIFORNIA.

In evaluating a potential transferee court, the Panel "consider[s] where the largest number of cases is pending, where discovery has occurred, where cases have progressed the furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Manual* at § 20.131. These factors weigh in favor of centralizing the Actions in the Central District of California for several reasons:

***First***, the alleged unlawful conduct occurred in the Central District of California. Defendants are California corporations and maintain their corporate headquarters within the Central District of California. Thus, key witnesses are likely to reside within or near the District, and the key decisions and events that are central to the litigation likely occurred there.

---

[1] Defendants do not oppose transfer and consolidation. *See* Motion to Modify Briefing Schedule [Doc. 24] at p. 1.

***Second,*** the largest number of pending cases are already filed in the Central District of California. Of the over twenty-five pending Actions, eight of them are filed in the Central District of California—more than any other jurisdiction or state.

***Finally***, the "experience, skill, and caseloads of available judges" weighs in favor of the Central District of California. The District has served as the transferee venue for several multidistrict litigation proceedings, and currently is overseeing five MDL actions. Considering that three of the five pending MDLs concern alleged vehicle defects, the District is particularly well-equipped to handle the instant MDL that will inherently raise similar questions of fact and law.

In sum, the Central District of California is the "geographic and psychological center of gravity" of the pending Actions. *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (U.S. Jud. Pan. Mult. Litig. 2010). Accordingly, the Panel should grant the pending Motion and order transfer and consolidation in the Central District of California.

### III. ALTERNATIVELY, THE WESTERN DISTRICT OF MISSOURI IS AN APPROPRIATE TRANSFEREE COURT

The Actions that are not pending in California tend to be concentrated in the Midwest region of the United States. If the Panel is inclined to consider a Midwest court as a potential transferee venue, then Plaintiff respectfully submits that the Western District of Missouri is an appropriate transferee court for several reasons:

***First,*** the Western District of Missouri has a history of efficiently managing multidistrict litigation, particularly MDLs of similar size and complexity to the instant litigation. *See, e.g., In re Dollar General Corp. Motor Oil marketing and Sales Practices Litig.*, MLD No. 2709; *In re Simply Orange Juice Marketing & Sales Practices Litig*, MDL No. 2361.

***Second,*** the Western District of Missouri is centrally located and a convenient forum. Indeed, recently the Panel—despite competing applications for transfer to other districts—determined that the Western District of Missouri was the forum best suited to handle multidistrict litigation, in part because it "will provide a readily accessible and convenient transferee forum for th[e] nationwide litigation." *In re Folgers Coffee Marketing and Sales Practices Litig.*, MDL No. 2984, Transfer Order at p. 2 (April 1, 2021). Like *In re Folgers*, the instant litigation is also nationwide involving widely dispersed cases that are scattered among several districts.

***Third,*** the docket conditions in the Western District of Missouri make it a favorable transferee forum.[2] Less than 9% of the District's civil cases have been pending for three years or more, and the median time from filing to trial is merely 27.3 months—the top ranking among district courts within the Eighth Circuit.[3]

Given these circumstances, the Western District of Missouri is a favorable alternative jurisdiction if the Panel does not select the Central District of California. Within the Western District of Missouri, several jurists have successfully and efficiently managed multidistrict litigation, including (alphabetically):

- Hon. Stephen R. Bough;
- Chief Judge Beth Phillips; and
- Hon. Brian C. Wimes.

---

[2] *See* D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* § 6:17 at 210-11 (2008) ("The percentage of cases over three years old is an especially useful basis for comparing the various court dockets."); *In re National Student Marketing Litig.*, 368 F. Supp. 1311, 1318 (J.P.M.L. 1972) (considering median time of disposition).

[3] *See* U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (June 30, 2022) (W.D. Missouri) (available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/06/30-2) (last accessed September 22, 2022).

Judge Bough has a background in handling multidistrict litigation, and he has managed several complex, multi-party class actions, including *Burnett et al. v. Nat'l Assoc. of Realtors, et al.*, No. 19-CV-332; *Lilley v. IOC-Kansas City, Inc.*, No. 19-CV-553; *Woods v. Caremark PHC, LLC*, No. 14-CV-583; *Cope v. Let's Eat Out, Inc.*, No. 16-3050; and *The Backer Law Firm v. Costco Wholesale Corp.*, No. 15-CV-327. Judge Bough currently oversees an MDL with 11 cases, a portion of which has already reached a settlement. *See In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Product Liability Litigation*, No. 20-MD-2936 (W.D. Mo.).

Equally, Chief Judge Phillips could capably manage the instant litigation, although she is currently overseeing two active MDLs: *In re Ahern Rentals, Inc. Trade Secret Litigation*, 20-MD-2945 (W.D. Mo.), and *In re Folgers Coffee Marketing and Sales Practices Litigation*, 21-MD-2984 (W.D. Mo.).

Regarding Judge Wimes, he is the judge assigned to the *Bissell* matter, and he has previously overseen contested vehicle defect litigation, including ruling on motions to dismiss, dispositive motions, expert-related motions, and contested class certification. *See Hays v. Nissan North America, Inc.*, No. 17-CV-353 (W.D. Mo.). Judge Wimes has one MDL on his docket, and that has reached a preliminary settlement with final approval scheduled for January 2023; this MDL is significant with over 45 cases pending. *See In re T-Mobile Customer Data Security Breach Litigation*, No. 21-MD-3019 (W.D. Mo.).

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff supports centralization under § 1407, and endorses the Central District of California as the ideal jurisdiction to oversee this MDL. Alternatively, Plaintiff advances the Western District of Missouri as another appropriate transferee forum.

5

Dated: September 23, 2022                     Respectfully submitted,

                                                         **WILLIAMS DIRKS DAMERON LLC**

                                                         */s/ Matthew L. Dameron*
                                                         Matthew L. Dameron
                                                         1100 Main Street, Suite 2600
                                                         Kansas City, Missouri 64105
                                                         Tel:    (816) 945-7135
                                                         Fax:   (816) 945-7118
                                                         Email: matt@williamsdirks.com

                                                         *Counsel for Plaintiff Cobi Bissell*

## PROOF OF SERVICE

Pursuant to Rule 4.1(a) of the Rules of Procedure for the U.S. Judicial Panel on Multidistrict Litigation, the undersigned certifies that on September 23, 2022, a true and correct copy of the foregoing was filed with the Clerk of the JPML via the CM/ECF system, which automatically generated and sent a notice of electronic filing to the email addresses of all counsel of record.

                                                         */s/ Matthew L. Dameron*
                                                         Counsel for Plaintiff Cobi Bissell