# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: KIA HYUNDAI VEHICLE THEFT LITIGATION | MDL Docket No. 3052 |

### *COHEN* PLAINTIFFS' RESPONSE IN SUPPORT OF THE *MCNERNEY* PLAINTIFFS' MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS IN THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1407

Plaintiffs Mitchell Cohen, Pauline Ragsdale, and Herbert Taylor (the "*Cohen* Plaintiffs")[1] support the transfer of the Related Actions to the Central District of California and consolidation of the Related Actions for pretrial discovery and class certification purposes before Judge Cormac Carney in the Central District of California.

## I. The Related Actions should be Transferred under Section 1407.

The *Cohen* Plaintiffs agrees that the Related Actions "involv[e] one or more common questions of fact," that transferring the cases would serve "the convenience of parties and witnesses," and that transferring the cases will "promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). Each of the Related Actions concerns an alleged defect found in an overlapping set of vehicles, which comprise overlapping putative nationwide classes. No efficiencies will be gained by litigating these claims in multiple forums.

---

[1] The *Cohen* Plaintiffs are the named plaintiffs in *Cohen, et al., v. Kia America, Inc., et al*,. No. 8:22-cv-01664 (C.D. Cal.).

1

## II. The Central District of California is the Most Appropriate Transfer Venue.

Among the three potential contenders for transfer of the Related Actions—the Central District of California, the Northern District of Ohio, and the Eastern District of Wisconsin—the Central District of California is plainly the most appropriate forum.

### A. The majority of the evidence relevant to the Related Actions is located in the Central District of California.

As highlighted in the Motion, the headquarters of Kia America, Inc. ("KA") and Hyundai Motor America ("HMA") are located in the Central District of California and it is at these locations most of wrongful actions took place and where discovery will be found. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 410 F. Supp. 3d 1357, 1360 (J.P.M.L. 2019) (transferring cases against KA and HMA to the Central District of California because they "are headquartered in that district, and relevant documents and witnesses likely will be found there"); *In re: Kind LLC (All Nat.) Litig.*, 118 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015) (centralizing cases in Southern District of New York as defendant was headquartered there and thus "relevant documents and witnesses are likely located within the district"). While some evidence may be located outside of this District, including in Korea, the majority of witnesses and written discovery will be found at HMA's and KA's California headquarters. It is at their headquarters where HMA's and KA's C-Suite operates and made all decisions pertinent to plaintiffs' claims in the Related Actions.

### B. The Central District of California has the most favorable docket.

The Central District of California is also the most appropriate venue for efficient consolidation or coordination of the Related Actions because it has case management statistics better than the other potential jurisdictions that have a connection to this case, and a judge with significant class action and vehicle defect experience in the Hon. Cormac Carney. *See, e.g.*, *In re*

*Stryker Rejuvenate, ABG II Hip Implant Prod. Liab. Litig.,* 949 F. Supp. 2d 1378, 1380 (J.P.M.L 2013) (transferring cases to a venue that "enjoys favorable docket conditions"); *In re: Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, 896 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012) (same).

The median time from filing of a civil case to disposition in the Central District of California, as of June 30, 2022, was only 4.8 months, as compared to 9.8 months for the Northern District of Ohio and the Eastern District of Wisconsin.[2] Further, from the filling of a civil case to trial, the Central District of California median time frame of 23.5 months was approximately half the interval for the Northern District of Ohio (36.2 months) and the Eastern District of Wisconsin (47.4 months).[3] These statistics reveal that transfer to the Central District of California will afford all plaintiffs the fastest opportunity to litigate their claims and seek relief for a defect that is an ever growing scourge across the nation. *See*, e.g., *In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1340 (J.P.M.L. 1972) (noting that the median interval from issue to trial was the "deciding factor" in the Panel's consideration of the appropriate venue); *In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1318 (J.P.M.L. 1973) (transferring cases to district with median time interval from issue to trial in civil cases of eighteen months, instead of alternative with twenty-seven month interval).

Not only does transfer to the Central District of California serve "Section 1407's goal of expedition," *Kauffman*, 337 F. Supp. at 1340, Judge Carney has significant experience managing complex automobile defect class actions and MDLs, including claims against Hyundai and Kia.

---

[2] United States District Courts — National Judicial Caseload Profile, *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last visited Sept. 22, 2022).
[3] *Id*.

*See*, *e.g.*, *See In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, and Prods. Liab. Litig.,* 732 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010) (transferring and assigning cases concerning automotive defective braking system to Judge Carney); *Friche v. Hyundai Motor, Am.*, No. 21-cv-01324-CJC (C.D. Cal.) (presiding over putative class action concerning alleged defect causing fires in Hyundai vehicles); *Conti v. Am. Honda Motor Co.*, No. 19-cv-02160-CJC (C.D. Cal.) (presiding over putative class action concerning vehicle defects); *Tsonev v. Kia Motors Am., Inc.*, No. 16-cv-01020-CJC (C.D. Cal.) (presiding over putative class action concerning alleged defect in Kia vehicles).

### III. Conclusion

The *Cohen* Plaintiffs respectfully submit that this Panel should transfer the Related Actions for pretrial coordination or consolidation to the Central District of California. Dated: September 23, 2022

By: */s/ Elizabeth A. Fegan*

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Jonathan D. Lindenfeld
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Telephone: 332/216-2101
Facsimile: 917/725-9346
jonathan@feganscott.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, a copy of the foregoing document was filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access this filing through the Court's system and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

By: */s/ Elizabeth A. Fegan*