**BEFORE THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: KIA HYUNDAI VEHICLE THEFT LITIGATION** | **MDL DOCKET NO. 3052** |

<u>**INTERESTED PARTY PETITION AND MEMORANDUM OF PLAINTIFF LASHAUN JOHNSON IN SUPPORT OF *MCNERNEY* PLAINTIFFS' MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1407.**</u>

Interested Party Plaintiff LaShaun Johnson ("Plaintiff"), respectfully submits this Interested Party Petition ("IPP") in response to the *McNerney* Plaintiffs' Motion for Transfer and Consolidation of Related Actions in the Central District of California, Under 28 U.S.C. § 1407.[1] Plaintiff agrees that transfer is useful, necessary, and supported by numerous common questions of fact in the Kia Hyundai Vehicle Theft related actions. Parties suggested the Central District of California and Northern District of Ohio for consolidation. Plaintiff agrees that the Central District of California is an appropriate venue. Plaintiff encourages the Panel to send these cases to the Honorable Cormac Carney, an experienced and skilled judge, to oversee pretrial proceedings.

<u>**INTRODUCTION**</u>

Plaintiff LaShaun Johnson filed the action *LaShaun Johnson v. Kia America, Inc. and Hyundai Motor America*, Civil Action No. 0:22-cv-02164 in the District of Minnesota on September 2, 2022. Plaintiff seeks to represent classes of consumers who purchased Kia and Hyundai vehicles, which suffer from a defect, mainly that they do not possess engine immobilizers. Plaintiff seeks damages for economic loss sustained by himself and the putative classes for their purchase of Defendants' vehicles. Plaintiff's causes of action include breach of the implied

---

[1] Counsel for Plaintiff Johnson also represents Plaintiff Jennifer Fisher in *Jennifer Fisher v. Kia America, Inc. and Hyundai Motor America*, Civil Action No. 1:22-cv-02367 filed in the District of Colorado.

warranty of usability, breach of the implied warranty of merchantability, negligence, strict liability, violation of the Magnuson Moss Warranty Act, violations of Minnesota consumer protection statutes, and unjust enrichment.

There are approximately twenty-three Kia Hyundai Vehicle Theft cases pending across the country as of filing. These actions involve common questions of fact and should therefore be transferred to one district for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re: Wright Medical Technology, Inc., Conserve Hip Implant Prod. Liab. Litig.*, 844 F.Supp.2d 1371, 1372 (J.P.M.L. 2012) (finding centralization necessary where the actions involved common questions of fact, centralization served the convenience of the parties and witnesses, and centralization promoted the just and efficient conduct of the litigation). Coordinated and consolidated pretrial proceedings will be convenient for the parties and witnesses and will promote the just and efficient conduct of such actions.

## ARGUMENT

I.    **TRANSFER, COORDINATION, AND CONSOLIDATION OF ALL ACTIONS IS APPRROPRIATE UNDER 28 U.S.C. § 1407.**

Plaintiff agrees with the *McNerney* Plaintiffs that transfer, coordination, and consolidation of these cases is appropriate as many common questions of fact and law exist. The actions involve much of the same core discovery, fact witnesses, and general liability and causation experts. Almost every action seeks class certification in some form and alleges Defendants' negligence and/or misrepresentations with respect to the sale of its vehicles. The cases will involve common questions of fact and law, including similar factual allegations, the same injury (purchase of a defective vehicle), the same factual allegations regarding general causation, and similar theories of liability surrounding Defendants' misrepresentations and the adequacy of Defendants' warnings.

Plaintiff agrees that transfer for pretrial purposes would serve "the convenience of the parties and witnesses" and "promote the just and efficient conduct of the actions" as required by 28 U.S.C. § 1407. Because of the common issues of fact and the number of current and anticipated claims, these cases are well suited for transfer and pretrial consolidation. Consolidation will foster the just and efficient conduct of these actions by preventing duplicative discovery and preventing inconsistent resolution of pretrial issues.

Due to the number of cases expected to be filed in various federal courts across the United States, the number of cases that have already been filed, and the number of and rate of expected filings, Plaintiff agrees that the pretrial proceedings should be coordinated and consolidated for just and efficient adjudication of these actions. First, without centralization of pretrial proceedings, there will be duplication of discovery, witnesses, and theories of liability. Centralization allows expert depositions to be taken once, documents to be produced once, and minimizes travel for all parties involved, including Defendants, as it will only have to appear in one district court. The Panel has routinely recognized that consolidating product liability litigations in one court benefits both plaintiffs and defendants. Specifically, consolidation strikes a balance between allowing the defendant to conduct discovery only once and entitling the plaintiff to coordinate their efforts and share their work with other plaintiffs' counsel. *See In re Baldwin-United Corp. Lit.*, 581 F. Supp. 739 (M.D.L. 1984). "And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned." *Id.* at 741 (citing *In re Nissan Motor Corporation Antitrust Lit.*, 385 F. Supp. 1253, 1255 (M.D.L. 1974)). Consolidation of these actions will save both sides and the court countless resources by streamlining the litigation in one forum. A centralized litigation

promotes the conservation of judicial resources, as well as the parties' resources because there will be little to no duplication of pretrial discovery.

Without centralization, there is a risk of inconsistent adjudications that will result in conflicting decisions. If separate courts are concurrently reviewing separate motions related to the same procedural documents in this litigation, this presents a serious and real risk of inconsistent rulings. The Panel often routinely centralizes cases in order to avoid conflicting decisions and inconsistent rulings. *See generally In re Brown Co. Sec. Lit.*, 325 F. Supp. 307, 308 (J.P.M.L. 197) (noting that transfers are practically compelled so as to avoid overlapping or inconsistent class action rulings.); *In re Career Acad. Antitrust Lit.*, 57 F.R.D. 569, 571 (E.D. Wis. 1972); *In re Pharmacy Benefit Managers Antitrust Lit.*, 425 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (noting that centralization is desirable to avoid duplicative discovery and to prevent inconsistent or repetitive pretrial rulings).

Transfer, coordination, and consolidation of the Kia Hyundai Vehicle Theft actions to one district court is appropriate under 28 U.S.C. § 1407. Transfer will ensure the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions.

## II. THE CENTRAL DISTRICT OF CALIFORNIA IS THE MOST SUITABLE VENUE.

Coordinated and consolidated proceedings in the Central District of California before the Honorable Cormac Carney would provide the most appropriate venue for these matters. California is the closest epicenter of the Kia Hyundai Vehicle Theft cases, because the vehicles at issue were manufactured by Defendants and Defendants are domiciled in the Central District of California. To Plaintiff's knowledge, the cases filed so far are across the country and not concentrated in any particular District.

The factors considered by this Panel in determining the appropriate forum include: (1) the location of parties, witnesses and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Lit.*, 486 F. Supp 929, 93 1-32 (J.P.M.L. 1980); *see also* THE MANUAL FOR COMPLEX LITIGATION (FOURTH), § 20.131, pp. 220-221. Analysis of each of these factors further supports transfer of these actions to the Central District of California for consolidated pre-trial proceedings.

### A. Key Witnesses and Documents are Located in California.

Defendants Kia and Hyundai are both California entities with their headquarters in the Central District of California, therefore witnesses with knowledge regarding the claims asserted by Plaintiff and defenses likely to be mounted by Defendants are located in California. Additionally, documents regarding the manufacture of Defendants' defective vehicles, protocols and procedures regarding vehicle safety, knowledge regarding engine immobilizers, and information regarding compliance with federal vehicle regulations are all likely in California.

Meanwhile, other parties and likely witnesses of Plaintiff are spread across the United States and are not concentrated in any one district. Plaintiffs in these actions are from states such as Minnesota, Colorado, Missouri, Florida, Iowa, Georgia, Kentucky, Nebraska, Illinois, Ohio, New York, California, Kansas, and West Virginia. The location of key witnesses and documents for Defendant in California weighs heavily in the Central District of California's favor.

### B. The Central District of California is Convenient for the Parties and Witnesses.

Plaintiff Johnson agrees with the *McNerney* Plaintiffs that the infancy of this litigation reduces the persuasiveness of factors such as where discovery has occurred or where cases have progressed the furthest. Additionally, the advancements in and use of remote technology for

discovery purposes will increase convenience for all parties. Plaintiff foresees the use of remote technology to complete discovery and depositions. Counsel for Plaintiff has spent the last few years litigating many cases where remote technology was used widely and successfully to complete discovery. Further, Judge Carney hears matters at the federal courthouse in Santa Ana, California. This is easily accessible by two international airports serving the Los Angeles region, which is serviced by major airlines making direct flights across the United States convenient for the parties and witnesses.

### C.  Judge Carney is an Experienced Jurist.

The Panel regularly assigns coordinated pretrial proceedings to tenured judges with MDL experience. *See In re Dealer Management Systems Antitrust Litig.*, 291 F.Supp.3d 1367, 1369 (J.P.M.L. 2018) (selecting a transferee court with an "experienced jurist who has skillfully handled a number of other MDLs"); *In re Power Morcellator Prod. Liab. Litig.*, 140 F.Supp.3d 1351, 1354 (J.P.M.L. 2015) (assigning litigation to "a skilled and efficient jurist with a wealth of MDL experience"); *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, Prod. Liab. Litig.*, 704 F.Supp.2d 1379, 1382 (J.P.M.L. 2010) (selecting judge with "28 years of private law practice at the very highest levels and in some of the most complex cases"); *In re Zyprexa Prod. Liab. Litig.*, 314 F.Supp.2d 1380, 1382 (J.P.M.L. 2004) (assigning to "an experienced transferee judge"); *In re Meridia Prod. Liab. Litig.*, 217 F.Supp.2d 1377, 1378 (J.P.M.L. 2002) (assigning litigation "to a seasoned jurist in a district with the capacity to handle this litigation").

The Central District of California has a light MDL caseload and Judge Carney is experienced. The Central District of California currently has five MDLs.[2] Many of them are winding down. Judge Carney is not currently overseeing any MDL actions, but he has prior MDL experience. Judge Carney previously managed *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, and Prods. Liab. Litig.*, 732 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010). Judge Carney is therefore an appropriate jurist and the Central District of California is an appropriate venue to handle these cases.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests, pursuant to 28 U.S.C. § 1407, that the Panel enter an Order transferring the pending actions, as well as any Kia Hyundai Vehicle Theft related actions that might later be filed, to Judge Carney for coordinated and consolidated pretrial proceedings in the Central District of California.

Dated: September 23, 2022

Respectfully submitted,

/s/Timothy J. Becker
Timothy J. Becker (MN Bar No. 0256663)
Zackary S. Kaylor (MN Bar No. 0400854)
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1804 (phone)
(612) 436-4801 (fax)
tbecker@johnsonbecker.com
zkaylor@johnsonbecker.com

*Attorneys for Plaintiff Johnson*

---

[2] United States Judicial Panel on Multidistrict Litigation (Sept. 15, 2022) https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-September-15-2022.pdf.