JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE KIA HYUNDAI )
VEHICLE THEFT LITIGATION ) MDL DOCKET 3052

## RESPONSE OF INTERESTED PARTIES IN OPPOSITION TO MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA

Come now interested parties Brian Bendorf and Sara Bendorf (Plaintiffs - Western District of Missouri); Charles Simmons, Dale Denney, and Charles Cole (Plaintiffs - District of Kansas); Amber Hall (Plaintiff - District of Nebraska); Heather Jones (Plaintiff – District of Colorado; Cynthia Yeghiaian and Jeff Plaza (Plaintiffs – Central District of California); Jon Bodie and Albert Lui (Plaintiffs – Southern District of Texas); Steve Zanmiller (Plaintiff – District of Minnesota); Miriam Fruhling, Roger Mason and Jade Burke (Plaintiffs Southern District of Ohio); Rita Day (Plaintiff- Eastern District of Kentucky); Erica Loburgio, Anthony Loburgio, Michael Flanagan, and Jessica Hall (Plaintiffs – Northern District of Illinois); Joanna Pue and Shannon Kozmic (Plaintiffs – Middle District of Florida); Ann Brady and Leah Price (Plaintiffs - Southern District of Iowa); and Stacie Moon (Plaintiff – Southern District of New York) ("Interested Plaintiffs") and provide their response in opposition to the Motion to Transfer of the McNerney Plaintiffs [Doc. 1].

For the reasons stated below, Interested Plaintiffs respectfully request that these cases be transferred to the United Stated District Court for the Western District of Missouri for consolidation before the Honorable Roseann A. Ketchmark. Alternatively, Interested Plaintiffs request transfer and consolidation in the Eastern District of Wisconsin before the Honorable Pamela Pepper or the Northern District of Illinois before the Honorable John J. Tharp.

## I. EFFORTS MADE AT ALTERNATIVES TO CENTRALIZATION

Prior to the motion to consolidate filed by the McNerney plaintiffs, counsel for Interested Plaintiffs had reached an agreement with counsel for Defendants Kia America, Inc., Hyundai Motor America and Hyundai America Technical Center, Inc. ("Defendants") to coordinate the filing of responsive pleadings so that all answers or responsive motions would be filed in the pending Courts at or near the same time in order to avoid confusing and piecemeal motion practice. Since the filing by the McNerney plaintiffs with this Panel, no additional agreements regarding informal coordination or alternatives to centralization have been reached.

## II. TRANSFER AND CONSOLIDATION OF THESE CASES IS PROPER

The Interested Plaintiffs agree with the McNerney plaintiffs that transfer and consolidation of these cases in a single District serves the purposes of convenience and efficiency set forth in 28 U.S.C. § 1407. See Doc. 1-1 at pg. 5. Defendants appear to agree that consolidation in a MDL proceeding is called for in this case. See Doc. 24 at pg. 1. ("Defendants do not oppose the centralization of these cases . . . .") At least one other plaintiff group agrees that consolidation is proper. See Doc. 30-1 at pg. 1-2.

## III. FACTORS THE JPML MAY CONSIDER SHOULD IT CONCLUDE THAT TRANSFER AND CONSOLIDATION IS PROPER

Assuming the Panel agrees that these cases should be consolidated in a single District for pretrial proceedings, a number of factors are relevant to the Panel's decision for the location of the transferee District. One factor the Panel may consider is where the first-filed action or actions are located. See e.g. *In Re: Oilily Fair and Accurate Credit Transactions Act (FACTA) Litigation*, 545 F.Supp.2d 1375, 1376 (JMPL 2008). See also *In Re: Standard Automotive Corp. Retireee Benefits "ERISA" Litig.*, 431 F.Supp.2d 1357, 1358 (JPML 2006); *Lovell v. United Airlines*, 728 F. Supp.2d 1096, 1100-1101 (D. Hawai'i 2010). "In applying the first-to-file rule, 'court looks at

three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties[;] and (3) the similarity of the issues.'" *Lovell*, 728 F.Supp.2d at 1101. When applying the first-filed rule, the parties do not have to be identical, but should be substantially similar. *Id*.

Another factor the Panel may consider when deciding the location for a transferee court is the "center of gravity" for the litigation. See e.g. *In Re: Dollar General Corp. Motor Oil Marketing and Sales Practices Litig.*, 190 F.Supp.3d 1361, 1363 (JPML 2016). As the Panel observed in *In Re: Dollar General*, "[t]hus, although this litigation is nationwide in scope, its center of gravity is in the central portion of the country. The Western District of Missouri provides a geographically central forum for this litigation that is both convenient and accessible to the parties and witnesses." While Missouri was not the location of the corporate headquarters of Dollar General Stores, the Western District of Missouri proved to be convenient and efficient for that litigation overall.

The Panel may also factor the "geographic convenience" of the transferee District. See e.g. *In Re. Teflon Products Liability Litig.*, 416 F.Supp.2d 1364, 1365 (JPML 2006). As the *In Re: Teflon Products* court recognized, "[g]iven the range of locations of parties and putative class members in this docket and the geographic dispersal of the pending actions, an array of suitable transferee districts present itself." However, in deciding to transfer and consolidate the cases in that MDL proceeding in the Southern District of Iowa, the court observed that "[t]his district, where an action is already pending, i) provides a *geographically central location*, ii) does not have any other multidistrict litigation dockets, and iii) enjoys general docket conditions permitting the Panel to effect the Section 1407 assignment to a court with the present resources to devote to the pretrial matters that this docket is likely to require." *Id*. (emphasis added) See also *In Re: Dollar General,* 190 F.Supp.3d at 1363.

3

Other considerations for the Panel are the location of the defendant or defendants, the caseload or condition of a transferee District docket, and the experience or familiarity of the court with the issues involved in the litigation. See e.g. *In Re. American Medical Collection Agency, Inc., Customer Data Security Breach Litig.*, 410 F.Supp.3d 1350 (JPML 2019); *In Re: Indianapolis Life Ins. Co. I.R.S. 412(I) Plans Life Insurance Marketing Litig.*, 581 F. Supp.2d 1364, 1366 (2008); and *In Re: Pella Corporation Architect & Designer Series Window Marketing, Sales Practices & Products Liability Litig.,* 996 F.Supp.2d 1380, 1383 (JPML 2014).

## IV. DISCUSSION

Based on consideration of the relevant factors, the Interested Plaintiffs respectfully submit that these cases be consolidated before the Honorable Roseann A. Ketchmark in the Western District of Missouri. Alternatively, the Interested Plaintiffs suggest consolidation in the Eastern District of Wisconsin before the Honorable Pamela Pepper, or the Northern District of Illinois before the Honorable John J. Tharp. Any of these Districts satisfy the factors of 1) first-filed actions, 2) "center of gravity" of the litigation, 3) geographic convenience, 4) proximity to one of the defendants, 5) docket condition/caseload, and 6) experience of the Court.

### A. First-Filed Actions Were In The Eastern District of Wisconsin and The Western District of Missouri

Each of the Districts suggested by the Interested Plaintiffs advance the policies and interests of § 1407. For example, two different Districts (Eastern District of Wisconsin and Western District of Missouri) meet the definition of the "first-filed" actions. The *Marvin et al. v. Kia Motor America, Inc., et al,* case, currently pending in the Eastern District of Wisconsin, was filed on behalf of a potential class of Wisconsin residents who own the defectively designed Kia and Hyundai model vehicles. See Doc. 1-19. However, the *Marvin* case did not attempt to bring a claim on behalf of a nationwide class. The *Bendorf* case, currently pending in the Western

4

District of Missouri, does seek certification of a nationwide class under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301. See Doc. 1-12 at pg. 7.

Similarly, the *Loburgio, et al, v. Kia America, Inc.* was filed approximately two weeks after the *Bendorf* case and is currently pending in the Northern District of Illinois and also seeks certification of a nationwide class under the Magnuson Moss Warranty Act. See Doc. 1-8.

> **B. Eastern District of Wisconsin, Western District of Missouri And Northern District of Illinois Are In The "Center of Gravity"**

By any measure, the central United States can be considered the "center of gravity" for the litigation arising from the theft of Kia and Hyundai vehicles due to the lack of engine immobilizers. The initial rise in Kia and Hyundai vehicles was identified in Milwaukee, Wisconsin. See Exh. A.[1] However, due to the spread of information regarding the vulnerability of these vehicles through social media channels, vehicle theft has dramatically increased in Missouri, Illinois, Ohio, and other Midwest cities and states. For example, in St. Louis, Missouri, Kia and Hyundai vehicles account for more than 77% of the vehicles being stolen. Exh. B.[2] Similarly, theft of Kia and Hyundai vehicles has risen more than 750% in Chicago, Illinois. Exh. C.[3] Reports of similar incidents have been reported in other cities such as South Bend, Indiana. Exh. D.[4] Although the problem of Kia and Hyundai vehicle theft spreads, literally, from one coast (Florida) to the other

---

[1] Accessed on September 23, 2022, at https://urbanmilwaukee.com/2022/08/17/kia-hyundai-thefts-now-national-problem/

[2] Accessed on September 23, 2022, at https://www.riverfronttimes.com/news/st-louis-city-threatens-to-sue-kia-and-hyundai-after-wave-of-car-thefts-38391732

[3] Accessed on September 23, 2022, at https://www.fox32chicago.com/news/chicago-767-increase-in-hyundai-kia-thefts

[4] Accessed on September 23, 2022, at https://www.wndu.com/2022/07/27/south-bend-police-issue-warning-about-kia-hyundai-vehicles-targeted-recent-thefts/

coast (California), currently media reports suggest the greatest concentration of effected cities is in the geographic center of the country.

### C. The Western District Of Missouri, Eastern District Of Wisconsin And Northern District of Illinois Provide Geographic Convenience For All Parties

As demonstrated by the various Schedules of Actions, if the Panel decides consolidation is proper, cases will be brought together from approximately 15 different states, including New York, Florida, Texas, California and nearly all parts of the country in between. Therefore, it is reasonable to assume that parties, witnesses, and attorneys from all parts of the United States will be involved in this proceeding. As a result, a geographically central location provides convenience and efficiency for all parties involved.

Furthermore, while defendants Kia America, Inc., and Hyundai Motor America are headquartered in California, defendant Hyundai America Technical Center, Inc. is headquartered in Michigan. More significantly, however, *lead counsel* for all three defendants is located in Chicago, Illinois. Given that one of the defendants is located in Michigan and counsel for defendants is in Chicago, Illinois, efficiency and convenience again favor a District in the center of the United States to promote all of the policies underlying § 1407 transfer.

### D. No Single District Serves As The Primary Location For Defendants

The McNerney plaintiffs suggest the Central District of California is the most convenient location for consolidation due to Kia America, Inc. and Hyundai Motor America being headquartered in that District. This ignores two important factors relevant to this litigation. First, the third defendant, Hyundai American Technical Center, Inc. is not located in the Central District of California but instead is headquartered in Superior Township, Michigan. Furthermore, as counsel for the *Slovak* plaintiffs points out, Kia Motor Company and Hyundai Motor Company are both foreign corporation located in Seoul, South Korea. See Doc. 30. Both companies are

defendants in the *Slovak* action and may potentially be added as defendants to a consolidated Complaint or other amended complaint in the transferee District *Id*. Therefore, to the extent that witnesses from these companies travel to the United States or counsel travel to South Korea for deposition, no real benefit is gained by centralization in the Central District of California.

As a result, consolidation in the Western District of Missouri, Eastern District of Wisconsin, or Northern District of Illinois (or other District in the central United States) would provide overall convenience for all potential parties and counsel involved in these cases. Conversely, to choose a District on either the East Coast or West Coast would potentially inconvenience one or more parties or counsel in this consolidated proceeding.

> **E. The Western District Of Missouri, Eastern District Of Wisconsin And Northern District of Illinois Have Judicial Resources Available To Handle This MDL Proceeding**

Due to any number of factors – including population, judicial vacancies, economic or social issues, some District courts carry heavier caseloads than other Districts. Overall, the District courts of the Western District of Missouri, Eastern District of Wisconsin and Northern District of Illinois have the judicial resources to devote to this proceeding.

For example, the Western District of Missouri has six District Judge appointments and currently has four active senior status Judges on the Court. Since 2017 there have been no vacancies on the Western District of Missouri. See Exh. E (U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (June 30, 2022)).[5] In June 2022, the average number of filings per judgeship was 487 which ranked it 44th among District courts. *Id*. Every

---
[5] Accessed on September 23, 2022, at
https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf

year since 2017 the number of filings in that District have *decreased*, suggesting that in the coming years filings should not increase and thereby create stress on judicial resources.

The profile for the Eastern District of Wisconsin is similar. The Eastern District of Wisconsin currently has five judgeships. *Id*. In June 2022, the number of pending civil cases per judge was 447 which ranked that District at 53rd in the United States. *Id*. Each year since 2017 the number of filings in the Eastern District of Wisconsin has decreased, again suggesting that this District will have more resources available to the Court to allow it to handle this MDL proceeding.

Statistics show a similar profile for the Northern District of Illinois. Each year since 2017 the filings in that District have decreased between 11.7% and 27.7%. *Id*. The Northern District of Illinois has 22 judgeships and has 547 pending cases per judge which ranks 34th in the United States. *Id*. The Northern District of Illinois has the resources to accommodate this MDL proceeding.

### F. The Judges Available In The Western District Of Missouri, Eastern District of Wisconsin And Northern District of Illinois Have The Experience And Knowledge Necessary To Oversee These Proceedings

The Panel has any number of qualified judges to select as the transferee Court for these proceedings. The Honorable Roseann A. Ketchmark of the Western District of Missouri would prove to be an outstanding selection to oversee these cases. Judge Ketchmrk has been on the bench since 2015 and currently is not overseeing any MDL cases. Prior to her appointment to the bench, Judge Ketchmark served as an Assistant United States Attorney for the Western District of Missouri for 14 years. Judge Ketchmark manages an extremely efficient docket and has no cases pending for more than three years and has no motions, bench trials, bankruptcy appeals or social security appeals that have been pending more than six months. See Exh. F (Civil Justice Reform

Act (March 21, 2022) Appendix A).[6] Other capable Judges in the Western District of Missouri include Honorable Nanette K. Laughrey and Honorable Gary A. Fenner. Recently, Judge Fenner resolved an MDL proceeding involving state consumer protection claims in the *In Re: Dollar General Corp. Motor Oil Marketing and Sales Practices Litig.* (MDL 2709). Both Judge Laughrey and Judge Fenner efficiently manage their active civil and criminal dockets. See Exh. F.

Similarly, Judge Pamela Pepper of the Eastern District of Wisconsin has been on the District Court bench since 2014. From 2009 to 2014, Judge Pepper served as a Bankruptcy Court Judge. Judge Pepper does not currently have any MDL assignments. Judge Pepper is currently overseeing the *Marvin et al.,* v. *Kia Motor America, Inc. et al.,* a case that involves the issues that are the subject of this proposed MDL proceeding. Judge John J. Tharp of the Northern District of Illinois is an experienced judge with the ability to handle this complex litigation and bring it to an efficient resolution for all parties involved. Judge Tharp has been on the bench since 2012 and currently is not overseeing any MDL proceedings.

### G. Travel To Kansas City, Milwaukee, And Chicago Is Convenient Via Non-Stop Service

To the extent that travel is necessary to the Court, each of the locations proposed by the Interested Plaintiffs are served by international airports that offer nonstop service to multiple locations throughout the United States. For example, Kansas City International Airport (MCI) is served by, among others, American Airlines, Delta Air Line, Southwest Airlines, and United Airlines. The airlines servicing MCI offer nonstop flights from cities such as Atlanta, Boston,

---

[6] Accessed September 23, 2022, at
https://www.uscourts.gov/sites/default/files/data_tables/cjra_na_0331.2022.pdf

Charlotte, Chicago, Dallas, Denver, Detroit, Houston, Los Angeles, Miami, New York, Newark, San Diego, San Francisco, Seattle, and Washington, DC.  See Exh. G[7]

Similarly, travel to Milwaukee, Wisconsin is available on multiple airlines that offer nonstop service.  Mitchell International Airport is served by American Airlines, Delta Air Line, Southwest Airlines, and United Airlines. Nonstop service to Milwaukee is available from Atlanta, Boston, Chicago, Dallas, Denver, Detroit, Houston, Los Angeles, New York, Newark, Philadelphia, Phoenix, Seattle, and Washington DC. See Exh. H.[8]

The Northern District of Illinois is also convenient and accessible by nonstop service from airports throughout the country.  Access Chicago by nonstop service into either O"Hare International Airport (ORD) or Midway International Airport (MDW) is available daily from all parts of the United States.

V.     CONCLUSION

The problem of theft involving Kia and Hyundai vehicles that are built without engine immoblizers is spreading throughout the United States.  The geographic center of the United States has been particularly hard hit by this issue.  As the caselaw demonstrates, where litigation is geographically diverse, a geographically central location for a consolidated multi-district litigation proceeding serves the underlying policies of §1407 by increasing efficiency and reducing burden on the parties and counsel.    For these reasons, the Interested Plaintiffs recommend to the Panel that this MDL proceeding be transferred to the United States District Court for the Western District

---

[7] Accessed on September 23, 2022, at https://www.flykci.com/flight-information/nonstop-destinations/

[8] Accessed on September 23, 2022, at https://www.mitchellairport.com/flights-airlines/cities-served-nonstop

of Missouri or, alternatively, to the Eastern District of Wisconsin or other centrally located United States District Court.

Respectfully submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

/s/ *Kenneth B. McClain*
Kenneth B. McClain            #32430
221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone:     (816) 836-5050
Facsimile:      (816) 836-8966
kbm@hfmlegal.com

**ATTORNEY FOR PLAINTIFFS:**
**Brian Bendorf and Sara Bendorf; Charles Simmons, Dale Denney, and Charles Cole; Amber Hall; Heather Jones; Cynthia Yeghiaian and Jeff Plaza; Jone Bodie and Albert Lui; Steve Zanmiller; Miriam Fruhling, Roger Mason and Jade Burke; Rita Day; Erica Loburgio, Anthony Loburgio, Michael Flanagan, and Jessica Hall; Joanna Pue and Shannon Kozmic; Ann Brady and Leah Price; and Stacie Moon**