## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|                                        |   |                       |
|----------------------------------------|---|-----------------------|
|                                        | § |                       |
| In re: KIA HYUNDAI VEHICLE THEFT       | § |                       |
| LITIGATION                             | § | MDL Docket No. 3052   |
| _____ | § |                       |

### *MCNERNEY* PLAINTIFFS' REPLY TO INTERESTED PARTY PLAINTIFFS' AND DEFENDANTS' RESPONSES TO MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS IN THE CENTRAL DISTRICT OF <u>CALIFORNIA UNDER 28 U.S.C § 1407</u>

# I. INTRODUCTION

Plaintiffs Katelyn McNerney, Sherry Mason, Camri Nelson, Cameron Cunningham, and Allison Brown (collectively, the "*McNerney* Plaintiffs") submit this reply in support of their motion to transfer related class actions for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. The parties unanimously agree that the Related Actions should be consolidated and litigated in a central forum because the cases involve one or more common questions of fact, transfer will further the convenience of parties and witnesses, and transfer will promote the just and efficient conduct of such actions. But unanimity does not exist as to which district court would be best situated to host the litigation, although the plaintiffs in half the cases favor the Central District of California.

The Central District of California is the most appropriate transferee court. The *McNerney* Plaintiffs and four other groups of Plaintiffs comprising the majority of the interested party plaintiffs support transfer to the Central District of California because it is (i) where Kia and Hyundai's headquarters are located, (ii) the site of the occurrence of the common facts, (iii) the district with the largest number of pending cases already filed, (iv) easily accessible, which will minimize cost and inconvenience, and (v) is served by capable jurists who have the experience, skill, and availability to efficiently manage this litigation. Indeed, the Panel previously selected the Central District of California as the most appropriate jurisdiction for a prior MDL involving Kia and Hyundai because "Hyundai Motor America, Inc., and Kia Motors America, Inc. are headquartered in that district, and relevant documents and witnesses likely will be found there." *In re ZF-TRW Airbag Control Units Products Liab. Litig.*, 410 F. Supp. 3d 1357, 1360 (J.P.M.L. 2019). And many class actions have proceeded against Hyundai and Kia in the Central District of California. *See, e.g.,* Appendix A.

Defendants, along with the *Marvin* and *Henry* Plaintiffs, urge the Panel to transfer this action to the Eastern District of Wisconsin, but that forum offers fewer contacts to the conduct and the parties at issue and no practical advantages compared to the Central District of California. Discovery has not commenced in the Wisconsin case, and the purported benefits of a "geographically central" location are negated by the widespread adoption of telephonic and Zoom hearings, electronic discovery, and ease of direct travel to Los Angeles. Additionally, the *DeKam* plaintiffs propose the Eastern District of Michigan, the Northern District of Ohio plaintiffs propose the Northern District of Ohio, and the Defendants in the alternative suggest the Northern District of Illinois, but these propositions are similarly unavailing for the same reasons.[1]

## II. ARGUMENT

### A. The factors the Panel considers when selecting a transferee district weigh in favor of transfer to the Central District of California.

When determining a transferee district, the Panel considers "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004). These factors support the *McNerney*, *Bissell*, *Cohen*, *Johnson*, and *Morrow* group of Plaintiffs' contentions that the Central District of California is the most appropriate transferee district for this litigation.

---

[1] The Panel asked each party to address "what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." Dkt. No. 1. Given the sheer number of cases pending across the country, the *McNerney* Plaintiffs have not pursued alternatives to centralization and respectfully suggest that informal coordination of discovery and scheduling in 27 separate actions would be enormously difficult (if not untenable), inefficient, and needlessly tax judicial resources.

1.    **The Central District of California is the site of the occurrence of the common facts giving rise to this litigation.**

The Central District of California is the district where the common facts in this litigation occurred. Defendants Kia America, Inc. and Hyundai Motor America, Inc. are both California corporations with headquarters located in the Central District of California. Thus, relevant documents and witnesses will likely be found in defendants' home venue, a factor recently emphasized by the Panel in transferring an automobile defect case against Kia and Hyundai to the Central District of California. *See In re ZF-TRW Airbag*, 410 F. Supp. 3d at 1360 (selecting the Central District of California because "Hyundai Motor America, Inc., and Kia Motors America, Inc. are headquartered in that district, and relevant documents and witnesses likely will be found there."). Moreover, documents and witnesses are unlikely to be concentrated in any other judicial district because Related Actions have been filed across the country in 16 different judicial districts. Consequently, this factor weighs strongly in support of transfer to the Central District of California.

2.    **The largest number of cases are pending in the Central District of California.**

There are currently 27 pending actions in this litigation filed in 16 jurisdictions. Eight of these cases have been filed in the Central District of California, which is far more than in any other district. The fact that the majority of actions have been filed in the Central District of California provides significant proof that this district is the "center of gravity" of this litigation. *See* DAVID F. HERR, MULTIDISTRICT LITIGATION MANUAL § 6.3 (2022) (hereafter "MDL MANUAL") ("that the vast majority of the actions have been filed in a particular district may dwarf any other factor [when assessing the "center of gravity" of the litigation]."). Accordingly, this factor weighs strongly in favor of transfer to the Central District of California.

3.      **The Central District of California is a suitable location that will minimize cost and inconvenience.**

The *McNerney* plaintiffs anticipate employing e-discovery and some remote depositions throughout the litigation—tools that will increase convenience and minimize costs for all parties. Nonetheless, Defendants' production of evidence will occur in the Central District of California, and some in-person depositions are likely to occur in that district given that it serves as Defendants' corporate headquarters. Further, in-person court appearances would be easy and convenient for all parties because the Los Angeles region is serviced by two international airports with major airlines making direct flights across the United States.

Both Hyundai and Kia are well accustomed to litigating cases in the Central District of California, where their corporate headquarters are found. Indeed, we have identified *102* class actions against Hyundai, Kia, or both companies together that were venued in the Central District of California. *See* Appendix A.[2] And the Panel has sent at least four cases against Hyundai and/or Kia to the Central District of California. *See In re: ZF-TRW Airbag Control Units Product Liability Litigation*, 2:19-ml-02905-JAK-PLA (C.D. Cal., Aug. 8, 2019); *In re: Hyundai and Kia Engine Litigation II*, 8:18-cv-02223-JLS-JDE (C.D. Cal., Dec. 14, 2018); *In re: Kia Engine Litigation*, 8:17-cv-00838-JLS-JDE (C.D. Cal., May 10, 2017); *Hyundai and Kia Fuel Economy Litigation*, 2:13-ml-02424-GW-FFM (C.D. Cal., Feb. 6, 2013).

4.      **The Central District of California has judges with the experience, skill, and availability to prudently manage this litigation.**

Currently, the Central District of California is overseeing five MDLs. *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, J.P.M.L. (Sept. 15, 2022),

---

[2] These cases were identified via Lex Machina using the keywords "kia" or "hyundai" and "class action."

https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-September-15-2022.pdf ("*MDL Statistics Report*").  Three of these cases involve automobile defects.  *Id.*  This illustrates that judges in the Central District have the experience and skill to deal with large automobile defect litigation. The relatively low number of MDL actions pending in the district also shows that judges have the time and resources to oversee this case.

Judge David Carter is well suited to oversee this action.[3]  Judge Carter was appointed to the federal bench in 1998 and, prior to his appointment, served as an Orange County Superior Court judge.  Judge Carter is not currently overseeing an MDL but has presided over one in the past.  Further, Judge Carter has previously presided over at least 14 class actions, in addition to those relating to the instant motion.  *See* Appendix B.  Hence, Judge Carter possesses the experience, skill, and availability to manage this litigation fairly and efficiently.

**B.      Transfer to the Eastern District of Wisconsin would not benefit this litigation.**

Transfer to the Eastern District of Wisconsin would not benefit this litigation because discovery has not commenced there and the advent of e-discovery and remote hearings negate any benefits that it might possess as a "geographically central" location.

**1.      There has been no discovery in the Eastern District of Wisconsin.**

The *Marvin* and *Henry* Plaintiffs, along with Defendants, urge transfer to the Eastern District of Wisconsin largely because they contend that the case there has progressed the furthest.  But that case is uniquely focused on Wisconsin law.  And almost a year after the initial complaint was filed in federal court, the case has not developed beyond briefing the motion to dismiss.  *See Marvin* and *Henry* Pls.' Mot., ECF No. 41, at 3-4 (detailing the procedural history of the case).

---

[3] The *McNerney* case previously assigned to Judge Cormac Carney has been transferred to Judge Carter.

Review of the docket in that case reveals that the hearing on the motion to dismiss is not scheduled to occur until November 29, 2022. *See Marvin*, 2:21-cv-01146-PP, ECF No. 39 (E.D. Wis.). Thus, the relevant factors that the Panel considers, "where discovery has occurred" and "where the cases have progressed the furthest," only offer marginal support for transfer to the Eastern District of Wisconsin.

      **2.**      **The supposed benefits of the Eastern District of Wisconsin as a central location are illusory.**

The *Marvin* and *Henry* Plaintiffs' posit that Milwaukee is a "central, geographically convenient location for the parties and their counsel." *Marvin* and *Henry* Pls.' Mot., ECF No. 41, at 8. Defendants make an identical claim, Defs.' Mot., ECF No. 44, at 7, although it is difficult to comprehend why Defendants believe that a jurisdiction 2,000 miles away from their home district is more convenient for them. However, these purported benefits apply equally to the Central District of California because "in the internet age the Panel recognizes that discovery can be conducted essentially anywhere and the fruits of discovery made available to all parties without needing to travel to the district where the action is pending." MDL MANUAL § 6.3. The Central District of California offers superior "ease of access to the courthouse (favoring a metropolitan district) and accessibility to the district from the rest of the country by air travel," *id.*, because Milwaukee has far fewer non-stop flights to it than Los Angeles enjoys. This illustrates that transfer to the Eastern District of Wisconsin would not confer any unique benefits to this litigation (but that transfer to the Central District of California would).

**C.**      **None of the other proposed judicial districts offer the same benefits as the Central District of California.**

Other interested parties suggest transfer to the Eastern District of Michigan or the Northern District of Ohio, *see* Northern District of Ohio Pls.' Mot., ECF No. 30, at 1; *Dekam* Pls.' Mot.,

ECF No. 39, at 1, but transfer to these districts would not promote the efficient resolution of this litigation.

The factors that the Panel considers when determining the transferee district do not support transfer to the Northern District of Ohio. Only one case is currently pending there, and no discovery has commenced. The interested party that supports transfer there has not identified any common facts that will be found there. And it is unclear that the judges in this district will have the availability to oversee this litigation because there are currently thousands of active MDL cases pending in the Northern District of Ohio. *MDL Statistics Report*, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-September-15-2022.pdf.

Likewise, few factors support transfer to the Eastern District of Michigan. The Eastern District of Michigan has jurists experienced with automobile litigation. But, again, only a single case is pending there, and no discovery has commenced. The Hyundai America Technical Center (HATCI) is located in the district, but it is "not an auto manufacturer, distributor, or a dealer." Defs.' Mot., ECF No. 44, at 2. And the key corporate officials that direct and manage HATCI's operations are in the Central District of California. Moreover, Detroit is equally accessible as any of the other proposed districts. Consequently, the Eastern District of Michigan would provide fewer benefits to this litigation than the Central District of California.

Defendants support transfer to the Northern District of Illinois in the alternative to the Eastern District of Wisconsin, as do the *Bendorf* Plaintiffs, as an alternative to the Western District of Missouri. This venue offers few, familiar benefits. Only one case has been filed in the district, and there has been no discovery. None of the common facts occurred there. Chicago's location would not offer any special advantages to this litigation. And the Northern District of Illinois is

currently overseeing 15 MDLs with 946 active cases, which indicates that the district's judicial resources are already taxed by its current MDL caseload. *MDL Statistics Report*.

Transfer to the Western District of Missouri is similarly unwarranted. Although, the first nationwide class action was filed there, no discovery has commenced, and the case's procedural posture would not benefit the consolidated litigation. The argument that the Midwest is the center of gravity of this litigation because large numbers of cars have been stolen there ignores the fact that large numbers of these vehicles are being stolen across the nation.[4] This is precisely why multiple plaintiffs have filed nationwide class actions. A better metric to determine the center of gravity, and the measure used by the Panel, is the district where the largest number of cases have been filed. That district is the Central District of California. The Western District of Missouri also does not have judges with the same level of experience managing automobile defect MDLs as the Central District of California. And both districts have similar judicial availability. Finally, Kansas City's location does not make it any easier to access by air travel than Los Angeles given that there are likely many fewer non-stop flights to Kansas City than to Los Angeles.

### III.    CONCLUSION

For the foregoing reasons, the *McNerney* Plaintiffs respectfully request that the Panel centralize and transfer the Related Actions to the Central District of California.

---

[4] *See, e.g.*, Frank Fernandez, *After 'Kia Boys' social media videos, Kias and Hyundais targeted for theft in Volusia*, THE DAYTON BEACH NEWS-JOURNAL (July 29, 2022), https://www.news-journalonline.com/story/news/crime/2022/07/29/kia-boys-target-kias-and-hyundais-volusia-teens-arrested-debary-car-theft/10184703002/ (reporting that the Flagler County, FL Sheriff's Office has documented an increase in car thefts); Cindy Von Quednow & Shelby Nelson, *LAPD issues alert over TikTok challenge encouraging vehicle thefts*, KTLA (Aug. 26, 2022), https://ktla.com/news/local-news/lapd-blames-tiktok-challenge-for-increase-in-kia-hyundai-thefts/ (reporting that the Los Angeles Police Department has issued a community alert due to the large number of Hyundai and Kia vehicles being stolen).

Dated:  September 30, 2022.          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman
Sean R. Matt
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
christopherp@hbsslaw.com

Jeffrey S. Goldenberg
Todd Naylor
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45249
Tel: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Joseph M. Lyon, Esq.
THE LYON FIRM, LLC
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com

*Attorneys for McNerney Plaintiffs*

011112-11/2039890 V1

## Appendix A

## Class Actions Against Hyundai and Kia in the Central District of California
## Since January 1, 2009

| Title | Civil Action # |
|---|---|
| *In Re: ZF-TRW Airbag Control Units Products Liability Litigation* | 2:19-ml-02905 |
| *In re: Kia Engine Litigation* | 8:17-cv-00838 |
| *Hyundai and Kia Fuel Economy Litigation* | 2:13-ml-02424 |
| *Ramtin Zakikhani v. Hyundai Motor Company et al* | 8:20-cv-01584 |
| *In Re: Hyundai and Kia Engine Litigation II* | 8:18-cv-02223 |
| *Sara Pelayo et al v. Hyundai Motor America, Inc. et al* | 8:20-cv-01503 |
| *Michelle Resnick et al v. Hyundai Motor America, Inc. et al* | 8:16-cv-00593 |
| *Christopher Berry et al v. ZF TRW Automotive Holdings Corp., et al* | 8:19-cv-01403 |
| *Joseph Fuller, Sr. v. ZF TRW Automotive Holdings Corp. et al* | 8:19-cv-01566 |
| *Lorenzo Ford et al v. Hyundai Motor America et al* | 8:20-cv-00890 |
| *Rick Musgrave et al v. Hyundai Motor America, Inc. et al* | 8:19-cv-01538 |
| *michael Chieco et al v. Kia Motors America Inc. et al* | 8:19-cv-00854 |
| *Cirulli v. Hyundai Motor America* | 8:08-cv-00854 |
| *William Precht v. Kia Motors America, Inc.* | 8:14-cv-01148 |
| *Linda Short et al v. Hyundai Motor America Inc et al* | 2:22-cv-03498 |
| *Rebecca Sanders et al v. Hyundai Motor Company et al* | 2:13-cv-00817 |
| *Ryan Wilson et al v. Hyundai Motor America et al* | 8:22-cv-00771 |
| *Davy Cho et al v. Hyundai Motor Company, Ltd. et al* | 8:22-cv-00448 |
| *Adam Pluskowski et al v. Hyundai Motor America et al* | 8:22-cv-00824 |
| *Brenda Evans et al v. Hyundai Motor Company et al* | 8:22-cv-00300 |
| *Nicole Thornhill et al v. Hyundai Motor Company et al* | 8:21-cv-00481 |
| *Daniel Chesler et al v. Hyundai Motor America Inc et al* | 8:15-cv-01988 |
| *Inez Elliston et al v. Hyundai Motor Company et al* | 8:19-cv-01069 |
| *Lesley Conti et al v. American Honda Motor Co., Inc.* | 2:19-cv-02160 |
| *Sergio Torres v. Kia Motors America, Inc. et al* | 2:13-cv-01123 |
| *Kamneel Maharaj, et al. v. Hyundai Motor America, et al.* | 8:13-cv-00070 |
| *Brian Reeves v. Kia Motors America, Inc.* | 2:13-cv-01131 |
| *Maryanne Brogan v. Hyundai Motor America et al* | 8:18-cv-00622 |
| *William Dickel et al v. Kia Motors America Inc et al* | 8:13-cv-01529 |
| *Greg Wallis et al v. Kia Motors America, Inc. et al* | 8:16-cv-01033 |
| *Christopher Kearney et al v. Hyundai Motor Company et al* | 8:09-cv-01298 |
| *Jeremy Wilton v. Kia Motors America Inc et al* | 8:12-cv-01917 |
| *Wallace Coats et al v. Hyundai Motor Company, Ltd. et al* | 8:17-cv-02208 |
| *Michael Hernandez et al v. Hyundai Motor America, Inc., et al* | 8:19-cv-00782 |
| *Stacie Knight et al v. Kia America, Inc.* | 8:22-cv-01160 |
| *Robert A. Underwood v. Kia Motors America, Inc., et al* | 2:19-cv-07097 |

| | |
|---|---|
| *Michelle Martinez v. Hyundai Motor America* | 8:17-cv-01278 |
| *Joann Anderson et al v. Hyundai Motor Company Ltd et al* | 8:13-cv-01842 |
| *Carmen Ozdemir v. Hyundai Motor America, Inc. et al* | 8:16-cv-01820 |
| *Hamilton Livery Leasing LLC v. KIA Motors America, Inc. et al* | 8:19-cv-01459 |
| *Guy Coss v. Hyundai Motor America et al* | 8:15-cv-00237 |
| *Ryan Baldwin et al v. Kia Motors America, Inc. et al* | 8:19-cv-01376 |
| *Kehlie R Espinosa v. Hyundai Motor America et al* | 2:12-cv-00800 |
| *Nicholas Wylie et al v. Hyundai Motor America* | 8:16-cv-02102 |
| *Houston Vinci et al v. Hyundai Motor America et al* | 8:17-cv-00997 |
| *Travis Tharpe et al v. Hyundai Motor America, Inc.* | 8:21-cv-01428 |
| *Billy Glenn v. Hyundai Motor America et al* | 8:15-cv-02052 |
| *Douglas Kurash et al v. Hyundai Motor America et al* | 8:12-cv-02164 |
| *Reece Thomson et al v. Hyundai Motor America et al* | 8:12-cv-01981 |
| *Georgia L. Thomas et al v. Hyundai Motor America et al* | 8:12-cv-02008 |
| *Alice Smith et al v. Kia Motors America, Inc. et al* | 2:19-cv-06785 |
| *Stephanie McQuarrie et al v. Kia America, Inc. et al* | 8:22-cv-01721 |
| *Carolyn McFadden v. Hyundai Motor America, Inc. et al* | 8:19-cv-01154 |
| *Mitchell Cohen et al v. Kia America, Inc. et al* | 8:22-cv-01664 |
| *Alice Smith et al v. Kia Motors America, Inc. et al* | 8:19-cv-01515 |
| *Kaylene P. Brady et al v. Hyundai Motor America et al* | 8:12-cv-01930 |
| *Maria Figueroa v. Hyundai Motor America et al* | 8:13-cv-00373 |
| *Nicole Marie Hunter et al v. Hyundai Motor America et al* | 8:12-cv-01909 |
| *Mark D. Altier et al v. ZF-TRW Automotive Holdings Corp. et al* | 8:19-cv-00846 |
| *Douglas A. Patterson v. Kia Motors America, Inc. et al* | 2:14-cv-00327 |
| *Kesha Franklin Marbury et al v. Hyundai Motor America et al* | 8:21-cv-00379 |
| *Brian Weber et al v. Hyundai Motor America et al* | 8:13-cv-00027 |
| *Miyoshi Morrow et al v. Hyundai Motor America Inc. et al* | 8:22-cv-01674 |
| *Michael Washburn v. Kia Motors Corporation et al* | 2:13-cv-01136 |
| *Dennis J. Murphy v. Hyundai Motor America* | 8:13-cv-01504 |
| *Andrea Smolek v. Hyundai Motor America et al* | 2:18-cv-05255 |
| *Inez Elliston et al v. Hyundai Motor Company et al* | 2:19-cv-04684 |
| *Katelyn McNerney et al v. Kia America, Inc. et al* | 8:22-cv-01548 |
| *Eric Graewingholt v. Hyundai Motor America Inc* | 8:12-cv-01963 |
| *Linda Hasper et al v. Hyundai Motor America et al* | 8:13-cv-00220 |
| *Ira D Dunst v. Hyundai Motor America et al* | 2:13-cv-01352 |
| *Aaron Simmons v. Kia Motors Corporation et al* | 2:13-cv-01126 |
| *Joel L Lipman v. Hyundai Motor America, et al* | 2:13-cv-01127 |
| *Steven Hufford v. Kia America, Inc. et al* | 8:22-cv-01715 |
| *Robert Buettner v. Hyundai Motor America, Inc. et al* | 8:21-cv-01057 |
| *Jennifer Johnson v. Hyundai Motor America, Inc. et al* | 8:19-cv-01292 |
| *Herbert J Young v. Kia Motors America Inc et al* | 2:13-cv-00167 |

| | |
|---|---|
| *Andres Carullo et al v. Kia Motors America Inc et al* | 8:12-cv-02174 |
| *Lauren Henry et al v. Kia America, Inc. et al* | 8:22-cv-01729 |
| *Eric J Olson et al v. Hyundai Motor Company et al* | 8:12-cv-02025 |
| *Kaya Lawrence v. ZFTRW Automotive Holdings Corp et al* | 2:19-cv-07608 |
| *Laura S Sutta et al v. Hyundai Motor America* | 2:13-cv-00157 |
| *Guillermo Quiroz et al v. Kia Motors America Inc et al* | 8:12-cv-02091 |
| *Bobby Brandon Armstrong v. Kia Motors America Inc* | 2:13-cv-01122 |
| *Noemi Caudillo v. Kia Motors America Inc et al* | 8:15-cv-01019 |
| *Monique E. Baker, et al v. KIA America, Inc. et al* | 8:22-cv-01712 |
| *Gwendolyn Limon-Gonzalez et al v. Kia Motors America, Inc.* | 2:20-cv-04381 |
| *Cynthia Yeghiaian et al v. Kia America, Inc. et al* | 8:22-cv-01440 |
| *Christopher Stanczak et al v. Kia Motors America, Inc.* | 8:17-cv-01365 |
| *Shawn Blake v. Kia Motors America, Inc. et al* | 8:13-cv-01477 |
| *Regis Guerin v. Hyundai Capital America et al* | 8:22-cv-01007 |
| *Sam Hammond et al v. Hyundai Motor America* | 2:13-cv-01132 |
| *June Abe v. Hyundai Motor America, Inc.* | 8:19-cv-00699 |
| *Colleen Davison v. Kia Motors America, Inc* | 8:15-cv-00239 |
| *Guy Coss v. Hyundai Motor America et al* | 2:15-cv-00974 |
| *Yandery Sanchez v. Kia Motors America, Inc.* | 8:20-cv-01604 |
| *Andre Damico v. Hyundai Motor America* | 2:18-cv-06282 |
| *Andre Damico v. Hyundai Motor America* | 8:18-cv-01276 |
| *James Gudgalis et al v. Hyundai Motor America* | 2:13-cv-01128 |
| *Lydia Kievit et al v. Hundai Motor America* | 2:13-cv-00816 |
| *Diamond Coating Tech., LLC v. Hyundai Motor America et al* | 5:15-cv-02229 |
| *Parkinson v. Hyundai Motor America et al* | 8:06-cv-00345 |

**Appendix B**

**Class Actions Assigned to Judge Carter**

- *Precht v. Kia Motors*, No. SACV141148DOCMANX, 2014 WL 10988343 (C.D. Cal. Dec. 29, 2014).

- *Tharpe v. Hyundai Motor America*, No. SACV2101428DOCJDE, 2022 WL 3137453 (C.D. Cal. July 12, 2022).

- *Burbank v. BMW North America*, 8:20-CV-02273-DOC-KES (C.D. Cal. Dec. 3, 2020).

- *Morrison v. Volkswagen Group of America*, 8:17-cv-00274-DOC-SP (C.D. Cal Feb. 14, 2017).

- *Baldwin v. Kia Motors America*, 8:19-cv-01376-DOC-KES (C.D. Cal Jul. 15, 2019).

- *Smith v. Kia Motors America*, 8:19-cv-01515-DOC-KES (C.D. Cal Aug. 5, 2019).

- *Brogan v. Hyundai Motor America*, 8:18-cv-00622-DOC-KES (C.D. Cal Jan. 23, 2018).

- *Peterson v. Mazda Motor of America*, 44 F. Supp. 3d 965 (C.D. Cal. 2014).

- *Franco v. Ford Motor Company*, 8:17-cv-00290-DOC-JCG (C.D. Cal. Feb 24, 2017).

- *Aviles v. Ford Motor Company*, 8:17-cv-00281-DOC-JCG (C.D. Cal. Feb. 15, 2017).

- *Wylie v. Hyundai Motor America*, No. 816CV02102DOCJCG, 2020 WL 11032419 (C.D. Cal. Mar. 2, 2020)

- *Benkle v. Ford Motor Company*, No. SACV161569DOCJCGX, 2017 WL 8220707 (C.D. Cal. Apr. 28, 2017).

- *Glenn v. Hyundai Motor America*, No. SACV152052DOCKESX, 2016 WL 7507766 (C.D. Cal. Nov. 21, 2016).

- *Kearney v. Hyundai Motor Company*, No. SACV 09-1298 DOC, 2010 WL 9093204 (C.D. Cal. June 4, 2010).

011112-11/2039890 V1