# EXHIBIT 6

ACCO,(KESx),DISCOVERY,MANADR,RELATED-G

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
# CIVIL DOCKET FOR CASE #: 8:22-cv-01715-DOC-KES

Steven Hufford v. Kia America, Inc. et al          Date Filed: 09/19/2022
Assigned to: Judge David O. Carter               Jury Demand: Plaintiff
Referred to: Magistrate Judge Karen E. Scott     Nature of Suit: 385 Prop. Damage Prod.
Related Case: 8:22-cv-01440-DOC-KES             Liability
Cause: 28:1332 Diversity-Property Damage         Jurisdiction: Diversity

**Plaintiff**

**Steven C. Hufford**                represented by   **Michael F Ram**
*on behalf of himself and all others*                Morgan and Morgan
*similarly situated*                                 Complex Litigation Group
                                                     711 Van Ness Avenue Suite 500
                                                     San Francisco, CA 94102
                                                     415-358-6913
                                                     Fax: 415-358-6293
                                                     Email: MRam@forthepeople.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Marie Noel Appel**
                                                     Morgan and Morgan
                                                     Complex Litigation Group
                                                     711 Van Ness Avenue Suite 500
                                                     San Francisco, CA 94102
                                                     415-358-6913
                                                     Fax: 415-358-6293
                                                     Email: mappel@forthepeople.com
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia America, Inc.**                represented by   **Kate Spelman**
                                                     Jenner and Block LLP
                                                     515 South Flower Street Suite 3300
                                                     Los Angeles, CA 90071-2246
                                                     213-239-5100
                                                     Fax: 213-239-5199
                                                     Email: KSpelman@jenner.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hyundai Motor America**         represented by **Kate Spelman**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2022 | 1 | COMPLAINT Receipt No: ACACDC-34005357 - Fee: $402, filed by Plaintiff Steven C. Hufford. (Attachments: # 1 Civil Cover Sheet) (Attorney Michael F Ram added to party Steven C. Hufford(pty:pla))(Ram, Michael) (Entered: 09/19/2022) |
| 09/20/2022 | 2 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Steven C. Hufford. (Ram, Michael) (Entered: 09/20/2022) |
| 09/20/2022 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Steven C. Hufford. (Ram, Michael) (Entered: 09/20/2022) |
| 09/21/2022 | 4 | NOTICE OF ASSIGNMENT to District Judge John W. Holcomb and Magistrate Judge Autumn D. Spaeth. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 5 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 6 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Kia America, Inc. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Hyundai Motor America. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 9 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Samuel J. Strauss on behalf of Plaintiff. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (et) (Entered: 09/21/2022) |

| 09/21/2022 | 10 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Raina C. Borrelli on behalf of Plaintiff. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 11 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Brittany Resch on behalf of Plaintiff. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 12 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Steven A Donner on behalf of Plaintiff. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 13 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Thomas R Applewhite on behalf of Plaintiff. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not |

| | | |
|---|---|---|
| | | be added back to the docket until your Pro Hac Vice status has been resolved. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 14 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Complaint (Attorney Civil Case Opening) 1 . The following error(s) was found: No Notice of Interested Parties has been filed. A Notice of Interested Parties must be filed with every partys first appearance. See Local Rule 7.1-1. Counsel must file a Notice of Interested Parties immediately. Failure to do so may be addressed by judicial action, including sanctions. See Local Rule 83-7. (et) (Entered: 09/21/2022) |
| 09/21/2022 | 15 | NOTICE of Interested Parties filed by Plaintiff Steven C. Hufford, identifying Steven Hufford, Kia America, Inc. and Hyundai Motor America. (Ram, Michael) (Entered: 09/21/2022) |
| 09/21/2022 | 16 | NOTICE of Interested Parties filed by Plaintiff Steven C. Hufford, identifying Steven Hufford, Kia America, Inc and Hyundai Motor America. (Ram, Michael) (Entered: 09/21/2022) |
| 09/23/2022 | 17 | NOTICE OF ERRATA filed by Plaintiff Steven C. Hufford. correcting Certificate/Notice of Interested Parties 15 (Ram, Michael) (Entered: 09/23/2022) |
| 09/23/2022 | 18 | PROOF OF SERVICE Executed by Plaintiff Steven C. Hufford, upon Defendant Kia America, Inc. served on 9/22/2022, answer due 10/13/2022. Service of the Summons and Complaint were executed upon Diana Ruiz in compliance with Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Ram, Michael) (Entered: 09/23/2022) |
| 09/26/2022 | 19 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 21-01-Related Case- filed. Related Case No: 8:22-cv-01440-DOC-(KESx). Case transferred from Judge John W. Holcomb and Magistrate Judge Autumn D. Spaeth to Judge David O. Carter and Magistrate Judge Karen E. Scott for all further proceedings. The case number will now reflect the initials of the transferee Judge 8:22-cv-01715-DOC-(KESx). Signed by Judge David O. Carter (dve) (Entered: 09/26/2022) |
| 09/26/2022 | 20 | ORDER SETTING SCHEDULING CONFERENCE by Judge David O. Carter. Scheduling Conference set for 10/24/2022 at 08:30 AM before Judge David O. Carter. (See attached Order for complete details.) (kdu) (Entered: 09/26/2022) |
| 09/28/2022 | 21 | RESPONSE filed by Pro Hac Vice attorney Samuel J. Strauss on behalf of Plaintiff Steven C. Hufford. RE: Notice of Filing Fee Due. PHV fee N/A. Attorney will not be appearing as attorney of record on this case. (lt) (Entered: 09/28/2022) |
| 09/28/2022 | 22 | RESPONSE filed by Pro Hac Vice attorney Brittany Resch on behalf of Plaintiff Steven C. Hufford. RE: Notice of Filing Fee Due. PHV fee N/A. Attorney will not be appearing as attorney of record on this case. (lt) (Entered: 09/28/2022) |
| 09/30/2022 | 23 | PROOF OF SERVICE Executed by Plaintiff Steven C. Hufford, upon Defendant Hyundai Motor America served on 9/22/2022, answer due 10/13/2022. Service of the Summons and Complaint were executed upon Koy Saechao in compliance with Federal Rules of Civil Procedure by personal |

| | | service.Original Summons NOT returned. (Ram, Michael) (Entered: 09/30/2022) |
|---|---|---|
| 10/04/2022 | 24 | Joint STIPULATION for Order Extending Time for Defendants to Respond to Complaint and Continuing Scheduling Conference filed by Defendants Hyundai Motor America, Kia America, Inc.. (Attachments: # 1 Proposed Order)(Attorney Kate Spelman added to party Hyundai Motor America(pty:dft), Attorney Kate Spelman added to party Kia America, Inc.(pty:dft))(Spelman, Kate) (Entered: 10/04/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2022 07:13:36 | | | |
| **PACER Login:** | jb0014 | **Client Code:** | 71273-10008 |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-cv-01715-DOC-KES End date: 10/6/2022 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
Michael F. Ram (SBN. 104805)
Marie N. Appel (SBN.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

**TURKE STRAUSS, LLP**
Samuel J. Strauss
Raina C. Borrelli
Brittany Resch
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com
brittanyr@turkestrauss.com

**DONNER APPLEWHITE, ATTORNEYS AT LAW**
Steven A. Donner
Thomas R. Applewhite
906 Olive Street, Suite 1110
St. Louis, MO 63101
Telephone: (314) 240-5350
steve.donner@da-lawfirm.com
tom.applewhite@da-lawfirm.com

*Attorneys for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. HUFFORD, on behalf of himself and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>KIA AMERICA, INC., and HYUNDAI MOTOR AMERICA,<br><br>       Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Steven C. Hufford, through his attorneys, brings this Class Action Complaint against the Defendants, Kia America, Inc. ("Kia"), and Hyundai Motor America ("Hyundai") (together "Defendants"), and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, alleging as follows:

## INTRODUCTION

1.      Kia and Hyundai vehicles suffer from a defect that allows anyone with a USB cable to steal them.

2.      The defect stems from a design flaw in Kia and Hyundai vehicles, which do not include engine immobilizers.

3.      An immobilizer is an electronic device that prevents a vehicle from starting without the right key in the ignition.

4.      Because Kia and Hyundai vehicles do not have immobilizers, a thief need only pop off a plastic cover on the steering column, plug a USB cable into the column, and turn it like any other key to start the engine, as depicted below:



5.      Once thieves discovered this vulnerability, it set off a rash of vehicle

thefts across the country, accounting for nearly two-thirds of vehicle thefts in Milwaukee, Wisconsin. Indeed, in the first six months of 2021 alone, Hyundai thefts in Milwaukee increased by 1,700% and Kia thefts increased by 3,200%.[1]

6.      The trend is spreading across the country, including Los Angeles, where affected model thefts are up 85%, and Chicago, where affected model thefts are up by 800%, with "no end in sight."[2] As of this month, 23 Kias are being stolen in St. Louis every day.[3]

7.      In fact, Kia and Hyundai's vehicles are so easy to steal, teenagers and children as young as 11 years old are stealing and joyriding consumers' cars, posting their exploits on social media, including one TikTok video that has over 33 million views.

8.      Every Kia and Hyundai model from 2011-2021 suffers from this defect, meaning it affects vehicles across the country and exposes its owners to theft, property damage, and harm.

9.      Defendants have known about this defect for years, including the alarming rate at which their vehicles were being stolen. Even so, Defendants did not fix the defect or install immobilizers in their vehicles. In fact, on information and belief, Defendants concealed the defect from consumers or otherwise failed to disclose, reveal, or provide notice to them that their vehicles were defective and unfit for the ordinary purposes for which they are used.

10.      This is despite Defendants' duty to comply with federal regulation that

---

[1] *See* "Milwaukee Police Report Hyundais, Kias Stolen in Record Numbers" at https://www.kbb.com/car-news/milwaukee-police-report-hyundais-kias-stolen-in-record-numbers/ (last visited Sept. 12, 2022).

[2] *See* "TikTok challenge spurs rise in thefts of Kia, Hyundai cars" at https://www.cnbc.com/2022/08/08/tiktok-challenge-spurs-rise-in-thefts-of-kia-hyundai-cars.html (last visited Sept. 12, 2022).

[3] *See* https://www.bizjournals.com/stlouis/news/2022/09/02/hyundai-kia-thefts-insurance-appraisal-industry.html (last visited Sept. 12, 2022).

requires manufacturers like Defendants to install ignition systems that will not operate without the right key inserted into the ignition: "Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents: (a) The normal activation of the vehicle's engine or motor; and (b) Either steering, or forward self-mobility, of the vehicle, or both." Federal Motor Vehicle Safety Standard ("FMVSS") 114.

11.    Now that auto thefts are sweeping the country, Defendants have acknowledged the problems they created and have promised to equip new vehicles with immobilizers. [4]

12.    But equipping new vehicles will not address the harm Defendants' defective vehicles cause consumers like Plaintiff Hufford, who purchased a 2021 Hyundai Venue trusting that it would be safe, reliable, and equipped with adequate security.

13.    At the time Plaintiff Hufford purchased his vehicle, he was unaware that it was susceptible to theft, unsafe, and unfit for the purpose for which he bought the vehicle, and Hyundai never informed him that it knew his vehicle was susceptible to theft.

14.    As a result, Plaintiff Hufford sues Defendants in a class action on behalf of all consumers harmed by their misconduct, seeking relief including damages and injunctive relief to require that Defendants address the harm that their vehicles are causing.

## PARTIES

15.    Plaintiff, Steven C. Hufford, is a resident and citizen of Arnold,

---

[4] *See* "Kia, Hyundai Thefts Now National Problem" at https://urbanmilwaukee.com/2022/08/17/kia-hyundai-thefts-now-national-problem/ (last visited Sept. 12, 2022).

CLASS ACTION COMPLAINT - 3

Missouri, where he intends to remain.

16.     Kia is a California corporation with a principal address and place of business at 111 Peters Canyon Road, Irvine, CA 92606.

17.     Hyundai is a California corporation with a principal address and place of business at 10550 Talbert Avenue, Fountain Valley, CA 92708.

## JURISDICTION & VENUE

18.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and because this is a class action in which the members of the classes and Defendants are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19.     This Court has personal jurisdiction over Defendants in that Defendants transact business within the state of California and committed one or more tortious acts within the state of California.

20.     Defendants transacted business and/or committed tortious acts within the state of California. Defendants design, manufacture, distribute, and/or sell dangerous and/or defective vehicles in California. Defendants placed the defective and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed tortious acts in California from which Plaintiff's claims arise.

21.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendants are citizens of California with headquarters located in this district.

## BACKGROUND FACTS

22.     Defendants manufacture vehicles for sale in California, Missouri, and across the country.

CLASS ACTION COMPLAINT - 4

23.     In so doing, Defendants must comply with FMVSS 114, which requires that "Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents: (a) The normal activation of the vehicle's engine or motor; and (b) Either steering, or forward self-mobility, of the vehicle, or both."

24.     Manufacturers generally comply with this requirement by installing immobilizers on their vehicles.

25.     An immobilizer is an electronic device that prevents a vehicle from starting without the right key inserted to the vehicle's ignition system.

26.     Immobilizers deter auto theft. In fact, a 2016 study revealed that immobilizers lowered the overall rate of car thefts by 40% over a ten-year period.[5]

27.     In fact, Kia's own vehicle handbooks explain that immobilizers reduce the risk for theft:[6]

> **Immobilizer system**
>
> Your vehicle may be equipped with an electronic engine immobilizer system to reduce the risk of unauthorized vehicle use.

28.     Even so, Defendants have not installed immobilizers on all models manufactured between 2011-2021 ("Class Vehicles"). On information and belief, Defendants did not do this even though Defendants know immobilizers reduce auto theft, as they have been selling identical vehicles with immobilizers in other countries that require immobilizer technology.

---

[5] *See* Jan C. van Ours & Ben Vollaard, The Engine Immobilizer: A Non–Starter For Car Thieves, THE ECONOMIC JOURNAL, Vol. 126, No. 593, 1264, 1283 (June 2016).

[6] *See* Kia's page on the "Immobilizer System" at https://www.kia.com/content/dam/kia2/in/en/content/seltos-manual/topics/chapter4_1_5.html#:~:text=With%20the%20immobilizer%20system%2C%20whenever,the%20engine%20will%20not%20start. (last visited Sept. 12, 2022).

CLASS ACTION COMPLAINT - 5

29.    As a result, Defendants have left the Class Vehicles unguarded targets for theft—leading to a known defect ("Defect") and creating risks for property damage, rendering them unsafe, and diminishing the value of the cars.

30.    Children as young as 11 years old have exploited the vulnerability in the Class Vehicles, which allows them to steal a defective vehicle by merely removing the steering panel, expose the ignition system, and plugging in a USB cable to the ignition switch, which allows them to start vehicles without a key:[7]



31.    Stealing Class Vehicles is so easy and popular it has led to viral videos on social media, including a TikTok video with 33 million views and a "documentary" featuring the "Kia Boys," a group of teenagers who steal the Class Vehicles and joyride them.[8]

32.    As described above, the Class Vehicles vulnerability led to a rash of

---

[7] *See* "How Thieves Are Stealing Hyundais and Kias With Just a USB Cable" at https://www.thedrive.com/news/how-thieves-are-stealing-hyundais-and-kias-with-just-a-usb-cable (last visited Sept. 12, 2022).

[8] *See* "TikTok challenge spurs rise in thefts of Kia, Hyundai cars" at https://www.cnbc.com/2022/09/08/tiktok-challenge-spurs-rise-in-thefts-of-kia-hyundai-cars.html (last visited Sept. 12, 2022).

thefts, exploding auto theft rates in cities nationwide, leading to an 85% increase in Class Vehicle theft in Los Angeles, 800% in Chicago, and more than 1,700% for Kia thefts and 3,200% for Hyundai thefts in Milwaukee.

33.     Repair shops and dealers cannot keep pace with the demand caused by the spike in Class Vehicle theft, as there is a shortage for the parts needed to repair them. Some parts are backordered up to eight weeks, impairing Class members' ability to fix stolen vehicles.[9]

34.     What's more, auto insurers have stopped insuring the Class Vehicles or increased premiums to insure them, citing the "epidemic" in claims for thefts and property damage to Class Vehicles.[10]

35.     Altogether, the Defect damages Plaintiff and the Class by rendering their vehicles easy to steal, unsafe, and worth less than they should be, if they did not have the Defect.

36.     Plaintiff is a Class member and Class Vehicle owner. In April 2021, Plaintiff purchased a 2021 Hyundai Venue from the Dean Team Hyundai Dealership, in Ballwin, Missouri.

37.     Plaintiff's vehicle suffers from the Defect affecting Defendants' Class Vehicles, which he confirmed by calling Hyundai's customer service line to inquire about whether the Defect affected his Venue.

38.     Defendant Hyundai never informed Plaintiff that his Venue suffered from the Defect when he purchased his Venue, nor did any of Defendant Hyundai's marketing materials that Plaintiff reviewed disclose the Defect. All representations

---

[9] *See* "Motor vehicle thefts in Milwaukee are up 152%. Auto repair businesses say the worst may be yet to come" at https://www.jsonline.com/story/news/solutions/2021/02/03/motor-vehicle-thefts-up-152-milwaukee-so-far-2021/4266701001/ (last visited Sept. 12, 2022).

[10] *See* "Hyundai and Kia thefts hit insurance and appraisal industry" https://www.ksdk.com/article/news/local/hyundai-kia-thefts-hit-insurance-appraisal-industry/63-24673a34-d557-452c-9fce-f10d6ce94c02 (last visited Sept. 12, 2022).

CLASS ACTION COMPLAINT - 7

and materials from Defendant Hyundai marketed the vehicle as safe and reliable.

39.     Plaintiff would not have purchased the vehicle or would not have purchased it at the price he did had he known about the Class Vehicle's Defect. Indeed, the Defect reduces the value of his vehicle as other consumers will not pay as much for a vehicle that is easy to steal and expensive to insure.

40.     In fact, Plaintiff's insurance rates have already increased dramatically in the last six months, even though he has not been in an accident and received traffic citations.

41.     As a result, Plaintiff has suffered damages in an amount to be determined at trial.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff sues on behalf of himself and the proposed Nationwide Class and Missouri Subclass (together "Class" unless otherwise noted), defined as follows:

> **Nationwide Class**: All individuals and entities in the United States that purchased or leased a Class Vehicle.

> **Missouri Subclass**: All individuals and entities in the State of Missouri that purchased or leased a Class Vehicle.

Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

43.     Plaintiff reserves the right to amend the class definition.

44.     This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Fed. R. Civ. P. 23.

CLASS ACTION COMPLAINT - 8

a. **Numerosity**. Plaintiff is representative of the proposed Class. On information and belief, the Class consists of many thousands of members, far too many to join in a single action;

b. **Ascertainability**. Class members are readily identifiable from information in Defendants' possession, custody, and control;

c. **Typicality**. Plaintiff's claims are typical of Class member's claims as each Class member owns a vehicle with the same defect.

d. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's interests. His interests do not conflict with Class members' interests and he has retained counsel experienced in complex class action litigation and data privacy to prosecute this action on the Class's behalf, including as lead counsel.

e. **Commonality**. Plaintiff and the Class's claims raise predominantly common fact and legal questions that a class wide proceeding can answer for all Class members. Indeed, it will be necessary to answer the following questions:

i. Whether Defendants designed, manufactured, advertised, sold, and place the Class Vehicles into the stream of commerce;

ii. Whether the Class Vehicles were defective as described above;

iii. Whether the Defect is a safety and/or security defect that created a foreseeable risk of harm to Plaintiff and the Class;

iv. Whether Defendants breached their implied warranties with the Class regarding the Class Vehicles;

v. Whether Defendants knew about the Defect and, if so, for how long;

CLASS ACTION COMPLAINT - 9

vi.     Whether Defendants concealed the Defect;

vii.    Whether Defendants' conduct violates consumer protection statutes, warranty law, and other laws as alleged in this complaint;

viii.   Whether the Class has suffered damages because of Defendants' misconduct;

ix.     What the proper damages measure is, including the diminution of value and deprivation of the benefit of the bargain; and

x.      Whether the Class is entitled to injunctive relief.

Further, common questions of law and fact predominate over any individualized questions, and a class action is superior to individual litigation or any other available method to fairly and efficiently adjudicate the controversy. The damages available to individual plaintiffs are insufficient to make individual lawsuits economically feasible.

## **FIRST CAUSE OF ACTION**
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*.**
**(On Behalf of Plaintiff and the Class)**

45.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46.     Plaintiff brings this claim on behalf of themselves and the Class against Defendants.

47.     Plaintiff and each Class Member are a "consumer" as defined in 15 U.S.C. section 2301(3).

48.     Defendants are "supplier[s]" and "warrantor[s]" as defined in 15 U.S.C. section 2301(4)-(5). As a warrantor, Defendants are required to remedy any defect, malfunction or nonconformance of the Class Vehicles within a reasonable time and without charge to the Plaintiff and the Class Members. *Id*. § 2304(a)(1)

49.     The Class Vehicles are each a "consumer product" as defined in 15

CLASS ACTION COMPLAINT - 10

U.S.C. section 2301(1).

50.  Title 15 U.S.C. section 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with the written and implied warranties.

51.  Defendants' warranty is a "written warranty" within the meaning of 15 U.S.C. section 2301(6). Defendants' implied warranty is an "implied warranty" within the meaning of 15 U.S.C. section 2301(7).

52.  Defendants expressly warranted any vehicle defect due to materials or workmanship.

53.  As a part of the implied warranty of merchantability, Defendants warranted that the Class Vehicles were fit for their ordinary purpose as safe passenger motor vehicles, would pass without objection in the trade as designed, manufactured, and marketed, and were adequately contained, packaged, and labeled.

54.  As described above, Defendants' failure and/or refusal to repair the Defect within the applicable warranty period constitutes a breach of the written and implied warranties applicable to the Class Vehicles.

55.  Plaintiff and the Class notified Defendants of the breach within a reasonable time and/or were not required to do so. Defendants were also on notice of the Defect from, among other sources, the complaints and service requests it received from Class Members and its dealers.

56.  As a result of Defendants' breaches of the written and implied warranties, and Defendants' failure to remedy the same within a reasonable time, Plaintiff and the Class have suffered damages.

57.  Plaintiff and the Class have had sufficient direct dealings with Defendants or their agents (dealerships and distributors) to establish privity of

contract between Defendants and Plaintiff and the Class Members. Nonetheless, privity is not required here because Plaintiff and the Class Members are intended third-party beneficiaries of Defendants' written warranty between Defendants and its dealers. The dealers were not intended to be the ultimate consumers of the Class Vehicles as the warranty agreements were designed for and intended to benefit consumers.

58.     The Class Vehicles share a common defect in that they are manufactured with defective materials and/or with poor workmanship. Contrary to Defendants' representations about its vehicles, the Class Vehicles are defective in manufacture, materials and/or workmanship and are unsafe. The Class Vehicles share a common defect that prevents the driver from being able to turn off and lock the vehicle. The Defect occurs within the warranty terms and period.

59.     Affording Defendants a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here. Defendants have long been on notice of the claims of Plaintiff and Class Members and have refused to acknowledge the existence of the defect and/or refused to provide a remedy.

60.     At the time of sale or lease of each Class Vehicle, Defendants knew, should have known, or were reckless in not knowing of its misrepresentations and omissions concerning the Defect and inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the Defect. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resort to an informal dispute resolution procedure and/or afford Defendants a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

61.     Plaintiff and the Class Members would suffer economic hardship if they returned their Class Vehicles but did not receive the return of all payments

made by them. Because Defendants are refusing to acknowledge any revocation of acceptance and return immediately any payments made, Plaintiff and the Class Members have not reaccepted their Class Vehicles by retaining them.

62.     Pursuant to 15 U.S.C. section 2310(d)(3), the amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25 and the amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs. Plaintiff, individually and on behalf of other Class Members, seeks all damages permitted by law, including diminution in value of their Class Vehicles, in an amount to be proven at trial.

63.     In addition, pursuant to 15 U.S.C. section 2310(d)(2), Plaintiff and the Class Members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiff and the Class Members in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION
### Breach of Express Warranty
### (On Behalf of Plaintiff and the Class)

64.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65.     Plaintiff brings this claim on behalf of themselves and the Class against Defendants

66.     Defendants are and were at all relevant times a merchant and seller of motor vehicles within the meaning of the Uniform Commercial Code and relevant state law.

67.     With respect to leases, Defendants are and were at all relevant times a lessor of motor vehicles within the meaning of the Uniform Commercial Code and

relevant state law.

68. The Class Vehicles are and were at all relevant times goods within the meaning of the Uniform Commercial Code and relevant state law.

69. Defendants provided all purchasers and lessees of the Class Vehicles with an express warranty which became a material part of the bargain. Accordingly, Defendants' express warranty is an express warranty under applicable state law.

70. The Warranty formed the basis of the bargain that was reached when Plaintiff and other members of the Class purchased or leased their Class Vehicles.

71. Defendants breached the express warranty through the acts and omissions described above.

72. Plaintiff and the members of the Class have had sufficient direct dealing with Defendants or their agents (*i.e.*, dealerships and technical support) to establish privity of contract between Defendants, on one hand, and Plaintiff and each of the other members of the Class on the other hand. Nonetheless, privity is not required here because Plaintiff and each of the other members of the Class are the intended third-party beneficiaries of contracts between Defendants and its distributors and dealers, and specifically, of Defendants' express warranties. The dealers were not intended to be the ultimate consumers of the Class Vehicles and have no rights under the warranty agreements provided with the Class Vehicles; the warranty agreements were designed for and intended to benefit the consumer only.

73. Any attempt by Defendants to disclaim or limit recovery to the terms of the express warranty is unconscionable and unenforceable here. Specifically, the warranty limitation is unenforceable because Defendants knowingly sold, distributed, or leased defective products without informing consumers about the Defect. The time limits are unconscionable and inadequate to protect Plaintiff and the members of the Class. Among other things, Plaintiff and the members of the

CLASS ACTION COMPLAINT - 14

Class did not determine these time limitations and/or did not know of other limitations not appearing in the text of the warranties, the terms of which were drafted by Defendants and unreasonable favored Defendants. A gross disparity in bargaining power and knowledge of the extent, severity, and safety risk of the Defect existed between Plaintiff and the members of the Class.

74. Plaintiff was not required to notify Defendants of the breach because affording Defendants a reasonable opportunity to cure its breach of their written warranty would have been futile. Defendants were also on notice of the Defect from the complaints and service requests it received from members of the Class, including those formal complaints submitted to NHTSA, and through other internal sources.

75. As a result of Defendants' breach of the applicable express warranties, owners and/or lessees of the Class Vehicles suffered, and continue to suffer, an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Defect, Plaintiff and the members of the Class were harmed and suffered actual damages in that the Class Vehicles are substantially certain to fail before their expected useful life has run. Had Plaintiff known this information, he would not have purchased or would have paid less for his Class Vehicles.

76. As a result of Defendants' breach of the express warranty, Plaintiff and the members of the Class are entitled to legal and equitable relief against Defendants, including actual damages, specific performance, attorney's fees, costs of suit, and other relief as appropriate.

### THIRD CAUSE OF ACTION
**Breach of the Implied Warranty of Merchantability**
**(On Behalf of Plaintiff and the Class)**

CLASS ACTION COMPLAINT - 15

77. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

78. Plaintiff brings this claim on behalf of himself and the Class against Defendants.

79. Defendants are and were at all relevant times a merchant and seller of motor vehicles within the meaning of the Uniform Commercial Code and relevant state law.

80. With respect to leases, Defendants are and were at all relevant times a lessor of motor vehicles within the meaning of the Uniform Commercial Code and relevant state law.

81. The Class Vehicles are and were at all relevant times goods within the meaning of the Uniform Commercial Code and relevant state law.

82. A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary for which vehicles are used is implied by law under the Uniform Commercial Code and relevant state law.

83. Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased. Defendants directly sold and marketed the Class Vehicles to customers through their agents, the authorized dealers, like those from whom Plaintiff and the members of the Class bought or leased their vehicles, for the intended purpose of consumers purchasing the vehicles. Defendants knew that the Class Vehicles would and did pass unchanged from the authorized dealers to Plaintiff and the members of the Class, with no modification to the defective Class Vehicles.

84. Defendants provided Plaintiff and the members of the Class with an implied warranty that the Class Vehicles and their components and parts are merchantable and fit for the ordinary purposes for which they were sold.

85.     This implied warranty included, among other things: (i) a warranty that the Class Vehicles that were manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles would be fit for their intended use while the Class Vehicles were being operated.

86.     Contrary to the applicable implied warranties, the Class Vehicles at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff and the members of the Class with reliable, durable, and safe transportation. Instead, the Class Vehicles were and are defective at the time of sale or lease and thereafter as more fully described above. Defendants knew of this defect at the time these sale or lease transactions occurred.

87.     As a result of Defendants' breach of the applicable implied warranties, Plaintiff and the members of the Class of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Defect, Plaintiff and the members of the Class were harmed and suffered actual damages in that the Class Vehicles are substantially certain to fail before their expected useful life has run.

88.     Defendants' actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of the Uniform Commercial Code and relevant state law.

89.     Plaintiff and the members of the Class have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendants' conduct described herein.

90.     Plaintiff and the members of the Class were not required to notify Defendants of the breach because affording Defendants a reasonable opportunity to cure its breach of warranty would have been futile. Defendants were also on notice

of the Defect from the complaints and service requests it received from Plaintiff and the members of the Class and through other internal sources.

91.     As a direct and proximate cause of Defendants' breach, Plaintiff and the members of the Class suffered damages and continue to suffer damages, including economic damages at the point of sale or lease and diminution of value of their Class Vehicles. Additionally, Plaintiff and the members of the Class have incurred or will incur economic damages at the point of repair in the form of the cost of repair as well as additional losses. Had Plaintiff and the Class known this information, they would not have purchased or would have paid less for their Class Vehicles.

92.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and the members of the Class have been damaged in an amount to be proven at trial.

<u>FOURTH CAUSE OF ACTION</u>
**Violation of the California Consumers Legal Remedies Act**
**California Civil Code §§ 1750, *et seq.***
(**On Behalf of Plaintiff and the Class**)

93.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

94.     Plaintiff bring this claim on behalf of himself and the Class.

95.     This cause of action is brought under the CLRA. Plaintiff and members of the Class are consumers as defined by California Civil Code § 1761(d), and the Class Vehicles constitute goods within the meaning of the CLRA.

96.     Defendants have violated, and continues to violate, the CLRA by engaging in the following deceptive practices proscribed by California Civil Code § 1770(a) in connection with transactions intended to result in, and that did result in, the sale and/or lease of the Class Vehicles to Plaintiff and members of the Class

CLASS ACTION COMPLAINT - 18

in violation of, *inter alia*, the following provisions:

    a. Representing that the goods have characteristics, uses, or benefits which they do not have (Cal. Civ. Code §1770(a)(5));

    b. Representing that that goods are of a particular standard, quality, or grade if they are of another (Cal. Civ. Code § 1770(a)(7));

    c. Advertising goods with the intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

    d. Representing that a transaction involves rights, remedies, or obligations that it does not have or involve (Cal. Civ. Code § 1770(a)(14)); and

    e. Representing that the goods have been supplied in accordance with a previous representation when they have not (Cal. Civ. Code § 1770(a)(16)).

97. Plaintiff and members of the Class, in purchasing/leasing and using the Class Vehicles, did reasonably act in response to Defendants' above representations or would have considered the omitted facts set forth herein as material to their purchasing/leasing decision. Plaintiff and members of the Class have suffered damages by the wrongful acts and practices of Defendants that are in violation of California Civil Code § 1781.

98. Defendants engaged in unfair and deceptive acts, omissions, and practices by representing to Plaintiff and the members of the Class that the Class Vehicles were safe, reliable, and free from defects of workmanship and failing to disclose that the Class Vehicles had the Defect which rendered the Class Vehicles easy to steal, unsafe, and worth less than they should be, if they did not have the Defect

99. The representations regarding the Class Vehicles were material to

Plaintiff and the members of the Class. Defendants intended that Plaintiff and the members of the Class would rely on these representations and they did, in fact, rely on the representations.

100. Had Plaintiff and the Class known this information, they would not have purchased or would have paid less for their Class Vehicles.

101. In accordance with California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive relief for Defendants' violations of the CLRA.

102. In accordance with California Civil Code §§ 1782(a) and (d), Plaintiff has provided Defendants with the appropriate notice and demand and will amend this Complaint upon receiving Defendants' response.

<u>**FIFTH CAUSE OF ACTION**</u>
**Unlawful, Unfair and Fraudulent Business Practices in Violation of California Consumers Business and Professions Code §§ 17200,** *et seq.*
(**On Behalf of Plaintiff and the Class**)

103. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

104. Plaintiff brings this claim on behalf of himself and the Class.

105. The UCL defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.

106. Defendants have violated, and continues to violate, the UCL by representing to Plaintiff and the members of the Class that the Class Vehicles were safe, reliable, and free from defects of workmanship and failing to disclose that the Class Vehicles had the Defect which rendered the Class Vehicles easy to steal, unsafe, and worth less than they should be, if they did not have the Defect

107. By engaging in the above-described acts and practices, Defendants have committed an unfair business practice within the meaning of the UCL. Plaintiff and the Class members have suffered substantial injury they could not have

CLASS ACTION COMPLAINT - 20

reasonably avoided other than by not purchasing or leasing the Class Vehicles.

108.   Defendants' acts and practices have deceived and/or are likely to deceive the Class members and the public and thus constitute a fraudulent business practice. Defendants uniformly marketed and advertised the Class Vehicles as safe, reliable, and free from defect when, in fact, they are not because they contain the Defect which rendered the Class Vehicles easy to steal, unsafe, and worth less than they should be, if they did not have the Defect.

109.   As discussed above, Plaintiff and members of the Class purchased and/or leased the Class Vehicles directly from Defendants and/or their authorized agents. Plaintiff and members of the Class were injured in fact and lost money as a result of such acts of unfair competition.

110.   The injuries suffered by Plaintiff and members of the Class greatly outweigh any potential countervailing benefit to consumers or to competition. The injuries suffered by Plaintiff and the Class should have or could have been reasonably avoided.

111.   Defendants received the funds paid by Plaintiff and the Class members and profited by misrepresenting the properties and quality of the Class Vehicles that they otherwise would not have sold. Defendants' revenues attributable thereto are, thus, directly traceable to the substantial amount of money paid by Plaintiff and members of the Class.

112.   Unless Defendants are enjoined from continuing to engage in the unlawful, unfair, and fraudulent business acts and practices as described herein, which is ongoing, Plaintiff and members of the Class will continue to be injured by Defendants' conduct and as a result do not have an adequate remedy at law. Plaintiff and members of the Class request this Court to enjoin Defendants from continuing to violate the UCL.

CLASS ACTION COMPLAINT - 21

113. The unlawful, unfair, and fraudulent conduct described herein is ongoing and continues to this date. Plaintiff and members of the Class are therefore entitled to relief as appropriate for this cause of action.

**SIXTH CAUSE OF ACTION**
**Violation of the Song-Beverly Consumer Warranty Act**
**Cal. Civ. Code § 1791,** *et seq.*
**(On Behalf of Plaintiff and the Class)**

114. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

115. Plaintiff brings this claim on behalf of themselves and the Class.

116. Plaintiff and the Class members who purchased or leased the Class Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

117. The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

118. Defendants are a "manufacturer[]" of the Class Vehicles within the meaning of Cal. Civ. Code §1791(j).

119. Defendants impliedly warranted to Plaintiff and the Class members that the Class Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792. However, the Class Vehicles do not have the quality that a buyer would reasonably expect.

120. Cal. Civ. Code § 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

    a. Pass without objection in the trade under the contract description.

    b. Are fit for the ordinary purposes for which such goods are used.

    c. Are adequately contained, packaged, and labeled.

d. Conform to the promises or affirmations of fact made on the container or label.

121. Plaintiff and members of the Class purchased or leased the Class Vehicles, manufactured by Defendants, from Defendants by and through their authorized agents for retail sales, or were otherwise expected to be the eventual purchasers of the Class Vehicles when bought from a third party. At all relevant times, Defendants were the manufacturers, distributors, warrantors, and/or sellers of the Class Vehicles. Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

122. Defendants have provided Plaintiff and members of the Class with one or more express warranties.

123. Plaintiff and members of the Class experienced the Defect within the warranty periods, but Defendants failed to inform Plaintiff and members of the Class of the existence of the Defect and associated safety hazard, and failed to provide a suitable repair or replacement of the defective components free of charge within a reasonable time.

124. Defendants impliedly warranted that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used.

125. Contrary to the applicable implied warranties, the Class Vehicles' were not free from the Defect, making the Class Vehicles unfit for their ordinary and intended purpose of providing Plaintiff and the Class members with reliable, durable, and safe transportation, would not pass without objection in trade, were not adequately labeled, and did not conform to the promises and affirmation on their labels.

126. The Defect is inherent and was present in each Class Vehicle at the time of sale.

CLASS ACTION COMPLAINT - 23

127.   Defendants were provided notice of the Defect by numerous consumer complaints made to authorized dealers nationwide, complaints to NHTSA and, upon information and belief, through Defendants' own testing. Affording Defendants a reasonable opportunity to cure its breach of implied warranties would be unnecessary and futile here because Defendants have known of and concealed the Defect and, on information and belief, have refused to repair the Defect free of charge within a reasonable time.

128.   Defendants have breached its express and implied warranties in violation of Cal. Civ. Code § 1791, *et seq.*

129.   As a direct and proximate result of Defendants' breach of its express and/or implied warranties, Plaintiff and members of the Class have been damaged in an amount to be proven at trial.

130.   Plaintiff and members of the Class have been excused from performance of any warranty obligations as a result of Defendants' conduct described herein.

131.   Plaintiff and members of the Class seek actual damages, costs, attorneys' fees, and statutory damages as a result of Defendants' willful conduct alleged herein. Plaintiff and members of the Class also seek reimbursement, replacement of the defective components, and/or the revocation of the purchase of lease of their Class Vehicles, and all other relief available under Cal. Civ. Code § 1794.

132.   The applicable statute of limitations for the implied warranty claim has been tolled by the discovery rule and/or fraudulent concealment.

## SEVENTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff and the Class)

133.   Plaintiff repeats and re-alleges each and every allegation contained in

the preceding paragraphs as if fully set forth herein.

134. Plaintiff brings this claim for unjust enrichment in the alternative to the previously plead claims, Causes of Action One through Six.

135. Substantial benefits have been conferred on Defendants by Plaintiff and the Class through the purchase and lease of the Class Vehicles with the Defect. Defendants knowingly and willingly accepted and enjoyed these benefits.

136. Defendants either knew or should have known that the payments rendered by Plaintiff and the Class were given and received with the expectation that the Class Vehicles would have the qualities, characteristics, and safety represented by Defendants. As such, it would be inequitable for Defendants to retain the benefit of the payments under these circumstances without payment of the value to Plaintiff and the Class.

137. Plaintiff and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon. Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the law.

### EIGHTH CAUSE OF ACTION
### Violation of the Missouri Merchandising Practice Act
### (On Behalf of Plaintiff and the Missouri Sub-Class)

138. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

139. Plaintiff brings this claim for unjust enrichment in the alternative to the previously plead claims, Causes of Action One through Seven.

140. Plaintiff, Class Members, and Defendants are all "person[s]" for purposes of the Merchandising Practices Act ("MMPA"). Mo. Rev. Stat. § 407.010, *et seq.*

CLASS ACTION COMPLAINT - 25

141.   The Class Vehicles are "merchandise" for purposes of the MMPA.

142.   Plaintiff and Class Members purchased the Class Vehicles for personal, family or household purposes.

143.   Pursuant to the MMPA, it is unlawful for a person to use "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact" in connection with the sale of merchandise in the State of Missouri. Such acts are unlawful whether committed before, during or after the sale, advertisement, or solicitation in question.

144.   Pursuant to the MMPA, any person who purchases merchandise for personal, family or household purposes, and suffers an ascertainable loss of money as a result of the use of unlawful acts in connection with such sale, may bring a civil action to recover actual and punitive damages from the person that committed the unlawful act.

145.   Defendants engaged in unfair and deceptive acts, omissions, and practices as defined by the MMPA by representing to Plaintiff and the members of the Class that the Class Vehicles were safe, reliable, and free from defects of workmanship and failing to disclose that the Class Vehicles had the Defect which rendered the Class Vehicles easy to steal, unsafe, and worth less than they should be, if they did not have the Defect.

146.   The representations regarding the Class Vehicles were material to Plaintiff and the members of the Class. Defendants intended that Plaintiff and the members of the Class would rely on these representations and they did, in fact, rely on the representations.

147.   Plaintiff and members of the Class, in purchasing/leasing and using the Class Vehicles, did reasonably act in response to Defendants' above representations or would have considered the omitted facts set forth herein as material to their

purchasing/leasing decision. Plaintiff and members of the Class have suffered damages by the wrongful acts and practices of Defendants that are in violation of 1781 Mo. Rev. Stat. § 407.020.

148.   Had Plaintiff and the Class known this information, they would not have purchased or would have paid less for their Class Vehicles.

149.   Plaintiff and members of the Class have been damaged in an amount to be proven at trial.

150.   As a result of Defendants' actions and omissions, Plaintiff and the members of the Class are entitled to legal and equitable relief against Defendants, including actual damages, attorney's fees, costs of suit, specific performance, equitable and other relief as appropriate. 1781 Mo. Rev. Stat. § 407.025.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully request that this Court enter judgment against Defendants and in favor of Plaintiff and the Class, and pray for judgment as follows:

a) An order certifying the proposed Class, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

b) A declaration that Defendants are financially responsible for notifying all the Class Members of the Defect;

c) An order enjoining Defendants from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles; compelling Defendants to issue a voluntary recall for the Class Vehicles pursuant to 49 U.S.C. section 30118(a); compelling Defendants to repair and eliminate the Defect from every Class Vehicle; enjoining Defendants from selling the Class Vehicles with the misleading information; and/or

compelling Defendants to reform its warranty in a manner deemed to be appropriate by the Court, to cover the injury alleged and to notify all Class Members that such warranty has been reformed;

d) Damages and restitution in an amount to be proven at trial;

e) Any and all remedies provided pursuant to the express and implied warranty laws, common law fraud by concealment laws, and consumer protection statutes alleged herein;

f) An award to Plaintiff and the Class of compensatory, exemplary, and statutory damages as permitted by law, including interest, in an amount to be proven at trial;

g) A declaration that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of Class Vehicles, and/or make full restitution to Plaintiff and the Class Members;

h) An award of pre-judgment and post-judgment interests, as provided by law;

i) An award of attorneys' fees and recoverable litigation expenses as may be allowable under applicable law;

j) Leave to amend the Complaint to conform to the evidence produced at trial; and

k) Such other relief as the Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for any and all issues in this action so triable.

Dated: September 19, 2022                    Respectfully submitted,

By:     */s/ Michael F. Ram*
          Michael F. Ram

CLASS ACTION COMPLAINT - 28

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
Michael F. Ram (SBN. 104805)
Marie N. Appel (SBN. 187483)
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
mram@forthepeople.com
mappel@forthepeople.com

**TURKE STRAUSS, LLP**
Samuel J. Strauss (To be admitted *pro hac vice*)
Raina C. Borrelli (To be admitted *pro hac vice*)
Brittany Resch (To be admitted *pro hac vice*)
613 Williamson Street, Suite 100
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com
brittanyr@turkestrauss.com

**DONNER APPLEWHITE,
ATTORNEYS AT LAW**
Steven A. Donner
Thomas R. Applewhite
906 Olive Street, Suite 1110
St. Louis, MO 63101
Telephone: (314) 240-5350
steve.donner@da-lawfirm.com
tom.applewhite@da-lawfirm.com

*Attorneys for Plaintiff and the
Proposed Class*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| STEVEN C. HUFFORD, on behalf of himself and all others similarly situated, | KIA AMERICA, INC., and HYUNDAI MOTOR AMERICA, |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Michael F. Ram, Morgan and Morgan Complex Litigation Group, 711 Van Ness Ave, Suite 500, San Francisco, CA 94102; (415) 358-6913 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d)(2) 1. Kia and Hyundai vehicles suffer from a defect and design flaw that allows anyone with a USB cable to steal them.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☒ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

| CV-71 (10/20) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☒ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☒ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☒ Yes   ☐ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Southern |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (10/20)  CIVIL COVER SHEET  Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?  ☐ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?  ☐ NO  ☒ YES

If yes, list case number(s):  8:22-cv-01548 McNerney (Filed 8/19/22); 8:22-cv-01440 Yeghiaian (Filed 8/3/22)

**Civil cases** are related when they (check all that apply):

☒ A.  Arise from the same or a closely related transaction, happening, or event;

☒ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  /s/ Michael F. Ram                     DATE:  9/19/2022

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |