# EXHIBIT 16

# U.S. District Court
# Eastern District of Kentucky (Lexington)
# CIVIL DOCKET FOR CASE #: 5:22-cv-00202-KKC

Day v. Kia America, Inc. et al                          Date Filed: 08/04/2022
Assigned to: Judge Karen K. Caldwell                    Jury Demand: Plaintiff
Cause: 15:2301 Magnuson-Moss Warranty Act               Nature of Suit: 355 Motor Vehicle Prod.
                                                        Liability
                                                        Jurisdiction: Federal Question

**Plaintiff**

**Rita Day**                            represented by   **Chelsea M. Pierce**
*On behalf of herself and all others*                   Humphrey Farrington & McClain
*similarly situated*                                    221 W. Lexington
                                                        Suite 400
                                                        Independence, MO 64050
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David A. Futscher**
                                                        Futscher Law PLLC
                                                        913 N. Oak Drive
                                                        Villa Hills, KY 41017
                                                        859-912-2394
                                                        Email: david@futscherlaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan M. Soper**
                                                        Humphrey Farrington & McClain
                                                        221 W. Lexington
                                                        Suite 400
                                                        Independence, MO 64050
                                                        816-836-5050
                                                        Email: jms@hfmlegal.com
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kenneth B. McClain**
                                                        Humphrey Farrington & McClain
                                                        221 W. Lexington
                                                        Suite 400

Independence, MO 64050
816-836-5050
Fax: 816-836-8966
Email: kbm@hfmlegal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin D. Stanley**
Humphrey Farrington & McClain
221 W. Lexington
Suite 400
Independence, MO 64050
816-836-5050
Fax: 816-836-8966
Email: kds@hfmlegal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia America, Inc.**                    represented by    **Donald C. Morgan**
Sturgill, Turner, Barker & Moloney
PLLC
333 W. Vine Street
Suite 1500
Lexington, KY 40507
859-255-8581
Fax: 859-231-0851
Email: dmorgan@sturgillturner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T. Brody**
Jenner & Block - IL
353 N. Clark Street
One IBM Plaza
Chicago, IL 60654-3456
312-222-9350
Fax: 312-527-0484
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter J. Brennan**
Jenner & Block - IL
353 N. Clark Street

One IBM Plaza
Chicago, IL 60654-3456
312-222-9350
Fax: 312-527-0484
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Todd Osterloh**
Sturgill, Turner, Barker & Moloney PLLC
333 W. Vine Street
Suite 1500
Lexington, KY 40507
859-255-8581
Fax: 859-231-0851
Email: tosterloh@sturgillturner.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hyundai Motor America**      represented by    **Donald C. Morgan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T. Brody**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter J. Brennan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Todd Osterloh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hyundai Kia America Technical Center, Inc.**      represented by    **Donald C. Morgan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T. Brody**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter J. Brennan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morgan Todd Osterloh**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2022 | 1 | COMPLAINT ( Filing fee $402; receipt number AKYEDC-5328298), filed by Rita Day. (Attachments: # 1 Civil Cover Sheet)(SAM) (Entered: 08/04/2022) |
| 08/04/2022 | | NOTICE OF DEFICIENCY TO David Futscher re 1 Complaint; attorney notified clerk the summons should be returned electronically; however, a prepared summons was not attached to the electronic filing of the complaint in the fictitious miscellaneous case number 22-99999. A summons may be issued by presenting the prepared summons to the Clerk for issuance on paper or by electronically filing a document entitled Notice of Filing with the prepared summons as an attachment <u>within 7 calendar days</u>. (SAM) Modified on 8/4/2022 (SAM). (Entered: 08/04/2022) |
| 08/04/2022 | | Conflict Check run. (SAM) (Entered: 08/04/2022) |
| 08/04/2022 | 3 | NOTICE TO ATTORNEY Kenneth B. McClain by Clerk re: L.R. 83 - Attorney Admission procedures w/ a copy of L.R. 83.1 and 83.2 (SAM) (Entered: 08/04/2022) |
| 08/04/2022 | 4 | NOTICE TO ATTORNEY Jonathan M. Soper by Clerk re: L.R. 83 - Attorney Admission procedures w/ a copy of L.R. 83.1 and 83.2 (SAM) (Entered: 08/04/2022) |
| 08/04/2022 | 5 | NOTICE TO ATTORNEY Kevin D. Stanley by Clerk re: L.R. 83 - Attorney Admission procedures w/ a copy of L.R. 83.1 and 83.2 (SAM) (Entered: 08/04/2022) |
| 08/04/2022 | 6 | NOTICE TO ATTORNEY Chelsea M. Pierce by Clerk re: L.R. 83 - Attorney Admission procedures w/ a copy of L.R. 83.1 and 83.2 (SAM) (Entered: 08/04/2022) |
| 08/10/2022 | 7 | NOTICE OF FILING by Rita Day *Summons* (Attachments: # 1 Summons for Service of Kia America, Inc., # 2 Summons for Service of Hyundai Kia America Technical Center, Inc., # 3 Summons for Service of Hyundai Motor America) (Futscher, David) (Entered: 08/10/2022) |
| 08/11/2022 | | |

| | | |
|---|---|---|
| | | NOTICE FOR ATTORNEY TO UPDATE ADDRESS to David A. Futscher: It appears the address listed on your filing 7 Notice of Filing, is different than the address registered with our Court.<br><br>Pursuant to the Court's Administrative Policies and Procedures governing ECF, a request to update your address must be processed through your PACER account.<br><br>Please visit the Court's website at www.kyed.uscourts.gov for information or contact the Help Desk at 1-866-485-6349. cc: COR (JLM) (Entered: 08/11/2022) |
| 08/11/2022 | 8 | Summons Issued as to Hyundai Kia America Technical Center, Inc., Hyundai Motor America, Kia America, Inc.; Summons issued and returned to counsel electronically (Attachments: # 1 Summons HMA, # 2 Summons HKATCI) (JLM) (Entered: 08/11/2022) |
| 08/16/2022 | 9 | MOTION for Jonathan M. Soper to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5339633) (Attachments: # 1 Exhibit Certificate of Good Standing)(Futscher, David) (Entered: 08/16/2022) |
| 08/16/2022 | | BAR STATUS Check completed re 9 MOTION for Jonathan M. Soper to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5339633). (JLM) (Entered: 08/16/2022) |
| 08/16/2022 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Caldwell for review: re 9 MOTION for Jonathan M. Soper to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5339633) (JLM) (Entered: 08/16/2022) |
| 08/17/2022 | | NOTICE OF DEFICIENCY TO David A. Futscher re 9 MOTION for Jonathan M. Soper to Appear Pro Hac Vice by Rita Day; attorney failed to submit a proposed order as an electronic attachment to the motion. Entry by attorney; within 7 calendar days, prepare a document entitled Notice of Filing, file the Notice using the event Notice of Filing, attach the proposed order, and create a link to the related docket entry.cc: COR (JLM) (Entered: 08/17/2022) |
| 08/17/2022 | 10 | ORDER: granting 9 Motion to Appear Pro Hac Vice for Jonathan M. Soper. The Court DIRECTS the attorney to Local Civil Rule 7.1(e), which requires that a party filing a motion must also file a separate proposed order. Signed by Judge Karen K. Caldwell on 8/17/22. (JLM)cc: COR and Jonathan M. Soper by US Mail (Entered: 08/17/2022) |
| 08/17/2022 | | NOTICE FOR ATTORNEY TO REQUEST E-Filing Privileges to Jonathan M. Soper:<br><br>A Pro Hac Vice e-Filing request must be processed through your PACER account.<br><br>IMPORTANT NOTICE: You are required to electronically file and receive electronic service from the court's automated Electronic Case Filing (ECF) system. If you are not a registered Filing User for the Court's ECF system, please visit the Court's website at www.kyed.uscourts.gov for information and/or training. For additional assistance contact the Help Desk at 1-866-485- |

| | | |
|---|---|---|
| | | 6349. cc: COR and via U.S. Mail to Jonathan M. Soper (JLM) (Entered: 08/17/2022) |
| 08/17/2022 | 11 | MOTION for Kevin D. Stanley to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5341370) (Attachments: # 1 Proposed Order Proposed Order)(Futscher, David) (Entered: 08/17/2022) |
| 08/18/2022 | | NOTICE RE: DOCUMENT CONVERSION REQUIREMENT TO David A. Futscher; Error: the pleading was scanned instead of converted into PDF format directly from the native word application. Use a scanner ONLY if you cannot electronically prepare your documents with a word processing software package and convert them to PDF format. No further action required by counsel. cc: COR (JLM) (Entered: 08/18/2022) |
| 08/18/2022 | | BAR STATUS Check completed as to Kevin D. Stanley re 11 MOTION for Kevin D. Stanley to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5341370). (JLM) (Entered: 08/18/2022) |
| 08/18/2022 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Caldwell for review: re 11 MOTION for Kevin D. Stanley to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5341370) (JLM) (Entered: 08/18/2022) |
| 08/18/2022 | 12 | ORDER: granting 11 Motion to Appear Pro Hac Vice for Kevin D. Stanley. Signed by Judge Karen K. Caldwell on 8/18/22. (JLM)cc: COR (Entered: 08/18/2022) |
| 08/22/2022 | 13 | SUMMONS Returned Executed by Rita Day via Private Process Server to Hyundai Kia America Technical Center, Inc. served on 8/19/2022, answer due 9/9/2022. (Soper, Jonathan) (Entered: 08/22/2022) |
| 09/07/2022 | | ***FILE SUBMITTED TO CHAMBERS of Judge Karen K. Caldwell for review: 3 Notice to Attorney Kenneth McClain, 6 Notice to Attorney Chelsea M. Pierce. No admission application or PHV received. (JER) (Entered: 09/07/2022) |
| 09/09/2022 | 14 | SUMMONS Returned Executed by Rita Day via Registered Agent - personal to Kia America, Inc. served on 8/23/2022, answer due 9/13/2022. (Futscher, David) (Entered: 09/09/2022) |
| 09/09/2022 | 15 | UNOPPOSED MOTION for Extension of Time by Rita Day (Attachments: # 1 Proposed Order Order for Ext of Time)(Futscher, David) (Entered: 09/09/2022) |
| 09/09/2022 | 16 | NOTICE OF APPEARANCE by Hyundai Kia America Technical Center, Inc., Hyundai Motor America, Kia America, Inc.. (Osterloh, Morgan) (Entered: 09/09/2022) |
| 09/12/2022 | | Attorney Update. Attorney Donald C. Morgan, Michael T. Brody, Peter J. Brennan for Hyundai Kia America Technical Center, Inc., Donald C. Morgan, Michael T. Brody, Peter J. Brennan for Hyundai Motor America, Donald C. Morgan, Michael T. Brody, Peter J. Brennan for Kia America, Inc. added. (JLM) (Entered: 09/12/2022) |
| 09/12/2022 | | |

|  |  | ***MOTION SUBMITTED TO CHAMBERS of Judge Karen K. Caldwell for review: re 15 UNOPPOSED MOTION for Extension of Time by Rita Day (JLM) (Entered: 09/12/2022) |
|---|---|---|
| 09/12/2022 | 17 | ORDER: re 15 Agreed Motion for Extension of Time. Defendants' deadline to file their responsive pleadings shall be and is extended until December 20, 2022. Signed by Judge Karen K. Caldwell on 9/12/22. (JLM)cc: COR, Pierce, Brody and Brennan by U.S. mail. Modified on 9/12/2022 (JLM). (Entered: 09/12/2022) |
| 09/20/2022 | 18 | SUMMONS Returned Executed by Rita Day via SPS to RA to Hyundai Motor America served on 8/23/2022, answer due 12/20/2022. (Soper, Jonathan) Modified on 9/20/2022 (JLM). (Entered: 09/20/2022) |
| 09/20/2022 | 19 | DUPLICATE SUMMONS Returned Executed by Rita Day via SPS to RA to Hyundai Motor America served on 8/23/2022, answer due 12/20/2022. (Soper, Jonathan) Modified to state duplicate entry as to DE 18 on 9/20/2022 (JLM). (Entered: 09/20/2022) |
| 09/23/2022 | 20 | MOTION for Chelsea McClain Pierce to Appear Pro Hac Vice by Rita Day ( Filing fee $125; receipt number AKYEDC-5371117) (Attachments: # 1 Exhibit Certificate of Good Standing)(Futscher, David) (Entered: 09/23/2022) |
| 09/26/2022 |  | BAR STATUS Check completed as to Chelsea M. Pierce re 20 MOTION for Chelsea McClain Pierce to Appear Pro Hac Vice by Rita Day.(MDC) (Entered: 09/26/2022) |
| 09/26/2022 |  | ***MOTION SUBMITTED TO CHAMBERS of Judge Karen K. Caldwell for review: re 20 MOTION for Chelsea McClain Pierce to Appear Pro Hac Vice by Rita Day. (MDC) (Entered: 09/26/2022) |
| 09/26/2022 | 21 | ORDER: Chelsea M. Pierce's 20 Motion to Appear Pro Hac Vice is GRANTED. The Court DIRECTS the attorney to Local Civil Rule 7.1(e), which requires that a party filing a motion must also file a separate proposed order. Signed by Judge Karen K. Caldwell on 09/26/2022. (MDC) cc: COR and Chelsea M. Pierce by US Mail (Entered: 09/26/2022) |
| 09/26/2022 |  | NOTICE FOR ATTORNEY TO REQUEST E-Filing Privileges to Chelsea M. Pierce: re 21 Order on Motion to Appear Pro Hac Vice,. <br><br> A Pro Hac Vice e-filing request must be processed through your PACER account. <br><br> IMPORTANT NOTICE: You are required to electronically file and receive electronic service from the court's automated Electronic Case Filing (ECF) system. If you are not a registered Filing User for the Court's ECF system, please visit the Court's website at www.kyed.uscourts.gov for information and/or training. For additional assistance contact the Help Desk at 1-866-485-6349. cc: COR and via U.S. Mail to Chelsea M. Pierce (MDC) (Entered: 09/26/2022) |
| 09/29/2022 | 22 | Proposed Order 20 *Approving Motion for Pro Hac Vice of Chelsea McClain Pierce* by Rita Day. (Futscher, David) Modified on 9/29/2022 (GLD). Modified on 9/29/2022 (GLD). (Entered: 09/29/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2022 10:33:10 | | | |
| **PACER Login:** | jb0014 | **Client Code:** | 71273-10008 |
| **Description:** | Docket Report | **Search Criteria:** | 5:22-cv-00202-KKC |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### AT LEXINGTON

| | | |
|---|---|---|
| Rita Day | ) | |
| 1221 Iron Lace Lane | ) | |
| Lexington, KY 40509 | ) | |
| On behalf of herself | ) | |
| and all others similarly situated, | ) | |
| | ) | Demand for Jury Trial |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Kia America, Inc., | ) | |
| 111 Peters Canyon Rd. | ) | COMPLAINT – CLASS ACTION |
| Irvine, CA 92606 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Hyundai Motor America | ) | |
| 10550 Talbert Ave. | ) | |
| Fountain Valley, CA 92708 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Hyundai Kia America | ) | |
| Technical Center, Inc. | ) | |
| 6800 Geddes Rd. | ) | |
| Superior Township, MI 48198 | ) | |
| | ) | |
| *Defendants.* | ) | |

## CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Comes now Plaintiff, individually and on behalf of all other persons similarly situated, for her complaint for damages against Defendants Kia America, Inc, Hyundai Motor America, and Hyundai Kia America Technical Center, Inc. (collectively, "Defendants").

## **NATURE OF ACTION**

1.      This is a class action claim arising from a defect in Defendants' vehicles which make them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

2.      Defendants did not disclose this defect, which is a material fact, and a fact that a reasonable person would rely on when purchasing a vehicle.

3.      During the relevant class period, Defendants sold these Defective Vehicles (as defined below) at multiple locations throughout the state of Kentucky and the United States.

4.      During the relevant class period, Defendants manufactured, designed, and put into the stream of commerce the Defective Vehicles.

5.      Defendants did so without disclosing the fact that these vehicles had a defect which made them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

6.      Even now, Defendants admit there is a theft problem with these vehicles but refuse to fix them, compensate consumers, or otherwise take actions to solve the problems their Defective Vehicles are causing.

## **PARTIES**

7.      Plaintiff is a resident and citizen of the state of Kentucky.

8.      Plaintiff brings this action on her own behalf and as a representative of a class of persons who purchased and/or own a Defective Vehicle that was manufactured, produced, distributed, and/or sold by Defendants.

9.      This matter arises out of negligent acts, errors, and omissions committed by the Defendants against Plaintiff causing Plaintiff and the putative class to suffer damages.

10.     Plaintiff brings this action on her own behalf and as representative of a class of similarly situated persons to recover damages for violations of the Kentucky Consumer Protection

Act ("KCPA"), KRS § 367 *et seq*., the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.,* among other claims, for economic and injunctive relief against Defendants which manufactured, designed, tested, distributed, promoted and sold the Defective Vehicles.

11.     At the time the vehicle was purchased, Plaintiff was unaware that the vehicle was defective and that it was not fit for the ordinary purposes for which the product is used in that it is easy to steal, unsafe, and worth less than it should be if it did not have the defect.

12.     Specifically, Plaintiff purchased a 2014 Kia Sorento in August, 2016, at Carmax in Lexington, KY, for personal, family, or household purposes.

13.     Plaintiff, on behalf of herself and the putative class, seek a refund for monies paid as a result of her purchase of the Defective Vehicles, compensation for other losses incurred as a result of the defect, and further seeks injunctive relief, enjoining Defendants from selling the Defective Vehicles, and requiring Defendants to fix the defect.

14.     On information and belief, Defendant, Kia America, Inc., is a California corporation that maintains its principal place of business at 111 Peters Canyon Road, Irvine, California, 92606. Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

15.     On information and belief, Defendant, Hyundai Motor America, is a California corporation that maintains its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708. Defendant Hyundai Motor America is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

16. On information and belief, Defendant, Hyundai Kia America Technical Center, Inc., is a Michigan corporation that maintains its principal place of business at 6800 Geddes Road, Superior Township, Michigan 48198. Defendant Hyundai America Technical Center, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff brings this action on behalf of a class which numbers in the thousands, (2) Plaintiff (Kentucky) and Defendants (California and Michigan) are citizens of different states, and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Plaintiff is bringing a putative nationwide class that includes all people that purchased a Defective Vehicle. On information and belief, Defendants have sold thousands of Defective Vehicles throughout Kentucky and the United States, totaling millions upon millions of dollars in sales.

18. This Court has personal jurisdiction over Defendants in that Defendants transact business within the state of Kentucky and committed one or more tortious acts within the state of Kentucky.

19. Defendants transacted business and/or committed tortious acts within the state of Kentucky. Defendants design, manufacture, distribute, and/or sell dangerous and/or defective vehicles in Kentucky. Defendants placed the Defective Vehicles and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed tortious acts in Kentucky from which Plaintiff's claims arise.

20. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events that gave rise to the claims in this case occurred in this District in that the purchase of the Defective Vehicle by Plaintiff took place in Kentucky.

21. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendants have caused harm to Class Members residing in this district, and/or because the Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

22. The Defective Vehicles made the subject of this suit, which are manufactured, designed, produced, distributed, and sold by Defendants, are easy to steal, unsafe, and worth less than they would be if they did not have the defect.

23. Defendants manufacture, design, produce, distribute and sell the "Defective Vehicles," which are hereby defined as: "all Kia models from 2011-2021, and all Hyundai models from 2011-2021." All these vehicles share the same defects, and therefore an owner of any one of them may bring a class action on behalf of the entire class.

24. Defendants concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiff, in Defendants' advertising, labeling or otherwise that these vehicles are defective and are not fit for the ordinary purposes for which the vehicles are used in that they are easy to steal, unsafe, and worth less than they should be, if they were not defective.

25. One of the reasons why these vehicles are stolen so easily is that the vehicles do not comply with Federal Motor Vehicle Safety Standard ("FMVSS") 114. FMVSS 114, S.5.1.1 requires:

Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents:

(a) The normal activation of the vehicle's engine or motor; and

(b) Either steering, or forward self-mobility, of the vehicle, or both.

26.     The Defective Vehicles do not comply with this FMVSS in that when the key is removed from the starting system, neither steering nor forward self-mobility is prevented. If it were, the vehicles would not be stolen at alarming rates.

27.     A stolen vehicle cannot provide reliable transportation.

28.     A stolen vehicle is not a safe vehicle.

29.     A vehicle that can be too easily stolen is not a vehicle that can be depended on to provide reliable transportation.

30.     A vehicle that can be too easily stolen is not a safe vehicle.

31.     The vehicles are defective in that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key.

32.     This means that all a thief needs to do is strip the ignition column, exposing a piece that pops off, and then stick a USB drive, a knife, or some other similar tool to start the vehicle without a key or code.

33.     Once they do so, they can freely operate the vehicle, including the vehicle's steering and forward self-mobility.

34.     Considering how many people charge their cell phones in their cars, the necessary instrument needed to steal a Defective Vehicle is usually readily available to any thief.

35. Additionally, on information and belief, some of the Defective Vehicles' windows are not connected to the security system which thus allows a thief to break the window without the alarm being triggered.

36. Defendants knew their vehicles were defective in this manner but failed and refused to disclose these defects to customers, despite having the capability and means to do so.

37. Defendants had the capability and means to add an engine immobilizer or similar device, yet they failed to do so.

38. Defendants also knew just how dangerous it was to not have an engine immobilizer.

39. Beginning in 2009, Kia sought to add an immobilizer to its Amanti line. It told the federal government that this device was similar to other devices which reduce theft by 58 to 80 percent. *See,* Federal Register, Vol. 75, No. 6, page 1448, January 11, 2010.

40. Likewise, beginning in 2007, Hyundai sought to add an immobilizer to its Azera line. It told the federal government that this device was similar to other devices which reduce theft by 58 to 80 percent. *See,* Federal Register, Vol. 72, No. 138, page 39662, July 19, 2007.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of herself and the following class of similarly situated persons:

    a. A "Nationwide Class" based on claims of unjust enrichment, violations of the Magnuson Moss Warranty Act, and/or breach of implied warranty consisting of all customers who purchased any of the Defective Vehicles in the United States within the past five years; or

b. A "Nationwide Class" based on claims of unjust enrichment, negligence, and design defect consisting of all consumers who own any of the Defective Vehicles in the United States; or

c. A "Kentucky Sub-Class" based on claims brought under the Kentucky Consumer Protection Act and for unjust enrichment, and/or breach of implied warranty consisting of all persons who purchased any of the Defective Vehicles in the state of Kentucky for personal, family, business, or household purposes within the applicable statute of limitations period; or

d. A "Kentucky Sub-Class" based on claims of unjust enrichment, negligence, and design defect consisting of all consumers who own any of the Defective Vehicles in Kentucky.

42. Excluded from each Class or Sub-Class is Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families. Also excluded from the Class or Sub-Class are those claiming they have suffered a personal injury as result of the Defective Vehicles, as well as residents of Wisconsin.

43. Each of the proposed Nationwide Class or Kentucky Sub-Class meets all requirements for class certification. The Class or Sub-Classes satisfy the numerosity standards. The Class or Sub-Classes are believed to number in the thousands of persons. As a result, joinder of all Class or Sub-Class Members in a single action is impracticable. Class or Sub-Class Members may be informed of the pendency of this Class Action by, among other methods, direct, published and/or broadcast notice.

44.     There are questions of fact and law common to the Nationwide Class or Kentucky Sub-Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class or Sub-Class arising from Defendants' actions include, without limitation, the following:

a.     Whether Defendants manufactured and designed the Defective Vehicles without engine immobilizers;

b.     Whether the failure of the vehicles to, among other design failures, have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers

c.     Whether the absence of an engine immobilizer, among other design failures, is a material fact in the purchasing of a vehicle;

d.     Whether, in marketing and selling the Defective Vehicles, Defendants failed to disclose the lack of an engine immobilizer and other design failures;

e.     Whether Defendants failed to disclose and/or concealed the material fact that the Defective Vehicles, among other things, did not have engine immobilizers;

f.     Whether Defendants failed to warn adequately of the dangers of vehicles that do not contain engine immobilizers, among other things;

g.     Whether Defendants knew or should have known that the Defective Vehicles did not have engine immobilizers, among other things;

h.     Whether Defendants knew or should have known that the failure of the vehicles to have engine immobilizers, among other things, makes them easy

to steal, unsafe, and worth less than they would be if they had engine immobilizers;

i.      Whether Defendants continued to manufacture, market, distribute, and sell the Defective Vehicles notwithstanding its knowledge of the defects, dangerous nature and risks of harm;

j.      Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Vehicles from the consuming public;

k.      Whether the Defective Vehicles are fit for their ordinary purposes;

l.      Whether the Defective Vehicles proved reliable transportation;

m.      Whether the Defective Vehicles are safe;

n.      Whether the Defective Vehicles contain a design defect;

o.      Whether Defendants' conduct violated the KCPA; and/or

p.      Whether Defendants' conduct violated the Magnuson Moss Warranty Act.

45.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

46.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members or Sub-Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Nationwide Class Members or Kentucky Sub-Class Members to protect their interests.

47.     The claims of Plaintiff are typical of the claims of members of the Nationwide Class and the Kentucky Sub-Class. Upon information and belief, the Defective Vehicles all share the same defects. Upon information and belief, the labels, manuals, advertising, and disclosures concerning the Defective Vehicles all fail to reasonably disclose the presence of these defects. Therefore, the information withheld by Defendants from Plaintiff and all Nationwide Class or Kentucky Sub-Class Members was identical.

48.     Plaintiff is an adequate representative of the Nationwide Class and Kentucky Sub-Class because she is a member of both Classes and her interests do not conflict with the interests of the members of the Nationwide Class or Kentucky Sub-Class she seeks to represent. The interests of the members of the Nationwide Class or Kentucky Sub-Class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

49.     Plaintiff seeks a refund of some or all monies paid as a result of the purchase of the Defective Vehicle that occurred following Defendants' wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of the Defective Vehicle.

50.     Plaintiff also seeks compensation for damages incurred beyond the reduced value of her vehicle, including but not limited to the purchase price of a "Club" or other similar device to prevent theft, the increase in insurance premiums she is or may face due to the design defect, and the stigma associated with the Defective Vehicles.

51.     Plaintiff specifically excludes from this class action any damages, losses, or other relief of any kind arising from the personal injuries suffered by those class members personally injured by the Defective Vehicle based on the defects.

52. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Nationwide Class or Kentucky Sub-Class who suffered harm to bring a separate action given the damages at issue compared to the costs of litigating each individual claim. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Nationwide Class Members or Kentucky Sub-Class Members.

53. Class action treatment of the claims in this action is the superior method of resolution with respect to concerns of efficiency, fairness and equity over other available methods of adjudication.

54. Class action treatment is appropriate in this case because Defendants acted, or refused to act, in a manner that was generally applicable to – and often identical to – each member of the Nationwide Class or Sub-Class. Defendants provided vehicles with the same defect to, and withheld the same information from, all members of the Nationwide Class or Kentucky Sub-Class and sold vehicles with the same defects.

55. Notice can be provided to Class Members or Sub-Class Members by using techniques and forms of notice similar to those customarily used in other defective-product cases and complex class actions.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

56.     Plaintiff re-alleges and incorporate herein all other allegations in this Complaint.

57.     The acts and practices engaged in by Defendants, and described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the KCPA, KRS § 367, *et seq*.

58.     Defendants have violated the Kentucky Consumer Protection Act, KRS § 367.170 which prohibits "unfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce."

59.     In selling the Defective Vehicles, Defendants engaged in unfair, false, misleading or deceptive acts or practices by misrepresenting material facts, either expressly or by implication, by concealing or otherwise failing to disclose, reveal, or provide notice to customers, including Plaintiff, in Defendants' advertising, labeling or otherwise that these vehicles are defective and are not fit for the ordinary purposes for which the vehicles are used in that they are easy to steal, unsafe, and worth less than they should be, if they were not defective. Defendants also represented that the Defective Vehicles were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

60.     These representations were materially misleading and deceptive, and were a producing cause of economic damages to consumers, including Plaintiff and Class Members.

61.     Defendants' actions as described herein were done knowingly with conscious disregard of Plaintiff's rights, and Defendants was wanton and malicious in their concealment of the same.

62.     Neither Plaintiff nor any reasonable consumer would have purchased the Defective Vehicles, or at least not for the price bargained for, had they known the truth about these vehicles.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT II – VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT

63.     Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

64.     Plaintiff brings this Count against Defendants on behalf of members of the Nationwide Consumer Class.

65.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332(a)-(d).

66.     The Defective Vehicles are "consumer products" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(1).

67.     Plaintiff and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

68.     Defendants are "suppliers" and "warrantors" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

69.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied or written warranty.

70.     Defendant provided Plaintiff and the other Class Members with an implied warranty of merchantability in connection with the purchase of their vehicles that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S. C. § 2301(7).

71.     As a part of the implied warranty of merchantability, Defendants warranted that the Defective Vehicles were fit for the ordinary purpose of passenger motor vehicles, were not far

easier to steal than other vehicles, and were not unsafe and/or unreliable due to the ease at which they can be stolen.

72.     Defendants breached this implied warranty and are therefore liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 2310(d)(1) because, without limitation, the Defective Vehicles share common design defects, including that they lack engine immobilizers.

73.     These defects render the Defective Vehicles deficient, in that they do not provide safe and reliable transportation, as they are tremendously easy to steal.

74.     A stolen vehicle cannot provide reliable transportation.

75.     A vehicle that is incredibly easy to steal cannot be relied on for transportation.

76.     A stolen vehicle is not a safe vehicle.

77.     A vehicle that is incredibly easy to steal is an unsafe vehicle.

78.     Defendants made written affirmations of fact that the Defective Vehicles would be free of defects that would prevent ordinary use.

79.     Upon information and belief, Defendants affixed labeling and other written affirmations making specific, performance-related representations related to the nature of the Defective Vehicles, including expressly warranting that the Defective Vehicles were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

80.     Defendants breached their express warranties for the Defective Vehicles by, among other things, selling or leasing to Class Members Defective Vehicles that are not free of material defects; they contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

81.     Any efforts to limit the express and implied warranties in a manner that would exclude coverage of the Defective Vehicles is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Defective Vehicles is null and void. Any limitations on the express and implied warranties are procedurally unconscionable. Defendants purposefully misrepresented the Defective Vehicles to consumers.

82.     Additionally, there was unequal bargaining power between Defendants, on the one hand, and Plaintiff and the other Class Members, on the other.

83.     Any limitations on the express and implied warranties are substantively unconscionable.

84.     Defendants knew that no engine immobilizers were installed on the Defective Vehicles, among other design failures, and that they were failing to disclose this material fact, thereby misrepresenting the safety, ease of theft, and value of the Defective Vehicles.

85.     Defendants failed to disclose the defects to Plaintiff and the other Class Members even though Defendants were aware of the defects.

86.     Nonetheless, privity is not required here because Plaintiff and each of the other Class Members are intended third-party beneficiaries of contracts between Defendants and their dealers and agents.

87.     Specifically, Plaintiff and each of the other Class Members are intended third-party beneficiaries of the implied and written warranties.

88.     The dealers and agents were not intended to be the ultimate consumers of the Defective Vehicles and have no rights under the warranty agreements provided for the Defective Vehicles: the warranty agreements were designed for and intended to benefit consumers.

89.      Finally, privity is also not required because the Defective Vehicles are unsafe and hazardous instrumentalities due to, among other matters, the lack of engine immobilizers.

90.      Pursuant to 15 U.S.C. § 2310(e), Plaintiff is entitled to bring this class action and is not required to give Defendants notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure.

91.      Furthermore, affording Defendants an opportunity to cure their breach of warranties would be unnecessary and futile.

92.      Defendants are aware of the problems, and even claim they have attempted to "fix" their 2022 vehicles to eliminate the safety defects described herein by including an immobilizer on all models and trim packages, but are refusing to do anything about the pre-2022 Defective Vehicles.

93.      At the time of sale or lease of each Defective Vehicle, the Defendants knew, should have known, or were reckless in not knowing of their misrepresentations and omissions concerning the Defective Vehicles' inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design.

94.      Under the circumstances, the remedies available under any informal settlement procedure would be inadequate, and any requirement that Plaintiff resort to an informal dispute resolution procedure and afford Defendants a reasonable opportunity to cure their breach of warranties is excused and thereby deemed satisfied.

95.      The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25.

96.     The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

97.     Plaintiff, individually and on behalf of the other Class Members, seeks all damages permitted by law, including diminution in value of their vehicles, in an amount to be proven at trial.

98.     In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the other Class Members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiff and the other Class Members in connection with the commencement and prosecution of this action.

99.     Additionally, Plaintiff and each of the other Class Members are entitled to equitable relief under 15 U.S.C. § 2310(d)(1), including Defendants being required to fix these vehicles.

## COUNT III - UNJUST ENRICHMENT

100.    Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

101.    Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members purchased vehicles that they would not have purchased had they known that the vehicles, among other defects, contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers.

102.    The Defendants were therefore unjustly enriched at the expense of and to the detriment of the Plaintiff and the Class.

103.    Plaintiff and the Nationwide Class and/or Kentucky Sub-Class are therefore entitled to restitution from the Defendants, and seek an order requiring the Defendants to disgorge all profits, benefits and other compensation the Defendants obtained from the sale of these products.

18

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT IV – BREACH OF IMPLIED WARRANTY

104.    Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

105.    Defendants are merchants with respect to the sale of the Defective Vehicles purchased by Plaintiff.

106.    Defendants, by selling the Defective Vehicles, impliedly warranted that the vehicles were merchantable with respect to goods of that kind.

107.    This warranty was assigned to Plaintiff upon purchasing the vehicle.

108.    The Defective Vehicles sold by Defendants and purchased by Plaintiff did not conform with the implied promises made with respect to the labels and material that accompanied the product. Specifically, by failing to reasonably disclose the vehicles did not have engine immobilizers, Defendants implied that the Defective Vehicles were not far easier to steal than other vehicles, were thereby safe, and were worth as much as vehicles that possessed engine immobilizers.

109.    As a result of having no engine immobilizer, among other defects, the Defective Vehicles were not merchantable and Defendants breached their implied warranty of merchantability with respect to the Defective Vehicles.

110.    Had Plaintiff known that the Defective Vehicles lacked an engine immobilizer, among other defects, making them far easier to steal, and were thereby unsafe and worth less than their sales price, she would not have purchased it or would have paid significantly less for the

vehicle. As a result of Defendants' breach of implied warranty, Plaintiff, and the Nationwide Class and/or Kentucky Sub-Class Members have suffered economic injuries.

111.    Defendants are being provided notice by receipt of demand made by Plaintiff on behalf of herself and the putative class through the filing of this Complaint. In addition, Defendants have actual notice of the defect.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT V – NEGLIGENCE

112.    Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

113.    Defendants designed, manufactured, distributed, tested, sold, applied, used and/or supplied the Defective Vehicles at issue.

114.    Defendants held themselves out as a corporation capable of reasonably and prudently developing, manufacturing, marketing, supplying, testing, distributing, applying, using, supplying, and selling the Defective Vehicles at issue and therefore had the duty to have and exercise the knowledge of an expert on such product.

115.    Defendants knew or should have known that the Defective Vehicles contained defects including that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key.

116.    Defendants knew or should have known that the Defective Vehicles are incredibly easy to steal.

117.    As designers, manufacturers, processors, packagers, distributors, marketers, sellers, users, appliers and suppliers of the Defective Vehicles, Defendants had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of designers, manufacturers, processors, packagers, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation, the duty to test its vehicles; the duty to acquire and maintain the knowledge of an expert; the duty to design, manufacture, process, distribute, market, sell, and/or supply its vehicles free from defects and/or latent defects; the duty to adequately warn of vehicle defects and/or hazards, which duty continued even after the sale of said vehicles; and the duty to market, advertise, sell and supply vehicles with adequate information and warnings about the unacceptable risk of theft their design failures create.

118.    Defendants failed to use due care under the circumstances and thereby breached its duties as set forth above and was careless and negligent in the performance of its said duties to Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members.

119.    Plaintiff used these Defective Vehicles in a manner ordinarily anticipated by Defendant.

120.    As a direct and proximate result of the dangerous and defective condition of Defendants' vehicles and Defendants' failure to warn of the dangers thereof, Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members have suffered economic injuries.

121.    These injuries are not limited to only the difference in value between a Defective Vehicle and a similar vehicle that is not defective. Other damages include, but not limited to, the purchase price of a "Club" or other similar device to prevent theft, the increase in insurance premiums Plaintiff and Class Members are facing or may face due to the design defect, and the stigma associated with the Defective Vehicles.

122. At the time of Defendants' design, manufacture, processing, distribution, marketing, selling, supplying and/or use of the Defective Vehicles at issue, Defendants knew of the dangerous condition of said products and supplied them with deliberate and/or intentional disregard for not making any warning, instruction, or other precaution to prevent injuries or damages and thereby showed complete indifference to and/or conscious disregard for the rights and/or safety of others.

123. Defendants specifically placed profits ahead of the health, rights, and safety of others by intentionally designing the vehicles to be defective and by concealing material facts about the Defective Vehicles.

124. Defendants' conduct was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members.

125. As a direct and proximate result of Defendants' negligence, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## COUNT VI STRICT LIABILITY, DESIGN DEFECT

126. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

127. Defendants designed, manufactured, and/or supplied the Defective Vehicles in question within the ordinary course of its business.

128. Plaintiff purchased and owns a Defective Vehicle.

129. The Defective Vehicles contain a design defect including that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key. As a result, the Defective Vehicles are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

130.     Defendant knew or should have known of the dangerous and defective nature of the Defective Vehicles at the time of their design, manufacture, sale, testing, transportation, distribution, supply, and use.

131.     Notwithstanding, Defendants failed to take safety precautions to prevent economic injury to Plaintiff and failed to warn and/or instruct Plaintiff and others of the defective and unreasonably dangerous nature of said vehicles.

132.     Defendant's defective and unreasonably dangerous vehicles directly and proximately caused economic injuries to Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members.

133.     Plaintiff drives the vehicle and then parks it and leaves it unattended, which is a manner of use reasonably anticipated by Defendants.

134.     As a result of the Defective Vehicles' defect, which make them incredibly easy to steal, they are unreasonably dangerous and defective when put to the use anticipated by Defendants.

135.     As a direct and proximate result of the dangerous and defective condition of Defendants' vehicles and Defendants' failure to warn of the dangers thereof, Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members have suffered economic injuries.

136.     These injuries are not limited to only the difference in value between a Defective Vehicle and a similar vehicle without that is not defective. Other damages include, but are not limited to, the purchase price of a "Club" or other similar device to prevent theft, the increase in insurance premiums Plaintiff and Class Member are facing or may face due to the design defect, and the stigma associated with the Defective Vehicles.

137. At the time of Defendants' design, manufacture, processing, distribution, marketing, selling, supplying and/or use of the Defective Vehicles at issue, Defendants knew of the dangerous condition of said products and supplied them with deliberate and/or intentional disregard for not making any warning, instruction, or other precaution to prevent injuries or damages and thereby showed complete indifference to and/or conscious disregard for the rights and/or safety of others.

138. Defendants specifically placed profits ahead of the health, rights, and safety of others by intentionally designing the vehicles to be defective and by concealing material facts about the Defective Vehicles.

139. Defendants' conduct was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and the Nationwide Class and/or Kentucky Sub-Class Members.

140. At the time of Defendants' design, manufacture, processing, distribution, sale and/or use of the Defective Vehicle, Defendants knew of the dangerous condition of said vehicles and supplied them with deliberate and/or intentional disregard for making any warning, instruction, or other precaution to prevent injuries and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants specifically placed profits ahead of the health and safety of others by intentionally omitting and concealing material facts about the Defective Vehicles' safety features. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and the Nationwide Class and/or Kentucky Sub-Class.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendants as follows:

a.    That the Court enter an order certifying the Class, appointing Plaintiff as representative of the Nationwide Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Nationwide Class;

b.    Alternatively, that the Court enter an order certifying the Kentucky Sub-Class, appointing Plaintiff as representative of the Kentucky Sub-Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Kentucky Sub-Class;

c.    For a judgment against Defendants for the causes of action alleged against it;

d.    For damages in an amount to be proven at trial;

e.    For appropriate injunctive relief, enjoining the Defendants from selling the Defective Vehicles and ordering them to fix or replace the vehicles;

f.    For attorney's fees;

g.    For Plaintiff's costs incurred; and

h.    For such other relief in law or equity as the Court deems just and proper.

## DESIGNATION AND DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated August 3, 2022

                        Respectfully submitted,

                        /s/ *David A. Futscher*
                        David A. Futscher  #82093
                        Futscher Law, PLLC
                        913 N. Oak Drive
                        Villa Hills, KY 41017
                        Telephone:    (859)912-2394

                        and

                        Kenneth B. McClain   (*Pro Hac Vice pending*)
                        Jonathan M. Soper    (*Pro Hac Vice pending*)
                        Kevin D. Stanley     (*Pro Hac Vice pending*)
                        Chelsea M. Pierce     (*Pro Hac Vice pending*)
                        Humphrey, Farrington & McClain, P.C.
                        221 West Lexington Ave., Ste. 400
                        Independence, MO 64051
                        (816) 836-5050
                        (816) 836-8966 –fax
                        kbm@hfmlegal.com
                        jms@hfmlegal.com
                        kds@hfmlegal.com
                        cmp@hfmlegla.com

                        ATTORNEYS FOR PLAINTIFFS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RITA DAY, on behalf of herself and all others similarly situated | Kia America, Inc.; Hyundai Motor America; and Hyundai Kia America Technical Center, Inc. |

**(b)** County of Residence of First Listed Plaintiff    Fayette
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Orange County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Futscher Law, PLLC, 913 N. Oak Drive,
Villa Hills, KY 41017 (859) 912-2394

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [x] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 2301 et seq.
Brief description of cause:
Defective Vehicles

## VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
08/04/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.