# EXHIBIT 29

Query    Reports    Utilities    Help    Log Out

LR16.2 TR4

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:22-cv-02678-MSN-atc

Walker v. Kia America, Inc. et al
Assigned to: Judge Mark S. Norris
Referred to: Magistrate Judge Annie T. Christoff
Cause: 15:2301 Magnuson-Moss Warranty Act

Date Filed: 10/04/2022
Jury Demand: Plaintiff
Nature of Suit: 355 Motor Vehicle Prod.
Liability
Jurisdiction: Federal Question

**Plaintiff**

**Tempest Walker**
*individually and on behalf of all others
similarly situated,*

represented by **Greg Frederic Coleman**
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
800 S. Gay Street
Suite 1100
Knoxville, TN 37929
865-247-0080
Fax: 865-522-0049
Email: gcoleman@milberg.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia America, Inc.**

**Defendant**

**Hyundai Motor America, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2022 | 1 | COMPLAINT against All Defendants (Filing fee $ 402 receipt number ATNWDC-3983720), filed by Tempest Walker. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons Proposed Summons (Kia America, Inc.), # 3 Summons Proposed Summons (Hyundai Motor America, Inc.))(Coleman, Greg) (Entered: 10/04/2022) |
| 10/04/2022 | 2 | Judge Mark S. Norris and Magistrate Judge Annie T. Christoff added. (agj) (Entered: 10/04/2022) |
| 10/04/2022 | 3 | |

| | | NOTICE TO COMPLY WITH PLAN FOR ALTERNATE DISPUTE RESOLUTION (ADR): Pursuant to Section to 2.1 of the ADR Plan, all civil cases filed on or after Sept. 1, 2014, shall be referred automatically for ADR. For compliance requirements, refer to the ADR Plan at: http://www.tnwd.uscourts.gov/pdf/content/ADRPlan.pdf (agj) (Entered: 10/04/2022) |
|---|---|---|
| 10/04/2022 | 4 | NOTICE OF CASE TRACKING ASSIGNMENT PURSUANT TO LOCAL RULE 16.2: Pursuant to Local Rule 16.2, this case has been assigned to the Standard track. http://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (agj) (Entered: 10/04/2022) |
| 10/04/2022 | 5 | NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P.73, and Local Rule 72.1, this Court has designated the Magistrate Judges of this District to conduct trials and otherwise dispose of any civil case that is filed in this Court. Your decision to consent, or not consent, to the referral of your case to a United States Magistrate Judge for trial and entry of a final judgment must be entirely voluntary. The judge or magistrate judge to whom the case has been assigned will not be informed of your decision unless all parties agree that the case may be referred to a magistrate judge for these specific purposes. A less than unanimous decision will not be communicated by this office to either the judge or magistrate judge. The consent form is available on the courts website at https://www.tnwd.uscourts.gov/forms-and-applications.php (agj) (Entered: 10/04/2022) |
| 10/05/2022 | 6 | Summons Issued as to Hyundai Motor America, Inc., Kia America, Inc.. The filer has been notified electronically that the summons has been issued, and the new docket entry reflects this. Upon notification of the new docket entry, the filer is to print the issued summons in order to effect service. (Attachments: # 1 Hyundai Motors America, Inc.)(agj) (Entered: 10/05/2022) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2022 09:47:06 | | | |
| **PACER Login:** | jb0014 | **Client Code:** | 71273-10008 |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-02678-MSN-atc |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TEMPEST WALKER, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| KIA AMERICA, INC. and HYUNDAI MOTOR AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

COMES NOW, TEMPEST WALKER ("Plaintiff"), individually and on behalf of the Class, who states and alleges as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff brings this action on behalf of herself and on behalf of a Class of similarly situated consumers against Defendants Kia America, Inc. ("Kia") and Hyundai Motor America, Inc. ("Hyundai") (collectively "Defendants") who purchased or leased vehicles manufactured and sold by Defendants.

2.      Defendants manufacture and sell motor vehicles in the United States and Tennessee. These products include popular models like the Hyundai Tucson and Santa Fe and the Kia Sportage and Sorento.

3.      Defendants' vehicles suffer from a significant defect: they do not include an engine immobilizer.

4.      An engine immobilizer is designed to prevent vehicle theft when a vehicle is left unattended. An engine immobilizer works by transmitting a code to the vehicle when the key is inserted in the ignition switch or a key fob is inside the vehicle.

5.      Thefts of Kia and Hyundai vehicles has risen substantially across the United States as knowledge of the defect is now widespread.

6.      Because vehicles manufactured and sold by Kia and Hyundai suffer from a defect, thieves only need to gain access to a vehicle, and once inside, strip the ignition column and insert a screwdriver, knife, or even a USB cord to start the vehicle.

7.      Kia and Hyundai are aware that their vehicles lack engine immobilizers.

8.      Kia and Hyundai are aware that thefts of vehicles manufactured and sold by them have increased nationwide.

9.      Despite the rise in vehicle thefts, Kia and Hyundai have not issued a recall or offered to install vehicle immobilizers in the affected vehicles.

10.     Plaintiff purchased a vehicle manufactured by Defendants which suffers from the defect. Plaintiff would not have purchased the vehicle or would have paid less for the vehicle had Plaintiff known about the defect.

11.     As a result of Defendants' unfair, deceptive, and/or fraudulent business practices, consumers of these products, including Plaintiff, have suffered an ascertainable loss, injury-in-fact, and otherwise have been harmed by Defendants' conduct.

## PARTIES

12.     Plaintiff is a resident of the City of Memphis, County of Shelby, Tennessee.

13.     Defendant Kia America, Inc. is a California corporation with its principal place of business in California.

14.     Defendant Kia may accept service via its registered agent CT Corporation System, Inc. at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

15.     Defendant Hyundai Motor America, Inc. is a California corporation with its principal place of business in California.

2

16.     Defendant Hyundai may accept service via its registered agent Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## JURISDICTION AND VENUE

17.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d), this Court has original jurisdiction because the aggregate claims of the members of the putative class exceeds $5 million, exclusive of costs, and at least one of the Class members is a citizen of a different state than Defendants.

18.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

19.     Defendants regularly and systematically conduct business and sell their products in this District to customers in this District, including to Plaintiff and the Class. As such, Defendants are subject to the jurisdiction of this Court.

20.     Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District and regularly conduct business in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

## I.      THEFTS OF DEFENDANTS' DEFECTIVE VEHICLES.

21.     "Memphis police say stealing Kias and Hyundais made before 2021 is the latest trend among car thieves. MPD stated in a video that the car's steering column can be vandalized and manipulated to start the engine."[1]

---

[1] Morgan Mitchell, *3 Kias, 3 Hyundais stolen in latest car theft trend*, CBS Memphis, (July 26, 2022), https://wreg.com/news/local/man-steal-six-vehicles-within-one-month-police-say/.

22.    "Thieves will bust a window and remove part of the steering column's cover, exposing the ignition. They then break the ignition cylinder off and start the car with a USB cable."[2]

23.    Thefts of Kia and Hyundai vehicles have risen dramatically nationwide.

24.    In St. Louis, Missouri, Kia and Hyundai thefts account for nearly 77% of all vehicles stolen in 2022.[3]

25.    In 2019, a little over 200 Kias and 200 Hyundais were stolen statewide in Colorado. In 2020, the number jumped to 400 each. In 2021, the number more than doubled to over 1,000. In 2022, over 3,000 Kias and 3,000 Hyundais have been stolen.[4]

26.    According to CBS Colorado, "[t]he manufacturers say they are aware of what's happening and that thieves are targeting their keyed ignition vehicles that do not have engine immobilizer systems. Kia and Hyundai stopped using an anti-theft system in 2011 and now both companies say they have put them back into their newer models."

27.    In St. Paul, Minnesota, thefts of Kia vehicles have increased 1300% while thefts of Hyundai vehicles have increased 584%.

28.    In response to the rise in thefts of Kia and Hyundai vehicles in St. Paul, Ramsey County, Minnesota Undersheriff Mike Martin stated, "The Kias and Hyundais have what I call a design flaw that allows them to be stolen easier. All they have to do is break a window and get in

---

[2] Mandy Hrach, *If you own a Kia or Hyundai, we have a warning for you*, Fox 13 Memphis, (Sept. 7, 2022), https://www.fox13memphis.com/news/local/if-you-own-kia-or-hyundai-we-have-warning-you/SFGRKG3V6JDZHMD5SOMV6JQ6YA/.

[3] Kevin S. Held and Andy Banker, *City threatens to sue Kia and Hyundai, says cars are too easy to steal*, Nexstar Media Wire, (Aug. 30, 2022), https://www.wate.com/news/nexstar-media-wire/city-threatens-to-sue-kia-and-hyundai-says-cars-are-too-easy-to-steal/.

[4] Karen Morfitt, *KIA and Hyundai vehicles an easy target for thieves, and social media is partly the reason why*, CBS Colorado, (Aug. 31, 2022), https://www.cbsnews.com/colorado/news/kia-and-hyundai-vehicles-easy-target-thieves-social-media/.

and within seconds those cars can be compromised and be started with a USB port or even a pocket knife."[5]

29.     In Minneapolis, Minnesota, Kia has become the thief's vehicle of choice. Starting in the second quarter of 2022 (April through July), Kia became the vehicle make that was stolen most often. To start off the third quarter of the year, Kia and Hyundai vehicles were stolen more often than any other make.[6]

30.     Local Minnesota news station Fox 9 detailed the story of Lynda Pierce, whose Kia was stolen twice in a two-month period, which resulted in her paying two auto insurance deductibles on top of needed vehicle repairs. The story noted that Pierce could no longer go to the grocery store or make medical appointments without her Kia.

31.     Authorities told Fox 9 that Kia and Hyundai vehicles "are easier to steal because they lack an electronic security device called an engine immobilizer, making them easier to start without a key."

32.     In Milwaukee, Wisconsin, Kia and Hyundai vehicles represented two out of every three vehicles stolen during the first half of 2021.[7]

33.     One car-repair facility owner was quoted by the Milwaukee Journal Sentinel explaining that "Kia thieves know they can break the back window without setting off an alarm,

---

[5] Caroline Cummings, *Thefts of Kia and Hyundai cars soar in St. Paul, data show*, CBS Minnesota (July 19, 2022), https://www.cbsnews.com/minnesota/news/thefts-of-kia-and-hyundai-cars-soar-in-st-paul-data-show/.

[6] Rose Schmidt, *Kias and Hyundais now most stolen cars in Minneapolis, data shows*, Fox 9 (Aug. 15, 2022), https://www.fox9.com/news/data-kias-and-hyundais-now-most-stolen-cars-in-minneapolis.

[7] Clifford Atiyeh, *Hyundai, Kia Take Action after Cars Become Theft Targets in Milwaukee*, Car and Driver (Dec. 11, 2021), https://www.caranddriver.com/news/a38491394/hyundai-kia-thefts-milwaukee-action/#:~:text=According%20to%20city%20police%20in,half%20of%202021%20in%20Milwaukee.

unlock the door, quickly peel back the steering column, and either use a screwdriver or a USB port to crank the car and go."

## II.   DEFENDANTS' DEFECTIVE VEHICLES.

34.    Defendants did not install engine immobilizers in all their vehicles.

35.    An engine immobilizer is designed to prevent vehicle theft when a vehicle is left unattended. An engine immobilizer works by transmitting a code to the vehicle when the key is inserted in the ignition switch or a key fob is inside the vehicle.

36.    Defendants' vehicles suffer from a defect because they do not include an engine immobilizer.

37.    If Defendants' vehicles included an engine immobilizer, then they would be more difficult to steal because a thief could not start or move the vehicle without the vehicle's key.

38.    Federal regulations require that a vehicle's engine cannot be started and that a vehicle cannot move when the vehicle's key is not present.

39.    Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents: (a) the normal activation of the vehicle's engine or motor; and (b) either steering, or forward self-mobility, of the vehicle, or both. FMVSS 114, S.5.1.1.

40.    Federal Motor Vehicle Safety Standard 114 serves two purposes: to prevent auto theft and to prevent vehicle rollaway.

41.    Defendants' vehicles suffer from a defect and do not comply with FMVSS 114 because when the key is removed from the starting system the vehicle's engine or motor can be activated and removal of the key does not prevent steering or forward self-mobility.

42.    Defendants' failure to comply with FMVSS 114 does not prevent auto theft.

43.     If Defendants' vehicles were manufactured to comply with FMVSS 114, then Defendants' vehicles would not be stolen at such alarming rates because when the key is removed from the starting system, both steering and forward self-mobility would be prevented.

44.     A vehicle without an engine immobilizer is not a reliable or safe vehicle and is less valuable than a vehicle with an engine immobilizer.

45.     A vehicle that does not comply with FMVSS 114 is not a reliable or safe vehicle and is less valuable than a vehicle that complies with FMVSS 114.

46.     Defendants knew their vehicles were defective in that they did not have an engine immobilizer and did not comply with FMVSS 114 and failed to disclose these defects to consumers like Plaintiff and the putative Class.

47.     Defendants knew that it was unsafe and dangerous for a vehicle not to have an engine immobilizer.

48.     In response to the significant rise in thefts of their vehicles, spokespeople for Kia and Hyundai told Car and Driver magazine that every new Hyundai now has standard engine immobilizers, and that all 2022 Kias across the lineup will also have the engine immobilizer fitted as standard equipment.

49.     Defendants have not provided a solution to the thousands of Kia and Hyundai owners whose vehicles remain without engine immobilizers.

### III.     PLAINTIFF'S USE OF DEFENDANTS' DEFECTIVE VEHICLES.

50.     On July 7, 2017, Plaintiff purchased a 2018 Hyundai Sonata from Gossett Hyundai in Memphis Tennessee.

51.     Plaintiff purchased the Hyundai Sonata for approximately $25,000.00.

52.     On July 6, 2022, Plaintiff discovered that her Hyundai Sonata had been stolen. The steering and ignition column of Plaintiff's Sonata was stripped and destroyed.

53.     Plaintiff paid $250.00 in an insurance deductible to make necessary repairs to her vehicle after it was recovered.

54.     The full extent of the costs resulting from the theft are ongoing.

55.     Plaintiff has suffered an ascertainable loss as a result of Defendant Hyundai's wrongful conduct associated with its vehicle's defect including, but not limited to, overpayment and diminished value of her Hyundai Sonata.

56.     Plaintiff would not have purchased Defendants' defective vehicle if she had known it was defective and more susceptible to theft.

## CLASS ACTION ALLEGATIONS

57.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of a Class of individuals defined as:

Nationwide Class:

> *All persons who, within the applicable statute of limitations period, purchased or leased a vehicle manufactured by Kia America, Inc. or Hyundai Motor America without an engine immobilizer.*

Tennessee Class:

> *All persons in Tennessee who, within the applicable statute of limitations period, purchased or leased a vehicle manufactured by Kia America, Inc. or Hyundai Motor America without an engine immobilizer.*

58.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses, if necessary, before this Court determines whether class certification is appropriate.

59.     Excluded from the Class are: (1) any entity in which Defendants have a controlling interest; (2) officers or directors of Defendants; (3) this Court and any of its employees assigned to work on the case; and (4) all employees of the law firms representing Plaintiff and the Class.

60.     This action is brought and may be properly maintained on behalf of each Class member.

61.     *Numerosity of the Class:* The members of the Class are so numerous that a joinder of all members would be impracticable. While the exact number of Class members is presently unknown to Plaintiff, and can only be determined through appropriate discovery, Plaintiff believes the Class is likely to include thousands of members based on the fact Defendants distribute their vehicles nationwide.

62.     The Class definition identifies unnamed Plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify themselves as having a right to recover damages from Defendants. Other than by direct notice by mail or email, alternatively proper and sufficient notice of this action may be provided to the Class through notice published in newspapers or other publications.

63.     *Commonality:* This action involves common questions of law and fact. The questions of law and fact common to both Plaintiff and the Class include, but are not limited to, the following:

> a.     Whether the vehicles fail under the implied warranty of usability;
>
> b.     Whether the vehicles fail under the implied warranty of merchantability;
>
> c.     Whether Defendants failed to warn consumers regarding the risks of the vehicles;
>
> d.     Whether Defendants designed the vehicles with a defect;
>
> e.     Whether Defendants violated the Magnuson-Moss Warranty Act;
>
> f.     Whether Defendants were unjustly enriched by the sale of the vehicles;
>
> g.     The appropriate nature of class-wide equitable relief; and
>
> h.     The proper method or methods to determine and measure Plaintiff's and the Classes' damages.

9

64.    *Typicality:* Plaintiff's claims are typical of all members of the Class. The evidence and the legal theories regarding Defendants' alleged wrongful conduct committed against Plaintiff and the Class are substantially the same because all putative Class members purchased Defendants' vehicles for personal use and all putative Class members overpaid or suffered a loss in value of their vehicles. Accordingly, in pursuing their own self-interest in litigating their claims, Plaintiff will also serve the interests of the Class.

65.    *Adequacy:* Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff retained competent counsel experienced in class action litigation to ensure such protection. There are no material conflicts between the claims of the representative Plaintiff and the Class that would make class certification inappropriate. Additionally, Plaintiff's Counsel are competent to advance the interests of the Class having been designated as Lead Counsel in dozens, if not hundreds, of Class cases. Plaintiff and their Counsel intend to prosecute this action vigorously.

66.    *Predominance and Superiority:* The matter is properly maintained as a class action under Fed. R. Civ. P. 23(b)(3) because the common questions of law and fact identified herein, and to be identified through discovery, predominate over questions that may affect only individual Class members. Further, a class action is superior to all other available methods for the fair and efficient adjudication of this matter because the injuries suffered by the individual Class members are relatively small. As such, the expense and burden of individual litigation would make it virtually impossible for Plaintiff and the Class to individually seek redress for Defendants' wrongful conduct. Even if any individual person or group(s) of the Class could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single

court. In contrast, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party (or parties) opposing the Class and would lead to repetitious trials of the numerous common questions of law and fact. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this action. Absent a class action, Plaintiff and the Class will continue to suffer losses, thereby allowing Defendants' violations of law to proceed without remedy and allowing Defendants to retain the proceeds of their ill-gotten gains.

67.    Plaintiff anticipates the issuance of notice setting forth the subject and nature of the instant action to the proposed Class. To the extent any further notices may be required, Plaintiff anticipates the use of additional media or mailings.

### CAUSES OF ACTION

### COUNT I

### BREACH OF THE IMPLIED WARRANTY OF USABILITY

### (On Behalf of Plaintiff and the Nationwide and Tennessee Classes)

68.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

69.    Defendants, as manufacturers of the vehicles, impliedly warranted to Plaintiff and the Class that the vehicles were usable for their ordinary and intended use.

70.    Defendants breached the implied warranty of usability in connection with the sale and distribution of the vehicles. At the point of sale, the vehicles while appearing normal— contained defects as set forth herein rendering them less valuable than warranted.

11

71.     Defendants, its agents and its employees knew or should have known that the vehicles suffered from a defect that increases the risk of the vehicle being stolen to such an extent that the vehicles are less valuable than warranted.

72.     Defendants did not provide appropriate warranty relief notwithstanding the risks of using the vehicles. Plaintiff and the Class reasonably expected, at the time of purchase, that the vehicles were usable for their ordinary and intended use.

73.     Had Plaintiff and Class Members known they would not be able to use their vehicles, they would not have purchased them or would have paid significantly less for them.

74.     As a direct and proximate result of Defendants' breach of the implied warranty of usability, Plaintiff and the Class have sustained damages in an amount to be determined at trial.

## COUNT II

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (On Behalf of Plaintiff and the Nationwide and Tennessee Classes)

75.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

76.     Defendants, as manufacturers of the vehicles, impliedly warranted to Plaintiff and the Class that the vehicles were of merchantable quality and safe for their ordinary and intended use.

77.     Defendants breached the implied warranty of merchantability in connection with the sale and distribution of the vehicles. At the point of sale, the vehicles while appearing normal— contained defects as set forth herein rendering them less safe and less reliable for personal use.

78.     Had Plaintiff and the Class known the vehicles were less safe and less reliable for use, they would not have purchased them.

79.     Defendants did not provide appropriate warranty relief notwithstanding the risks of using the vehicles. Plaintiff and the Class reasonably expected, at the time of purchase, that the vehicles were safe for their ordinary and intended use.

80.     As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and the Class have sustained damages in an amount to be determined at trial.

**COUNT III**

**NEGLIGENT FAILURE TO WARN**

**(On Behalf of Plaintiff and the Nationwide and Tennessee Classes)**

81.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

82.     Defendants owed Plaintiff and Class Members a duty of care and to warn of any risks associated with the vehicles. Defendants knew or should have known of the true risks but failed to warn Plaintiff and Class Members.

83.     Defendants' negligent breach of duty caused Plaintiff and Class Members economic damages and injuries in the form of less reliable and less safe vehicles.

84.     Plaintiff and Class members would not have purchased, chosen, and/or paid for all or part of the vehicles had they known that the risks associated with purchasing the product.

85.     Plaintiff and the Class suffered damages in an amount to be determined at trial.

**COUNT IV**

**STRICT LIABILITY – DESIGN DEFECT**

**(On Behalf of Plaintiff and the Nationwide and Tennessee Classes)**

86.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

87.     Defendants designed, manufactured, and/or supplied the vehicles in question within the ordinary course of their business.

88.     Plaintiff and the Class members purchased and own Defendants' vehicles.

89.     Defendants' vehicles contain a design defect including that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key. As a result, the vehicles are easier to steal than vehicles with engine immobilizers and are therefore unsafe and worth less than if they had engine immobilizers.

90.     Defendants knew or should have known of the dangerous and defective nature of the vehicles at the time of their design, manufacture, sale, testing, transportation, distribution, supply, and use.

91.     Defendants failed to take safety precautions to prevent economic injury to Plaintiff and the Class and failed to warn and/or instruct Plaintiff and the Class of the defective and unreasonably dangerous nature of said vehicles.

92.     Defendants' defective and unreasonably dangerous vehicles directly and proximately caused economic injuries to Plaintiff and the Class.

93.     Plaintiff and the Class leave their vehicles unattended and without a key, which is a manner of use reasonably anticipated by Defendants.

94.     As a result of the defect in Defendants' vehicles, they are unreasonably dangerous and defective when put to the use anticipated by Defendants.

95.     As a direct and proximate result of the dangerous and defective condition of Defendants' vehicles and Defendants' failure to warn of the dangers thereof, Plaintiff and the Class have suffered economic injuries.

14

96.     Plaintiff and the Class' injuries include, but are not limited to, the difference in value between a vehicle with an engine immobilizer and one without, the purchase price of any device intended to prevent theft, and increased insurance premiums due to the design defect.

## COUNT V

## VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT

### (On Behalf of Plaintiff and the Nationwide and Tennessee Classes)

97.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

98.     Congress enacted the MMWA, 15 U.S.C. §§ 2301 *et seq.*, to address the widespread misuse of merchants' express warranties and to protect consumers from deceptive warranty practices. The MMWA imposes civil liability on any "warrantor" who fails to comply with any obligation under a written or corresponding implied warranty. *Id.* § 2310(d)(1).

99.     Defendants' vehicles are "consumer products" as defined in 15 U.S.C. § 2301(1).

100.    Plaintiff and the Class are "consumers" as defined in 15 U.S.C. § 2301(3).

101.    Defendants are "suppliers" and "warrantors" as those terms are defined in 15 U.S.C. § 2301(4) & (5), respectively.

102.    In connection with the sale and/or lease of the vehicles, Defendants supplied Plaintiff and the Class with "written warranties" as that term is defined in 15 U.S.C. § 2301(6).

103.    15 U.S.C. § 2310(d)(1) provides that "a consumer who is damaged by the failure of the supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state."

104.    15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

15

105.    Defendants provided Plaintiff and Class with an implied warranty of merchantability in connection with the purchase or lease of their vehicles that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7). As a part of the implied warranty of merchantability, Defendants warranted that the vehicles were fit for their ordinary purpose and would pass without objection in the trade as designed, manufactured, and marketed, and were adequately contained, packaged, and labeled.

106.    Defendants breached their implied warranties, as described herein, and are therefore liable to Plaintiff and the Class under 15 U.S.C. § 2310(d)(1). The defect rendered the vehicles unmerchantable and unfit for their ordinary use of driving when they were sold or leased, and at all times thereafter.

107.    Plaintiff and the Class used their respective vehicles in a manner consistent with their intended use and performed every duty required of them under the terms of the warranty, except as may have been excused or prevented by Defendants' conduct or by operation of law.

108.    Plaintiff and the Class seek to recover damages resulting directly from Defendants' breach of their implied warranties and their deceitful and unlawful conduct described herein. These damages include, but are not limited to, overpayment for the vehicles, insurance deductibles to get the stolen vehicles repaired, the cost to replace other property stolen in connection with the thefts of their vehicles, the loss of use of their respective vehicles, costs associated with the replacement of the totaled vehicles, and/or the diminution in value of stolen vehicles that were not totaled.

109.    The MMWA also permits "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Plaintiff and the Class seek reformation of Defendants' respective written warranties to comport with their obligations under the MMWA and with consumers' reasonable expectations. Plaintiff and the Class also seek to enjoin Defendants from acting unlawfully as alleged herein.

110.    Plaintiff and the Class are entitled to costs and expenses, including attorneys' fees in the Court's discretion. 15 U.S.C. § 2310(d)(2).

## COUNT V

## UNJUST ENRICHMENT

### (On Behalf of Plaintiff and the Nationwide and Tennessee Classes)

111.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

112.    Plaintiff and the Class members conferred a tangible and material economic benefit upon Defendants by purchasing the vehicles. Plaintiff and Class members would not have purchased, chosen and/or paid for all or part of vehicles had they known the true risks of using the vehicles while Defendants cannot provide a timely repair or replacement for the vehicles. Under these circumstances, it would be unjust and inequitable for Defendants to retain the economic benefits they received at the expense of Plaintiff and the Class.

113.    Failing to require Defendants to provide remuneration under these circumstances would result in Defendants being unjustly enriched at the expense of Plaintiff and the Class members who endure being exposed to the risk of their vehicles being stolen and can no longer use their vehicles safely.

114.    Defendants' retention of the benefit conferred upon them by Plaintiff and the Class would be unjust and inequitable.

115.    Plaintiff and the Class suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A.      Certifying the proposed Nationwide Class, appointing Plaintiff as representative of the Nationwide Class, and appointing counsel for Plaintiff as Lead Counsel for the Nationwide Class;

B.      Certifying the proposed Tennessee Class, appointing Plaintiff as representative of the Tennessee Class, and appointing counsel for Plaintiff as Lead Counsel for the Tennessee Class;

C.      Finding that Defendants breached the implied warranty of usability;

D.      Finding that Defendants breached the implied warranty of merchantability;

E.      Finding that Defendants negligently failed to warn Plaintiff and the Class;

F.      Finding that Defendants' vehicles contain a design defect;

G.      Finding that Defendants violated the Magnuson-Moss Warranty Act;

H.      Finding that Defendants were unjustly enriched by their sale of the vehicles;

I.      Awarding damages in an amount according to proof;

J.      Awarding pre- and post-judgment interest at the maximum rate permitted by applicable law;

K.      Reimbursing all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs, and expenses pursuant to applicable law and any other basis; and

L.      Awarding such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: October 4, 2022                Respectfully submitted,


s/Gregory F. Coleman
Gregory F. Coleman
Justin G. Day
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel.: 865-247-0080

Fax: 856-522-0049
gcoleman@milberg.com
jday@milberg.com

/s/ Timothy J. Becker
Timothy J. Becker (MN Bar No. 0256663)*
Jacob R. Rusch (MN Bar No. 0391892)*
Zackary S. Kaylor (MN Bar No. 0400854)
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1804 (phone)
(612) 436-4801 (fax)
tbecker@johnsonbecker.com
jrusch@johnsonbecker.com
zkaylor@johnsonbecker.com

*Attorneys for Plaintiff*

*\*PHV Motions forthcoming*

19

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TEMPEST WALKER, individually and on behalf of all others similarly situated,

**DEFENDANTS**

KIA AMERICA, INC. and HYUNDAI MOTOR AMERICA, INC.

**(b)** County of Residence of First Listed Plaintiff    Shelby
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregory F. Coleman, Esq. Milberg Coleman Bryson Phillips Grossman
800 S. Gay Street, Suite 1100, Knoxville, TN 37929
Tel: 865-247-0080

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 355 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 2301 et seq. and 28 U.S.C. § 1367

Brief description of cause:
Class Action relating to Defendant's Defective Vehicle

## VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE      DOCKET NUMBER

DATE    10/04/2022      SIGNATURE OF ATTORNEY OF RECORD    s/ Gregory F. Coleman

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

| | |
|---|---|
| TEMPEST WALKER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| KIA AMERICA, INC. and HYUNDAI MOTOR AMERICA, | ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Kia America, Inc
Registered Agent, CT Corporation System, Inc.
300 Montvue Road
Knoxville, Tennessee 37919-5546

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Gregory F. Goleman
Milberg Coleman Bryson Phillips Grossman
800 South Gay Street Suite 1100
Knoxville, TN 37929

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                                    _____
                                                         *Printed name and title*


                                                    _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

| | |
|---|---|
| TEMPEST WALKER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| KIA AMERICA, INC. and HYUNDAI MOTOR AMERICA, INC., | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Hyundai Motor America, Inc.
                             Registered Agent, Corporation Service Company
                             2908 Poston Avenue
                             Nashville, Tennessee 37203-1312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Gregory F. Goleman
                                       Milberg Coleman Bryson Phillips Grossman
                                       800 South Gay Street Suite 1100
                                       Knoxville, TN 37929

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                     *Server's signature*

                                            _____
                                                     *Printed name and title*

                                            _____
                                                     *Server's address*

Additional information regarding attempted service, etc: