MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
### CIVIL DOCKET FOR CASE #: 1:22−cv−00881−JLS

| | |
|---|---|
| Payne et al v. Kia Corporation et al<br>Assigned to: Hon. John L. Sinatra, Jr.<br>Cause: 28:1332 Diversity−Wrongful Death | Date Filed: 11/16/2022<br>Jury Demand: Plaintiff<br>Nature of Suit: 355 Motor Vehicle Prod. Liability<br>Jurisdiction: Diversity |

**Plaintiff**

**Sherisse Payne**
*Individually, and as the Proposed Administrator of the Estate of Kevin Payne, Jr.*

represented by **John Edward Richmond**
Richmond Vona, LLC
192 Seneca Street
Suite 200
Buffalo, NY 14204
(716) 500−5678
Fax: (716) 500−5679
Email: john@richmondvona.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan A. Michaels**
600 Anton Boulevard
Suite 1240
Costa Mesa, CA 92821
949−581−6900
*ATTORNEY TO BE NOTICED*

**Matthew Van Fleet**
600 Anton Boulevard
Suite 1240
Costa Mesa, CA 92821
949−581−6900
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tysheen Daniels**
*Individually, and as the Proposed Administrator of the Estate of Swazine Swindle*

represented by **John Edward Richmond**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan A. Michaels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Van Fleet**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia Corporation**

**Defendant**

**Kia America, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|

| 11/16/2022 | 1 | COMPLAINT against Kia America, Inc., Kia Corporation, filed by Sherisse Payne, Tysheen Daniels. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Richmond, John) (Entered: 11/16/2022) |
|---|---|---|
| 11/16/2022 | | Filing fee received: $402.00, receipt number ANYWDC–4726435 (CGJ) (Entered: 11/16/2022) |
| 11/17/2022 | | Case assigned to Hon. John L. Sinatra, Jr. Notification to Chambers of on–line civil case opening. (CGJ) (Entered: 11/17/2022) |
| 11/17/2022 | | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative–dispute–resolution.(CGJ) (Entered: 11/17/2022) |
| 11/17/2022 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO–85) is available for download at http://www.uscourts.gov/services–forms/forms. (CGJ) (Entered: 11/17/2022) |
| 11/17/2022 | 2 | Summons Issued as to Kia America, Inc., Kia Corporation. (CGJ) (Entered: 11/17/2022) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERISSE PAYNE, Individually, and as the Proposed Administrator of the Estate of Kevin Payne, Jr., and TYSHEEN DANIELS, Individually, and as the Proposed Administrator of the Estate of Swazine Swindle,<br><br>    Plaintiffs,<br><br>vs.<br><br>KIA CORPORATION and KIA AMERICA, INC.,<br><br>    Defendants | CASE NO._____<br><br>COMPLAINT and DEMAND FOR JURY TRIAL: |

Plaintiffs by and through their attorneys, MLG Attorneys at Law, APLC and Richmond Vona, LLC, complaining of the defendants herein, respectfully allege to this Court upon information and belief, the following:

THE PARTIES

1. At all times mentioned in this Complaint, Plaintiff Sherisse Payne is, and at all relevant times was, an individual residing in Erie County in the State of New York and is the surviving mother of Kevin Payne, Jr. Plaintiff was and is the Proposed Administrator of the Estate of Decedent Kevin Payne, Jr. and has standing to bring this claim.

2. At all times mentioned in this Complaint, Plaintiff Tysheen Daniels is, and at all relevant times was, an individual residing in Erie County in the State of New York and is the

surviving mother of Swazine Swindle. Plaintiff was and is the Proposed Administrator of the Estate of Decedent Swazine Swindle and has standing to bring this claim.

3. Plaintiffs are informed and believe and therefore allege that Defendant Kia Corporation is a Korean multinational corporation, with its principal place of business located in Seoul, South Korea. At all times mentioned herein, Defendant Kia Corporation was engaged in the business of designing and manufacturing automobiles, for distribution in the State New York and throughout the United States.

4. Plaintiffs are informed and believe and therefore allege that Defendant Kia America, Inc. is a California corporation with its principal place of business in Irvine, California. At all times mentioned herein, Defendant Kia America, Inc. was engaged in the business of designing and manufacturing automobiles, for distribution in the State New York and throughout the United States.

5. Plaintiffs are unaware of the true names of Does 1 through 25 and therefore sues them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

## JURISDICTION

6. This Court has jurisdiction over the subject matter presented by this Complaint because this is a dispute among parties of different states, making the matter completely diverse as defined by 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Plaintiffs as Plaintiffs consents to such jurisdiction.

8. This Court has personal jurisdiction over Defendant Kia Corporation because it is engaged in the distribution of consumer vehicles throughout the state of New York, thus providing the Court with general jurisdiction.

9. This Court has personal jurisdiction over Defendant Kia America, Inc. because it is engaged in the distribution of consumer vehicles throughout the state of New York, thus providing the Court with general jurisdiction.

## VENUE

10. Venue in this District is proper under 28 U.S.C. § 1391 (c) because Defendant Kia Corporation, as a Korean multinational corporation, is deemed to reside in any district in which they are subject to personal jurisdiction. Venue in this District is also proper under 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the geographic confines of the U.S. District Court for the Western District of New York. The Plaintiffs consent to the venue of the Court.

11. Venue in this District is proper under 28 U.S.C. § 1391(c) because Defendant Kia America, Inc., as a California corporation, is deemed to reside in any district in which they are subject to personal jurisdiction. Venue in this District is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the geographic confines of the U.S. District Court for the Western District of New York. The Plaintiffs consent to the venue of the Court.

STATEMENT OF OPERATIVE FACTS

TWO TEENAGERS' LIVES CUT TRAGICALLY SHORT

12. This case is about the unnecessary death of two high school students, 15-year-old Kevin Payne, Jr. and 17-year-old Swazine Swindle. Tragically, these boys' deaths could have and should have been prevented. These young students lost their lives because of the reckless and negligent behavior of the defendants, as discussed herein. This wrongful death case is being brought by Kevin Payne, Jr.'s and Swazine Swindle's mothers, against the entity whose conduct caused their beloved sons' premature deaths.

13. Defendant Kia Corporation is a major manufacturer of consumer automobiles, which are distributed in the millions throughout the United States. One of the vehicles that has been long manufactured and massed distributed by Kia Corporation is the 2021 Kia Sportage

14. Defendant Kia America, Inc. is a large distributor of consumer automobiles, distributing millions of vehicles throughout the United States. One of the vehicles that has been long massed distributed by Kia is the 2021 Kia Sportage.

15. Between 2011-21, Kia Corporation and Kia America, Inc. manufactured and distributed vehicles, such as the 2021 Kia Sportage, which used traditional key ignition systems rather than the industry standard key ignition systems which use engine immobilizers. Kia Corporation and Kia America, Inc.'s ignition system allows thieves to exploit a critical defect and hotwire and steal the vehicle quickly and easily. By simply peeling back the steering column and inserting a standard USB cable, the security systems can be bypassed, and the car easily started.

16. Despite this faulty design and critical defect, Kia Corporation and Kia America, Inc. repeatedly published advertisements to consumers that Kia vehicles, including the 2021 Kia Sportage, were properly designed and skillfully crafted.

17. The ease of exploiting the defect became well known through social media. In July of 2022, on the social media site TikTok, individuals known by the moniker "Kia Boyz" uploaded a video explaining how to exploit the defect and steal Hyundai and Kia vehicles. The video also challenged others to break into other Hyundai and Kia cars, exploit the defect, and steal the vehicles. Commonly referred to as the "Kia Challenge," viewers were encouraged to take videos proving that they completed the challenge and upload it to TikTok.

18. The Kia Challenge and the publicity regarding the defect has directly contributed to an enormous surge in vehicle thefts throughout the United States. In Los Angeles, California alone during 2022, Hyundai and Kia vehicles accounted for 20% of all vehicle thefts in the City, a sharp increase from only 13% the year prior.[1] Similarly, the city of Milwaukee, Wisconsin reported motor vehicle thefts had climbed 152%.[2] In July of 2022, the city of Chicago, Illinois reported a 767% increase in Hyundai and Kia vehicle thefts.[3]

19. On October 24th, 2022, a 16-year-old boy, an apparent friend of Decedents, took up the notorious "Kia Challenge" and stole a 2021 Kia Sportage. Tragically, the young driver drove the 2021 Kia Sportage into a wall at 100 miles per hour, killing four teenage passengers, two of whom were Kevin Payne, Jr. and Swazine Swindle.

---

[1] Chris Rosales, LAPD Issues Alert as Kia and Hyundai Thefts Keep Spiking, The Drive, August 29, 2022, https://www.thedrive.com/news/lapd-issues-alert-as-kia-and-hyundai-thefts-keep-spiking
[2] James E. Causey, Motor Vehicle Thefts in Milwaukee are up 152%. Auto Repair Businesses Say the Worst May be Yet to Come Milwaukee Journal Sentinel, August 29, 2022, https://www.jsonline.com/story/news/solutions/2021/02/03/motor-vehicle-thefts-up-152-milwaukee-so-far-2021/4266701001/
[3] Audrey Conclin, TikTok Car Theft Challenge: Chicago Area Sees 767% increase in Hyundai, Kia Thefts, NY Post, August 29, 2022, https://nypost.com/2022/08/25/chicago-area-sees-increase-in-hyundai-kia-thefts-due-to-tiktok/

20.     As a result of the vehicle collision, Kevin Payne, Jr. and Swazine Swindle suffered gruesome and horrible injuries which caused them to suffer unimaginable pain and anguish prior to their deaths.

## AN ACCIDENT WAITING TO HAPPEN

21.     Kevin Payne, Jr.'s and Swazine Swindle's tragic death would have been avoided had the 2021 Kia Sportage included an engine immobilizer as standard equipment for their vehicles. An engine immobilizer is a critical piece of electronic security technology that serves as a crucial tool in minimizing the risk of vehicle theft. Immobilizers prevent vehicles from being started unless a unique code is transmitted from the vehicle's key. Pursuant to a 2016 study, immobilizers significantly reduced the overall rate of automobile thefts by approximately 40% during a 10-year period.[4] Recognizing the immense value added by having engine immobilizers in vehicles as an anti-theft device, numerous countries have adopted legislation requiring immobilizers as standard equipment for new automobiles.

22.     In 2009, Kia Corporation and Kia America, Inc. considered adding immobilizers as standard equipment for their vehicles due to the benefit of added theft prevention but decided not to include immobilizers. Despite being well aware of the clear benefits provided by the inclusion of an immobilizer in new automobiles, Kia Corporation and Kia America, Inc. have continued to steadfastly refuse to include immobilizers as a standard feature in their vehicles or alternatively advise their customers of the security risk.

23.     After the Kia Challenge brought public attention to the defect, Kia Corporation and Kia America, Inc. announced that they would include an immobilizer for all 2022 and later model

---

[4] Vol. 126, No. 593, Jan C. van Ours & Ben Vollaard, The Economic Journal, <u>The Engine immobilizer: A Non-Starter for Car Thieves</u>, pp. 1264, 1283 (June, 2016).

year vehicles. However, Kia Corporation and Kia America, Inc. took no action to prevent further danger from their previously manufactured defective vehicles, such as issuing a recall, issuing steering lock devices to be distributed by Kia dealers, or even sending notices to Kia owners advising them of the inherent risks associated with the defect. Kia Corporation and Kia America, Inc. clearly recognize the danger presented by the defect but maintain that it is not their responsibility to address the harm posed by the defect.

24. For Kevin Payne, Jr. and Swazine Swindle, and their families, it's too late. Had Kia added immobilizers as standard equipment, issued a recall after the rash of stolen vehicles spurned by the "Kia Challenge", provided steering lock devices to its customers, or issued notices of the risks associated with the defect, Kevin Payne, Jr. and Swazine Swindle would be alive today. For Plaintiffs, Kevin Payne, Jr.'s and Swazine Swindle's mothers, they have lost the love, society, comfort and companionship of their beloved sons, all as a result of Kia Corporation and Kia America, Inc.'s conduct.

FIRST CAUSE OF ACTION

STRICT LIABILITY – DESIGN DEFECT

(Plaintiffs Sherisse Payne and Tysheen Daniels, Individually and as Proposed Administrators Against Defendants Kia Corporation and Kia America, Inc.)

25. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

26. Defendants Kia Corporation and Kia America, Inc. marketed, advertised and distributed the 2021 Kia Sportage ridden in by Decedents Kevin Payne, Jr. and Swazine Swindle.

27. The 2021 Kia Sportage ridden in by Decedents Kevin Payne, Jr. and Swazine Swindle contained a design defect in the following respects:

      a.      It did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

      b.      The benefits of the vehicle's design did not outweigh the risks of the design, when considering the gravity of the potential harm resulting from the use of the vehicle, the likelihood that this harm would occur, the feasibility of an alternative safer design at the time of manufacture, the cost of an alternative design, and the disadvantages of an alternative design.

28. Decedents Kevin Payne, Jr., and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, were harmed by the 2021 Kia Sportage.

29. The 2021 Kia Sportage's defect was a substantial factor in causing Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, harm.

30. As a direct and proximate cause of the conduct of Kia Corporation and Kia America, Inc., Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, have sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

31. Kia Corporation and Kia America, Inc.'s conduct was willful, grossly negligent and was taken with wanton disregard for the safety of others, justifying an award of punitive damages.

## SECOND CAUSE OF ACTION

## FAILURE TO RECALL

(Plaintiffs Sherisse Payne and Tysheen Daniels, Individually and as Proposed Administrators

Against Defendants Kia Corporation and Kia America, Inc.)

32. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

33. Defendants Kia Corporation and Kia America, Inc. marketed, advertised and distributed the 2021 Kia Sportage ridden by Decedents Kevin Payne, Jr. and Swazine Swindle.

34. Kia Corporation and Kia America, Inc. knew or reasonably should have known that the 2021 Kia Sportage was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

35. Kia Corporation and Kia America, Inc. became aware of this defect after the 2021 Kia Sportage was distributed.

36. In wanton disregard for the safety of others, Kia Corporation and Kia America, Inc. failed to recall the 2021 Kia Sportage.

37. A reasonable distributor under the same or similar circumstances would have recalled the 2021 Kia Sportage.

38. Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, were harmed by the 2021 Kia Sportage.

39. Kia Corporation and Kia America, Inc.'s failure to recall the 2021 Kia Sportage was a substantial factor in causing Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, harm.

40. As a direct and proximate cause of the conduct of Kia Corporation and Kia America, Inc., Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, have sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

41. Kia Corporation and Kia America, Inc.'s conduct was willful, grossly negligent and was taken with wanton disregard for the safety of others, justifying an award of punitive damages.

## THIRD CAUSE OF ACTION

## FAILURE TO WARN

(Plaintiffs Sherisse Payne and Tysheen Daniels, Individually and as Proposed Administrators Against Defendants Kia Corporation and Kia America, Inc.)

42. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

43. Defendants Kia Corporation and Kia America, Inc. marketed, advertised and distributed the 2021 Kia Sportage ridden in by Decedents Kevin Payne, Jr. and Swazine Swindle.

44. Kia Corporation and Kia America, Inc. knew or reasonably should have known that the 2021 Kia Sportage was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

45. Kia Corporation and Kia America, Inc. became aware of this defect after the 2021 Kia Sportage was distributed.

46. In wanton disregard for the safety of others, Kia Corporation and Kia America, Inc. failed to warn about the risks associated with 2021 Kia Sportage.

47. A reasonable distributor under the same or similar circumstances would have warned consumers about the risks associated with 2021 Kia Sportage.

48. Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, were harmed by the 2021 Kia Sportage.

49. Kia Corporation and Kia America, Inc.'s failure to warn consumers about the risks associated with the 2021 Kia Sportage was a substantial factor in causing Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, harm.

50. As a direct and proximate cause of the conduct of Kia Corporation and Kia America, Inc., Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, have sustained damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

51. Kia Corporation and Kia America, Inc.'s conduct was willful, grossly negligent and was taken with wanton disregard for the safety of others, justifying an award of punitive damages.

## FOURTH CAUSE OF ACTION

## PUBLIC NUISANCE

(Plaintiffs Sherisse Payne and Tysheen Daniels, Individually and as Proposed Administrators Against Defendants Kia Corporation and Kia America, Inc.)

52. Kia Corporation and Kia America, Inc. offended, interfered with, and caused damage to the public in the exercise of rights common to all when it failed to provide safeguards against theft of vehicles it manufactured and distributed, when it failed to warn against the dangers of vehicles it manufactured and distributed, and when it failed to recall vehicles it manufactured and distributed.

53. Kia Corporation and Kia America, Inc.'s conduct created, contributed, and maintained a public nuisance which endangered the property, heath, safety and comfort of a considerable number of people.

54. Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, were harmed by the public nuisance created, contributed, and maintained by Kia Corporation and Kia America, Inc.

55. The public nuisance created, contributed, and maintained by Kia Corporation and Kia America, was a substantial factor in causing Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, harm.

56. Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, have suffered special injuries beyond that suffered by the community suffered at large as a result of the public nuisance.

57. Kia Corporation and Kia America, Inc.'s conduct was willful, grossly negligent and was taken with wanton disregard for the safety of others, justifying an award of punitive damages.

FIFTH CAUSE OF ACTION

NEGLIGENCE

(Plaintiffs Sherisse Payne and Tysheen Daniels, Individually and as Proposed Administrators Against Defendants Kia Corporation and Kia America, Inc.)

58. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

59. Defendants Kia Corporation and Kia America, Inc. marketed, advertised and distributed the 2021 Kia Sportage ridden in by Decedents Kevin Payne, Jr. and Swazine Swindle.

60. Kia Corporation and Kia America, Inc. were negligent in marketing, advertising and distributing the 2021 Kia Sportage.

61. Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, were harmed by the 2021 Kia Sportage.

62. Kia Corporation and Kia America, Inc.'s negligence was a substantial factor in causing Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Plaintiff Tysheen Daniels, harm.

63. As a direct and proximate cause of Kia Corporation and Kia America, Inc.'s conduct, Decedents Kevin Payne, Jr. and Swazine Swindle, as well as Plaintiffs Sherisse Payne and Tysheen Daniels, have sustained damages in an amount to be proven at trial, but which is in excess of the limit of this Court.

64. Kia Corporation and Kia America, Inc.'s conduct was willful, grossly negligent and was taken with wanton disregard for the safety of others, justifying an award of punitive damages.

WHEREFORE, Plaintiffs Sherisse Payne, and Tysheen Daniels, pray that the Court award the following:

First Cause of Action

1. Compensatory damages.

2. Punitive damages against Kia Corporation and Kia America, Inc.

Second Cause of Action

1. Compensatory damages.

2. Punitive damages against Kia Corporation and Kia America, Inc.

Third Cause of Action

1. Compensatory damages.

2. Punitive damages against Kia Corporation and Kia America, Inc.

Fourth Cause of Action

1. Compensatory damages.

2. Punitive damages against Kia Corporation and Kia America, Inc.

Fifth Cause of Action

1. Compensatory damages.

2. Punitive Damages against Kia Corporation and Kia America, Inc.

All Causes of Action

1. Costs of suit herein incurred;

2. Interest as provided by law.

3. For such other and further relief as the Court may deem just and proper.

        MLG Attorneys At Law, APLC, and Richmond Vona, LLC

Dated: Buffalo, New York
November 16, 2022

By: s/ John E. Richmond, Esq.
Jonathan A. Michaels, Esq.
Matthew Van Fleet, Esq.
John E. Richmond
Attorneys for Plaintiffs
600 Anton Boulevard, Suite 1240
Costa Mesa, CA 92821
(949) 581-6900
192 Seneca St., Suite 200
Buffalo, NY 14204
(716) 500-5678