BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| *In re* Kia Hyundai Vehicle Theft Litigation § | MDL No. 3052 |

# RESPONSE OF INTERESTED PARTY IN OPPOSITION TO
# MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff Pamela Givens filed a related action in the Northern District of Illinois, alleging that Defendant Kia America, Inc. failed to include immobilizer devices in certain of its vehicles, leading to an increased and unreasonable risk of theft. *Givens v. Kia America, Inc.*, 22-cv-06413 (N.D. Ill.) Plaintiff Givens supports centralization of all related actions, but respectfully submits that the most appropriate forum for centralization is either the Eastern District of Pennsylvania or the Northern District of Illinois.

The Northern District of Illinois is a more appropriate transferee forum than the Central District of California because of its centrality and, thus, its convenience. Plaintiffs in all related actions are bringing their claims on a state-by-state basis. Purchasers and lessees of affected vehicles in Illinois are bringing Illinois claims on behalf of a proposed Illinois class, purchasers and lessees of affected vehicles in California are bringing California claims on behalf of a proposed California class, etc. Eventually, there are likely to be named plaintiffs from close to all fifty states. Accordingly, the chosen forum should be one that is convenient for plaintiffs from across the United States. *See* 28 U.S.C. § 1407(a) (transfers should be made for the "convenience of the parties and witnesses"). No forum serves that purpose better than the Northern District of Illinois, which is centrally located and has two major airports within minutes of the Everett McKinley Dirksen Courthouse. *See, e.g., In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*,

201 F. Supp. 3d 1375, 1378–79 (J.P.M.L. 2016) ("[The Northern District of Illinois] provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide."); *In re Recalled Abbott Infant Formula Prod. Liab. Litig.*, 2022 WL 3134144, at *2 (J.P.M.L. Aug. 5, 2022) ("The Northern District of Illinois offers a convenient and readily accessible district.").

! There is no good reason to consolidate these cases in the Central District of California. While the largest number of related actions have been filed in that district, most of the plaintiffs in these actions do not live in California. (*See* Dkt. No. 44, Defendants' Resp. at 6.) Even for most plaintiffs in the California actions, the Northern District of Illinois is more geographically convenient. The only conceivable reason to transfer this case to the Central District of California is for the convenience of the Defendants' witnesses. But Defendants, themselves, do not contend that the Central District of California offers any significant convenience in this regard. Rather, Defendants both agree that the Northern District of Illinois is the more convenient forum. (*See* Dkt. No. 44.).

If not the Northern District of Illinois, then transfer and centralization in the Eastern District of Pennsylvania before Judge Baylson, "an experienced transferee judge" who has the proven ability to "steer . . . litigation on a prudent course," is appropriate *In re: Domestic Drywall Antitrust Litig.*, 939 F. Supp. 2d 1371, (Mem)–1372 (J.P.M.L. 2013) (transferring cases to the Eastern District of Pennsylvania and assigning to Judge Baylson). Judge Baylson has been assigned two of the Related Actions: *Alston v. Kia America, Inc.*, Case No. 22-cv-04376, and *Rivera v. Kia America, Inc.*, Case No. 22-cv-04074. While none of the Related Actions have advanced past the pleadings stage, Judge Baylson has taken an active approach to managing the two cases already before him, ordering the parties to submit a preservation order and ESI protocol, and ordering the

plaintiffs to serve discovery by November 30, 2022. (Ex. 1, Pretrial Order.) Judge Baylson's initiative in steering these matters on a "steady and expeditious course"[1] supports transfer to his courtroom. *See In re Plumbing Fixture Cases*, 295 F. Supp. 33, 33 (J.P.M.L. 1968) (transferring cases to judge who had "actively conducted pretrial proceedings").

Dated: November 21, 2022

Respectfully submitted,

*/s/ Daniel R. Ferri*
Adam J. Levitt
John E. Tangren
Daniel R. Ferri
Blake Stubbs
**DICELLO LEVITT LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
bstubbs@dicellolevitt.com

***Attorneys for Plaintiff Pamela Givens***

---

[1] *In re Serzone Prod. Liab. Litig.*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002).