# EXHIBIT 2

CV

# U.S. District Court
## U.S. District of Minnesota (DMN)
### CIVIL DOCKET FOR CASE #: 0:22-cv-02963-PJS-DTS

Martinez v. Kia America, Inc.  
Assigned to: Chief Judge Patrick J. Schiltz  
Referred to: Magistrate Judge David T. Schultz  
Demand: $50,000  
Cause: 28:1441 Petition for Removal- Contract Dispute

Date Filed: 11/23/2022  
Jury Demand: Defendant  
Nature of Suit: 190 Contract: Other  
Jurisdiction: Diversity

**Plaintiff**

**Tracy Martinez**     represented by     **Todd E Gadtke**  
Gadtke Law Firm, P.A.  
11210 86th Avenue North  
Maple Grove, MN 55369  
763-315-4548  
Email: tgadtke@gadtkelawfirm.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia America, Inc.**     represented by     **Peter J. Brennan**  
*a foreign corporation transacting business in the State of Minnesota*

Jenner & Block LLP  
353 N. Clark Street  
Chicago, IL 60654  
312-923-2614  
Email: pbrennan@jenner.com  
*LEAD ATTORNEY*  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

**Jenny Gassman-Pines**  
Greene Espel PLLP  
222 S 9th St.  
Ste 2200  
Minneapolis, MN 55402  
612-373-8373  
Fax: 612-373-0929  
Email: jgassman-pines@greeneespel.com  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/23/2022 | 1 | NOTICE OF REMOVAL from Ramsey County District Court (filing fee $ 402, receipt |

| | | |
|---|---|---|
| | | number AMNDC-9911523) filed by Kia America, Inc.. No summons requested. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Gassman-Pines, Jenny) (Entered: 11/23/2022) |
| 11/23/2022 | 2 | **RULE 7.1 DISCLOSURE STATEMENT.** Parent corporation, publicly held corporation or wholly-owned subsidiary reported for Kia America, Inc.. (Gassman-Pines, Jenny) (Entered: 11/23/2022) |
| 11/23/2022 | 3 | MOTION for Admission Pro Hac Vice for Attorney Peter J. Brennan. Filing fee $ 100, receipt number AMNDC-9911554 filed by Kia America, Inc.. (Gassman-Pines, Jenny) (Entered: 11/23/2022) |
| 11/23/2022 | 4 | CIVIL COVER SHEET re 1 Notice of Removal, filed by Tracy Martinez filed by Kia America, Inc.. (Gassman-Pines, Jenny) (Entered: 11/23/2022) |
| 11/23/2022 | 5 | (Text-Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Chief Judge Patrick J. Schiltz per Civil (3rd, 4th - Master) list, referred to Magistrate Judge David T. Schultz. Please use case number 22-cv-2963 PJS/DTS. **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** (CLK) (Entered: 11/23/2022) |
| 11/23/2022 | 6 | (Text-Only) ORDER granting 3 Motion for Admission Pro Hac Vice of Attorney Peter J. Brennan for Kia America, Inc. Approved by Magistrate Judge David T. Schultz on 11/23/2022. (KMO) (Entered: 11/23/2022) |
| 11/23/2022 | 7 | CERTIFICATE OF SERVICE by Kia America, Inc. re 3 MOTION for Admission Pro Hac Vice for Attorney Peter J. Brennan. Filing fee $ 100, receipt number AMNDC-9911554, 1 Notice of Removal, 2 Rule 7.1 - Disclosure Statement, 4 Civil Cover Sheet (Gassman-Pines, Jenny) (Entered: 11/23/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/23/2022 14:57:19 | | | |
| **PACER Login:** | jb0014 | **Client Code:** | 71273-10008 |
| **Description:** | Docket Report | **Search Criteria:** | 0:22-cv-02963-PJS-DTS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT<br>Case Type: Contract – Other |

Tracy Martinez,

           Plaintiff,

vs.                                             **COMPLAINT**

Kia America, Inc., a foreign
corporation transacting business
in the State of Minnesota,

           Defendant.

Plaintiff Tracy Martinez (hereinafter "Plaintiff"), as and for her cause of action against Defendant, alleges as follows:

1.

Plaintiff resides at 4618 – 18th Avenue North, City of Brooklyn Park, in the State of Minnesota.

2.

Defendant is a foreign corporation transacting business in the State of Minnesota.

3.

Defendant continually and systematically transacts business in the State of Minnesota by selling motor vehicles to its authorized dealers in the State of Minnesota.

4.

Defendant's authorized dealers ultimately sell said motor vehicles to Minnesota consumers.

5.

On or about October 20, 2021, Plaintiff purchased and took delivery of a new 2022 Kia Sportage (the "subject vehicle").

6.

Defendant does not have an office or place of business in the State of Minnesota, but does maintain a resident agent in Ramsey County. Therefore, pursuant to Minn. Stat. § 542.09, venue is proper in Ramsey County.

7.

Defendant is the manufacturer of the subject vehicle.

8.

The vehicle identification number of the subject vehicle is KNDP6CAC9N7006515.

9.

Included with Plaintiff's purchase of the subject vehicle was an express written vehicle warranty (the "subject warranty").

10.

The problems, conditions and/or defects experienced by Plaintiff are evidenced by, but not necessarily limited to, a lack of an engine immobilizer and defective HVAC system, as well as any and all other complaints reported by Plaintiff to Defendant and/or its authorized dealership(s).

11.

At, and before, the time the subject vehicle was delivered to Plaintiff, Defendant possessed knowledge that it had intentionally manufactured the vehicle without an engine immobilizer which is needed to prevent theft of the subject vehicle.

2

12.

Notwithstanding, Defendant represented to Plaintiff and the public in general, through sales materials, vehicle specifications, and/or omissions, that the subject vehicle had an engine immobilizer in compliance with federal laws and regulations.

13.

The lack of an engine immobilizer was apparaently to deceive purchasers, including Plaintiff, and regulators of the subject vehicle into believing the vehicle was of a character and quality suited for operation in the United States.

14.

Indeed, the lack of an engine immobilizer in the subject vehicle, and Defendant's failure to advise Plaintiff of it, was an intentional misrepresentation of a material fact regarding the subject vehicle.

15.

On or about July 13, 2022, the subject vehicle was stolen from Defendant's authorized dealership's parking lot, Lupient Kia, in Brooklyn Park, Minnesota, while it was being serviced for the HVAC system that has not worked since Plaintiff's purchase of the subject vehicle.

16.

The thiefs broke out a window, climbed into the subject vehicle, pulled out the ignition panel, and, because the subject vehicle did not contain an engine immobilizer, the thief was able to start the vehicle without a key and by using a simple USB phone charger.

17.

After her vehicle was stolen, the thiefs got into a high speed chase and crashed into an Edina Police Department squad car. The Edina Police Department was involved with respect to the car chase and the Brooklyn Park Police Department was involved regarding the theft.

18.

Plaintiff learned of the theft when law enforcement showed up at her home following the crash of her vehicle with the Edina Police Department squad car.

19.

The subject vehicle was then towed to the police impound lot for processing and then taken back to the Lupient Kia dealership where it stayed for several months because of the damage done to it during the theft.

20.

As a direct result of the subject vehicle not having an engine immobilizer and the resulting theft, Plaintiff was forced to pay an insurance deductible ($1,000), vehicle rental expenses, and a $619 car payment when she did not have possession of the subject vehicle.

21.

Because of the warrantied defect in the subject vehicle (lack of an engine immobilizer), the subject vehicle was in Defendant's authorized dealership's possession far in excess of 30 business days. This was an unreasonable length of time to complete the subject vehicle repairs.

22.

On October 11, 2022, Plaintiff, through her attorney, gave notice that Plaintiff believed Defendant had taken an unreasonable amount of time and/or number or repair attempts to conform the subject vehicle to Defendant's warranty, and that the subject vehicle did not contain

4

an engine immobilizer thereby violating without limitation, the Minnesota Lemon Law, the Magnuson-Moss Warranty Act, the Minnesota Uniform Commercial Code, the Minnesota Prevention of Consumer Fraud Act, the Minnesota False Advertising Act, and the Minnesota Unlawful Trade Practices Act, and committed common law fraud.

## COUNT 1
### VIOLATION OF MINN. STAT. § 325F.665, SUBD. 2. ("MINNESOTA LEMON LAW")

23.

Plaintiff realleges Paragraphs 1 through 22 as though fully set forth herein.

24.

Plaintiff is a "consumer" as the Minnesota Lemon Law defines that term.

25.

Defendant is a "manufacturer" as the Minnesota Lemon Law defines that term.

26.

The new vehicle warranty purchased by Plaintiff is a "manufacturer's express warranty" and "warranty" as the Minnesota Lemon Law defines those terms.

27.

The subject vehicle is a "motor vehicle" as the Minnesota Lemon Law defines that term.

28.

Plaintiff reported one or more of the vehicle nonconformities outlined above to Defendant and/or its authorized dealers within two years following the date of original delivery of the new motor vehicle to Plaintiff.

29.

Plaintiff reported one or more of the vehicle nonconformities outlined above to Defendant and/or its authorized dealers during the term of the applicable express warranty.

30.

With respect to one or more of the above-referenced nonconformities, Defendant and/or its authorized dealerships failed to make the repairs necessary to conform the subject vehicle to the applicable express warranty.

31.

With respect to one or more of the above-referenced nonconformities, Defendant and/or its authorized dealerships failed to timely make the repairs necessary to conform the subject vehicle to the requirements of the Minnesota Lemon Law.

32.

Defendant has therefore violated Minn. Stat. § 325F.665, subd. 2.

33.

Plaintiff, therefore, is entitled to be compensated in an amount to be determined at trial, plus reasonable attorney's fees and litigation costs incurred in this action as set forth under the Minnesota Lemon Law.

**COUNT 2**
**VIOLATION OF MINN. STAT. § 325F.665, SUBD. 3.**
**("MINNESOTA LEMON LAW")**

34.

Plaintiff realleges Paragraphs 1 through 33 as though fully set forth herein.

35.

Defendant's repair attempts were unreasonable in duration.

36.

Defendant attempted an unreasonable number of repairs to the subject vehicle for the same warrantied condition or defect.

37.

Defendant attempted one or more of the above-referenced repairs within two years of the original delivery of the subject vehicle to a consumer without timely conforming the subject vehicle to its warranty and/or the requirements of the Minnesota Lemon Law.

38.

Defendant attempted one or more of the above-referenced repairs within the term of the applicable express warranty without timely conforming the subject vehicle to its warranty and/or the requirements of the Minnesota Lemon Law.

39.

The defects or conditions in the subject vehicle substantially impair(ed) its use to Plaintiff.

40.

The defects or conditions in the subject vehicle substantially impair(ed) its market value to Plaintiff.

41.

Plaintiff gave Defendant the notice and an opportunity to repair the subject vehicle required by Minn. Stat. § 325F.665, subd. 3(e).

42.

Plaintiff is, therefore, entitled to the presumption provided by Minn. Stat. § 325F.665, subd. 3(b).

43.

Defendant has therefore violated Minn. Stat. § 325F.665, subd. 3, thereby entitling Plaintiff to a full refund of the purchase price associated with the subject vehicle, including all monthly payaments, the down payment, and all amounts necessary to absolve Plaintiff of any loan obligations regarding the vehicle, and all other charges, including, but not limited to, sales or excise tax, license fees and registration fees, reimbursement for towing and rental vehicle expenses, and insurance deductibles paid by Plaintiff regarding the subject vehicle, plus attorneys' fees and litigation costs incurred bringing this action as set forth in the Minnesota Lemon Law.

## COUNT 3
### VIOLATION OF 15 U.S.C. SECTION 2310(d). ("MAGNUSON-MOSS WARRANTY ACT")

44.

Plaintiff realleges Paragraphs 1 through 43 as though fully set forth herein.

45.

The subject vehicle is a "consumer product" as the Magnuson-Moss Warranty Act defines that term.

46.

The subject warranty is a "warranty" as the Magnuson-Moss Warranty Act defines that term.

47.

Plaintiff is a "consumer" as the Magnuson-Moss Warranty Act defines that term.

48.

Because Defendant has violated one or more of the Counts stated below, it has violated the Magnuson-Moss Warranty Act, thereby entitling Plaintiff to those remedies permitted by Minnesota law, and entitling Plaintiff to receive the reasonable legal fees and litigation costs incurred prosecuting this matter.

### COUNT 4
### BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT
### (VIOLATION OF MINN. STAT. § 336.2-607 and 336.2-714)

49.

Plaintiff realleges Paragraphs 1 through 48 as though fully set forth herein.

50.

Plaintiff notified Defendant of its failure to remedy defects in the subject vehicle within a reasonable time after discovering them.

51.

Defendant's express warranty required it to remedy the defects in the subject vehicle.

52.

Defendant failed to timely remedy the defects in the subject vehicle.

53.

Defendant failed to remedy the above-referenced defect(s) in the subject vehicle within a reasonable number of attempts.

54.

Defendant failed to remedy the above-referenced defect(s) in the subject vehicle within a reasonable or period of time.

55.

9

Defendant has, therefore, breached its warranty to Plaintiff.

56.

Defendant's breach of warranty has directly and proximately caused Plaintiff's damages.

57.

Plaintiff is therefore entitled to recover actual damages, as stated in paragraph 43 of this Complaint, together with all incidental and consequential damages including, but not limited to, loss of use damages from Defendant as provided by Minnesota law, plus the reasonable legal fees and litigation costs incurred prosecuting this matter.

## COUNT 5
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT
## (VIOLATION OF MINN. STAT. § 336.2-314)

58.

Plaintiff realleges Paragraphs 1 through 57 as though fully set forth herein

59.

Defendant is a merchant with respect to the subject vehicle purchased by Plaintiff.

60.

Included with Plaintiff's lease of subject vehicle was an implied warranty of merchantability.

61.

As described above, the subject vehicle was of a character and quality that it would not pass without objection in the trade under the contract description.

62.

As described above, the subject vehicle was not fit for the ordinary purpose for which such goods are used.

63.

As described above, the subject vehicle was not of fair average quality within the contract description.

64.

As described above, the subject vehicle did not run, within the variations permitted by the agreement, of even kind, quality and quantity.

65.

As described above, the subject vehicle did not conform to the promises or affirmation of fact made on the container or label that accompanied its delivery to Plaintiff.

66.

Defendant did not effectively exclude said warranty of merchantability.

67.

Defendant did not effectively modify said warranty of merchantability

68.

Defendant has therefore breached its implied warranty of merchantability to Plaintiff.

69.

Plaintiff is therefore entitled to recover actual damages, as stated in in paragraph 43 of this Complaint, together with all incidental and consequential damages from Defendant as provided by Minnesota law plus legal fees and litigation costs incurred pursuant to 15 U.S.C. § 2310(d).

## COUNT 6
## REVOCATION OF ACCEPTANCE UNDER THE
## MAGNUSON-MOSS WARRANTY ACT
## (VIOLATION OF MINN. STAT. § 336.2-608)

70.

Plaintiff realleges Paragraphs 1 through 69 as though fully set forth herein.

71.

Plaintiff reported the nonconformities outlined above to Defendant or Defendant's authorized repair dealership, during the term of the applicable warranties.

72.

Plaintiff reported the nonconformities outline above to Defendant or Defendant's authorized repair dealership, within a reasonable time after discovering the same.

73.

The nonconformities outlined above substantially impair the value of the subject vehicle.

74.

Plaintiff were reasonably induced to accept the subject motor vehicle by the difficulty of discovery of said nonconformities before acceptance.

75.

Plaintiff were reasonably induced to accept the subject motor vehicle by Defendant's assurances that the subject vehicle conformed to its warranties.

76.

Plaintiff provided Defendant with a reasonable opportunity to cure the nonconformities in the subject vehicle.

77.

Notwithstanding Plaintiff providing Defendant with a reasonable number of opportunities to repair the subject vehicle, Defendant failed to seasonably cure the above-referenced nonconformities.

78.

Plaintiff revoked acceptance of the subject vehicle within a reasonable time after discovery of the nonconformities outlined above.

79.

Plaintiff is therefore entitled to recover and damages as stated in paragraph 43 of this Complaint, plus all incidental and consequential damages including, but not limited to, loss of use damages, and legal fees and litigation costs incurred pursuant to 15 U.S.C. § 2310(d).

## COUNT 7
## UNLAWFUL TRADE PRACTICES ACT
## (VIOLATION OF MINN. STAT. §§ 325D.09-325D.16)

80.

Plaintiff realleges Paragraphs 1 through 79 as though fully set forth herein.

81.

Through the statements made, as stated in the above paragraphs, Defendant knowingly misrepresented the true quality of the subject vehicle. Defendant made such misrepresentations to the public and targeted the public at large through its misrepresentations.

82.

Defendant's misrepresentations directly and proximately caused Plaintiff damages as stated in paragraph 43 of this Complaint and in an amount to be proven at trial, and as detailed above. Defendant's violation of Minn. Stat. §§ 325D.09 through 325D.16 entitles Plaintiff to

13

also recover reasonable attorneys' fees and litigation costs pursuant to Minn. Stat. § 8.31, subd. 3(a).

## COUNT 8
## PREVENTION OF CONSUMER FRAUD ACT
## (VIOLATION OF MINN. STAT. §§ 325F.68-325F.70)

83.

Plaintiff realleges Paragraphs 1 through 82 as though fully set forth herein.

84.

As described above, Defendant used and employed fraud, false pretense, misrepresentation, and misleading statements regarding the subject vehicle and its lack of an engine immobilizer. Defendant made such statements to the public and targeted the public at large through said statements.

85.

Defendant made these statements with the intent that its consumers, including Plaintiff, rely on the statements in purchasing its vehicles, including the subject vehicle.

86.

Defendant's statements directly and proximately caused Plaintiff damages as stated in paragraph 43 of this Complaint and in an amount to be proven at trial, and as detailed above. Defendant's violation of Minn. Stat. §§ 325F.68 through 325F.70 entitles Plaintiff to also recover reasonable attorneys' fees and litigation costs pursuant to Minn. Stat. § 8.31, subd. 3(a).

## COUNT 9
## FRAUD

87.

Plaintiff realleges Paragraphs 1 through 86 as though fully set forth herein.

14

88.

Through its actions, statements and/or omissions detailed with particularity above, Defendant intentionally, and with deliberate disregard for Plaintiff's rights, made false representations regarding the lack of an engine immobilizer in the subject vehicle.

89.

Defendant knew of the falsity of its representations regarding the subject vehicle's lack of an engine immobilizer.

90.

Defendant intentionally made these false representations to Plaintiff with the intention to induce Plaintiff to act in reliance on them.

91.

Defendant's false representations regarding the subject vehicle's engine immobilizer were made prior to and during the sale of the subject vehicle and did, in fact, cause Plaintiff to act in reliance thereon.

92.

Defendant thereby committed fraud.

93.

As a direct and proximate result of Defendant's fraud, Plaintiff suffered damages as stated in paragraph 43 of this Complaint and in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for actual and statutory damages, including a full refund of the vehicle purchase costs and obligations, and all other charges and expenses incurred by Plaintiff including, but not limited to, sales or excise tax, license fees and registration fees, reimbursement for towing and rental vehicle expenses, and

insurance deductibles paid by Plaintiff regarding the subject vehicle, plus attorneys' fees and litigation costs incurred bringing this action as set forth in the above statutes in a total amount in excess of $50,000, together with pre-judgment and post-judgment interest and all other costs the Court deems just.

## ACKNOWLEDGMENT

Plaintiff assert these claims in good faith and acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party as provided by Minnesota Statutes Section 549.211, subd. 2 (1994).

Date: November 2, 2022    **GADTKE LAW FIRM, P.A.**

By: _____
Todd E. Gadtke (#276704)
11210 – 86th Avenue North
Maple Grove, MN 55369
Telephone: (763) 315-4548
tgadtke@gadtkelawfirm.com

**ATTORNEYS FOR PLAINTIFF**