UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
------------------------------x

IN RE: KIA HYUNDAI VEHICLE THEFT LITIGATION,

MDL No. 3052

------------------------------x

New York, N.Y.
December 1, 2022
10:10 a.m.

The United States Judicial Panel on Multidistrict Litigation

Before:

HONORABLE KAREN K. CALDWELL, Chair
United States District Court
Eastern District of Kentucky

HONORABLE DALE A. KIMBALL
United States District Court
District of Utah

HONORABLE DAVID C. NORTON
United States District Court
District of South Carolina

HONORABLE NATHANIEL M. GORTON
United States District Court
District of Massachusetts

HONORABLE MATTHEW F. KENNELLY
United States District Court
Northern District of Illinois

HONORABLE ROGER T. BENITEZ
United States District Court
Southern District of California

APPEARANCES

BARON & BUDD, P.C.
Attorneys for Plaintiffs Miyoshi Morrow, et al.
BY: ROLAND K. TELLIS

HUMPHREY FARRINGTON & McCLAIN
Attorneys for Plaintiffs Charles Simmons, et al.
BY: KENNETH B. McCLAIN

DiCELLO LEVITT, LLC
Attorneys for Plaintiff Givens
BY: DANIEL R. FERRI

PAYNE LAW LLC
Attorney for Plaintiffs Jo Taylor Slovak, et al.
BY: MELISSA PAYNE

SAUDER SCHELKOPF LLC
Attorneys for Plaintiffs Stefanie Marvin, et al., and Lauren Henry, et al.
BY: MATTHEW D. SCHELKOPF

OLIVER LAW GROUP, P.C.
Attorney for Plaintiffs Casey DeKam, et al.
BY: PAUL MATOUKA

JENNER & BLOCK LLP
Attorneys for Defendants Kia America, Inc.; and Hyundai Motor America; and Hyundai America Technical Center, Inc.
BY: PETER J. BRENNAN

(In open court)

JUDGE CALDWELL: We'll now proceed to MDL 3052, the Kia Hyundai Vehicle Theft Litigation.

Are you Mr. Tellis?

MR. TELLIS: I am.

JUDGE CALDWELL: Thank you. Please state your appearance.

MR. TELLIS: May it please the panel: Roland Tellis of Baron & Budd on behalf of the Morrow plaintiffs. I'm here to advocate for the consolidation, coordination, and transfer to the Central District of California before Judge David Carter.

Your Honors, this panel has repeatedly sent multidistrict auto defect cases against Hyundai Kia to California, at least four times in the past nine years, and for good reason. California was the center of gravity in each of those cases, and it remains the center of gravity in this case. There's nothing unique about this case that warrants a departure from this panel's prior analysis. California -- Hyundai Kia are headquartered in California. If the Korean parents are named as defendants, California offers the best option for a personal jurisdiction challenge. California has the most number of cases over any district. California has the most number of class vehicles based on the number of registered vehicles.

As an aside, there's been some discussion that Milwaukee or some other jurisdiction has a disproportionate number of stolen vehicles in this case. Your Honors, that's the tail wagging the dog. There are 9 million cars at issue in this case. Less than 1 percent have been stolen. And so while there may be more cars stolen in a particular jurisdiction -- we don't know that yet -- there are more class vehicles in California than any other jurisdiction.

Hyundai Kia witnesses are located in California, and I would submit that if the case goes to trial, the California district court has subpoena power over those witnesses to compel them to trial.

Judge Carter, like many other jurists that have these cases, has MDL experience, has the right temperament, and does not have any present MDLs on his docket. For these reasons, I'd urge the court to send it to California. The notion offered by the defendants that a more convenient forum is thousands of miles away from their headquarters but convenient to their counsel is just not a factor that this court should take into account.

Thank you.

JUDGE CALDWELL: Thank you, Mr. Tellis.

Mr. Tellis, Judge Gorton has a question.

MR. TELLIS: Oh, I'm sorry. I apologize.

JUDGE GORTON: A recent tag-along has had personal

injury claims involved. If that persists, should the 1407 centralization include claims -- personal injury claims as well?

MR. TELLIS: So it's an interesting question. I suppose the theory is that the cars were stolen, and then someone was injured in the course of taking those vehicles, and I'm not sure that bears a close enough nexus to the issue. In the Takata Airbag Litigation, which I was a part of, we had injuries resulting from the defect itself. The airbags explode; someone got hurt. This seems a little tangential, someone stealing a car and then driving it and either injuring themselves or someone else. I'm not sure this would warrant some sort of a personal injury track, if that's what you're asking. I don't see it yet. I don't think there are enough cases to warrant that.

JUDGE GORTON: All right. Thank you.

JUDGE CALDWELL: Other questions?

You may escape this time, Mr. Tellis.

MR. TELLIS: Thank you.

JUDGE CALDWELL: Mr. McClain.

MR. McCLAIN: May it please the court: I'm here to advocate for the Western District of Missouri. I think that a number of the papers that you've seen, many of the parties agree that there is a nexus to the center part of the country, and there's a number of different locations that are being

advocated for that reason, and we do advocate for a central location of consolidation of these cases under 1407.

We have handled multidistrict cases for just that reason in the Western District of Missouri, and very efficiently. The fact of the matter is the Western District of Missouri is 44th in number of filings, despite our wonderful facilities and wonderful judges, and because of that, when we've had MDL cases, we move them rather well. In fact, when the panel sent the Dollar General litigation to the Western District of Missouri, you noted that, although this litigation is nationwide in scope, its center of gravity is in the center of the country. The Western District of Missouri provides a geographical central forum for this litigation that is both convenient and accessible to the parties and the witnesses.

I think that the issues that counsel just raised used to be the way we thought about litigation. COVID has changed the way that we're approaching nearly everything. There's virtually nothing that has to be done in person in one location that can't be done via Zoom or other techniques, and therefore, the Central District of Missouri is accessible to everyone that wants to come and be present at any point in time. Everything else can be coordinated across the country, and very well, in the Western District of Missouri.

Thank you.

JUDGE CALDWELL: Wait just a moment, Mr. McClain.

Questions for Mr. McClain? Very well. Thank you for your argument.

MR. McCLAIN: Thank you.

JUDGE CALDWELL: Mr. Ferri.

MR. FERRI: Good morning, your Honors. Mr. Dan Ferri on behalf of plaintiff Givens.

We support centralization in either the Northern District of Illinois or the Eastern District of Pennsylvania. The Northern District of Illinois, which is one of the only courts which both some plaintiffs and defendants agree upon, is simply the most convenient forum. As others have recognized, this is a nationwide class action. It affects all 50 states. There's going to be a consolidated complaint. Likely going to have plaintiffs from all over the country. The Northern District of Illinois, with its ease of access and central location, is going to be the most convenient location for all parties, certainly convenient for defendants, as they are also proposing that as a forum.

Judge Tharp, who was assigned the first of the filed cases in the Northern District of Illinois, is an experienced judge with no current pending MDLs before him.

If not the Northern District of Illinois, then the Eastern District of Pennsylvania is a reasonable forum. It has, relative to some of the other proposed forums, a low number of cases per judge and a low time to trial.

Judge Baylson in the Eastern District of Pennsylvania has two cases before him, and he has shown an interest in moving these cases forward. And recently he has ordered us to serve discovery, which was done yesterday, serve ESI protocol, which was done yesterday, and has ordered the parties to submit preservation orders.

So if not the Northern District of Illinois with its central location, the Eastern District of Pennsylvania, which is also readily accessible, is a good forum with Judge Baylson showing interest to move these forwards.

JUDGE CALDWELL: Thank you.

Questions for Mr. Ferri? Yes, Judge Kimball.

JUDGE KIMBALL: There's a case in the Eastern District of Wisconsin which is a possibility here. Isn't that the furthest along, and if so, does that make any difference?

MR. FERRI: It's the furthest along in the sense there's a motion to dismiss and briefing has been filed, but there's not been any other action that I'm aware of taken in that case beyond that motion to dismiss briefing. So there's not been a scheduling conference, as there was in the Eastern District of Pennsylvania, and no discovery's been served in that case.

JUDGE CALDWELL: Other questions?

Hearing none, we thank you for your argument.

MR. FERRI: Thank you.

JUDGE CALDWELL: Ms. Payne.

MS. PAYNE: Good morning, your Honors. My name is Melissa Payne, and I am a solo practitioner of Payne Law LLC located outside of Toledo. I represent the plaintiffs Jo Taylor Slovak, Daniel Newman, and Aaron Davies whose vehicle was purchased in Toledo, Ohio. And I am advocating for the central consolidation to occur in the Northern District of Ohio, the Toledo Division, which doesn't currently have an MDL pending.

We agree with the defendants that Ohio has the highest number of named plaintiffs from any one state. We agree that Judge Carr in the Northern District of Ohio has the expertise needed for a complex civil matter of this magnitude, and he has MDL experience.

We also agree that new civil cases in the Northern District of Ohio are comparatively low to the Central District of California at 213 cases per authorized judgeship, whereas the Central District of California has 505 new cases per authorized Judgeship.

Since we have filed the briefing in the Northern District of Ohio, we had mentioned that there were 2,935 data points of people affected by this defect. To date that number has increased to 4,410 data points of class members involved in this litigation. Of those 4,410 plaintiffs, over 1,000 people have had their vehicles stolen. The majority of those people

in Ohio.

We are in agreement with Mr. Matouka that Detroit airport is the most convenient for all of the witnesses. Detroit metro airport has over 100 -- has 101 direct flights and direct flights from the Republic of Korea directly to Detroit, which would be convenient because we are the only district who are suing the Korean entities. Discovery would be incomplete without suing the manufacturers who make design decisions about these vehicles. Therefore, the consolidation must take place in the Northern District of Ohio.

JUDGE CALDWELL: Thank you.

Questions for Ms. Payne? Thank you very much.

Mr. Matouka.

MR. MATOUKA: Good morning, your Honors. Paul Matouka from Oliver Law Group on behalf of the DeKam plaintiffs out of the Eastern District of Michigan.

Your Honors, I respectfully argue that consolidation is appropriate in the Eastern District of Michigan. I agree with Ms. Payne that the Detroit airport is easily accessible for all defendants and all plaintiffs. And to the extent that additional plaintiffs need to be added upon consolidation, the Detroit airport will be similarly accessible to them.

I would like to note that one of the defendants, Kia Hyundai Technical, which, based on our understanding, is involved in the actual designing and engineering of these

vehicles, is located in the Eastern District of Michigan, and so they're already located in that district.  So saying that the center of gravity lies solely in California omits those defendants.  And furthermore, while California may have the most cars, that is likely a product of their population.  And were this panel to consider factors such as that, most things would likely end up in California simply due to its size.

In the Eastern District of Michigan, we have proposed Judge Gershwin Drain, who does not have prior MDL experience but has a significant amount of experience on both the state and federal benches, and we believe that he has the temperament and capabilities to effectively manage an MDL.  And giving him the opportunity to do so would provide this panel with a greater base of skill to draw upon when it needs to.

Thank you.

JUDGE CALDWELL:  Questions for Mr. Matouka?

Hearing none, thank you for your argument.

Mr. Schelkopf?

MR. SCHELKOPF:  That's correct.

JUDGE CALDWELL:  Did I pronounce that even close to correctly?

MR. SCHELKOPF:  You did.  You got it exactly correct.  Thank you, your Honor.  Matthew Schelkopf from Sauder Schelkopf.

May it please the court:  Your Honors, I'm not going

to make an argument here about convenience.  I don't think that is what this case is really about.  Even though the Eastern District of Wisconsin is convenient, COVID has shown us that that's not really an issue here anymore.

Wisconsin is the epicenter of the epidemic that we're dealing here with, with Hyundai and Kia thefts.  Sixty percent of the vehicles that have been stolen in just Milwaukee in 2021 were Hyundai Kias.  Just this week I was coming up here, and I saw a news article that on Tuesday two more innocent people died in Milwaukee because of a stolen Hyundai.  That's not the first time that people have died in Milwaukee because of a stolen Hyundai or Kia, and unfortunately, it probably will not be the last time.

On top of all that, the first-filed case was filed almost 16 months ago in Milwaukee in state court.  That was removed to federal court.  Since then we've had two motions to dismiss filed.  That motion to dismiss has been fully briefed.  It was set for argument in September and was then postponed until November 28.  That argument date was stayed pending the ruling of the panel here.  We are much further along in Wisconsin than in any other jurisdiction in the country.  And Wisconsin, specifically Milwaukee, has more investment than any other jurisdiction in this country as well.

Thank you, your Honors.

JUDGE CALDWELL:  Questions for Mr. Schelkopf?  Yes.

JUDGE NORTON: You said there's a motion to dismiss in your case. Has there been any discovery at all in your case?

MR. SCHELKOPF: I don't believe that there's been any discovery at this point, but I will note that there's been seven separate orders by the Court in that case.

JUDGE NORTON: OK. Thank you.

JUDGE CALDWELL: Judge Kennelly.

JUDGE KENNELLY: I guess I'm just not getting why where thefts happen makes a particular jurisdiction more convenient or more appropriate.

MR. SCHELKOPF: Well, your Honor, from my personal perspective --

JUDGE KENNELLY: You're not going to be taking the depositions of the kids who stole them, right?

MR. SCHELKOPF: I'm not going to say that that will never happen, but at the same time, my personal view on that is if Milwaukee is the epicenter where you can walk down the street and you need to be aware that if there's a Hyundai or Kia coming down the street, it can kill me, the view is going to be a little bit different than in a different city where you don't have to necessarily worry about that. And I think that that is the importance to that city and especially to that judge who has already been invested for over a year.

JUDGE CALDWELL: Other questions?

Thank you very much.

MR. SCHELKOPF: Thank you, your Honors.

JUDGE CALDWELL: Mr. Brennan.

MR. BRENNAN: Good morning, your Honor. It's Peter Brennan from Jenner & Block on behalf of defendants Hyundai Motor America, Kia America, and Hyundai America Technical Center, Inc.

So, obviously, we agree that the first-filed jurisdiction is the place these cases should be consolidated, and we do believe they should be consolidated. But one thing I want to highlight from in our brief and talk about is the Southern District of Ohio.

This panel on previous occasions has sent cases to somebody who does not have experience with an MDL, and that would be Judge Cole in the Southern District of Ohio. But what you do have the opportunity with him is to leverage a certain experience that is in the federal judiciary because his undergraduate degrees, according to his bio, were in electric engineering, mathematics, and physics, and he worked as an electrical engineer before attending law school. So he does have a certain level of expertise that I believe would be helpful for this case. In fact, Judge Baylson, when I was in front of him a couple of weeks ago, said we really need someone with technical expertise. So if you want technical expertise, Judge Cole has it.

And overall, Southern District of Ohio does not have

one of the heavier caseloads.  You've heard all about how the airports are and how convenient they are.  Cincinnati is a reasonably convenient airport.  It's not O'Hare, I'll grant you, but it is -- Ohio is the residence of over 10 percent -- 10 percent of the named plaintiffs at 14, higher than any other venue that's being asserted here.  It's also actually not the hometown of many of the people you've heard from today, and sort of I think that would be -- I view that as a plus as well.

We believe the right case -- right venue here is Eastern District of Wisconsin or Northern District of Illinois.  Certainly Southern District of Ohio has some possibilities.

One item to us that is clear is this case should stay in Middle America.  57.53 percent of the 146 plaintiffs are from Midwestern states, and if you add in plaintiffs east of the Mississippi, you get up to 189, or 81.5 percent.  This is a case that should belong in the center of the United States.

I did want to answer Judge Kennelly's question concerning whether the personal injury cases should be sent along, and our answer is they should not be.  Those cases are fundamentally different from everything else that's in these cases.  So we think that would be different.

I'd also like to point out the first-filed case in California was by Mr. McClain, and even Mr. McClain is advocating, obviously, for a Midwestern location.  And as Mr. Ferri pointed out in his brief, Mr. Berman, who moved --

initially filed in California exclusively with plaintiffs from the Midwest, four from Ohio and one from the Northern District of Illinois.

Finally, as you've heard, Judge Baylson wants to move things along. Right now we have December 20 response dates in, I believe, about 40 of these 49 actions. So the one thing we would respectfully ask for is a quick decision one way or the other.

JUDGE CALDWELL: Thank you.

Questions? Judge Kennelly.

JUDGE KENNELLY: So you were talking a lot about Cincinnati. Is Cincinnati your first choice? I thought it was Milwaukee.

MR. BRENNAN: It is. It is the first choice. I was just trying, because I know you're hearing arguments about --

JUDGE KENNELLY: Which is your first choice?

MR. BRENNAN: Eastern District of Wisconsin.

JUDGE KENNELLY: Is that for the same reason as the other, because the --

MR. BRENNAN: Correct. And Northern District of Illinois would have been second, and then Ohio is as well.

JUDGE KENNELLY: Maybe you can answer better the question that I asked of the other person, which is why is the place where the thefts occurred more convenient in terms of how the litigation gets structured?

MR. BRENNAN: I think our view is that that was the argument in terms of where thefts occur. Obviously, it's one place. It's not critical. It is the place, to our view, that's furthest along. It's had the most briefing. And our view is JPML should not be used as a process to move things to a totally different part of the country. That's our position.

JUDGE KENNELLY: OK.

JUDGE CALDWELL: Other questions?

Hearing none, we thank you for your argument.

MR. BRENNAN: Thank you very much.

JUDGE CALDWELL: That concludes the arguments in MDL No. 3052.

o0o