**BEFORE THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re:** Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation | § § § § § §  MDL No. 3052 |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER (CTO-1)**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Defendants Kia America, Inc., Hyundai Motor America, and Hyundai America Technical Center, Inc. (together, "Defendants"[1]) respectfully submit this brief in support of their motion to vacate CTO-1 as to *Payne et al. v. Kia Corporation et al.*, No. 1:22-cv-00881 (W.D.N.Y.).

**INTRODUCTION**

*Payne* is an outlier, a wrongful death suit that has nothing in common with the other MDL actions involving purchasers or lessees of Kia and Hyundai branded vehicles. Unlike those cases, none of which alleges personal injury or wrongful death, *Payne* arises from a tragic joy ride: a teenager driving an allegedly stolen Kia at 100 miles per hour crashed it into a wall, killing four young passengers ("Decedents") in Buffalo, New York. The parents of two Decedents ("Plaintiffs") seek damages for lost love, society, comfort, and companionship, and their claims

---

[1] By filing the motion and this accompanying brief, Defendants do not concede that the defendants in *Payne et al. v. Kia Corp. et al.*, No. 1:22-cv-00881 (W.D.N.Y.)—Kia America, Inc. and Kia Corporation—have been properly served with process. The motion and this accompanying brief are submitted without waiving all available defenses, including defenses related to the lack of, or deficient, service.

1

turn on questions of duty, causation, and personal injury damages. The MDL actions are fundamentally different—none resembles *Payne*'s factual core.

On December 13, 2022, the Panel centralized 16 actions (the "Centralized Actions") in MDL No. 3052. *See In re Kia Hyundai Vehicle Theft Litig.*, No. MDL 3052, 2022 WL 17843100, at *2 (J.P.M.L. Dec. 13, 2022). The Centralized Actions did not include *Payne*. Common to all the Centralized Actions is the allegation that plaintiffs "purchased or leased Kia and Hyundai branded vehicles that they allege are defective" and "particularly susceptible to being stolen." *Id.* at *1. Unlike *Payne*, none of the Centralized Actions asserts any form of personal injury or wrongful death claims. To the contrary, most of the plaintiffs expressly *exclude* any damages arising from personal injuries.

On December 15, 2022, the Panel issued CTO-1 and conditionally transferred 22 tag-along actions, including *Payne*, to the MDL. Dkt. 96. Like the Centralized Actions, every tag-along action in CTO-1 involves plaintiffs who purchased or leased Kia and Hyundai branded vehicles who seek economic damages related to thefts or diminution in value of their vehicle—except for *Payne*. Of the 16 Centralized Actions and 22 tag-along actions, *Payne* is the *only* wrongful death or personal injury lawsuit.

Given the unique nature of *Payne*, it is no surprise that the parties in the Centralized Actions "expressed their tentative view that personal injury actions should not be included in this litigation." *In re Kia Hyundai Vehicle Theft Litig.*, 2022 WL 17843100, at *1 n.1. Even counsel for some plaintiffs in the Centralized Actions took the position that *Payne* should not be transferred, as it was "tangential." Dec. 1, 2022 Tr. at 5:10–15. Courts routinely vacate conditional transfer orders where, as here, transfer would create inconvenience and introduce inefficiency. *Payne*'s inclusion in the MDL would inject unrelated issues, including as to causation, the injuries

suffered by the Decedents and Plaintiffs, and the actions of the egregiously reckless driver at fault for the collision. In addition, the material events surrounding the collision in *Payne* occurred in New York, and most of the parties and key witnesses reside in New York, making transfer to California inconvenient for the majority of the parties and witnesses. For these reasons, the Panel should vacate CTO-1 as to *Payne*.

## FACTUAL BACKGROUND

### *The Panel creates an MDL for economic damages claims brought by individuals who purchased or leased Kia and Hyundai branded vehicles*

On December 13, 2022, the Panel created MDL No. 3052 in the Central District of California for cases where plaintiffs who "purchased or leased Kia and Hyundai branded vehicles" claim that a design "defect" allegedly makes the vehicles "susceptible to being stolen." *See In re Kia Hyundai Vehicle Theft Litig.*, 2022 WL 17843100, at *1. The Centralized Actions plaintiffs seek, among other relief, alleged economic damages related to the purchase price of their vehicles, including money to fix the alleged defect in their vehicles and to compensate them for allegedly increased costs caused by the alleged defect, such as increased insurance premiums and the thefts of some vehicles.[2]

The Centralized Actions plaintiffs do not seek—and, indeed, "specifically exclude[]"—from their claims any damages for personal injuries. *See, e.g.*, *Brady*, 4:22-cv-00252-RGE-SBJ, Dkt. 1 ¶ 51; *Day*, 5:22-cv-00202-KKC, Dkt. 1 ¶ 51; *Moon*, 1:22-cv-07433-PKC, Dkt. 1 ¶ 51.

---

[2] *See, e.g.*, *Brady v. Kia America, Inc.*, 4:22-cv-00252-RGE-SBJ, Dkt. 1 ¶ 49 (S.D. Iowa Aug 4, 2022); *Day v. Kia America, Inc.*, No. 5:22-cv-00202-KKC, Dkt. 1 ¶ 49 (E.D. Ky. Aug. 4, 2022); *Moon v. Kia America, Inc.*, No. 1:22-cv-07433-PKC, Dkt. 1 ¶ 49 (S.D.N.Y. Aug. 30, 2022).

### **Payne** *is a wrongful death action that seeks personal injury damages*

On November 16, 2022, Plaintiffs in *Payne* filed a wrongful death action against Kia Corporation and Kia America, Inc. arising from a horrific car accident: a reckless 16-year-old driver crashed a Kia vehicle into an expressway wall at 100 miles per hour, allegedly after stealing the vehicle the day before. *See Payne v. Kia Corporation*, No. 1:22-cv-00881-JLS, Dkt. 1 ¶ 19 (W.D.N.Y. Nov 16, 2022) (hereinafter "*Payne* Compl."); Maki Becker, *Court Date Moved Up For Teen Accused In Stolen Kia Crash That Killed 4*, BUFFALO NEWS, Oct. 26, 2022, https://buffalonews.com/news/local/court-date-moved-up-for-teen-accused-in-stolen-kia-crash-that-killed-4/article_9e3efa62-553b-11ed-9e36-cf29dacca316.html.   The mothers of two Decedents filed a wrongful death suit against Kia America, Inc. and Kia Corporation. *See generally Payne* Compl.

Unlike the economic loss claims in the Centralized Actions, *Payne* is a wrongful death action that will turn on questions of duty, causation, and personal injury damages. Plaintiffs have not alleged that either they or Decedents purchased or leased a Kia vehicle. Nor are Plaintiffs seeking any damages connected to any purchase or lease. Instead, Plaintiffs seek damages for lost love, society, comfort, and companionship. *Payne* is the only one of the 22 tag-along actions conditionally transferred to MDL No. 3052 on December 15, 2022, seeking such damages.

### *Plaintiff and defense counsel at the December 1, 2022 JPML hearing agreed that* **Payne** *should not be transferred*

At the December 1, 2022 hearing, Judge Gorton asked whether the centralization should include personal injury cases like *Payne*—and the consensus was unanimous. Dec. 1, 2022 Tr. at 4:25–5:3. Not only did Defendants' counsel respond that the personal injury cases are "fundamentally different from everything else that's in these cases," *id.* at 15:18–21, but even plaintiffs' counsel doubted that *Payne* "bears a close enough nexus to the issue [in the Centralized

4

Actions]," *id.* at 5:7. Plaintiffs' counsel contrasted *Payne* with the Takata Airbag Litigation, where the injuries allegedly resulted "from the defect itself"—i.e., when airbags exploded. *Id.* at 5:7–5:10. The injuries in *Payne*, by contrast, were caused by a teenage boy recklessly driving a car into a wall at 100 miles per hour. There is no allegation, as there was in *Takata*, that the vehicle itself, rather than the actions of the driver, caused injuries to those in the vehicle.

Counsel for the Centralized Actions plaintiffs further explained that "[*Payne*] seems a little tangential, someone stealing a car and then driving it and either injuring themselves or someone else. I'm not sure this would warrant some sort of a personal injury track, if that's what you're asking. . . . I don't think there are enough cases to warrant that." *Id.* at 5:10–15. Since the December 1, 2022 hearing, no additional cases have been tagged to MDL No. 3052 that allege personal injury or wrongful death claims.

## ARGUMENT

CTO-1 should be vacated as to *Payne* because such a transfer would create numerous inefficiencies, and inconvenience the parties and the witnesses. Transferring *Payne* would be inconsistent with 28 U.S.C. § 1407(a), which authorizes transfer only when "civil actions involving one or more common questions of fact are pending in different districts" and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

While common questions of fact are necessary to warrant transfer, "a mere showing that such questions exist is not sufficient." *In re Cessna Aircraft Distributorship Antitrust Litig.*, 460 F. Supp. 159, 161–62 (J.P.M.L. 1978).[3] Even if the "actions will involve some overlapping factual

---

[3] *See also In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969) ("Of course, transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions."); 17 Moore's Federal Practice - Civil § 112.04 ("[T]he

5

questions and discovery," transfer will be denied when "the overlap appears to be limited and overshadowed by the many individual questions." *In re Gap, Inc., COVID-19 Lease Payment Litig.*, 492 F. Supp. 3d 1345, 1346 (J.P.M.L. 2020).

Motions to vacate conditional transfer orders should be granted where transfer "would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation at the present time." *In re Accutane Prods. Liab. Litig.*, 560 F. Supp. 2d 1370, 1370 (J.P.M.L. 2008); *see also In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009) (vacating conditional transfer order because "transfer of *Friedman* to the MDL would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation"); *In re Prempro Prods. Liab. Litig.*, 549 F. Supp. 2d 1398, 1398 (J.P.M.L. 2008) (same).

## I.   TRANSFER OF *PAYNE* WOULD CREATE NUMEROUS INEFFICIENCIES IN THE MDL BY ADDING UNIQUE PERSONAL INJURY ISSUES NOT PRESENT IN ANY OTHER MDL CASE

Transferring *Payne* to the MDL would be highly inefficient, injecting numerous personal injury issues into the MDL that are unique to *Payne* and are not present in any other Centralized Actions or tag-along case. For this very reason, counsel for Defendants *and plaintiffs* stated at the December 1, 2022 hearing that *Payne* should not be transferred, as the case is "fundamentally different from everything else that's in these cases." Dec. 1, 2022 Tr. at 4:25–5:3. That position still holds true.

According to the Panel, the Centralized Actions "can be expected to share factual questions surrounding the marketing, sale and manufacture of these vehicles and defendants' knowledge of the alleged defect." *In re Kia Hyundai Vehicle Theft Litig.*, 2022 WL 17843100, at *1. But the

---

finding of a common question is necessary, but it is not determinative of whether there ought to be a transfer.").

central factual issues in *Payne* are completely unrelated to those in the Centralized Actions. In other words, unlike cases where transfer is warranted, *Payne* and the Centralized Actions do not arise from "a common factual core." *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1367 (J.P.M.L. 2005).

*Payne* is singular. It is a wrongful death case brought by parents of two teenagers who tragically died when their friend took them on a ride in a stolen Kia and slammed the car into a wall at triple-digit speeds. And the only damages sought are for personal injuries. Adding the unique issues from *Payne* to the MDL would be highly inefficient, as the transferee court would need to resolve factual issues of duty, causation, and damages in a one-of-its-kind personal injury action, potentially delaying resolution of the factual issues at the core of the Centralized Actions.

Moreover, any potential factual overlap between *Payne* and the Centralized Actions would be negligible and far outweighed by the inefficiencies that would be created by the many individual questions unique to *Payne*. *Cf. In re Gap, Inc., COVID-19 Lease Payment Litig.*, 492 F. Supp. 3d at 1346. As counsel for plaintiffs acknowledged, any connection between *Payne* and the Centralized Actions "seems a little tangential." Dec. 1, 2022 Tr. at 5:10. That is because *Payne*, unlike every Centralized Actions case, involves unique questions of duty, causation, and damages in a personal injury context.

## II.    TRANSFER OF *PAYNE* WOULD INCONVENIENCE CERTAIN PARTIES AND MANY WITNESSES

*Payne* should also not be transferred because it would inconvenience certain parties and witnesses. *See In re Accutane Prods. Liab. Litig.*, 560 F. Supp. 2d at 1370 (motion to vacate should be granted when it "would not necessarily serve the convenience of the parties and witnesses"). Notably, the collision at issue in *Payne* took place in Buffalo, New York, and the percipient

witnesses and Plaintiffs are believed to reside there too, making the Western District of New York a more convenient forum for the parties and critical witnesses.

## CONCLUSION

For the foregoing reasons, the Panel should vacate CTO-1 as to *Payne et al. v. Kia Corporation et al.*, No. 1:22-cv-00881 (W.D.N.Y.).


Dated:  January 10, 2023

Respectfully submitted,

*/s/ Peter J. Brennan*
Peter J. Brennan
PBrennan@jenner.com
Michael T. Brody
MBrody@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:     +1 312 222 9350
Facsimile:      +1 312 527 0484

Alice S. Kim
AKim@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:     +1 213 239 5100
Facsimile:      +1 213 239 5199

*Counsel for Defendants Kia America, Inc., Hyundai Motor America, and Hyundai America Technical Center, Inc.*