**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3052 |

## CITY OF SEATTLE'S MEMORANDUM IN OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

The City of Seattle, the Plaintiff in *City of Seattle v. Hyundai Motor America, Inc.*, No. 2:23-cv-00098 (W.D. Wash. Jan. 23, 2023), respectfully submits this memorandum of law in opposition to Defendants' Motion to Vacate Conditional Transfer Order (CTO-5) ("Motion" or "Mot."), MDL No. 3052, JPML Dkt. No. 133 (Feb. 21, 2023). As *City of Seattle* involves substantially the same factual allegations regarding Defendants' conduct as the complaints already centralized in *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation* ("*In re: Kia*"), MDL No. 3052 (C.D. Cal.), Seattle respectfully requests that the Judicial Panel on Multidistrict Litigation ("Panel') deny Defendants' Motion and finalize transfer of this action.

## I.      INTRODUCTION

Seattle alleges that Hyundai and Kia failed to install anti-theft technology in certain vehicles, leaving those vehicles unreasonably susceptible to theft. This is the same core allegation asserted in the consumer class actions currently centralized and proceeding in MDL 3052 in the Central District of California before Judge James V. Selna. *See In re Kia Hyundai Vehicle Theft Litig.*, MDL No. 3052, 2022 WL 17843100, at *1 (JPML Dec. 13, 2022). This

exigent crisis is widespread, impacting individuals and governmental entities across the country.[1]

In addition to the consumer class cases, there are four complaints, including Seattle's, involving

governmental entities suing the same Defendants over the same course of conduct. *City of

Seattle*; *City of Columbus v. Kia Am., Inc.*, No. 2:23-cv-00654 (S.D. Ohio)*; City of Cleveland v.

Hyundai Motor Am.*, No. 8:23-cv-00419-JVS(KESx) (C.D. Cal.); and *City of Cincinnati v.

Hyundai Motor Am.*, No. 2:23-cv-01750- JVS(KESx) (C.D. Cal.). Two of those governmental

entity complaints were originally filed in the Central District of California and have already been

related to the MDL and reassigned to Judge Selna through Central District of California Local

Rule 83-1.3. *See City of Cleveland*, Dkt. No. 22 (Mar. 13, 2023); *City of Cincinnati*, Dkt. No. 20

(Mar. 13, 2023).

 *City of Columbus*, like the instant action, has been conditionally transferred into the MDL

by the Panel, although Defendants have moved to vacate the transfer order. *See In re Kia

Hyundai Vehicle Theft Mktg., Sales Pracs., & Prods. Liab. Litig.*, JPML Dkt. No. 136. These

governmental entities' complaints share not only a common nexus of factual issues, but common

claims, arising in public nuisance. The fundamental overlap of core issues between all of these

cases warrants denying Defendants' Motion and supports finalizing the transfer of *City of Seattle*

to the MDL for coordinated and/or consolidated proceedings.

 Judge Selna has already carefully considered the structure of this MDL and issued a Case

Management Order that expressly provides for a Governmental Entities Committee. *See* Exhibit

1 (MDL Order No. 2). The Governmental Entities Committee has begun its work of streamlining

and coordinating with other parties, in furtherance of judicial efficiency and pursuant to Federal

---

[1] *See* Tim Arango & Jacey Fortin, *Teens Are Stealing More Cars. They Learn How on Social
Medi*a, N.Y. Times (Mar. 10, 2023), http://www.nytimes.com/2023/03/10/us/car-thefts-kia-
challenge-tiktok.html.

Rules of Civil Procedure 1. Rather than upset the structure that Judge Selna has set out and the efficiencies of the coordination efforts already underway, this Panel should finalize transfer and allow the work to continue apace.

## II.      BACKGROUND

As Defendants and Interim Conference Counsel for Plaintiffs represented to Judge Selna in their joint preliminary report, "[a]ll of the cases transferred as part of MDL No. 3052 involve claims arising from the allegation that certain vehicles distributed or manufactured by Defendants did not include 'engine immobilizers,' which allegedly made them more susceptible to theft." *In re: Kia*, Dkt. No. 40 at 4. This is equally true of the fifty-five consumer cases as it is true of the instant action and the other governmental entity actions.[2] This susceptibility resulted in a meteoric rise in thefts of Kia and Hyundai vehicles, a common harm.[3] For consumers, this harm has manifested in decreased value for their automobiles, and damages stemming from theft.[4] For governmental entities, like Seattle, this harm has manifested as unsafe streets and other threats to public safety, increased costs to address the spike in crime, many of which are committed by juveniles, and future measures needed to abate this public nuisance, among other harms.[5]

Contrary to Defendants' representations about the discussion of purported dissimilarities at Judge Selna's Initial Conference, Mot. at 7, n.15, after hearing from counsel for Seattle and

---

[2] *See, e.g.*, *Marvin v. Kia Am. Inc.,* No. 2:21-cv-01146-PP, Dkt. No. 35 ¶ 1 (E.D. Wis. July 8, 2022); *Beneman v. Kia Am., Inc.*, No. 8:23-cv-00103-PX, Dkt. No. 1 ¶¶ 1-4 (D. Md. Jan. 13, 2023); *City of Seattle*, Dkt. No. 2 ¶ 18.

[3] *See e.g.*, *Marvin*, Dkt. No. 35 ¶ 2; *Beneman*, Dkt. No. 1 ¶ 6; *City of Seattle*, Dkt. No. 2 ¶¶ 6-7, 20-23.

[4] *See e.g.*, *Marvin*, Dkt. No. 35 ¶¶ 501, 529, 627; *Beneman*, Dkt. No. 1 ¶¶ 16-17.

[5] *See City of Seattle*, Dkt. No. 2 ¶¶ 9-11.

having been apprised in filings from Defendants and Seattle that CTO-5 would likely be

opposed, Judge Selna concluded that:

> This has been very helpful to me to better appreciate the multiple aspects of this. I come away from this believing that there ought to be a track for governmental entities that's separate from the basic consumer track.

MDL Hearing Tr., No. 8:22-ml-03052, Dkt. No. 51 at 65:15-19. And so, in a case management

order issued shortly after that hearing and twelve days prior to Defendants' Motion, Judge Selna

established a Governmental Entities Committee, appointed the undersigned as the Chair of that

Committee:

| | |
|---|---|
| 6 | |
| 7 | **UNITED STATES DISTRICT COURT** |
| 8 | **CENTRAL DISTRICT OF CALIFORNIA** |
| 9 | |
| 10 | In Re: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION |
| | CASE NO: ML 22-3052 JVS (KESx) |
| 11 | |
| 12 | ORDER NO. 2:  ADOPTION OF ORGANIZATION PLAN AND APPOINTMENT OF COUNSEL |
| 13 | This document relates to: |
| 14 | ALL CASES |
| 15 | |
| 16 | |
| 17 | |

The Court finds that plaintiffs' counsel will be structured as follows:

• A Consumer Class Action Leadership Committee ("Leadership Committee") consisting of four members.  The Committee shall designate one person as chair and advise the Court as to its selection.

• A Governmental Entities Committee consisting of one member, but subject to expansions if more Governmental cases are added to the docket.

The Court makes the appointments listed below.  The appointments are personal in nature, and although the Court anticipates that appointees will draw on the resources of their firms or their existing co-counsel, the appointee is the member of the committee and responsible for the duties which he or she assumes.  At a coming hearing, the Court will discuss a process for evaluating appointees' performance and commitment to the tasks assigned.

Plaintiffs' Consumer Class Action Leadership Committee: Steve W. Berman, Esq., Elizabeth A. Fegan, Esq., Kenneth B. McClain, Esq., and Roland Tellis, Esq.

Plaintiffs' Governmental Entities Committee Chair: Gretchen Freeman Cappio, Esq.

The full transcript and order show that Judge Selna has thoughtfully and appropriately chosen a structure for the MDL that accounts for differences between governmental entity cases and consumer cases while retaining the efficiencies and benefits of consolidation, such as coordinated discovery concerning facts relevant to all plaintiffs' claims. *See e.g. In re: Valsartan*

*Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1352 (JPML 2019) ("[T]he transferee judge may account, at his discretion, for any differences among the actions by using appropriate pretrial devices, such as separate tracks for discovery or motion practice[.]") (citation omitted).

## III.    ARGUMENT

The issue before the Panel is whether Conditional Transfer Order 5 satisfies the requirements of 28 U.S.C. § 1407. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). A transfer order is appropriate if (1) actions pending in different federal courts involve "one or more common questions of fact;" and (2) centralization "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This is not a close case. Because the actions involve one or more common question of fact, transfer will promote the just and efficient conduct of the actions, and transfer will serve the convenience of the parties and witnesses, Defendants' Motion should be denied.

### A.    *City of Seattle* **and the Consumer Cases Share Common Questions of Fact**

*City of Seattle* shares common facts with the consumer class actions centralized in MDL 3052. These complaints all center around Defendants' long-standing decisions to omit industry-standard antitheft technology from certain automobiles sold in the United States, making those vehicles unreasonably susceptible to theft. This commonality is not lessened due to Seattle's status as a municipal entity, nor is that a basis to deny transfer.

#### 1.    **MDLs Routinely Consolidate Individual and Governmental Actions**

In their Motion, Defendants argue that the distinct nature of governmental entity complaints renders transfer inappropriate. This emphasis on disparate legal issues is misplaced: "[t]he fact that actions advance different legal theories or issues has no impact on transfer." David F. Herr, *Multidistrict Litigation Manual* § 5:4 (West May 2022 Update), citing *In re Continental Grain Co., Inc.*, 482 F. Supp. 330, 332 (JPML 1979).

6

Individuals' claims are routinely ordered to join governmental entities' claims, and vice versa. *Multidistrict Litigation Manual* § 5:45. In *In re Ford Motor Co. Crown Victoria Police Interceptor Products Liability Litigation*, citizen claims and municipal claims were consolidated because both the citizen and municipal actions relied on similar allegations regarding an automobile manufacturer's design decisions and had a common defendant. 259 F. Supp. 2d 1366, 1368 (JPML 2003). Defendants rely on inapposite precedent, citing a case where transfer was denied because plaintiffs sued different defendants for conduct that only partially overlapped with an MDL.[6] Here, citizen and municipal plaintiffs pursue different legal theories to redress different injuries, but all of their claims are against the same defendants and are based on the same factual predicate: the conduct of Defendants in failing to include immobilizers in certain vehicles, and their concurrent and subsequent failure to disclose or remedy the problem. As recent, successful MDLs illustrate, the Panel regularly consolidates consumer and governmental entity cases effectively.

The *Volkswagen "Clean Diesel"* MDL included class actions representing owners and lessees, as well as enforcement actions brought by the Department of Justice, the Federal Trade Commission, and several states, including California and Wyoming. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 264 F. Supp. 3d 1040, 1044 (N.D. Cal.

---

[6] The vacated conditional transfer order in *In re Epipen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, involved a case, *Klein v. Prime Therapeutics, LLC*, No. 0:17-01884 (D. Minn), that asserted ERISA claims against pharmacy benefit managers for accepting excessive rebates from Mylan in exchange for more favorable formulary access. MDL No. 2785, Dkt. No. 111 at 2 (JPML Dec. 5, 2017). No pharmacy benefit manager was named as a defendant in the MDL, which involved antitrust, consumer protection, and RICO claims against different Defendants – Mylan and Pfizer. *Id.* Undersigned counsel was counsel for plaintiffs in the *EpiPen* MDL and has first-hand knowledge of this litigation history.

2017).[7] In MDL 2804, a plaintiff group of over two thousand governmental entities, hospitals, and third-party payors is being managed by Judge Polster. *See In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio), Dkt. No. 232.[8] Similarly, in MDL 2996, a plaintiff group including individuals, third-party payors, independent school districts, and governmental entities are centralized before Judge Breyer, who has established a leadership group to protect the interests of the varied plaintiffs. *See In re McKinsey & Co., Inc. Nat'l Opiate Consultant Litig.*, No. 21-MD-02996-CRB (N.D. Cal.), Dkt. No. 211.

In MDL 2913, class actions and personal injury cases pertaining to JUUL e-cigarettes were consolidated and centralized with governmental entity cases asserting public nuisance claims. *See In re Juul Labs Inc. Mktg., Sales Practices, & Prods. Liab. Litig.*, 396 F. Supp. 3d 1366, 1367 (JPML 2019). In its transfer order, the Panel noted that it "frequently centralizes dockets comprising both class actions and individual cases," citing to *In re Aqueous Film-Forming Foams Products Liability Litigation*, 357 F. Supp. 3d 1391 (JPML 2018), where the Panel centralized "litigation consisting of personal injury cases, class actions asserting medical monitoring and property damage claims, and actions by various governmental entities." *In re: JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 396 F. Supp. 3d at 1367.

Even more recently, class actions, individual personal injury actions, and public nuisance cases asserted by governmental entities have been consolidated in MDL 3047. *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-MD-03047-YGR,

---

[7] Undersigned counsel was a member of the Plaintiffs' Settlement Team in the *Volkswagen "Clean Diesel"* MDL.

[8] Undersigned counsel is counsel for plaintiffs in the *In re Nat'l Prescription Opiate Litigation* MDL and was a chief negotiator of the allocation agreement for Arizona, playing a similar role in other states.

(N.D. Cal.), Dkt. No. 21.[9] From oil spills (MDL 2179) to antitrust (MDL 2774), the Panel has routinely consolidated cases involving legal claims asserted by government entities with cases brought by private citizens, even if the causes of action differ, when the claims share a factual core and common defendants.

### 2.    Additional Factual Issues Do Not Overcome a Shared Factual Core

Defendants' argument that transfer should be denied because there are additional factual issues implicated in governmental entity complaints is equally unpersuasive. The argument that transfer under 28 U.S.C. § 1407 is inappropriate because actions are different "just won't carry the day if, in fact, there are numerous fact similarities." *Multidistrict Litigation Manual* § 5:45. As this Panel has routinely held, complaints need not have identical claims to be properly joined as part of an MDL. *See, e.g.*, *In re Travel Agent Comm'n Antitrust Litig.*, 290 F. Supp. 2d 1381, 1382 (JPML 2003) ("Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization[.]"). Here, there is undeniably a shared factual core. Defendants' decision to omit an industry standard anti-theft system has led to a crisis of stolen Hyundais and Kias.  It is well-established that "[t]ransfer does not require a complete identity of common factual issues . . . and the presence of additional facts or differing legal theories is not significant where . . . the actions still arise from a common factual core." *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (JPML 2014). This case is no different; likewise here, given the common factual core, consolidation of this case with the consumer actions will promote efficiency and avoid inconsistent rulings. These efficiencies will be even more significant with the other governmental entity complaints already on file and related to the MDL.

---

[9] Undersigned counsel represents governmental entity school districts in the *In re: Social Media Adolescent Addiction/Personal Injury Products. Liability Litigation* MDL.

**B.**     **Additional Governmental Entity Cases Have Been Filed**

In their Motion, Defendants argue that because *City of Seattle* was one of only two public nuisance claims then pending, transfer and consolidation would not be efficient. Mot. at 9. Defendants also dismissed the prospect of additional governmental entity complaints as a mere possibility. *Id.* At the February 7, 2023, Initial Conference before Judge Selna, the undersigned represented that "it takes time for governmental entities to file suit" and that the Court could expect to soon see more complaints from governmental entities trickle in. MDL Hearing Tr., No. 8:22-ml-03052, Dkt. No. 51 at 63:20-23. After that conference, the City of Columbus filed suit, and its case was conditionally transferred into the MDL. Defendants have opposed transfer of the Columbus case. JPML Dkt. No. 139.

Additional complaints from the City of Cincinnati and the City of Cleveland have been filed in the Central District of California, where the MDL is located and where both Defendants are subject to general personal jurisdiction. *City of Cleveland*, No. 8:23-cv-00419-JVS-KESx (C.D. Cal.); and *City of Cincinnati*, No. 2:23-cv-01750-JVS-KESx (C.D. Cal.). Pursuant to JPML Rule 7.2(a), the appropriate mechanism for coordination is reassignment to the transferee judge in accordance with the applicable local rules. *See* Dkt. No. 143. A notice of related cases was filed for both cases, under Local Rule 83-1.3.1, and both cases have been related to the MDL and reassigned to Judge Selna. *See City of Cleveland*, Dkt. No. 22; *City of Cincinnati*, Dkt. No. 20.

The undersigned has received client consent to report that Buffalo, New York and Madison, Wisconsin anticipate filing complaints shortly. *See* MDL 3052, Dkt. No. 62 at 3. In addition, news reports indicate that at least two other municipalities have contemplated filing suit

against Hyundai and Kia for "failing to mitigate the public nuisance [they] created" by manufacturing cars that were so susceptible to vehicle theft.[10]

Thus, there will likely be at least a half-dozen governmental entity cases alleging that Defendants' failure to include engine immobilizers led to a public nuisance, all tagged for transfer under 28 U.S.C. § 1407 or related under the appropriate local rules. The efficiencies to be gained from coordinating and consolidating those facially similar actions are readily evident.

## C.    Transfer Will Promote the Just and Efficient Conduct of the Actions

The common factual nexus between the governmental entity and consumer actions means that there will be substantial common discovery. The consumer plaintiffs identified as core discovery topics:

> The nature, scope, and existence of design and/or manufacturing defect(s) in the Affected Vehicles that create a security vulnerability in the vehicles and makes them highly prone to theft;

> The design, development, and manufacture of the Affected Vehicles' steering column assembly and ignition systems, including, the ignition lock cylinders and ignition switches, as well as alternative and competitive product designs;

> The design, development, and manufacture of the Affected Vehicles' anti-theft and alarm systems, as well as alternative and competitive product designs; Whether Defendants' design, development, and manufacture of the Affected Vehicles comport with the standard of care in the automotive industry and Federal Motor Vehicle Safety Standards ("FMVSS"), including FMVSS No. 114;

> Defendants' documentation, testing and evaluation demonstrating compliance with FMVSS No. 114;

---

[10] Christine Byers, *St. Louis threatens to sue Hyundai and Kia over theft epidemic*, KSDK (Aug. 29, 2022), https://www.ksdk.com/article/news/investigations/st-louisthreatens-to-sue-hyundai-kia-over-theft-epidemic/63-ba297b2b-e09d-4087-a3ed-00960f7815b7; *see also* Adam Rife, *City of Milwaukee considering lawsuit against Kia and Hyundai tied to the rash of car thefts*, CBS 58 (Jan. 20, 2023), https://www.cbs58.com/news/city-of-milwaukee-considering-lawsuit-against-kia-and-hyundai-tied-to-the-rash-of-car-thefts (quoting Alderman Jonathan Brostoff that Defendants have "to take responsibility and step up, and [Milwaukee] need[s] to fight for our role in this because we're getting hurt, we're getting hurt bad").

Defendants' submissions to NHTSA regarding any proposed rulemaking concerning FMVSS 114, engine immobilizers, or exemptions to parts marking requirements ("PMR");

Whether the alleged Defect(s) in the Affected Vehicles was a substantial factor in auto thefts of such Vehicles;

Defendants' applications to NHTSA for exemptions from PMR for certain of their vehicles, pursuant to 49 C.F.R. §§ 543.1 et seq.;

Defendants' knowledge concerning the effectiveness of engine immobilizers in preventing auto thefts;

Defendants' decisions to exclude engine immobilizers as a standard safety component in all of their vehicles sold in the United States prior to model year 2023 vehicles and Defendants' decisions to include immobilizers in certain models; and

Defendants' decision to install engine immobilizers in any of their U.S. vehicles.

*See* MDL 3052, Dkt. No. 40 at 13-14. Each of these topics is relevant to Seattle's case.

In fact, Defendants listed "theft data and statistics" and "police reports or other documents related to thefts of Plaintiffs' vehicles" as discovery they would pursue from third parties that is related to the consumer cases. *Id.* at 20. This is precisely the type of discovery that they now argue would be "irrelevant" to those actions, and "would offer no benefits" to the consumer cases. *See* Mot. at 7-8.

In addition to common factual issues, Defendants list as potential affirmative defenses to the consumer cases: preemption, the intervening acts of third parties, statute of limitations, the economic loss rule, and the absence of causation. *See* MDL 3052, Dkt. No. 40 at 12-13. Seattle is confident that it will prevail on these defenses but anticipates Defendants will raise them in the governmental entity cases as well. Thus, transfer will avoid potential conflicting rulings, prevent duplication of discovery on common issues, avoid conflicting and duplicative pretrial conferences, advance judicial economy, and reduce the burden on parties by allowing for the

division of workload among several attorneys. Transfer will also serve the convenience of the parties and witnesses.

**D.      Transfer Will Serve the Convenience of the Parties and Witnesses**

As the Panel found in its initial Transfer Order, consolidation and centralization in the Central District of California is appropriate because it is where Defendants are headquartered. *In re Kia,* 2022 WL 17843100, at *2. Thus, "centralization in this district should be convenient for their witnesses." *Id.* The Panel noted that the Central District of California offers an accessible district, if needed, for witnesses or defendants located in Korea, and is an underutilized transferee district. *Id.* Each of these factors is equally true for this case.

In the most recent Case Management Statement, the consumer plaintiffs anticipated taking depositions of Defendants' employees and corporate designees involved in the relevant vehicle design and manufacture, as well as those current and former employees with knowledge of the alleged defect and attendant auto theft problem in both the design stage of the vehicles as well as post sale. MDL 3052, Dkt. No. 60 at 21. Seattle suggested cross-noticing such depositions between the consumer and governmental entity tracks, for the convenience of the parties and deponents. MDL 3052, Dkt. No. 62 at 10. These efficiencies go beyond mere "minor overlaps in discovery," Mot. at 9, and exemplify the benefits of coordination and consolidation through the MDL process.

**IV.      CONCLUSION**

In selecting Judge James V. Selna to preside over this litigation, the Panel chose "a skilled jurist who is well-versed in the nuances of complex and multidistrict automotive litigation to steer this matter on a prudent course." *In re Kia,* 2022 WL 17843100, at *2. Judge Selna, having been apprised of Defendants' opposition to conditional transfer and after hearing from counsel, implemented a case management structure that expressly provides for the inclusion of

13

governmental entity claims in MDL 3052 and appointed the undersigned Chair of a Governmental Entities Committee. *See* Ex. 1.

With additional governmental entity complaints already related to *In re Kia*, the appropriateness of consolidation is clearer than ever. Judge Selna has created a case management structure specifically designed to accommodate these actions while promoting the just and efficient progression of the MDL as a whole. Today, at a status conference, after hearing of Defendants' opposition to CTO-5 and CTO-6, Judge Selna reiterated that the MDL already has a governmental entity track. If, at a future date, Judge Selna finds that fundamental differences outweigh the efficiencies and conveniences afforded by consolidation, he can recommend early remand. *See* JPML Rule 7.6, 199 F.R.D. 425, 436–38 (2001). Seattle respectfully requests that the Panel deny Defendants' Motion and finalize transfer of this action to MDL 3052 in the Central District of California.

DATED: March 13, 2023             Respectfully submitted,

/s/ *Gretchen Freeman Cappio*
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com
*Attorney for Plaintiff City of Seattle*