**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3052 |

**BRIEF IN SUPPORT OF CITY OF SEATTLE'S MOTION FOR EXPEDITED
CONSIDERATION OF DEFENDANTS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-5)**

Pursuant to Rule 6.3 of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, Movant, the City of Seattle,[1] respectfully submits this brief in support of expedited

consideration of Hyundai Motor America's and Kia America, Inc.'s (collectively, "Defendants")

pending Motion to Vacate Conditional Transfer Order (CTO-5) (the "Motion to Vacate").

## I.   BACKGROUND

On December 13, 2022, this Panel consolidated and coordinated proceedings involving

"allegations that certain Hyundai and Kia vehicles are unduly susceptible to theft," before Judge

James V. Selna of the Central District of California, forming *In re Kia Hyundai Vehicle Theft*

*Marketing, Sales Practices and Product Liability Litigation* ("*In re Kia Hyundai Vehicle Theft*"

or the "MDL").[2] On January 30, 2023, the Panel conditionally transferred Seattle's case to Judge

Selna because the Panel determined Seattle's action "involves questions of fact that are common

to the actions previously transferred."[3]

On February 7, 2023, Judge Selna held an Initial Conference for *In re Kia Hyundai*

*Vehicle Theft*.[4] At the conference, the undersigned informed the Court that additional

---

[1] Movant is the plaintiff in *City of Seattle v. Hyundai Motor America Inc. et al*, No. 2:23-cv-00098-JLR (W.D. Wash.).

[2] MDL 3052, Dkt. No. 94 at 1 (Transfer Order).

[3] MDL 3052, Dkt. No. 124.

[4] *See In re Kia Hyundai Vehicle Theft*, Dkt. No. 49.

governmental entity cases would be filed and provided perspectives on the need for

governmental entity leadership representation.[5] Two days later on February 9, the Court

appointed a Governmental Entities Committee.[6]

On March 7, 2023, the City of Cleveland filed suit against Defendants in the Central

District of California, where there is general jurisdiction over Defendants, bringing claims for

public nuisance like Seattle did.[7] The next day, the City of Cincinnati filed a similar suit against

Defendants, also in the Central District of California.[8]

On March 13, Judge Selna entered orders finding that Cleveland and Cincinnati's cases

"[a]rise from the same or closely related transactions, happenings, or events," as those in the

MDL.[9] Pursuant to Central District of California Local Rule 83-1.3, Cleveland's and

Cincinnati's actions were administratively related to the MDL and reassigned to Judge Selna.[10]

Additionally, at least two governmental entities ("GEs") are expected to file complaints shortly,

also in the Central District of California.[11]

Defendants opposed the conditional transfer of Seattle's case and filed their Motion to

Vacate on February 21, 2023.[12] Concurrently with the instant Motion to Expedite, Seattle is

---

[5] *Id.*, Dkt. No. 51 at 10:2–5; 63:20–64:5.

[6] *Id.*, Dkt. No. 50 at 4.

[7] *City of Cleveland v. Hyundai Motor America et al.*, No. 8:23-cv-00419-CJC-JDE, Dkt. No. 1 (C.D. Cal. Mar. 7, 2023).

[8] *City of Cincinnati v. Hyundai Motor America et al.*, No. 2:23-cv-01750, Dkt. No. 1 (C.D. Cal. Mar. 8, 2023).

[9] *See City of Cleveland v. Hyundai Motor America et al.*, Case No. 8:23-cv-00419-JVS-KESx, Dkt. No. 22 (C.D. Cal. March 13, 2023); *City of Cincinnati v. Hyundai Motor America et al.*, Case No. 8:23-cv-01750-JVS-KESx, Dkt. No. 20 (C.D. Cal. March 13, 2023).

[10] *Id.*

[11] Undersigned counsel has received client consent to report that the Cities of Buffalo, New York and Madison, Wisconsin also anticipate filing complaints in the Central District of California shortly.

[12] MDL 3052, Dkt. Nos. 133, 133-1.

filing its Opposition to Defendants' Motion to Vacate, and all briefing will be complete in this matter by March 20, 2023[13]—ten days before the Panel's next hearing session.

## II.  ARGUMENT

The crux of Defendants' Motion to Vacate is that GE cases like Seattle's should not be coordinated and consolidated with the MDL. But Defendants have already lost their argument. Two other GE cases have already been administratively related to *In re Kia Hyundai Vehicle Theft* by Judge Selna. Waiting to decide whether to consolidate Seattle's action with the MDL would only disadvantage Seattle, regardless of what the Panel decides.

This is a formative period of the MDL, when important decisions will be made about consolidating the GE complaints, the schedule for briefing, foundational discovery, and so-called "day 1 orders," such as those governing preservation obligations, protective orders, and ESI protocols.[14] If the Panel waits until its May 25 hearing to decide Defendants' Motion to Vacate, Seattle may be deprived of a meaningful opportunity to participate in these formative decisions. An earlier decision would help to realize the efficiencies this Panel envisioned when it created *In re Kia Hyundai Vehicle Theft* and that Judge Selna contemplated when he related the other GE cases to the MDL.

If this Panel decides not to consolidate Seattle's action with the MDL, Seattle will still be behind whatever progress the parties have made in *In re Kia Hyundai Vehicle Theft*, and the proceedings in the Western District of Washington will have been delayed. The delay could have grave consequences where, as here, the facts at issue involve stolen vehicles, many of which are

---

[13] *Id.*, Dkt. No. 129 (setting briefing schedule).
[14] *See In re Kia Hyundai Vehicle Theft*, Dkt. Nos. 60 and 62.

used to commit other crimes.[15] An expedited hearing would avoid further delay of Seattle's suit, which seeks to address these important public safety issues.

### III. CONCLUSION

Accordingly, the City of Seattle respectfully requests this Panel expedite consideration of Defendants' Motion to Vacate by setting it for hearing on March 30, 2023.

DATED: March 13, 2023                        Respectfully Submitted,

/s/ *Gretchen Freeman Cappio*
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
gcappio@kellerrohrback.com

*Attorney for Plaintiff City of Seattle*

---

[15] Tim Arango and Jacey Fortin, *Teens are Stealing More Cars. They Learn How on Social Media*, N.Y. Times (Mar. 10, 2023), https://www.nytimes.com/2023/03/10/us/car-thefts-kia-challenge-tiktok.html (reporting that "motor vehicle thefts were up 21 percent last year from 2021"; that "many of the culprits are teenagers or young adults stealing cars for kicks or to use them for other crimes, such as robberies;" and that "stolen Kias and Hyundais in Minneapolis [alone] were linked to five homicides, 13 shootings, 36 robberies and 265 vehicle accidents last year").