UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION          MDL No. 3052

ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel:** Defendant Kia America, Inc., in the Western District of New York action (*Payne*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 3052. Plaintiffs did not respond to Kia's motion.

After considering the argument of counsel, we conclude that including this action in MDL No. 3052 will neither serve the convenience of the parties and witnesses, nor further the just and efficient conduct of the litigation. In our initial transfer order, we held that the Central District of California was an appropriate Section 1407 forum for actions sharing factual questions concerning allegations that certain Kia and Hyundai branded vehicles are defective because the cars lack engine immobilizer technology. Such technology prevents cars from being started unless a code is transmitted from a unique smart key. *See In re: Kia Hyundai Vehicle Theft Mktg., Sales Pracs., and Prods. Liab. Litig.,* ___ F. Supp. 3d ___ (J.P.M.L., Dec. 13, 2022). The vehicles at issue in MDL No. 3052 include 2011-2022 Kia vehicles and 2015-2022 Hyundai vehicles that were equipped with traditional "insert-and-turn" steel key ignition systems. MDL Plaintiffs argue that vehicles without immobilizer technology are particularly susceptible to being stolen. *Payne* is a survivor action brought by the mothers of two teens who died when they were passengers in a stolen 2021 Kia Sportage. The action shares some factual allegations with the MDL because plaintiffs make allegations that the accident in which their children perished would have been avoided had the 2021 Kia Sportage included an engine immobilizer as standard equipment.

Although we often centralize personal injury actions alongside economic loss cases because both types of actions typically contain a common factual core,[1] this approach is not ironclad, and we look to the circumstances of each MDL. We are persuaded by defendant's unopposed arguments against transferring this wrongful death action to an MDL populated by

---

[1] *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 363 F. Supp. 3d 1378, 1382 (J.P.M.L. 2019) ("The Panel often has recognized the efficiencies of centralizing economic loss class actions with personal injury actions" because liability discovery often overlaps and individual discovery required in personal injury actions often is successfully coordinated within MDLs involving both kinds of actions).

cases containing primarily economic loss claims. Despite some factual overlap with the MDL actions, *Payne* contains significant and distinct questions relating to issues such as causation and includes claims not asserted in any other MDL action to date. We do not view transfer of *Payne* as necessary for the efficient conduct of the MDL or of *Payne*. "[W]hile not in itself determinative, the nearly unanimous opposition of the parties to transfer, coupled with the absence of any party's affirmative support for transfer, is another persuasive factor in our decision to deny transfer." *In re "Lite Beer" Trademark Litig.*, 437 F. Supp. 754, 755–56 (J.P.M.L. 1977).

Although we are excluding *Payne* from the MDL, we encourage the parties and the involved judges to coordinate where practicable to reduce the chance of duplicative discovery and minimize the possibility of conflicting pretrial rulings.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-1" is vacated insofar as it relates to the *Payne* action.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

**IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**     MDL No. 3052

**SCHEDULE A**

<u>Western District of New York</u>

PAYNE, ET AL. v. KIA CORPORATION, ET AL., C.A. No. 1:22−00881