# EXHIBIT 2

# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00514-MTS

Jones v. Kia America, Inc.  
Assigned to: District Judge Matthew T. Schelp  
Case in other court: Circuit Court of St. Louis, Missouri, 23SL-CC01141  
Cause: 28:1332 Diversity-Other Contract

Date Filed: 04/21/2023  
Jury Demand: Defendant  
Nature of Suit: 190 Contract: Other  
Jurisdiction: Diversity

**Plaintiff**

**Latoya C. Jones**     represented by     **Mitchell B. Stoddard**  
CONSUMER LAW ADVOCATES  
1415 Elbridge Payne Rd.  
Suite 275  
Chesterfield, MO 63017  
314-692-2001  
Fax: 314-692-2002  
Email: mbs@clalaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kia America, Inc.**     represented by     **David M. Eisenberg**  
BAKER STERCHI LLC - Kansas City  
2400 Pershing Rd.  
Suite 500  
Kansas City, MO 64108-2533  
816-471-2121  
Fax: 816-472-0288  
Email: eisenberg@bakersterchi.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2023 | 1 | NOTICE OF REMOVAL from Circuit Court of St. Louis County, Missouri, case number 23SL-CC01141, with receipt number AMOEDC-9907369, in the amount of $402 Jury Demand,, filed by Kia America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Civil Cover Sheet, # 4 Original Filing Form)(Eisenberg, David) (Entered: 04/21/2023) |
| 04/21/2023 | 2 | DISCLOSURE STATEMENT by Defendants Kia America, Inc., Kia Corporation.. (Eisenberg, David) (Entered: 04/21/2023) |
| 04/21/2023 | 3 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Kia America, Inc. Sent To: Plaintiff (Eisenberg, David) (Entered: 04/21/2023) |

| | | |
|---|---|---|
| 04/21/2023 | 4 | Petition (Removal/Transfer) Received From: St. Louis County Circuit Court, filed by Latoya C Jones. (Attachments: # 1 Exhibit 1)(JWD) (Entered: 04/21/2023) |
| 04/21/2023 | | Case Opening Notification. Judge Assigned: Honorable Matthew T. Schelp. Pursuant to Local Rule 2.09, every nongovernmental corporate party or nongovernmental corporation that seeks to intervene in any case, and every party or intervenor in an action in which jurisdiction is based upon diversity, must file a Disclosure Statement immediately upon entering its appearance in the case. Please complete and file the certificate as soon as possible. (moed-0001.pdf). (JWD) (Entered: 04/21/2023) |
| 04/22/2023 | 5 | MOTION to Remand Case to State Court by Plaintiff Latoya C. Jones. (Stoddard, Mitchell) (Entered: 04/22/2023) |
| 04/22/2023 | 6 | MEMORANDUM in Support of Motion re 5 MOTION to Remand Case to State Court filed by Plaintiff Latoya C. Jones. (Attachments: # 1 Exhibit Order of Remand, # 2 Exhibit State Court Judgment)(Stoddard, Mitchell) (Entered: 04/22/2023) |
| 04/24/2023 | 7 | Electronic Notice re: Disclosure Statement to Plaintiff Latoya C. Jones. Pursuant to Local Rule 2.09, every nongovernmental corporate party or nongovernmental corporation that seeks to intervene in any case, and every party or intervenor in an action in which jurisdiction is based upon diversity, must file a Disclosure Statement immediately upon entering its appearance in the case. Please complete and file the certificate as soon as possible and add all individuals and entities into CM/ECF as required (moed-0001.pdf). (TMT) (Entered: 04/24/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/24/2023 10:30:10 | | | |
| **PACER Login:** | jb0014 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:23-cv-00514-MTS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| Latoya C. Jones, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division: |
| Kia Motors America, Inc., | ) |
| | ) |
| The Corporation Company | ) |
| 120 South Central Ave., Ste. 400 | ) |
| St. Louis, MO 63105 | ) |
| | ) |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff, Latoya C. Jones, by and through her attorneys, Mitchell B. Stoddard and Consumer Law Advocates, and for her Petition against Defendant, Kia Motors America, Inc. states to this honorable Court as follows:

### ALLEGATIONS COMMON AS TO ALL COUNTS

1. Plaintiff, Latoya C. Jones, is a natural person, an adult citizen of the State of Missouri, and a resident of St. Louis County, Missouri.

2. Defendant, Kia Motors America, Inc., (hereinafter "Kia"), is a California corporation in good standing, engaged in the business of manufacturing, distributing and selling (directly or indirectly) motor vehicles for sale to consumers throughout the United States and the rest of the world.

3. Kia, through its various dealerships, routinely sells motor vehicles in Missouri to Missouri consumers and businesses, thereby subjecting itself to the jurisdiction of Missouri courts.

4. On 11/14/2018, Plaintiff purchased a 2018 Kia Optima, VIN 5XXGT4L35JG188579 (hereinafter "the Optima"), from her grandfather, Joseph Mitchell.

5. The Optima was manufactured by Kia.

6. At all relevant times herein, Mitchell, who is now deceased, was a resident of the state of Texas.

7. Mitchell had originally purchased the Optima for himself, but decided it was too small so he agreed to sell it to Plaintiff for the same price at which he purchased it (i.e., $29,000.00).

8. On or about 11/13/2018, Plaintiff flew to Texas to take delivery of the Optima, then drove it back to St. Louis shortly thereafter.

9. As the purchase of the Optima and the resulting injury to Plaintiff occurred outside the state of Missouri, venue is proper, pursuant to § 508.010.5(1) RSMo, in St. Louis County, Missouri.

10. At all relevant times herein, Kia was required to comply with the Federal Motor Vehicle Safety Standards (hereinafter the "FMVSS") enacted by the National Highway Traffic Safety Administration (hereinafter the "NHTSA").

11. According to 49 CFR § 571.114, FMVSS No. 114, S5.1.1:

> Each vehicle [subject to this standard] must have a starting system which, whenever the key is removed from the starting system prevents:
>
> (a) The normal activation of the vehicle's engine or motor; and
>
> (b) Either steering, or forward self-mobility, of the vehicle, or both.

12. At all relevant times herein, the Optima was subject to FMVSS No. 114, S5.1.1 pursuant to 49 CFR § 571.114, S3.

13. At the time of its manufacture, the Optima did not have a starting system which prevented the normal activation of its engine or motor whenever the key was removed, in violation of FMVSS No. 114, S5.1.1(a).

14. Further at the time of its manufacture, the Optima did not have a starting system which, once the key was removed, prevented either steering or forward self-mobility of the Optima (or both), in violation of FMVSS No. 114, S5.1.1(b).

15. By violating FMVSS No. 114, S5.1.1(a) and (b), Kia was able to reduce its operating expenses and generate greater profits from the sale of the Optima and other similar vehicles that it manufactures.

16. On or about 6/6/2022, the Optima was stolen from Plaintiff's residence at 8680 Kingsbridge Ln Apt A 63136, St. Louis County, Missouri after thieves broke into it overnight and were successfully able to start it as a direct result of Kia's failure to conform the Optima to the standard required by FMVSS No. 114, S5.1.1(a) and (b).

17. The theft would not have occurred if the Optima had been manufactured in compliance with FMVSS No. 114, S5.1.1(a) and (b).

18. Plaintiff reported the theft to the police, and the Optima was recovered approximately three weeks later.

19. Upon recovery, it was evident that the Optima's steering column cover had been torn off and a device had been inserted into the ignition which made it possible for the thief to start the Optima without a key. A photograph of the damaged steering

Case: 4:23-cv-00514-JMB Doc. #: 1-1 Filed: 04/21/23 Page: 7 of 13 PageID #: 12
Case MD51-MC3052 Document 18 - filed 04/24/23 Page 8 of 13
Electronically Filed - St Louis County - March 14, 2023 - 02:08 PM

column is attached hereto and incorporated by reference as though fully set forth herein as Exhibit 1.

20. Plaintiff submitted a claim to her insurance company, and the claim was accepted; however, Plaintiff had to pay a $500.00 deductible towards the repair costs.

21. As a result of Plaintiff's insurance claim, Plaintiff's insurance company terminated Plaintiff's option to make monthly premium payments and began insisting that Plaintiff pay the entire premium up front.

22. As a result, Plaintiff terminated her existing policy and took out a different policy, but at a higher price.

23. Plaintiff subsequently purchased a steering wheel lock to prevent future thefts of the Optima.

24. The steering wheel lock is cumbersome and unsightly, and causes Plaintiff to expend unnecessary time and effort fastening and unfastening it each time Plaintiff uses the Optima, which is several times a day.

25. In or around January 2023, Plaintiff considered trading-in the Optima on another vehicle.

26. Plaintiff had the Optima appraised by two different car dealerships, but each was only prepared to give Plaintiff a $10,000.00 trade-in allowance.

27. By contrast, Plaintiff's insurance company had appraised the value of the Optima at $23,000.00 shortly after the theft.

28. Plaintiff subsequently retained counsel in order to seek compensation for Kia's failure to disclose these known defects with the Optima.

### COUNT I – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

For Count I of her Petition, Plaintiff states to this honorable Court as follows:

29. Plaintiff realleges the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

31. Plaintiff purchased the Optima primarily for personal, family or household purposes, and not for a business purpose.

32. Plaintiff acted as a reasonable consumer would act in light of all the circumstances.

33. Kia used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the sale of the Optima in one or more of the following respects:

   a. Kia knew or, upon reasonable inspection, should have known that the Optima was easily susceptible to theft because it lacked an immobilizer and/or failed to comply with FMVSS 114, S5.1.1(a) and (b), yet Kia failed to disclose these defects to any of its dealerships or upstream sellers, and/or failed to make the information readily accessible to the public (including potential downstream purchasers like Plaintiff), thereby concealing, suppressing or omitting a material fact in contravention of 15 CSR 60-9.110, which conduct would have misled a reasonable consumer;

   b. Kia failed to comply with FMVSS 114, S5.1.1(a) and (b) when it manufactured the Optima in order to reduce its costs and increase its profits at the expense of consumers' safety and security, without disclosing that such vehicles were significantly more susceptible to theft than vehicles that did comply, which conduct constitutes "deception," "fraud," "unfair practice," and/or "illegal conduct" in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040, 15 CSR 60-8.020 and 15 CSR 60-8.090, and which conduct would have misled a reasonable consumer.

5

34. Kia's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Optima, as described in paragraph 33(a-b) above, would cause a reasonable person to enter into the same transaction.

35. Kia's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Optima was willful, wanton and malicious, and was done with evil motive or reckless indifference to the rights of Plaintiff.

36. Kia's actions constitute a pattern and practice of deceptive conduct.

37. As a result of Kia's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or of Kia's concealment, suppression, or omission of a material fact in connection with the sale of the Optima, Plaintiff suffered an ascertainable loss of money or property in that Plaintiff paid more for the Optima than she otherwise would have paid if Kia had disclosed its violation of FMVSS 114, S5.1.1(a) and (b).

38. Plaintiff, as the owner of the Optima, is deemed competent by Missouri law to testify as an expert as to the value of the Optima, and Plaintiff will provide an opinion at such time as appropriate. *Wigley v. Capital Bank*, 887 S.W.2d 715, 722 (Mo.App. S.D. 1994).

39. Further as a result of Kia's violation of the MMPA, Plaintiff suffered humiliation, embarrassment, inconvenience, stress, anxiety, loss of use, loss of work, and garden variety emotional distress.

6

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Kia awarding actual damages in an amount that is fair and reasonable, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT II – FRAUDULENT OMISSION

For Count II of her Petition, Plaintiff states to this honorable Court as follows:

40. Plaintiff realleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. Kia had a duty to disclose to downstream purchasers (including Plaintiff) all material information about the Kia which it either knew or should have known.

42. At the time Plaintiff purchased the Optima, the Optima failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

43. Kia breached its duty by failing to disclose the Optima failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

44. Kia's failure to disclose the Optima failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was a non-disclosure of a material fact.

45. Kia's failure to disclose the Optima failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was material to Plaintiff's decision to purchase the Optima.

46. Kia had superior information about the Optima that was not reasonably available to downstream purchasers, including Plaintiff.

47. Plaintiff used reasonable care in her decision to purchase the Optima.

7

48. Kia's failure to disclose the Optima failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was motivated by malice, and exhibited an evil motive or reckless indifference to the rights of Plaintiff.

49. As a direct and proximate result of Kia's failure to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b), Plaintiff sustained damage.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Kia awarding actual damages in an amount that is fair and reasonable, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT III – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

For Count III of her Petition, Plaintiff states to this honorable Court as follows:

50. Plaintiff realleges the allegations of paragraphs 1 through 49 as though fully set forth herein.

51. 15 U.S.C. § 2301 et seq. (Magnuson-Moss Warranty Act, hereinafter "the Act"), permits a consumer who is damaged by the failure of a supplier, warrantor or service contractor to comply with any obligation under the Act, or under a written warranty, implied warranty, or service contract to bring a civil action for damages.

52. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 2301(3).

53. The Optima is a "consumer product" pursuant to 15 U.S.C. § 2301(1).

54. Kia is a "supplier" and a "warrantor" pursuant to 15 U.S.C. § 2301(4) and (5).

55. The implied warranty of merchantability and the implied warranty of fitness for a particular purpose are "implied warranties" under Missouri law pursuant to 15 U.S.C. § 2301(7).

Electronically Filed - St Louis County - March 14, 2023 - 02:08 PM

Case: 4:23-cv-00051-MTS Doc. #: 1-4 Filed: 01/24/23 Page: 12 of 13 PageID #: 17
Case: MO51MoV3052 Document 18-4 Filed: 01/24/23 Page 12 of 13

Electronically Filed - St Louis County - March 14, 2023 - 02:08 PM

56. Kia is a "merchant" pursuant to § 400.2-104(1) RSMo with respect to the sale of automobiles.

57. Section § 400.2-314 RSMo creates an implied warranty of merchantability in favor of Plaintiff with respect to Kia's sale of the Optima.

58. Section § 400.2-315 RSMo creates an implied warranty of fitness for a particular purpose in favor of Plaintiff with respect to Kia's sale of the Optima.

59. The Optima was not fit for one or more of the ordinary purposes for which automobiles are used, in violation of § 400.2-314(2)(c) RSMo.

60. The Optima was not fit for the purpose of providing safe and reliable transportation because of the ease with which it could be stolen, in violation of § 400.2-315 RSMo.

61. Kia breached the implied warranty of merchantability and implied warranty of fitness for a particular purpose by failing to manufacture the Optima so as to conform it to the requirements established by FMVSS 114, S5.1.1(a) and (b).

62. As a result of Kia's breach of the implied warranty of merchantability and fitness for a particular purpose, Kia further violated the Act itself.

63. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff may recover actual damages, costs, expenses and reasonable attorney's fees as a result of Kia's breach of the implied warranty of merchantability, implied warranty of fitness for a particular purpose, and violation of the Act.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Kia awarding actual damages, attorney's fees for all time reasonably expended on the

Electronically Filed - St Louis County - March 14, 2023 - 02:08 PM

case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

/s/ Mitchell B. Stoddard
Mitchell B. Stoddard, #38311
Consumer Law Advocates
1415 Elbridge Payne Road, Suite 275
Chesterfield, Missouri 63017
(314) 692-2001
mitch.stoddard@clalaw.com

Attorneys for Plaintiff

**Rule 55.03(a) Certification**

The undersigned certifies that they affixed their electronic signature to the original copy of this pleading.

/s/ Mitchell B. Stoddard