**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re:** Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation | § § § §  MDL No. 3052 § § |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-7)**

Pursuant to Rule 6.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Kia America, Inc. and Hyundai Motor America (together, "Defendants") respectfully submit this reply brief in support of their motion to vacate Conditional Transfer Order 7 ("CTO-7") as to *City of Milwaukee v. Hyundai Motor America et al.*, No: 2:23-cv-00376-JPS (E.D. Wis.) ("*City of Milwaukee*" or the "*Milwaukee* action").

**INTRODUCTION**

Contrary to the arguments set forth by the City of Milwaukee (the "City") in its Opposition brief, the *Milwaukee* action materially differs from the MDL Consumer Actions and the other governmental entity actions.

*First*, the *Milwaukee* action does not "involve[] substantially the same factual allegations about Defendants' conduct as the dozens of consumer complaints pending" in the MDL. Opp. 1. Defendants do not now, nor have they ever, argued that the standard for transfer requires identical facts or claims. But the Panel must vacate CTO-7 because the *only* similarity between the MDL Consumer Actions and *City of Milwaukee* is that the actions stem from the alleged susceptibility to theft of Hyundai and Kia vehicles not equipped with immobilizers. The City's public nuisance action requires distinct factual inquiries into, among other things, Milwaukee's car theft rates

1

(overall and specifically with respect to Kia and Hyundai vehicles), the allocation of Milwaukee law enforcement resources and expenditures, and the damage, if any, to public property. The answers to these factual questions will not aid nor overlap with the Consumer MDL Actions, thereby weighing against transfer of *City of Milwaukee* to MDL 3052.

*Second*, the existence of the five governmental actions that were directly filed in the Central District of California and reassigned to Judge Selna (the "Central District governmental actions")[1] does not warrant transfer of this case. The City erroneously relies upon "the nearly identical nature of the complaints," Opp. 2–3, to assert that coordination of *City of Milwaukee* with the Central District governmental actions would promote efficiencies. That prior public nuisance complaints filed against the Defendants have been regurgitated for future use by new municipal plaintiffs has no bearing on whether coordination would actually preserve party and judicial resources. Each governmental entity complaint requires research and inquiries into city-specific data and events. The result of these inquiries in Milwaukee will reveal information unique to *Milwaukee*, and will not prove useful to the Central District governmental actions (nor to the actions filed in their home jurisdictions that are not part of the MDL—*City of Seattle*, *City of Columbus*, *City of St. Louis*, and *City of Baltimore*).[2]

*Third*, the City's efficiency argument is similarly unpersuasive. In addition to relying on the faulty premise that the core issues underlying the MDL Actions are the same, the City fails to

---

[1]  *City of Cleveland v. Hyundai Motor Am.*, No. 8:23-cv-00419 (C.D. Cal. Mar. 13, 2023); *City of Cincinnati v. Hyundai Motor Am.*, No. 2:23-cv-01750 (C.D. Cal. Mar. 13, 2023); *City of Madison v. Hyundai Motor Am.*, No. 8:23-cv-00555 (C.D. Cal. Mar. 27, 2023); *City of Buffalo v. Hyundai Motor Am.*, No. 8:23-cv-00572 (C.D. Cal. Mar. 30, 2023); *City of Rochester v. Hyundai Motor Am.*, 8:23-cv-00736 (C.D. Cal. Apr. 28, 2023).

[2]  *City of Seattle v. Hyundai Motor America, Inc.*, No. 2:23-cv-00098 (W.D. Wash. Jan. 23, 2023); *City of Columbus, Ohio v. Kia Am., Inc.*, No. 2:23-cv-00654 (S.D. Ohio Feb. 16, 2023); *City of St. Louis v. Kia Am., Inc.*, No. 4:23-cv-00379 (E.D. Mo. Mar. 27, 2023); *Mayor and City Council of Baltimore v. Hyundai Motor Am.*, No. 1:23-cv-01238 (D. Md. May 11, 2023).

sufficiently explain how transfer will avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources, where there are numerous factual differences between the *Milwaukee* action and the MDL Actions, requiring discovery of matters specific to Milwaukee and inapplicable to any other plaintiff in the Actions.

*Finally*, the City fails to explain why transfer is necessary for the convenience of the witnesses and parties—the majority of whom will be located in the District where the alleged nuisance supposedly occurred and where the case was filed, *not* in the Central District of California. This is true especially given that for the discrete, overlapping discovery, the parties can engage in informal coordination such as cross-noticing depositions of corporate witnesses, which would be sufficient to promote judicial economy.

Accordingly, transfer is not warranted and the Panel should vacate CTO-7 in MDL 3052 as to *City of Milwaukee*.

## ARGUMENT

### I. *CITY OF MILWAUKEE* DOES NOT SHARE SUFFICIENTLY COMPLEX, COMMON CORE QUESTIONS OF FACT WITH MDL 3052

The City claims that transfer is appropriate because its case, like the other actions in MDL 3052, is against the same defendants, involving the same types of cars, that suffer from the same alleged defect. Opp. 5–8. But this is not the applicable standard. Rather, the City must show that common questions between its case and the MDL Actions are "sufficiently complex and/or numerous to justify" transfer. *In re AriZona Beverage Co. Prods. Mktg. & Sales Pracs. Litig.*, 609 F. Supp. 2d 1369 (Mem) (J.P.M.L. 2009). The City has not, and cannot, do so.

### A. *City of Milwaukee* Does Not Share Common Questions of Fact With the MDL Consumer Actions

According to the City, the *Milwaukee* action and MDL Consumer Actions merely represent different "point[s] of view" of the same core common facts. Opp. 6. But that is a gross oversimplification of these actions, which involve entirely different claims and inquiries.

It is not enough that the MDL Consumer Actions and the *Milwaukee* action stem from the alleged susceptibility to theft of Hyundai and Kia vehicles not equipped with immobilizers. Indeed, far from having "numerous fact similarities," Opp. 7, this is the *only* factual similarity between the actions. The *Milwaukee* action will require unique discovery and other pretrial proceedings concerning city-specific facts and events. As such, transferring *City of Milwaukee* to the MDL "could significantly complicate the efficient management of this already complex litigation." *In re Epipen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, MDL No. 2785, Dkt. No. 111 at 3 (J.P.M.L. Dec. 5, 2017); *see also In re Ameriquest Mtg. Co. Mtg. Lending Pracs. Litig.*, 542 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (vacating CTOs where MDL actions related to "lending practices" and the two actions before the Panel pled "individual claims based on the specific loan transactions at issue in those actions, which [would] likely require unique discovery and other pretrial proceedings.").

Moreover, while it is true that complaints need not "have identical claims to be properly joined as part of an MDL," Opp. 7, here, the claims are completely different. And the City's reliance on *In re Air W., Inc. Securities Litigation*, 384 F. Supp. 609, 611 (J.P.M.L. 1974), to argue otherwise is misplaced. *See* Opp. 8. There, the three actions at issue—two class actions and one individual action—all alleged against the same defendant violations of the federal securities laws, but the plaintiffs' legal theories of liability for those violations differed. *Id.* at 610. But the Panel here is not confronted with such overlapping causes of action. Rather, the City is asking the Panel to throw an individual public nuisance suit brought by a governmental entity into an MDL

4

consisting primarily of actions asserting private claims under consumer-protection laws and warranty theories.

> **B.** *City of Milwaukee* **and the Central District Governmental Actions Do Not Have a Substantial Factual Overlap to Warrant Coordination**

Given the "minimal number" of public nuisance cases in the MDL, the City bears "a heavy burden to show that those common questions of fact are sufficiently complex and that the accompanying discovery will be so time-consuming as to justify transfer under Section 1407." *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 273 (J.P.M.L. 1978). The City fails to do so.

Contrary to the City's claims otherwise, the filing of other public nuisance cases in the Central District of California does not support transfer of the *Milwaukee* action to the MDL. Opp. 8–12. Where there are dozens of consumer actions in MDL 3052, there are only five governmental entity actions before Judge Selna, and those actions do not sufficiently share common questions of fact so as to warrant transfer of this case. The Central District governmental actions will involve factual inquiries unique to *those* cities' public nuisance claims: whether any rise in theft of Kia and Hyundai vehicles occurred in Cleveland, Cincinnati, Madison, Buffalo, or Rochester, the manner in which those cities have responded, if at all, including through their policing and prosecutorial policies and budgets, and whether Defendants' conduct proximately caused the crimes in those cities. It will require examining city-specific records and witnesses from various municipal entities in Cleveland, Cincinnati, Madison, Buffalo, and Rochester. None of that is relevant to *City of Milwaukee*. And an application of the same substantive state law, in the cases of *Milwaukee* and *Madison*, does not change that reality. *See* Opp. 4.

Moreover, the City is wrong that the Defendants' argument—that the governmental actions will involve factual inquiries unique to *those* cities militates against transfer—"would apply[]

5

equally unpersuasively[] to any case where governmental entities sue common defendants for the same harm manifested in their distinct borders." Opp. 8.

The cases cited by the City (Opp. 8) are distinguishable. *First*, in *In re National Prescription Opiate Litigation*, *In re Juul Labs*, and *In re Social Media Adolescent Addiction*, the defendants did not have a universal stance opposing centralization, as the Defendants do here. *See In re Nat'l Prescrip. Opiate Litig.*, 290 F. Supp. 3d 1375, 1377 (J.P.M.L. 2017) ("Defendants' positions on centralization" "var[ied] considerably"); *In re Juul Labs*, 396 F. Supp. 3d 1366, 1367 (J.P.M.L. 2019) ("Common defendant Juul Labs, Inc. (JLI) moves under 28 U.S.C. § 1407 to centralize this litigation"); *In re Social Media Adolescent Addiction*, --- F. Supp. 3d ----, 2022 WL 5409144, at *1 (J.P.M.L. 2022) ("The Meta defendants support centralization of all actions in the Eastern or Western District of Kentucky or, alternatively, in the Middle District of Florida or the Northern District of Georgia. Snap, TikTok, and YouTube oppose inclusion of all claims against them in centralized proceedings.").

*Second*, the governmental entities' core allegations in those actions were not so geographically dependent as are the claims here; the allegations in those cases instead focused on the conduct of the opioid manufacturers and distributors, the marketing decisions for *JUUL* products, and the features and parental controls on social media platforms, respectively. *See In re Nat'l Prescrip. Opiate Litig.*, 290 F. Supp. 3d at 1378 ("Plaintiffs in the actions before us are cities, counties and states that allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates."); *In re Juul Labs*, 396 F. Supp. 3d at 1367 ("The actions in this litigation involve allegations that JLI has

marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction."); *In re Social Media Adolescent Addiction*, 2022 WL 5409144, at *2 ("All parties agree that the claims involving Meta share questions of fact, including whether Meta's platforms (Facebook and Instagram) encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content."). In *City of Milwaukee* and the other governmental public nuisance actions, however, the core allegations concern the thefts and related events that have taken place in *each* city.

Relatedly, the Panel should not consider the public nuisance actions seeking transfer to the MDL, which the Defendants have opposed.[3] But, even if the Panel were to consider those cases, they do not warrant transfer of the City's lawsuit for the same reasons.

In sum, because the City raises different factual and legal questions from the core allegations at issue in MDL 3052, transferring this case will not streamline the litigation and the Panel should vacate CTO-7. *See In re Chinese-Manufactured Prods. Liab. Litig.*, MDL No. 2047, Dkt. 150 (J.P.M.L. Dec. 2, 2009) (vacating CTO where action "d[id] not share sufficient questions of fact.").

## II. TRANSFER WILL NOT PROMOTE EFFICIENCIES AMONG THE VARIOUS MDL ACTIONS

---

[3] Defendants have moved to vacate the conditional transfer orders relating to *City of Seattle*, *City of Columbus*, and *City of St. Louis*. As of the filing date of this Reply, no conditional transfer order has been issued in *City of Baltimore*.

7

The entirety of the City's "efficiency" argument is based on the mistaken premise that the *primary* issue underlying the MDL Actions and Milwaukee's claims is the susceptibility to theft of Hyundai and Kia vehicles not equipped with immobilizers. Opp. 2, 8. As discussed above, the City is wrong.

Further, Milwaukee fails to explain how the "core discovery topics" identified by the consumer plaintiffs, which focus on the consumers' causes of action sounding in warranty theories, will aid *City of Milwaukee*'s case. The City's effort to deem the topics "relevant" in a blanket manner (Opp. 11) simply does not do the work. And the "theft data and statistics" and "[p]olice reports or other documents related to thefts of Plaintiffs' vehicles" identified by Defendants in the consumer cases as *third-party discovery* they would pursue does not bear on the City's claims except to the extent it is specific to occurrences in Milwaukee. Opp. 11.

Moreover, contrary to the City's assertion, there is little risk of "potential conflicting rulings" between MDL 3052 and *City of Milwaukee*, nor "duplication of discovery on common issues," or "conflicting and duplicative pretrial conferences." Opp. 12. The City's argument ignores that Wisconsin public nuisance law is irrelevant to the MDL Consumer Actions as well as the other public nuisance actions brought by cities outside of Wisconsin. And, to the extent that the consistent application of Wisconsin law to two cases—the *Milwaukee* and *Madison* actions—can be considered a benefit, it is not enough to overcome the vast factual and legal differences between *City of Milwaukee* and the MDL Consumer Actions, or the other actions filed by governmental entities.

Finally, transfer is not needed to coordinate discrete discovery issues that may overlap between the City's case and the MDL Actions. In a case like this one, where the primary factual and legal issues are unique and localized to the plaintiff, "informal coordination of [] discovery by

the parties and the involved courts is both practicable and preferable to transfer." *In re: Blue Cross Blue Shield Antitrust Litig.*, MDL 2406, Dkt. No. 424 at 2 (J.P.M.L. Apr. 5, 2018). The parties can share certain discovery requests and responses through stipulations under Federal Rule of Civil Procedure 29 and informal discovery procedures as appropriate. *See* Manual for Complex Litigation § 11.423 (4th ed. 2004).

### III. TRANSFER WILL NOT SERVE THE CONVENIENCE OF THE PARTIES AND WITNESSES

In support of its convenience arguments, the City focuses entirely upon the alleged convenience for the Defendants. Opp. at 12–13. The City ignores, however, that *City of Milwaukee* will primarily involve witnesses from the City's finance, accounting, law enforcement, and other departments and documents from the City's own records, across various offices and divisions. As discussed above, the City need not prove that an alleged, undisclosed susceptibility to theft rendered Kia or Hyundai vehicles worth less than consumers paid for them. Rather, the City's legal theories rely upon discrete, localized factual issues, such as whether the Defendants caused a public nuisance in *Milwaukee* and whether *Milwaukee* incurred additional costs as a result—issues that have no bearing on the actions in MDL 3052. The clear differences between the cases means that the transferee court would need to divert resources and attention from the case already before it to address the issues presented by *City of Milwaukee*. And, where there may be some overlap (i.e., the depositions of Defendants' employees and corporate designees), the parties can coordinate depositions as needed.

### IV. CONCLUSION

For the foregoing reasons, the Panel should vacate CTO-7 as to *City of Milwaukee v. Hyundai Motor America et al.*, No: 2:23-cv-00376-JPS (E.D. Wis.).

Dated:  May 15, 2023

Respectfully submitted,

*/s/ Steven G. Madison*
Steven G. Madison
stevemadison@quinnemanuel.com
Justin C. Griffin
justingriffin@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S Figueroa St., 10th Floor
Los Angeles, CA  90017-5003
Tel.:   (213) 443-3000
Fax:   (213) 443-3100

Alicia Cobb
aliciacobb@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel.:   (206) 905-7000
Fax:   (206) 905-7100

Peter J. Brennan
PBrennan@jenner.com
Michael T. Brody
MBrody@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:    +1 312 222 9350
Facsimile:    +1 312 527 0484

Alice S. Kim
AKim@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:    +1 213 239 5100
Facsimile:    +1 213 239 5199

*Counsel for Defendants Kia America, Inc. and Hyundai Motor America*