**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3052 |

## CITY OF ST. LOUIS'S MEMORANDUM IN OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

The City of St. Louis ("St. Louis") respectfully submits this memorandum of law in opposition to Defendants' Motion to Vacate Conditional Transfer Order (CTO-8) ("Motion"), ECF No. 188. St. Louis's case against Defendants is a prime candidate for transfer. The case involves the same core factual allegations regarding Defendants' conduct as the numerous consumer complaints pending in front of the Honorable Judge Selna in *In re Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation* ("*In re Kia*"), MDL No. 3052 (C.D. Cal.). In addition, the case has significant overlap with the operative facts and legal theories posited in the complaints filed by Buffalo, Cincinnati, Cleveland, Madison, and Rochester, which are already pending in front of Judge Selna in the Central District of California as related cases. Given the substantial similarities between the issues at play in St. Louis's case and the MDL cases—and for the reasons raised by the cities of Seattle, Columbus, and Milwaukee in opposition to similar motions to vacate (ECF Nos. 144, 169, 192)—St. Louis respectfully requests that the Judicial Panel on Multidistrict Litigation ("Panel") deny Defendants' Motion and finalize transfer of this action.

### INTRODUCTION

On March 27, 2023, St. Louis filed a lawsuit against Kia America, Inc. ("Kia") and Hyundai Motor America Inc. ("Hyundai") seeking to hold them to account for their roles in manufacturing, marketing, distributing, and selling Kia and Hyundai vehicles lacking an anti-theft

measure that has been standard issue in the auto industry for decades. *See City of St. Louis v. Kia America, Inc. et al.*, 4:23-cv-00379-RLW ("*City of St. Louis*"). On March 31, 2023, St. Louis gave notice to the Panel of its case as a potential tag along to *In re Kia* and, on April 3, 2023, the Panel issued a Conditional Transfer Order. ECF Nos. 161, 164. On April 25, 2023, Defendants filed their Motion requesting that the panel vacate the CTO, arguing that coordinating and consolidating *City of St. Louis* with the other governmental entity cases would be inefficient and burdensome "because *City of St. Louis* and the MDL Actions are based on fundamentally different facts." Br. in Supp. of Defs.' Mot. ("Defs.' Br.") at 10, ECF No. 188-1.

Defendants' arguments against transfer fail. *City of St. Louis*, like the numerous other cases filed by aggrieved consumers and municipalities, all arise from Defendants' singular, fateful decision to put profit over safety by failing to install industry standard engine immobilizers in certain American sold Kia/Hyundai vehicles ("Kias/Hyundais"). Without this anti-theft technology, the Kias/Hyundais became unreasonably easy to steal, making them prime targets for car thieves. These thefts have inflicted harm on Defendants' customers[1] and their customers' insurers,[2] but have also imposed hefty costs and damages on governmental entities that are tasked with protecting the safety and well-being of their citizenry.

The harm inflicted as a result of the prolific rise in Kia/Hyundai thefts is being felt by municipalities in all corners of the country. In addition to the consumer cases, there are currently nine complaints in federal court, including *City of St. Louis*, in which government entities are suing

---

[1] Consolidated Amended Consumer Class Action Complaint ¶¶ 1401-49, *In re Kia Hyundai Vehicle Theft Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 8:22-ml-03052-JVS-KES (C.D. Cal. April 10, 2023), ECF No. 84 (alleging that "[t]he epidemic of Class Vehicles has created a sense of lawlessness in many cities").

[2] *State Automobile Mutual Insurance Company v. Hyundai Motor America*, 8:23-ml-00043-JVSKES, (C.D. Cal March 10, 2023).

2

Defendants for the same course of conduct[3] (and, other cities are presumed to follow).[4] Five of the nine governmental entity complaints were originally filed in the Central District of California and have been related to the MDL through Central District of California Local Rule 83-1.3.[5] Four of the nine cases, including *City of St. Louis*, were filed in their home judicial district, and all four were conditionally transferred. Defendants have filed oppositions to the transfer of all four cities.

The governmental entity complaints share the same core facts and allege claims of public nuisance against Defendants. The substantial overlap of facts and issues between the government entity complaints, as well as the overlap between the government entity complaints and the consumer complaints, warrants denying Defendants' Motion and supports finalizing the transfer of *City of St. Louis*—along with the other governmental entity complaints—to the MDL. By doing so, the Panel will allow for the just and efficient progression of these matters.

---

[3] *City of Seattle v. Hyundai Motor Am., Inc.*, No. 2:23-cv-00098-JLR (W.D. Wash.); *City of Columbus v. Kia Am., Inc.*, No. 2:23-cv-00654-SDM-EPD (S.D. Ohio); *City of Milwaukee v. Hyundai Motor America, et al.*, No. 2:23-cv-000376-JPS (E.D. Wis.); *City of Cleveland v. Hyundai Motor Am.*, No. 8:23-cv-00419-JVS-KES (C.D. Cal.); *City of Cincinnati v. Hyundai Motor Am.*, No. 2:23-cv-01750- JVS-KES (C.D. Cal.); *City of Madison v. Hyundai Motor Am.*, No. 8:23-cv-00555-JVS-KES (C.D. Cal.); *City of St. Louis.*, No. 4:23-cv- 00379 RLW (E.D. Mo.); *City of Buffalo v. Hyundai Motor Am.*, No. 8:23-cv-00572-JVS-KES (C.D. Cal.); *City of Rochester v. Hyundai Motor Am.*, No. 8:23-cv-00736-JVSKES (C.D. Cal.).

[4] For example, the City of New York recently announced in a press release its intent to file a lawsuit against Defendants regarding their failure to install engine immobilizers, making them especially vulnerable to theft. *See Mayor Adams, City Corporation Counsel Hinds-Radix Announce City Intends to File Suit Against Kia, Hyundai for Refusing to Safeguard Vehicle*, NYC (Apr. 7, 2023), https://www.nyc.gov/office-of-the-mayor/news/242-23/mayor-adams-city-corporation-counsel-hinds-radix-city-intends-file-suit -against-kia-.

[5] *See* Order Re Transfer Pursuant to General Order 21-01 (Related Cases), *City of Cleveland*, No. 8:23-cv-00419-JVS-KES (C.D. Cal. Mar. 13, 2023), ECF No. 22; Order Re Transfer Pursuant to General Order 21-01 (Related Cases), *City of Cincinnati*, No. 2:23-cv-01750- JVS-KES (C.D. Cal. Mar. 13, 2023), ECF No. 20; Order Re Transfer Pursuant to General Order 21-01 (Related Cases), *City of Madison*, No. 8:23-cv-00555-JVS-KES (C.D. Cal. Apr. 3, 2023). ECF No. 21; Order Re Transfer Pursuant to General Order 21-01 (Related Cases), *City of Buffalo*, No. 8:23-cv-00572-JVS-KES (C.D. Cal. Apr. 11, 2023), ECF No. 17; Order Re Transfer Pursuant to General Order 21-01 (Related Cases), *City of Rochester*, No. 8:23-cv-00736-JVSKES (C.D. Cal. May 2, 2023), ECF No. 18.

**ARGUMENT**

The Panel should deny Defendants' motion seeking to vacate the Conditional Transfer Order (CTO-8). Under 28 U.S.C. § 1407 (a), a case should be transferred for consolidation if (1) actions pending in different federal courts involve "one or more common questions of fact"; (2) transfer "will promote the just and efficient conduct of the actions"; and (3) transfer "will be for the convenience of parties and witnesses." That standard is easily met here. Because the at-issue actions involve one or more common questions of fact and transfer will promote the just and efficient conduct of the actions and serve the convenience of the parties and witnesses, Defendants' Motion should be denied, and the Panel should finalize the transfer of this action.

**I.** *City of St. Louis* **Involves the Same Common Questions of Fact as the Consumer Cases.**

*City of St. Louis* should be transferred because it shares the same common questions of fact as the consumer cases currently before Judge Selna in *In re Kia*. "Section 1407 does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010). Rather, under § 1407, transfer is appropriate where the actions "arise from a common factual core." *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). A common factual core is presumed where "complaints assert comparable allegations against identical defendants based upon similar transactions and events" even when the cases involve "divergent legal theories." *In re Air W., Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974). This is true even when the actions being considered for consolidation involve a mix of private and public cases. *See In re: Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924, 2020 WL 12761382, at *2 (J.P.M.L. Dec. 15, 2020) ("We often have centralized state enforcement actions with private actions where those actions involve common factual questions.").

4

Here, the Panel determined that centralization of the consumer complaints against Defendants was proper because "[a]ll actions can be expected to share factual questions surrounding the marketing, sale and manufacture of these vehicles and defendants' knowledge of the alleged defect." *In re Kia Hyundai Vehicle Theft Litig.*, No. MDL 3052, 2022 WL 17843100, at *2 (J.P.M.L Dec. 13, 2022). These factual questions are at the core of St. Louis's lawsuit against Defendants. St. Louis's complaint, as well as those complaints brought by Defendants' harmed customers, are all based on Defendants' failure to install industry standard engine immobilization technology into Kias/Hyundais sold in the United States, making them unreasonably easy to steal. St. Louis's case will center on Defendants' knowledge of its defective product and the means in which it got its defective product into the hands of St. Louis citizens.

Defendants, in arguing that the consumer cases are "fundamentally" different from St. Louis's case, blatantly ignore the obvious overlap in factual inquiries. For example, in their Motion, Defendants identify the following areas of factual discovery that will occur in the consumer actions:

- Whether Defendants made alleged misrepresentations;

- Whether any plaintiffs were exposed to those alleged misrepresentations and relied on them;

- The designs of the various models and model year vehicles at issue;

- Whether and when Kia and Hyundai became aware of an alleged defect in each of the models and model years at issue; and

- Whether plaintiffs' vehicles were allegedly stolen, the circumstances surrounding those thefts, and the varying alleged injuries from those individual thefts.

Defs.' Br. at 12-13. All of these facts overlap with the factual issues implicated in St. Louis's case against Defendants. The representations that Defendants made to their customers go directly to St. Louis's claims against Defendants for failure to warn. *See* Exhibit 1, ¶¶ 73-79; 86-93. And, the

facts concerning when Defendants became aware of their defect, the vehicles that are at issue, and the vehicle thefts themselves are all relevant to the entirety of St. Louis's claims against Defendants. By Defendants' own admissions, St. Louis's case shares a core commonality of facts with the consumer actions. *Compare* Defs'. Br. at 12 ("The causes of action in the MDL Consumer Actions turn on the premise that Kia and Hyundai failed to warn consumers of the fact that their vehicles did not come equipped with certain anti-theft technology.") *with* Exhibit 1, ¶ 92 ( alleging that Kia and Hyundai "failed to use ordinary care to warn purchasers of any defect or danger posed by the vehicles' lack of an engine immobilizing system").

Judge Selna's actions and comments regarding the treatment of the governmental entities in the MDL make clear that the court presiding over the MDL views the government entity cases as sharing a common set of facts with the consumer actions. Judge Selna, who this Panel chose to preside over *In re Kia* because he is a "skilled jurist who is well-versed in the nuances of complex and multidistrict automotive litigation,"[6] has already issued a Case Management Order that expressly provides for and appoints leadership of a Governmental Entities Committee.[7] In addition, during a recent MDL status conference, Judge Selna acknowledged outright the factual similarities between the consumer cases and the government entity cases and the need for the coordination of their discovery:

> **The Court**:   Obviously, there has to be coordination [between the Government Entity and Consumer cases].
>
> **Ms. Cappio**:   Absolutely. We will coordinate.
>
> **The Court**:   I mean, the basic fact discovery with respect to how these cars were developed and so on, that's not going to differ from plaintiff to

---

[6] *In re Kia*, 2022 WL 17843100, at *2.

[7] *See* City of Seattle's Mem. in Opp'n to Mot. to Vacate Conditional Transfer Order ("City of Seattle's Opp'n") at 2-3, ECF No. 144; Order No. 2: Adoption of Organization Plan & Appointment of Counsel ("Order No. 2") at 2-3, ECF No. 144-1.

plaintiff regardless of whether it's an individual or a public entity. So obviously there needs to be some coordination there.[8]

Judge Selna's actions in overseeing the MDL support a finding that there is a substantial factual overlap between St. Louis's case and the consumer cases that would justify transfer under § 1407.

In short, there is an obvious shared, factual core between *City of St. Louis* and the consumer cases. Because St. Louis's claims arise from the same factual core as the consumer actions, it is an ideal candidate for transfer to the MDL. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d at 1390.

## II.  *City of St. Louis* and the other Governmental Cases Involve the Same Common Questions of Fact and Law.

*City of St. Louis* also shares common questions of fact and law with the other government entity cases, both those currently pending in front of Judge Selna and those awaiting transfer from the Panel. As with the consumer cases, the government entity cases all assert similar allegations, largely arising out of public nuisance, against the same Defendants based on their failure to install an industry standard anti-theft technology. Given these commonalities, the government entity complaints are ideal candidates for consolidation. *See In re Air W., Inc. Sec. Litig.*, 384 F. Supp. at 611 (holding that common factual questions are presumed for purposes of § 1407 transfer where the "complaints assert comparable allegations against identical defendants based upon similar transactions and events").

Defendants, however, attempt to argue that *City of St. Louis* does not share a common factual core with the other governmental entities, undermining the benefit that would be gained from the transfer of St. Louis's case, as well as the other governmental entity cases, to the MDL. The crux of Defendants' argument is that, because *City of St. Louis* will require damages discovery

---

[8] Hearing Transcript at 15:11-18, *In re Kia*, No. 8:22-m1-03052-JVS-KES, ECF No. 74.

specific to St. Louis, it does not have substantial factual overlap with the other cities who similarly will have to prove up damages within their own jurisdictional boundaries.

Again, Defendants' attempt to focus on minor distinctions between the government entity cases while overlooking the obvious factual similarities among them is misguided. Defendants' argument ignores that, under § 1407, cases do not need to be identical in order to be candidates for transfer. *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d at 1382. The government entity cases all involve similar legal theories being brought against identical Defendants for the same conduct. Accordingly, the government entity cases pending in front of the Panel, including *City of St. Louis*, should be transferred. Any unique damages discovery that is of concern to Defendants could then easily be addressed through the use of the common practices and tools available within an MDL, such as bellwethers or plaintiff fact sheets.

## III.   Transfer will Promote the Just and Efficient Conduct of the Actions.

Transferring *City of St. Louis* to the MDL will help to promote the just and efficient conduct of the actions. To begin, the factual overlap between the consumer actions and the government entity actions is substantial, which will result in common discovery. For example, the consumer plaintiffs identified in their Joint Preliminary Report the following topics for discovery:

- The nature, scope, and existence of design and/or manufacturing defect(s) in the Affected Vehicles that create a security vulnerability in the vehicles and makes them highly prone to theft;

- The design, development, and manufacture of the Affected Vehicles' steering column assembly and ignition systems, including, the ignition lock cylinders and ignition switches, as well as alternative and competitive product designs;

- The design, development, and manufacture of the Affected Vehicles' anti-theft and alarm systems, as well as alternative and competitive product designs;

- Whether Defendants' design, development, and manufacture of the Affected Vehicles comport with the standard of care in the automotive

industry and Federal Motor Vehicle Safety Standards ("FMVSS"), including FMVSS No. 114;

- Defendants' documentation, testing and evaluation demonstrating compliance with FMVSS No. 114;

- Defendants' submissions to NHTSA regarding any proposed rulemaking concerning FMVSS 114, engine immobilizers, or exemptions to parts marking requirements ("PMR");

- Whether the alleged Defect(s) in the Affected Vehicles was a substantial factor in auto thefts of such Vehicles;

- Defendants' applications to NHTSA for exemptions from PMR for certain of their vehicles, pursuant to 49 C.F.R. §§ 543.1 et seq.;

- Defendants' knowledge concerning the effectiveness of engine immobilizers in preventing auto thefts;

- Defendants' decisions to exclude engine immobilizers as a standard safety component in all of their vehicles sold in the United States prior to model year

- 2023 vehicles and Defendants' decisions to include immobilizers in certain models;

- Defendants' decision to install engine immobilizers in any of their U.S. vehicles.[9]

All of these discovery topics are relevant to the *City of St. Louis*. Centralization and coordination of these matters will eliminate duplicative discovery into these issues and will promote efficiency.

In addition to factual issues, Defendants also listed potential affirmative defenses to the consumer cases. These defenses included preemption, the intervening acts of third parties, statutes of limitations, the economic loss rule, and the absence of causation.[10] St. Louis anticipates that Defendants will raise similar defenses in *City of St. Louis* and in the other governmental entity

---

[9] Joint Preliminary Report at 13-14, *In re Kia*, No. 8:22-m1-03052-JVS-KES, ECF No. 40.
[10] *Id.*

cases. Thus, transferring *City of St. Louis* and the governmental entity cases, will avoid potential conflicting rulings on these affirmative defenses.

Given the numerous parties and interests involved, transferring *City of St. Louis* into the MDL will also help the parties avoid conflicting and duplicative pretrial conferences and other hearings. Avoiding duplicative conferences and hearings will help with the efficient progression of the case and will also advance judicial economy.

## IV.    Transfer will Serve the Convenience of the Parties and Witnesses.

Finally, transferring this action to the Central District of California will be more convenient for the parties and witnesses. As explained by the Panel in its initial Transfer Order, consolidation and centralization in the Central District of California is appropriate because it is where Defendants are headquartered, making the district convenient for Defendants' witnesses. *In re Kia*, 2022 WL 17843100, at *2. Further, the District "offers an accessible district to any witnesses or defendants that are based in Korea," and is an "underutilized transferee district." *Id.* These considerations apply equally to this action.

Transfer will also serve the convenience of the parties and witnesses because the consumer plaintiffs and the government entity plaintiffs currently in front of Judge Selna have already begun coordinating with Defendants on initial decisions, including a stipulated protective order, service on foreign entities, and ESI protocols. Discovery is already underway, and Judge Selna has allowed for "foundational" or "structural" discovery prior to the filing of motions to dismiss. Consolidating *City of St. Louis* with the other governmental entity cases and consumer cases already a part of *In re Kia* will allow for a more streamlined discovery process—which will benefit all parties and witnesses involved.

## CONCLUSION

For the reasons stated, as well as the reasons expressed by the City of Seattle, City of Columbus, and City of Milwaukee, this Panel should finalize CTO-8 and transfer St. Louis's case to the MDL.


Dated:  May 16, 2023                                         Respectfully submitted,

                                                             **DOWD BENNETT LLP**


                                                             By: _/s/ Gabriel E. Gore_
                                                             Gabriel E. Gore                    #45416MO
                                                             7676 Forsyth Blvd., Suite 1900
                                                             St. Louis, Missouri 63105
                                                             (314) 889-7300 (telephone)
                                                             (314)863-2111 (facsimile)
                                                             ggore@dowdbennett.com

                                                             _Attorney for the City of St. Louis_