# EXHIBIT 1

NFDCO

# U.S. District Court
## Eastern District of Missouri (St. Louis)
### CIVIL DOCKET FOR CASE #: 4:23-cv-00683

| | |
|---|---|
| Hinton v. Hyundai Motor America, Corp.<br>Assigned to:<br>Case in other court: Circuit Court of St. Louis County, 23SL-CC01594<br>Cause: 28:1441 Petition For Removal--Other Contract | Date Filed: 05/24/2023<br>Jury Demand: None<br>Nature of Suit: 195 Contract Product Liability<br>Jurisdiction: Diversity |

**Plaintiff**

**Kim L. Hinton**   represented by   **Mitchell B. Stoddard**
CONSUMER LAW ADVOCATES
1415 Elbridge Payne Rd.
Suite 275
Chesterfield, MO 63017
314-692-2001
Fax: 314-692-2002
Email: mbs@clalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hyundai Motor America, Corp.**   represented by   **Mary Anne Mellow**
SANDBERG PHOENIX PC - Clayton
120 S. Central Avenue
Suite 1600
Clayton, MO 63105
314-725-9100
Fax: 314-725-5754
Email: mmellow@sandbergphoenix.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Tevlin**
SANDBERG PHOENIX PC - St. Louis
600 Washington Avenue
15th Floor
St. Louis, MO 63101-1313
314-231-3332
Email: ttevlin@sandbergphoenix.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2023 | 1 | NOTICE OF REMOVAL from ST. LOUIS COUNTY, case number 23SL-CC01594, with receipt number AMOEDC-9963636, in the amount of $402 Jury Demand,, filed by Hyundai Motor America, Corp. (Attachments: # 1 Civil Cover Sheet CIVIL COVER SHEET, # 2 Exhibit A)(Tevlin, Timothy) Modified on 5/24/2023 to correct docket text (JBH). (Entered: 05/24/2023) |
| 05/24/2023 | 2 | DISCLOSURE STATEMENT by Defendant Hyundai Motor America, Corp., Hyundai Motor Company.. (Tevlin, Timothy) Modified on 5/24/2023 to correct docket text (JBH). (Entered: 05/24/2023) |
| 05/24/2023 | 3 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Hyundai Motor America, Corp. Sent To: Plaintiff (Tevlin, Timothy) Modified on 5/24/2023 to correct docket text (JBH). (Entered: 05/24/2023) |
| 05/24/2023 | 4 | ENTRY of Appearance by Timothy Tevlin for Defendant Hyundai Motor America, Corp. (Tevlin, Timothy) Modified on 5/24/2023 to correct docket text (JBH). (Entered: 05/24/2023) |
| 05/24/2023 | 5 | ENTRY of Appearance by Mary Anne Mellow for Defendant Hyundai Motor America, Corp. (Mellow, Mary Anne) Modified on 5/24/2023 to correct docket text (JBH). (Entered: 05/24/2023) |
| 05/24/2023 | 6 | Petition (Removal/Transfer) Received From: St. Louis County Circuit Court, filed by Kim L. Hinton.(JBH) (Entered: 05/24/2023) |
| 05/24/2023 | 7 | NOTICE of Filing Deficiency. In accordance with Eastern District of Missouri Local Rules and the Case Management/Electronic Case Filing (CM/ECF) Procedures Manual, a filing deficiency has been identified as follows: Original Filing Form not filed and State Court Docket Sheet not filed. This deficiency must be filed in the case record immediately. (JBH) (Entered: 05/24/2023) |
| 05/24/2023 | 8 | SUPPLEMENTAL by Defendant Hyundai Motor America, Corp.. (Tevlin, Timothy) (Entered: 05/24/2023) |
| 05/24/2023 | 9 | SUPPLEMENTAL by Defendant Hyundai Motor America, Corp.. (Tevlin, Timothy) (Entered: 05/24/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/24/2023 13:56:24 | | | |
| PACER Login: | jb0014 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:23-cv-00683 |
| Billable Pages: | 2 | Cost: | 0.20 |

Case MD00633052c. Document 208-5/14/23 05/24/23 Page 4 of 13

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

**23SL-CC01594**

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| Kim L. Hinton, )<br>)<br>   Plaintiff, )<br>) Cause No.<br>v. )<br>) Division:<br>Hyundai Motor America, Corp., )<br>)<br>Sheriff Serve Registered Agent: )<br>   CSC-Lawyers Incorp. Srv. Co. )<br>   221 Bolivar Street )<br>   Jefferson City, MO 65101 )<br>)<br>   Defendant. ) | |

## PETITION

COMES NOW Plaintiff, Kim L. Hinton, by and through her attorneys, Mitchell B. Stoddard and Consumer Law Advocates, and for her Petition against Defendant, Hyundai Motor America, Inc. states to this honorable Court as follows:

### ALLEGATIONS COMMON AS TO ALL COUNTS

1. Plaintiff, Kim L. Hinton, is a natural person, an adult citizen of the State of Illinois, and a resident of St. Clair County, Illinois.

2. Defendant, Hyundai Motor America, Inc., (hereinafter "Hyundai"), is a California corporation in good standing, engaged in the business of manufacturing, distributing and selling (directly and indirectly) motor vehicles for sale to consumers throughout the United States and the rest of the world.

3. Hyundai, through its various dealerships, routinely sells motor vehicles in Missouri to Missouri consumers and businesses, thereby subjecting itself to the jurisdiction of Missouri courts.

EXHIBIT A

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

4. The events giving rise to Plaintiff's cause of action and the resulting injury to Plaintiff occurred in St. Louis County, Missouri, which is the location where Plaintiff purchased the Hyundai vehicle at issue in this instant lawsuit.

5. On 1/6/2020, Plaintiff purchased a 2017 Hyundai Elantra, VIN 5NPD74LF8HH177060 (hereinafter "the Elantra"), from Drivetime Carsales Company, LLC located at 7400 S. Lindbergh Boulevard in St. Louis County, Missouri for $12,894.23. A copy of the Simple Interest Retail Installment Contract is attached hereto and incorporated by reference as though fully set forth herein as Exhibit 1.

6. The Elantra was manufactured by Hyundai.

7. At all relevant times herein, Hyundai was required to comply with the Federal Motor Vehicle Safety Standards (hereinafter the "FMVSS") enacted by the National Highway Traffic Safety Administration (hereinafter the "NHTSA").

8. According to 49 CFR § 571.114, FMVSS No. 114, S5.1.1:

> Each vehicle [subject to this standard] must have a starting system which, whenever the key is removed from the starting system prevents:
>
> (a) The normal activation of the vehicle's engine or motor; and
>
> (b) Either steering, or forward self-mobility, of the vehicle, or both.

9. At all relevant times herein, the Elantra was subject to FMVSS No. 114, S5.1.1 pursuant to 49 CFR § 571.114, S3.

10. At the time of its manufacture, the Elantra did not have a starting system which prevented the normal activation of its engine or motor whenever the key was removed, in violation of FMVSS No. 114, S5.1.1(a).

2

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

11. Further at the time of its manufacture, the Elantra did not have a starting system which, once the key was removed, prevented either steering or forward self-mobility of the Elantra (or both), in violation of FMVSS No. 114, S5.1.1(b).

12. By violating FMVSS No. 114, S5.1.1(a) and (b), Hyundai was able to reduce its operating expenses and generate greater profits from the sale of the Elantra and other similar vehicles that it manufactures.

13. On or about 10/4/2022, the Elantra was broken into by vandals while parked in the parking lot of Plaintiff's apartment complex, although it was not stolen at that time.

14. Plaintiff made a claim with her insurance company, Geico, and learned that repairs would cost approximately $1,800.00, from which Plaintiff had a $1,000.00 deductible.

15. Because of the general unavailability of automobile parts, Plaintiff was unable to get an appointment to fix the Elantra until sometime in late November 2022.

16. On 11/4/2022, the Elantra was stolen from Plaintiff's residence at 1912 Winstanley Ave in East St. Louis, Illinois after thieves broke into it a second time and were successfully able to start it as a direct result of Hyundai's failure to conform the Elantra to the safety standard required by FMVSS No. 114, S5.1.1(a) and (b).

17. The theft would not have occurred if the Elantra had been manufactured in compliance with FMVSS No. 114, S5.1.1(a) and (b).

18. Plaintiff immediately reported the theft to the police, and the Elantra was recovered the following day.

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

19. Upon recovery, it was evident that the Elantra's steering column cover had been torn off and a device had been inserted into the ignition which made it possible for the thief to start the Elantra without a key.

20. Plaintiff reported the theft to Geico, who opened a second claim and insisted on charging Plaintiff a separate $1,000.00 deductible.

21. Plaintiff had the Elantra repaired, but could not afford to pay the $2,000.00 deductible payment required by Geico. As a result, Plaintiff contacted her finance company, Bridgecrest, and told it to pick up the Elantra from the repair shop.

22. Plaintiff had to pay at least $2,000.00 for out-of-pocket expenses as a result of the Elantra's theft.

23. Plaintiff subsequently retained counsel in order to seek compensation for Hyundai's failure to disclose these known defects with the Elantra.

### COUNT I – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

For Count I of her Petition, Plaintiff states to this honorable Court as follows:

24. Plaintiff realleges the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

26. Plaintiff purchased the Elantra primarily for personal, family or household purposes, and not for a business purpose.

27. Plaintiff acted as a reasonable consumer would act in light of all the circumstances.

4

28. Hyundai used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the sale of the Elantra in one or more of the following respects:

   a. Hyundai knew or, upon reasonable inspection, should have known that the Elantra was easily susceptible to theft because it lacked an immobilizer and/or failed to comply with FMVSS 114, S5.1.1(a) and (b), yet Hyundai failed to disclose these defects to any of its dealerships or upstream sellers, and/or failed to make the information readily accessible to the public (including potential downstream purchasers like Plaintiff), thereby concealing, suppressing or omitting a material fact in contravention of 15 CSR 60-9.110, which conduct would have misled a reasonable consumer;

   b. Hyundai failed to comply with FMVSS 114, S5.1.1(a) and (b) when it manufactured the Elantra in order to reduce its costs and increase its profits at the expense of consumers' safety and security, without disclosing that such vehicles were significantly more susceptible to theft than vehicles that did comply, which conduct constitutes "deception," "fraud," "unfair practice," and/or "illegal conduct" in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040, 15 CSR 60-8.020 and 15 CSR 60-8.090, and which conduct would have misled a reasonable consumer.

29. Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Elantra, as described in paragraph 28(a-b) above, would cause a reasonable person to enter into the same transaction.

30. Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Elantra was willful, wanton and malicious, and was done with evil motive or reckless indifference to the rights of Plaintiff.

31. Hyundai's actions constitute a pattern and practice of deceptive conduct.

5

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

32. As a result of Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or of Hyundai's concealment, suppression, or omission of a material fact in connection with the sale of the Elantra, Plaintiff suffered an ascertainable loss of money or property in that Plaintiff paid more for the Elantra than s/he otherwise would have paid if Hyundai had disclosed its violation of FMVSS 114, S5.1.1(a) and (b).

33. Plaintiff, as the owner of the Elantra, is deemed competent by Missouri law to testify as an expert as to the value of the Elantra, and Plaintiff will provide an opinion at such time as appropriate. *Wigley v. Capital Bank*, 887 S.W.2d 715, 722 (Mo.App. S.D. 1994).

34. Further as a result of Hyundai's violation of the MMPA, Plaintiff suffered humiliation, embarrassment, inconvenience, stress, anxiety, loss of use, loss of work, and garden variety emotional distress.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages in an amount that is fair and reasonable, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT II – FRAUDULENT OMISSION

For Count II of her Petition, Plaintiff states to this honorable Court as follows:

35. Plaintiff realleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. Hyundai had a duty to disclose to downstream purchasers (including Plaintiff) all material information about the Hyundai which it either knew or should have known.

6

37. At the time Plaintiff purchased the Elantra, the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

38. Hyundai breached its duty by failing to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

39. Hyundai's failure to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was a non-disclosure of a material fact.

40. Hyundai's failure to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was material to Plaintiff's decision to purchase the Elantra.

41. Hyundai had superior information about the Elantra that was not reasonably available to downstream purchasers, including Plaintiff.

42. Plaintiff used reasonable care in his/her decision to purchase the Elantra.

43. Hyundai's failure to disclose the Elantra failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was motivated by malice, and exhibited an evil motive or reckless indifference to the rights of Plaintiff.

44. As a direct and proximate result of Hyundai's failure to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b), Plaintiff sustained damage.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages in an amount that is fair and reasonable, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT III – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

For Count III of her Petition, Plaintiff states to this honorable Court as follows:

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

45. Plaintiff realleges the allegations of paragraphs 1 through 44 as though fully set forth herein.

46. 15 U.S.C. § 2301 et seq. (Magnuson-Moss Warranty Act, hereinafter "the Act"), permits a consumer who is damaged by the failure of a supplier, warrantor or service contractor to comply with any obligation under the Act, or under a written warranty, implied warranty, or service contract to bring a civil action for damages.

47. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 2301(3).

48. The Elantra is a "consumer product" pursuant to 15 U.S.C. § 2301(1).

49. Hyundai is a "supplier" and a "warrantor" pursuant to 15 U.S.C. § 2301(4) and (5).

50. The implied warranty of merchantability and the implied warranty of fitness for a particular purpose are "implied warranties" under Missouri law pursuant to 15 U.S.C. § 2301(7).

51. Hyundai is a "merchant" pursuant to § 400.2-104(1) RSMo with respect to the sale of automobiles.

52. Section § 400.2-314 RSMo creates an implied warranty of merchantability in favor of Plaintiff with respect to Hyundai's sale of the Elantra.

53. Section § 400.2-315 RSMo creates an implied warranty of fitness for a particular purpose in favor of Plaintiff with respect to Hyundai's sale of the Elantra.

54. The Elantra was not fit for one or more of the ordinary purposes for which automobiles are used, in violation of § 400.2-314(2)(c) RSMo.

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

55. The Elantra was not fit for the purpose of providing safe and reliable transportation because of the ease with which it could be stolen, in violation of § 400.2-315 RSMo.

56. Hyundai breached the implied warranty of merchantability and implied warranty of fitness for a particular purpose by failing to manufacture the Elantra so as to conform it to the requirements established by FMVSS 114, S5.1.1(a) and (b).

57. As a result of Hyundai's breach of the implied warranty of merchantability and fitness for a particular purpose, Hyundai further violated the Act itself.

58. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff may recover actual damages, costs, expenses and reasonable attorney's fees as a result of Hyundai's breach of the implied warranty of merchantability, implied warranty of fitness for a particular purpose, and violation of the Act.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

*/s/ Mitchell B. Stoddard*
Mitchell B. Stoddard, #38311
Consumer Law Advocates
1415 Elbridge Payne Road, Suite 275
Chesterfield, Missouri 63017
(314) 692-2001
mitch.stoddard@clalaw.com

Attorneys for Plaintiff

9

Electronically Filed - ST LOUIS COUNTY - April 15, 2023 - 03:57 PM

### Rule 55.03(a) Certification

      The undersigned certifies that they affixed their electronic signature to the original copy of this pleading.

                                          */s/ Mitchell B. Stoddard*

10