# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION          MDL No. 3052

### TRANSFER ORDER

**Before the Panel:**  Hyundai Motor America, Inc., and Kia America, Inc., are defendants in the three public nuisance actions listed on the attached Schedule A.  Defendants move under Panel Rule 7.1 to vacate the Panel's orders conditionally transferring the actions to MDL No. 3052. Plaintiffs—the cities of Columbus, Milwaukee, and Seattle—oppose the motions to vacate.

After considering the arguments of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 3052, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization.  In that order, we held that the Central District of California was an appropriate Section 1407 forum for actions sharing factual questions concerning allegations that certain Kia and Hyundai branded vehicles are defective because the cars lack engine immobilizer technology.  Such technology prevents cars from being started unless a code is transmitted from a unique smart key.  *See In re: Kia Hyundai Vehicle Theft Mktg., Sales Pracs., and Prods. Liab. Litig.,* ___ F. Supp. 3d ___ (J.P.M.L., Dec. 13, 2022).  The vehicles at issue in MDL No. 3052 include 2011-2022 Kia vehicles and 2015-2022 Hyundai vehicles that were equipped with traditional "insert-and-turn" steel key ignition systems.  Plaintiffs in the actions before us are cities that allege that they wrongfully had to expend public resources to ameliorate the alleged nuisance caused by the widespread theft of Hyundai and Kia vehicles in their city.

Defendants oppose transfer by arguing that the cities' public nuisance actions now before us share too few facts with the actions in the MDL.  They further argue that centralization is inappropriate because the cities' public nuisance claims necessarily turn on the facts unique to each city.  We are not persuaded by these arguments.  To be sure, the cities' public nuisance claims may require different proof than what is needed to prove, for example, the consumer plaintiffs' claims.  But, regardless of any differences among the claims alleged, all actions share a common factual backdrop—Kia and Hyundai's decisions to not equip their cars with industry-standard anti-theft technology.  What defendants knew about the consequences of their decisions concerning the vehicle ignition systems over a span of more than a decade—as well as the overarching question of the vehicles' compliance with federal anti-theft and safety regulations—will be common to all actions in the MDL, regardless of claims alleged in the different cases pending there (*i.e.*, subrogation, public nuisance, and consumer claims).

Transferring these three governmental actions to the MDL provides the most efficient route to the resolution of this litigation.  Absent transfer, the actions will proceed before three separate judges in three districts, and the parties will need to voluntarily coordinate matters like common discovery and pretrial motion practice on an *ad hoc* basis with the five governmental entity actions brought by the cities of Cleveland, Cincinnati, Madison, Buffalo, and Rochester that already are pending in the MDL because plaintiffs filed their cases directly in the transferee district.  While defendants are correct that public nuisance claims may vary in important ways from state to state and that some cities may have more viable claims than others, "[t]he presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core."  *See In re M3Power Razor Sys. Mktg. & Sales Practices*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005).[1]

Defendants implicitly invite us to second-guess the transferee judge's decision to establish a litigation track for governmental entities.  We decline to do so.  *See, e.g., In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts.").  If defendants are dissatisfied with the establishment of a track for governmental entities, they should broach the topic with the transferee judge.

IT IS THEREFORE ORDERED that these actions are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable James V. Selna for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

[1] *See also In re: ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1346 (J.P.M.L. 2007) ("Regardless of any differences among the actions, all actions arise from the same factual milieu...").

**IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING,**
**SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**        MDL No. 3052

## SCHEDULE A

Southern District of Ohio

CITY OF COLUMBUS, OHIO v. KIA AMERICA, INC. ET AL., C.A. No. 2:23-00654

Western District of Washington

CITY OF SEATTLE v. HYUNDAI MOTOR AMERICA, INC., C.A. No. 2:23-00098

Eastern District of Wisconsin

CITY OF MILWAUKEE v. HYUNDAI MOTOR AMERICA, ET AL., C.A. No. 2:23-00376