# EXHIBIT 1

# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00866

Newson v. Hyundai Motor America  
Assigned to:  
Demand: $75,001,000  
Cause: 28:1332 Diversity-Other Contract  

Date Filed: 07/10/2023  
Jury Demand: Defendant  
Nature of Suit: 195 Contract Product Liability  
Jurisdiction: Diversity  

**Plaintiff**

**Christa R Newson**         represented by **Christa R Newson**  
Consumer Law Advocates  
1415 Elbridge Payne Road  
Suite 275  
Chesterfield, MO 63107  
314-692-2001  
Email: mitch.stoddard@clalaw.com  
PRO SE  

V.

**Defendant**

**Hyundai Motor America**         represented by **Todd Stanton**  
Stanton Barton LLC                STANTON BARTON LLC  
8000 Maryland Avenue              8000 Maryland Avenue  
Suite 450                         Suite 450  
Saint Louis, MO 63105             St. Louis, MO 63105  
314-455-6500                      314-455-6500  
                                  Fax: 314-666-8674  
                                  Email: tstanton@stantonbarton.com  
                                  *ATTORNEY TO BE NOTICED*  

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2023 | 1 | NOTICE OF REMOVAL from Circuit Court of St. Louis County, case number 23SL-CC01142, with receipt number AMOEDC-10035945, in the amount of $402 Jury Demand,, filed by Hyundai Motor America. (Attachments: # 1 Exhibit Exhibit A State Court File, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Civil Cover Sheet, # 5 Original Filing Form)(Stanton, Todd) (Entered: 07/10/2023) |
| 07/10/2023 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Hyundai Motor America Sent To: Plaintiff (Stanton, Todd) (Entered: 07/10/2023) |
| 07/10/2023 | 3 | DISCLOSURE STATEMENT by Hyundai Motor America, Hyundai Motor Company, Ltd... (Stanton, Todd) (Entered: 07/10/2023) |

| **PACER Service Center** ||||
|---|---|---|---|
| **Transaction Receipt** ||||
| 07/10/2023 12:34:54 ||||
| **PACER Login:** | jb0014 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:23-cv-00866 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| Christa R. Newson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division: |
| Hyundai Motor America, Corp., | ) |
| | ) |
| Sheriff Serve Registered Agent: | ) |
|     CSC-Lawyers Incorp. Srv. Co. | ) |
|     221 Bolivar Street | ) |
|     Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff, Christa R. Newson, by and through her attorneys, Mitchell B. Stoddard and Consumer Law Advocates, and for her Petition against Defendant, Hyundai Motor America, Corp., states to this honorable Court as follows:

### ALLEGATIONS COMMON AS TO ALL COUNTS

1. Plaintiff, Christa R. Newson, is a natural person, an adult citizen of the State of Missouri, and a resident of the City of St. Louis, Missouri.

2. Defendant, Hyundai Motor America, Corp. (hereinafter "Hyundai"), is a California corporation in good standing, engaged in the business of manufacturing, distributing and selling (directly and indirectly) motor vehicles for sale to consumers throughout the United States and the rest of the world.

3. Hyundai, through its various dealerships, routinely sells motor vehicles in Missouri to Missouri consumers and businesses, thereby subjecting itself to the jurisdiction of Missouri courts.

Electronically Filed - St Louis County - March 14, 2023 - 02:22 PM

4. The events giving rise to Plaintiff's cause of action and the resulting injury to Plaintiff occurred in St. Louis County, Missouri, which is the location where Plaintiff purchased the Hyundai vehicle at issue in this instant lawsuit.

5. On 11/5/2021, Plaintiff purchased a 2015 Hyundai Sonata, VIN 5NPE24AF1FH008498 (hereinafter "the Sonata"), from Frank Leta Mitsubishi located at 12101 St. Charles Rock Road in Bridgeton, Missouri.

6. The Sonata was manufactured by Hyundai.

7. At all relevant times herein, Hyundai was required to comply with the Federal Motor Vehicle Safety Standards (hereinafter the "FMVSS") enacted by the National Highway Traffic Safety Administration (hereinafter the "NHTSA").

8. According to 49 CFR § 571.114, FMVSS No. 114, S5.1.1:

> Each vehicle [subject to this standard] must have a starting system which, whenever the key is removed from the starting system prevents:
>
> (a) The normal activation of the vehicle's engine or motor; and
>
> (b) Either steering, or forward self-mobility, of the vehicle, or both.

9. At all relevant times herein, the Sonata was subject to FMVSS No. 114, S5.1.1 pursuant to 49 CFR § 571.114, S3.

10. At the time of its manufacture, the Sonata did not have a starting system which prevented the normal activation of its engine or motor whenever the key was removed, in violation of FMVSS No. 114, S5.1.1(a).

11. Further at the time of its manufacture, the Sonata did not have a starting system which, once the key was removed, prevented either steering or forward self-mobility of the Sonata (or both), in violation of FMVSS No. 114, S5.1.1(b).

2

EXHIBIT A

12. By violating FMVSS No. 114, S5.1.1(a) and (b), Hyundai was able to reduce its operating expenses and generate greater profits from the sale of the Sonata and other similar vehicles that it manufactures.

13. On or about 11/15/2022, the Sonata was stolen from Plaintiff's place of employment after thieves broke into it and were successfully able to start it as a direct result of Hyundai's failure to conform the Sonata to the standard required by FMVSS No. 114, S5.1.1(a) and (b).

14. The theft would not have occurred if the Sonata had been manufactured in compliance with FMVSS No. 114, S5.1.1(a) and (b).

15. The Sonata was recovered by the St. Louis City Police Department within several hours after the theft.

16. Upon the Sonata's recovery, the steering column had been removed and a device had been inserted into the ignition, which had been used to start the engine. A photograph of the damaged steering column is attached hereto and incorporated by reference as though fully set forth herein as Exhibit 1.

17. Plaintiff submitted her claim to her insurance company, Geico, and the claim was accepted; however, Plaintiff had to pay a $2,000.00 deductible towards the repair costs.

18. Further as a result of paying the $2,000.00 deductible, Plaintiff was unable to pay her monthly insurance premium in a timely manner, resulting in the cancelation of her policy by Geico.

19. Plaintiff subsequently purchased a steering wheel lock to prevent future thefts of the Sonata.

EXHIBIT A

20. The steering wheel lock is cumbersome and unsightly, and causes Plaintiff to expend unnecessary time and effort fastening and unfastening it each time Plaintiff uses the Sonata, which is several times a day.

21. On 1/31/2023, the rear passenger-side window of the Sonata was smashed-in by vandals, although this time the Sonata was not stolen, likely because Plaintiff had the steering wheel lock attached at the time. A photograph of the broken rear window is attached hereto and incorporated by reference as though fully set forth herein as Exhibit 2.

22. Plaintiff did not have insurance at the time to cover the broken window and has had to pay for the repair out of her own pocket.

23. Plaintiff subsequently retained counsel to seek compensation for Hyundai's failure to disclose these known defects with the Sonata.

### COUNT I – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

For Count I of her Petition, Plaintiff states to this honorable Court as follows:

24. Plaintiff reallege the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

26. Plaintiff purchased the Sonata primarily for personal, family or household purposes, and not for a business purpose.

27. Plaintiff acted as a reasonable consumer would act in light of all the circumstances.

Case 4:23-MD-03052 Document 234-37 Filed 07/10/23 Page 8 of 13
Case: MD00866305c. Document 1-1 Filed 03/17/23 Page 8 of 13 #: 14

Electronically Filed - St Louis County - March 14, 2023 - 02:22 PM

28. Hyundai used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the sale of the Sonata in one or more of the following respects:

   a. Hyundai knew or, upon reasonable inspection, should have known that the Sonata was easily susceptible to theft because it lacked an immobilizer and/or failed to comply with FMVSS 114, S5.1.1(a) and (b), yet Hyundai failed to disclose these defects to any of its dealerships or upstream sellers, and/or failed to make the information readily accessible to the public (including potential downstream purchasers like Plaintiff), thereby concealing, suppressing or omitting a material fact in contravention of 15 CSR 60-9.110, which conduct would have misled a reasonable consumer;

   b. Hyundai failed to comply with FMVSS 114, S5.1.1(a) and (b) when it manufactured the Sonata in order to reduce its costs and increase its profits at the expense of consumers' safety and security, without disclosing that such vehicles were significantly more susceptible to theft than vehicles that did comply, which conduct constitutes "deception," "fraud," "unfair practice," and/or "illegal conduct" in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040, 15 CSR 60-8.020 and 15 CSR 60-8.090, and which conduct would have misled a reasonable consumer.

29. Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Sonata, as described in paragraph 28(a-b) above, would cause a reasonable person to enter into the same transaction.

30. Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the sale of the Sonata was willful, wanton and malicious, and was done with evil motive or reckless indifference to the rights of Plaintiff.

31. Hyundai's actions constitute a pattern and practice of deceptive conduct.

5

Case 4:23-MD-03052 Document 34-37 Filed 07/10/23 Page 9 of 13
Case MD009663052c Document 234-37 Filed 07/10/23 Page 9 of 13 #: 15

Electronically Filed - St Louis County - March 14, 2023 - 02:22 PM

32. As a result of Hyundai's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or of Hyundai's concealment, suppression, or omission of a material fact in connection with the sale of the Sonata, Plaintiff suffered an ascertainable loss of money or property in that Plaintiff paid more for the Sonata than she otherwise would have paid if Hyundai had disclosed its violation of FMVSS 114, S5.1.1(a) and (b).

33. Plaintiff, as the owner of the Sonata, is deemed competent by Missouri law to testify as an expert as to the value of the Sonata, and Plaintiff will provide an opinion at such time as appropriate. *Wigley v. Capital Bank*, 887 S.W.2d 715, 722 (Mo.App. S.D. 1994).

34. Further as a result of Hyundai's violation of the MMPA, Plaintiff suffered humiliation, embarrassment, inconvenience, stress, anxiety, loss of use, loss of work, aggravation and garden variety emotional distress.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages in an amount that is fair and reasonable, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT II – FRAUDULENT OMISSION

For Count II of her Petition, Plaintiff states to this honorable Court as follows:

35. Plaintiff realleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. Hyundai had a duty to disclose to downstream purchasers (including Plaintiff) all material information about the Sonata which it either knew or should have known.

EXHIBIT A

37. At the time Plaintiff purchased the Sonata, the Sonata failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b).

38. Hyundai breached its duty by failing to disclose the Sonata failed to meet the standards established by FMVSS 114, S5.1.1(a) and (b).

39. Hyundai's failure to disclose the Sonata failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was a non-disclosure of a material fact.

40. Hyundai's failure to disclose the Sonata failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was material to Plaintiff's decision to purchase the Sonata.

41. Hyundai had superior information about the Sonata that was not reasonably available to downstream purchasers, including Plaintiff.

42. Plaintiff used reasonable care in her decision to purchase the Sonata.

43. Hyundai's failure to disclose the Sonata failed to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b) was motivated by malice, and exhibited an evil motive or reckless indifference to the rights of Plaintiff.

44. As a direct and proximate result of Hyundai's failure to meet the safety standard established by FMVSS 114, S5.1.1(a) and (b), Plaintiff sustained damage.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages in an amount that is fair and reasonable, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT III – VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

For Count III of her Petition, Plaintiff states to this honorable Court as follows:

EXHIBIT A

45. Plaintiff realleges the allegations of paragraphs 1 through 44 as though fully set forth herein.

46. 15 U.S.C. § 2301 et seq. (Magnuson-Moss Warranty Act, hereinafter "the Act"), permits a consumer who is damaged by the failure of a supplier, warrantor or service contractor to comply with any obligation under the Act, or under a written warranty, implied warranty, or service contract to bring a civil action for damages.

47. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 2301(3).

48. The Sonata is a "consumer product" pursuant to 15 U.S.C. § 2301(1).

49. Hyundai is a "supplier" and a "warrantor" pursuant to 15 U.S.C. § 2301(4) and (5).

50. The implied warranty of merchantability and the implied warranty of fitness for a particular purpose are "implied warranties" under Missouri law pursuant to 15 U.S.C. § 2301(7).

51. Hyundai is a "merchant" pursuant to § 400.2-104(1) RSMo with respect to the sale of automobiles.

52. Section § 400.2-314 RSMo creates an implied warranty of merchantability in favor of Plaintiff with respect to Hyundai's sale of the Sonata.

53. Section § 400.2-315 RSMo creates an implied warranty of fitness for a particular purpose in favor of Plaintiff with respect to Hyundai's sale of the Sonata.

54. The Sonata was not fit for one or more of the ordinary purposes for which automobiles are used, in violation of § 400.2-314(2)(c) RSMo.

Electronically Filed - St Louis County - March 14, 2023 - 02:22 PM

EXHIBIT A

55. The Sonata was not fit for the purpose of providing safe and reliable transportation because of the ease with which it could be stolen, in violation of § 400.2-315 RSMo.

56. Hyundai breached the implied warranty of merchantability and implied warranty of fitness for a particular purpose by failing to manufacture the Sonata so as to conform it to the requirements set forth by FMVSS 114, S5.1.1(a) and (b).

57. As a result of Hyundai's breach of the implied warranty of merchantability and fitness for a particular purpose, Hyundai further violated the Act itself.

58. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff may recover actual damages, costs, expenses and reasonable attorney's fees as a result of Hyundai's breach of the implied warranty of merchantability, implied warranty of fitness for a particular purpose, and violation of the Act.

**WHEREFORE**, Plaintiff prays this honorable Court to enter a judgment against Hyundai awarding actual damages, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

*/s/ Mitchell B. Stoddard*
Mitchell B. Stoddard, #38311
Consumer Law Advocates
1415 Elbridge Payne Road, Suite 275
Chesterfield, Missouri 63017
(314) 692-2001
mitch.stoddard@clalaw.com

Attorneys for Plaintiff

EXHIBIT A

Electronically Filed - St Louis County - March 14, 2023 - 02:22 PM

## Rule 55.03(a) Certification

  The undersigned certifies that they affixed their electronic signature to the original copy of this pleading.

                */s/ Mitchell B. Stoddard*

Electronically Filed - St Louis County - March 14, 2023 - 02:22 PM